COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Attorneys for Secured Creditor
 TD Bank, N.A.
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
 (201)845-9600
Our File: 36,658-

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

————————————————————x
|  |  |
|---|---|
| In Re: | : |
|  | : |
| DONNA DeROSA RUQUET | |
| And SCOTT RUQUET | : |
|  | : |
| Debtor. | |
————————————————————x

CHAPTER 13 PROCEEDING

Case No.: 14-17571(KCF)

**OPPOSITION TO DEBTORS' MOTIONS TO AVOID TD BANK'S LIENS AND REASSIGN THE LOANS TO UNSECURED STATUS**

Hearing Date: 7/23/13
Hearing Time: 9:30 a.m.

JEFFREY W. HERRMANN does hereby certify and say that:

1.    I am an attorney at law of the State of New Jersey, admitted to practice before the U.S. District Court for the District of New Jersey, and a member of the firm of Cohn Lifland Pearlman Herrmann & Knopf LLP, attorneys for secured creditor, TD Bank, N.A. ("TD Bank"), in the above-captioned matter.

2.    I make this Certification in opposition to debtor's two motions to avoid TD Bank's liens and reassign the loans to unsecured status.

3.    In a Chapter 13 proceeding, a wholly unsecured junior mortgage, can be "stripped off" and thereby rendered unsecured where the balance of the senior lien exceeds the value of the property. *See* <u>In re McDonald</u>, 205 F.3d 606 (3d Cir.), *cert. denied*, 531 U.S. 822 (2000).

4.    While it may theoretically be true that, under certain circumstances, a wholly unsecured junior mortgage may be "stripped off", we do not believe, in the case at bar, that the second mortgages, held by TD Bank, are unsecured.

### 226 Potters Drive, Bayville, NJ

5.    According to the debtors' motion regarding 226 Potters Drive, Bayville, NJ ("226 Potters"), the debtors claim that the property value is $209,967 and that $249,000 is owed on the first mortgage.

6.    TD Bank has not had the opportunity to conduct an appraisal of the property but believes the value to exceed the balance owed on the first mortgage.

7.    To date the senior lien holder has not filed a proof of claim.

8.    TD Bank respectfully requests that the motion be denied and that it be given an opportunity to appraise the property.

## <u>621 Bay Blvd., Bayville, NJ</u>

9.   According to the debtor's motion, they allege that the property is valued at $126,500 and according to the proof of claim of the first lien holder, the balance owed is $133,151.16.

10.   TD Bank disputes the debtors' valuation of the property. The Current Market Analysis ("CMA") that the debtor relies upon consists of four (4) properties.  Three (3) of those properties were damaged by Hurricane Sandy and/or are classified as a "fixer upper".

11.   The debtors have not submitted any evidence indicating that their property sustained damage from Hurricane Sandy or that it is a "fixer upper".

12.   TD Bank requests that the debtors' motion be denied and that TD Bank be given the opportunity to conduct its own appraisal of the property.

### <u>CONCLUSION</u>

13. Accordingly, for the reasons set forth above it is respectfully requested that both of Debtors' motions to avoid TD Bank's liens and reassign the loans to unsecured status be denied in their entirety.

14.   I certify under penalty of perjury that the foregoing is true and correct.

/s/Jeffrey W. Herrmann
JEFFREY W. HERRMANN

DATED July 18, 2014