**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

In re:                                                              Chapter 13

Donna DeRosa-Ruquet and Scott Ruquet                                Bankruptcy Case No. 14-17571

                              Debtors.

----------------------------------------------------------------X


**MEMORANDUM OPINION**
**Motions to Avoid Junior Liens**
**Evidentiary Hearing – September 12, 2014**


<u>APPEARANCES:</u>

Donna DeRosa-Ruquet
226 Potters Drive
Bayville, New Jersey 08721
Self-represented Debtors

Mercedes Diego, Esquire
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue – Suite 401
Saddle Brook, New Jersey 07663
Attorney for TD Bank, N.A.


**HONORABLE KATHRYN C. FERGUSON, USBJ**

On September 12, 2014, the court conducted an evidentiary hearing to determine the value of the Debtors' properties located at 226 Potters Drive and 621 Bay Boulevard in Bayville, New Jersey. At the conclusion of testimony, the court reserved decision. The court's findings of fact and conclusions of law follow.

Procedural history

On July 11, 2014, the Debtors filed "Debtor's Motion to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506(d)]" with regard to their property at 226 Potters Drive, and filed a similar motion with regard to their property at 621 Bay Boulevard. The Debtors seek to have TD Bank's mortgages treated as unsecured for purposes of their Chapter 13 plan. TD Bank filed opposition to the motions on July 18, and supplemental opposition on August 15. The Debtors filed a response to TD Bank's opposition on August 19.

Findings of fact

The Debtors submitted a comparative market analysis for each of the properties.[1] At the hearing, the Debtors did not present a witness to be examined regarding the comparative market analysis. Because there was no party with personal knowledge of the facts in the comparative market analysis available to be cross-examined, the court declined to admit them into evidence. The court permitted Ms. DeRosa-Ruquet to present her own testimony as to value.[2]

Ms. DeRosa-Ruquet testified that she has worked in law offices and in that capacity is familiar with appraisals and real estate valuation.  She acknowledged that she possesses no degrees or certifications in the field of valuation. With regard to 226 Potters Drive, Ms. DeRosa-Ruquet testified that she thought if the property were listed for $225,000, it would sell for

---

[1] Debtors' response to TD Bank's opposition; Exhibits A and F
[2] The Debtor's testimony is permissible given the broad standards for relevancy under the Federal Rules of Evidence. *See*, FRE 401 ("Evidence is relevant if [ ] it has any tendency to make a fact more or less probable ….")

$215,000. She said that she was unfamiliar with any of the comparable sales used in the comparative market analysis, but knew that some of the sales did not close. She did not identify the source of that knowledge. Ms. DeRosa-Ruquet noted that after Superstorm Sandy ["Sandy"] there were many houses on the market and that the glut negatively affected value in the area. She also testified that since Sandy the property regularly gets water in the basement.

With regard to 621 Bay Boulevard, Ms. DeRosa-Ruquet testified that she thought the value was $126,500. She said that she based her valuation partially on the comparative market analysis, but also on her own research of homes available on the MLS. Ms. DeRosa-Ruquet testified that the property behind her sold for $126,000 in the last couple of months. She stated that her property was damaged in Sandy: the front unit took 5 or 6 feet of water in the basement and the structure shifted on its foundation. She testified that 621 Bay Boulevard is an investment property, and the Debtors have two tenants. She noted that the rental market in the area has been depressed after Sandy.

TD Bank presented appraisals on each of the properties.[3] In support of its appraisals, TD Bank presented the testimony of Kathleen Princiotti of Cornerstone Appraisals. Ms. Princiotti is a certified real estate appraiser who has been employed in that capacity for many years. She conducts approximately 500 appraisals a year, and has been qualified as an expert previously. The court admitted her as an expert witness.

Ms. Princiotti valued 226 Potters Drive at $257,500. That valuation was based on an exterior and interior inspection of the property she conducted on August 5, 2014. She stated that the property is a log cabin with an addition. Because of its style, comparable sales were difficult to obtain, but she did locate another log cabin style home in the area. It was on a larger lot than

---

[3] Supplemental opposition to Debtors' motions; Exhibits D and G

the subject property and was newer and in better condition. That property recently sold for

$300,000. Ms. Princiotti testified that another aspect of the property that made valuation difficult

was the existence of an in-law suite. On cross-examination, Ms. DeRosa-Ruquet challenged the

description of the house as having an in-law suite, but the court finds that Ms. Princiotti

competently explained how similar living spaces (regardless of title) are treated for valuation

purposes. The court finds that the appraiser made the proper adjustments to the comparable sales

on that issue.

Overall, the court found the testimony of Ms. Princiotti to be cogent and well supported.

The Debtors' attempts to discredit the appraisal was unpersuasive. The Debtors were unable to

establish that the appraisal contained any significant mistakes or obvious errors in methodology.

The court will adopt the valuation in the appraisal of $257,500 as the fair market value of 226

Potters Drive.

Ms. Princiotti valued 621 Bay Boulevard at $140,000. That valuation was based on an

exterior and interior inspection of the property conducted on August 5, 2014. Ms. Princiotti

testified that the property consists of two ranch style units, which is a unique property for the

area. She noted that the property is not well maintained, and that the water in the basement of the

front unit appears to be an ongoing problem. Ms. Princiotti stated that the property is

grandfathered in as a rental property, but if the rear unit were unoccupied for more than a year it

could not be rented again. The Debtors argued that the appraisal of this property is flawed

because it erroneously listed the basement as having an outside entrance, and failed to note the

existence of a sump pump. The court concludes that the appraiser adequately addressed these

errors in the appraisal and explained why they ultimately would not change her overall opinion

as to value. The court finds that the valuation of this property was consistent with the value range

of the comparable sales when proper adjustments were made. The court will adopt the valuation

in the appraisal of $140,000 as the fair market value of 621 Bay Boulevard.

On the issue of the amount of the senior liens, the Debtors sought to introduce an August

22 payoff statement. The court would not admit the payoff statement as evidence because it was

not certified, and there was no witness present from the bank to testify as to its validity.

Therefore, the only evidence in the record regarding the amount of the first liens on the

properties are the filed proofs of claim.[4] For 226 Potters Drive, U.S. Bank National Ass'n filed a

proof of claim for its first mortgage in the amount of $251,821.60.[5] For 621 Bay Boulevard,

Nationstar Mortgage, LLC filed a proof of claim for its first mortgage in the amount of

$133,151.98.[6]

Conclusions of law

Because this is a chapter 13 case, TD Bank is protected by what is known as the

antimodification clause, which prohibits the modification of a lender's claim if it is secured only

by a lien on the debtor's principal residence. Section 1322(b) provides that a plan may "modify

the rights of holders of secured claims, other than a claim secured only by a security interest in

real property that is the debtor's principal residence …."[7] Before the court can determine if TD

Bank is entitled to that protection, it must determine if TD Bank has a secured claim because the

Supreme Court has found that § 1322(b)(2) must be read in conjunction with § 506(a).[8]

The determination of secured status is governed by § 506 of the Bankruptcy Code, which

provides that an allowed claim "is a secured claim to the extent of the value of such creditor's

---

[4] 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title,
is deemed allowed, unless a party in interest … objects.")
[5] Claim # 19. This is an amended proof of claim filed on October 6, 2014.
[6] Claim # 8 filed June 23, 2014.
[7] 11 U.S.C. § 1322(b)(2)
[8] Nobleman v. American Savings Bank, 508 U.S. 324 (1993)

interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim."[9] The Supreme Court in <u>Nobleman</u> noted that it is "correct to look to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim."[10] The determination of the value of these properties is essential because the Third Circuit has held that a creditor must first have a secured claim or the protections of § 1322(b)(2) never come into play.[11] In <u>McDonald</u>, the court found that a wholly unsecured mortgage is no longer a secured claim under § 506, and hence is not subject to the antimodification clause. The Third Circuit's reconciliation of § 506(a) with § 1322(b)(2) creates an all or nothing scenario. If there is one dollar of value remaining in a home after the first mortgage, then the claim of the second mortgage holder is unmodifiable. The <u>McDonald</u> court acknowledged that bright-lines rules like this can appear arbitrary at the extremes, but are sometimes necessary for the functioning of the legal system. The court also noted that second mortgage holders are not in a position to complain when their liens are crammed down because they are the unintended beneficiaries of Congress's desire to protect the primary home lending market, and it is debtors, if anyone, who suffer.[12]

 With that legal framework established, the court turns to the specific facts of this case. The fair market value of the Debtors' property at 226 Potters Drive is $257,500, and the first mortgage on that property is $251,821.60. Therefore, there is $5,678.40 in value in the property remaining to secure the second mortgage held by TD Bank. Accordingly, TD Bank has a secured claim that is subject to the anitmodification clause of § 1322(b)(2), so the Debtors' motion to avoid TD Bank's junior lien on 226 Potters Drive must be denied.

---

[9] 11 U.S.C. § 506(a)(1)
[10] <u>Nobleman</u>, 508 U.S. at 329
[11] <u>In re McDonald</u>, 205 F.3d 606 (3d Cir. 2000)
[12] <u>Id.</u> at 613-14

The analysis for the property at 621 Bay Boulevard is different. The Debtors' testified that their property at 621 Bay Boulevard is an investment property. Ms. DeRosa-Ruquet stated that as of the date the petition was filed,[13] the property was occupied by two tenants. The statute clearly states that the antimodification clause applies only to mortgages on a debtor's principal residence.  A plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property **that is the debtor's principal residence** …."[14] The Code defines a "debtor's principal residence" as: "a residential structure, including incidental property, without regard to whether that structure if used as the principal residence by the debtor, is attached to real property …."[15] The testimony of Ms. DeRosa-Ruquet establishes that the principal residence of these Debtors as of the date they filed their bankruptcy petition was 226 Potters Drive, Bayville, New Jersey. That conclusion is bolstered by the fact that 226 Potters Drive is the address the Debtors listed on their bankruptcy petition. Based on the court's finding that 621 Bay Boulevard is not the Debtors' principal residence, the court finds that TD Bank is not entitled to the protections of § 1322(b)(2). Under § 506 the claim of TD Bank may be bifurcated into secured and unsecured portions. The value of 621 Bay Boulevard is $140,000, and the first mortgage on the property is $133,151.98. Accordingly, TD Bank has a secured claim only to the extent of $6,848.02. The Debtors' motion to avoid the junior lien on 621 Bay Boulevard is granted in part.

---

[13] In re Benafel, 461 B.R. 581 (9th Cir. BAP 2011) (the petition date is the date for determining if it is a debtor's principal residence)
[14] 11 U.S.C. § 1322(b)(2) (emphasis added)
[15] 11 U.S.C. § 101(13A)

<u>Conclusion</u>

The Debtors' motion as to 226 Potters Drive is denied. The court will enter an order

denying the motion. The Debtors' motion as to 621 Bay Boulevard is granted in part. TD Bank's

counsel should submit a proposed order in accordance with this opinion.


*<u>/s/ Kathryn C. Ferguson</u>*
KATHRYN C. FERGUSON
U.S. Bankruptcy Judge


Dated:  November 25, 2014