# Exhibit E

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

| | |
|---|---|
| In re  Donna DeRosa-Ruquet and Scott Ruquet | Case No.  14-17571 |
| Debtor | Chapter 13 |

## Notice of Mortgage Payment Change

If you file a claim secured by a security interest in the debtor's principal residence provided for under the debtor's plan pursuant to § 1322(b)(5), you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:**  U.S. Bank National Association, as Trustee, succes

**Court claim no.** (if known): 19

**Last four digits** of any number you use to identify the debtor's account:  1290

**Uniform Claim Identifier:**  WFCMGA1417571NJM05941290

**Date of payment change:**
Must be at least 21 days after date of this notice:  04/01/2015

**New total payment:**
Principal, interest, and escrow, if any:  $1,359.67

---

### Part 1: Escrow Account Payment Adjustment

**Will there be a change in the debtor's escrow account payment?**

☐ No

☑ Yes.    Attach a copy of the escrow account statement prepared  in a form consistent with applicable nonbankruptcy law.

Describe the basis for the change. If a statement is not attached, explain why:

_____

Current escrow payment:    $491.33        New escrow payment:    $590.54

### Part 2: Mortgage Payment Adjustment

**Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

☐ Yes.    Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.

If a notice is not attached, explain why:

_____

Current interest rate:    _____        New interest rate:    _____

Current principal and interest payment:    _____        New principal and interest payment:    _____

### Part 3: Other Payment Change

**Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes.    Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change:    _____

Current mortgage payment:    _____        New mortgage payment:    _____

Case 14-17571-KCF   Doc 171-6   Filed 06/21/19   Entered 06/21/19 16:55:03   Desc
Case 14-17571-KCF   Doc      Exhibit E   Page 3 of 72   02/09/15   Entered 02/09/15 13:13:31   Desc Main
Document    Page 2 of 6

Page 2

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box:

☑ I am the creditor.     ☐ I am the creditor's authorized agent.
(Attach a copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

✗   /s/ Xavier Jamal Brooks                          Date   02/09/2015
    VP Loan Documentation

Print:   Xavier Jamal Brooks                         Title   VP Loan Documentation

Company   America's Servicing Co.                    Specific Contact Information:
Address   MAC X7801-014                              P: 800-662-3806
          3476 Stateview Blvd.                       E: NoticeOfPaymentChangeInquiries@wellsfargo.com
          Fort Mill, SC 29715

658941-49394430-e94f-4db2-b1ac-56d2af751d2f

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

Chapter 13 No. 14-17571

In re:                                Judge: Judge Kathryn C. Ferguson

Donna DeRosa-Ruquet and Scott Ruquet

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on February 09, 2015, I have served a copy of this Notice and all attachments to the following by U.S. Mail, postage pre paid, or via filing with the US Bankruptcy Court's CM ECF system.

Debtor:            Donna DeRosa-Ruquet
                   Scott Ruquet
                   226 Potters Drive
                   Bayville, NJ 08721


Trustee:           Albert Russo
                   Standing Chapter 13 Trustee
                   CN 4853
                   Trenton, NJ 08650-4853


                                        /s/ Bill Taylor
                                        _____
                                        Authorized Agent

658941-43da4eb4-8abe-404f-8ba9-de477b415ab8-

**ASC** 🌼
AMERICA'S SERVICING COMPANY

PO Box 14547
Des Moines, IA 50306-4547

**For informational purposes**

### Escrow account disclosure statement and notice of new mortgage payment

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE NJ 08721

| | |
|---|---|
| Loan number: | ███ |
| Next payment due date: | January 01, 2015 |
| New payment effective date: | April 01, 2015 |
| New payment amount: | $1,359.67 |
| Shortage amount: | $2,920.16 |
| Principal balance: | $243,777.60 |
| Unpaid 2nd principal balance: | $2,466.97 |
| Interest rate: | 2.000% |
| Statement date: | January 08, 2015 |
| Account review period: | Feb 2014 - Mar 2015 |
| Customer service: | 1-800-842-7654 |
| Customer service hours: | Mon - Fri 6 a.m. - 10 p.m. |
| | Sat 8 a.m. - 2 p.m. CT |

**We accept telecommunications relay service calls.**

Property address:
    226 POTTERS DR
    BAYVILLE NJ 08721-2527

Dear DONNA J DEROSA-RUQUET:

Each year, we review your escrow account to make sure the escrow portion of your scheduled mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your mortgage payment amount to change. Here are the details of your most recent escrow account review.

Note: This notice is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make any escrow shortage payment, if applicable. This notice should not be construed as an attempt to collect a debt or a demand for payment contrary to any protection you may have received pursuant to your bankruptcy case.

### New escrow and mortgage payment amount

| New payment effective date | Current | New payment ($) | |
|---|---|---|---|
| April 01, 2015[1] | payment ($) | Option 1 | Option 2 |
| Principal and/or interest | 769.13 | 769.13 | 769.13 |
| Escrow payment | 491.33 | 509.42 | 509.42 |
| Escrow shortage/prepayment[2] | 0.00 | 0.00 | 81.12 |
| **Total payment amount** | **1,260.46** | **1,278.55** | **1,359.67** |

*1. If you use one of our automatic payment options, we will adjust your electronic withdrawal(s) to ensure your April 01, 2015 payment is made in full.*

*2. If your current payment includes an amount to cover a previous escrow shortage, this amount will be added. If your current payment includes an adjustment for extra funds you deposited to your escrow account, this amount will be deducted.*

The escrow disclosure indicates a shortage of $2,920.16. We have spread this amount over the next 36 months and included it in the new payment amount. However, any voluntary decision to pay the shortage in full will reduce the payment to $1,278.55. If you voluntarily choose to pay this shortage in full now, please detach this coupon and mail it along with the check to the address that appears on this statement.

#### You may use either of the following options to restore your required account balance

| Option 1: Pay the entire shortage now | Option 2: Pay the shortage over 36 months<br>**No action required** unless you use a bill pay<br>or 3rd party payment service to pay your mortgage |
|---|---|
| Pay the entire escrow shortage amount of $2,920.16 using the shortage payment coupon and your new mortgage payment will be $1,278.55 | Pay the escrow account shortage of $2,920.16 in 36 payments of $81.12 which we've included in your new payment amount of $1,359.67. |

**Attention bill pay and 3rd party payment service customers:** Notify your service of the change to your mortgage payment.


AMERICA'S SERVICING COMPANY
DONNA J DEROSA-RUQUET

**Shortage payment coupon for loan number:** ███

*Note: Due to changes in your taxes and insurance, your mortgage payment may increase even if you voluntarily decide to pay your shortage in full.*

America's Servicing Company
PO Box 1820
Newark, NJ 07101-1820

Your escrow account review indicates a shortage of **$2,920.16**. For your convenience, we have spread this amount over **36** months and included it in your new scheduled payment. However, you may choose to pay it in full and your mortgage payment will be **$1,278.55**.

If you choose to pay this shortage in full now, please detach this coupon and mail it along with your check to the address that appears on this coupon. Wells Fargo Bank, N. A. may clear your check electronically. Receipt of your check will authorize us to process your payment as an electronic debit to the account on which the check was written.

*Please do not include this remittance with your mortgage payment.*

***Escrow shortage payment: $2,920.16***
***New mortgage payment if shortage is paid: $1,278.55***

Case 14-17571-KCF   Doc 171-6   Filed 06/21/19   Entered 06/21/19 16:55:03   Desc
Case 14-17571-KCF   Doc   Filed 02/09/15   Entered 02/09/15 13:13:31   Desc Main
Document     Page 5 of 6

Exhibit E   Page 6 of 72

For informational purposes                                     Loan number:

**The following information covers your projected escrow account activity from Apr 2015 to Mar 2016**

**Projected escrow account disbursements**
**Annualized items to be paid from your escrow account ($):**

| | |
|---|---|
| CITY TAX | 4,426.12 |
| HAZARD INS | 1,687.00 |
| Total disbursements | 6,113.12 |
| **Scheduled escrow payment** | **509.42¹** |

*1. Your escrow payment is calculated by dividing the total disbursements by 12.*

**Projected escrow account activity for the next 12 months**

| Date | Anticipated payments ($) To escrow | From escrow | Description | Escrow balance ($) Projected | Required |
|---|---|---|---|---|---|
| Apr 2015 | | | Starting balance | 3,103.27- | 2,037.76 |
| Apr 2015 | 509.42 | 1,079.36 | BERKELEY TWP | 3,673.21- | 1,467.82 |
| May 2015 | 509.42 | 0.00 | | 3,163.79- | 1,977.24 |
| Jun 2015 | 509.42 | 0.00 | | 2,654.37- | 2,486.66 |
| Jul 2015 | 509.42 | 1,128.04 | BERKELEY TWP | 3,272.99- | 1,868.04 |
| Aug 2015 | 509.42 | 0.00 | | 2,763.57- | 2,377.46 |
| Sep 2015 | 509.42 | 0.00 | | 2,254.15- | 2,886.88 |
| Oct 2015 | 509.42 | 1,139.35 | BERKELEY TWP | 2,884.08- | 2,256.95 |
| Nov 2015 | 509.42 | 0.00 | | 2,374.66- | 2,766.37 |
| Dec 2015 | 509.42 | 1,687.00 | NARRAGANSETT BAY INS CO | 3,552.24- | 1,588.79 |
| Jan 2016 | 509.42 | 1,079.37 | BERKELEY TWP | 4,122.19-² | 1,018.84³ |
| Feb 2016 | 509.42 | 0.00 | | 3,612.77- | 1,528.26 |
| Mar 2016 | 509.42 | 0.00 | | 3,103.35- | 2,037.68 |
| **Total** | **6,113.04** | **6,113.12** | | | |

These calculations indicate the projected escrow balance will be less than the required escrow balance. The resulting shortage is $2,920.16. If you choose to pay the shortage in full, the new payment will be $1,278.55.

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the assumption that your payments will be received as agreed.

*2. Projected low point. The point during the annual period at which the projected escrow balance will reach its lowest point.*

*3. Required escrow balance. To cover unanticipated disbursements, including increases to tax or insurance payments, there is a 2-month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not include mortgage insurance.*

  - *Your 2-month minimum escrow balance is $1,018.84*
  - *State law requires that this minimum escrow balance not exceed $1,018.84*
  - *Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new mortgage payment when your ARM rate is scheduled to change.*

**Information about your escrow account shortage**

| | |
|---|---|
| Your lowest projected escrow account balance (low point) ($) | 4,122.19- |
| **Plus escrow adjustment⁴ ($)** | 2,220.87 |
| Less your required minimum escrow account balance ($) | 1,018.84 |
| **This means your escrow account has a shortage of ($)** | **2,920.16** |

*4. An Escrow Adjustment of $2,220.87, scheduled to be repaid through the bankruptcy, is included in this calculation.*

> Provides credit for escrow amount in APOC and consent order that was not received.



Page 3 of 3

**For informational purposes**                                    Loan number:  ████

### The following information covers your escrow account history activity from Feb 2014 to Mar 2015

| Date | Payments to escrow ($) Projected | Actual | Payments from escrow ($) Projected | Actual | Description | Escrow balance ($) Projected | Actual |
|---|---|---|---|---|---|---|---|
| Feb 2014 | | | | | Starting balance | 978.35 | 1,764.60- |
| Feb 2014 | 489.21 | 495.68[1] | 0.00 | 0.00 | | 1,467.56 | 1,268.92- |
| Mar 2014 | 489.21 | 526.24[1] | 0.00 | 0.00 | | 1,956.77 | 742.68- |
| Apr 2014 | 489.21 | 0.00[1] | 1,053.89 | 1,079.36[1] | BERKELEY TWP | 1,392.09 | 1,822.04- |
| Apr 2014 | 0.00 | 0.00 | 0.00 | 2,634.76[1] | MISC ESCROW | 1,392.09 | 4,456.80- |
| May 2014 | 489.21 | 982.66[1] | 0.00 | 0.00 | | 1,881.30 | 3,474.14- |
| Jun 2014 | 489.21 | 0.00[1] | 0.00 | 0.00 | | 2,370.51 | 3,474.14- |
| Jul 2014 | 489.21 | 491.33[1] | 1,108.23 | 0.00[1] | BERKELEY TWP | 1,751.49 | 2,982.81- |
| Aug 2014 | 489.21 | 491.33[1] | 0.00 | 1,128.04[1] | BERKELEY TWP | 2,240.70 | 3,619.52- |
| Sep 2014 | 489.21 | 491.33[1] | 0.00 | 0.00 | | 2,729.91 | 3,128.19- |
| Oct 2014 | 489.21 | 982.66[1] | 1,101.43 | 1,139.35[1] | BERKELEY TWP | 2,117.69 | 3,284.88- |
| Nov 2014 | 489.21 | 982.66[1] | 0.00 | 1,687.00[1] | NARRAGANSETT BAY INS C | 2,606.90 | 3,989.22- |
| Dec 2014 | 489.21 | 491.33[1] | 1,553.00 | 0.00[1] | NARRAGANSETT BAY INS C | 1,543.11 | 3,497.89- |
| Jan 2015 est. | 489.21 | 491.33[1] | 1,053.90 | 1,079.37[1] | BERKELEY TWP | 978.42 | 4,085.93- |
| Feb 2015 est. | 0.00 | 491.33[1] | 0.00 | 0.00 | | 978.42 | 3,594.60- |
| Mar 2015 est. | 0.00 | 491.33[1] | 0.00 | 0.00 | | 978.42 | 3,103.27- |
| **Totals** | **5,870.52** | **7,409.21** | **5,870.45** | **8,747.88** | | | |

*1. Indicates where a difference exists between the projected and actual account activity.*

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2012 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



EQUAL HOUSING LENDER

**Manage your mortgage payments easily with the Preferred Payment Plan[SM]**

- Schedule weekly, biweekly, semi-monthly or monthly payments
- Save time and money with free, secure withdrawals
- No due dates to remember or checks to write

It's free, secure and convenient. To enroll, call 1-866-386-8519.

**A guide to your escrow questions and answers is available at: wellsfargo.com/escrowquestions**

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

In re  Donna DeRosa-Ruquet and Scott Ruquet

Debtor

Case No.   14-17571

Chapter 13

## Notice of Mortgage Payment Change

If you file a claim secured by a security interest in the debtor's principal residence provided for under the debtor's plan pursuant to § 1322(b)(5), you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:**  U.S. Bank National Association, as Trustee, succes

**Court claim no.** (if known): 19

**Last four digits** of any number you use to identify the debtor's account:  1290

**Date of payment change:**
Must be at least 21 days after date of this notice   04/01/2015

**New total payment:**
Principal, interest, and escrow (if any)   $1,359.67

**Uniform Claim Identifier:**  WFCMGA1417571NJM05941290

---

### Part 1: Escrow Account Payment Adjustment

**Will there be a change in the debtor's escrow account payment?**

☐ No

☑ Yes.  Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.

Describe the basis for the change. If a statement is not attached, explain why:

Current escrow payment:   $491.33          New escrow payment:   $590.54

### Part 2: Mortgage Payment Adjustment

**Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

☐ Yes.  Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.

If a notice is not attached, explain why:

Current interest rate: _____          New interest rate: _____

Current principal and interest payment: _____          New principal and interest payment: _____

### Part 3: Other Payment Change

**Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes.  Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change: _____

Current mortgage payment: _____          New mortgage payment: _____

Case 14-17571-KCF   Doc 171-6   Filed 06/21/19   Entered 06/21/19 16:55:03   Desc
Exhibit E   Page 9 of 72
Case 14-17571-KCF   Doc   Filed 02/20/15   Entered 02/20/15 14:02:03   Desc Main
Document   Page 2 of 6

Page 2

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box:

☑ I am the creditor.      ☐ I am the creditor's authorized agent.
(Attach a copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

✗ /s/ Erin Holliday                                              Date   02/20/2015

VP Loan Documentation

Print:   Erin Holliday                                           Title   VP Loan Documentation

Company   America's Servicing Co.                               Specific Contact Information:

Address   MAC X7801-014                                          P: 800-662-3806

3476 Stateview Blvd.                                             E: NoticeOfPaymentChangeInquiries@wellsfargo.com

Fort Mill, SC 29715

649206-9036deea-56e4-409c-9340-81265f55b3d1

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

Chapter 13 No. 14-17571

In re:

Judge: Judge Kathryn C. Ferguson

Donna DeRosa-Ruquet and Scott Ruquet

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I have served a copy of this Notice and all attachments to the following by U.S. Mail, postage pre paid, or via filing with the US Bankruptcy Court's CM ECF system.

Debtor:              Donna DeRosa-Ruquet
                     Scott Ruquet
                     226 Potters Drive
                     Bayville, NJ 08721


Trustee:             Albert Russo
                     Standing Chapter 13 Trustee
                     CN 4853
                     Trenton, NJ 08650-4853


/s/ Bill Taylor
_____
Authorized Agent

649206-7d7b5fc9-29d0-45cb-8d91-b4c1e02d2262-

**ASC**
AMERICA'S SERVICING COMPANY

PO Box 14547
Des Moines, IA 50306-4547

Page 1 of 3

**For informational purposes**

**Escrow account disclosure statement
and notice of new mortgage payment**

| | |
|---|---|
| Loan number: | ▮▮▮▮ |
| Next payment due date: | January 01, 2015 |
| New payment effective date: | April 01, 2015 |
| New payment amount: | $1,359.67 |
| Shortage amount: | $2,920.16 |
| Principal balance: | $243,777.60 |
| Unpaid 2nd principal balance: | $2,466.97 |
| Interest rate: | 2.000% |
| Statement date: | January 08, 2015 |
| Account review period: | Feb 2014 – Mar 2015 |
| Customer service: | 1-800-842-7654 |
| Customer service hours: | Mon - Fri 6 a.m. - 10 p.m. |
| | Sat 8 a.m. - 2 p.m. CT |

We accept telecommunications relay service calls.

Property address:
226 POTTERS DR
BAYVILLE NJ 08721-2527

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE NJ 08721

Dear DONNA J DEROSA-RUQUET:

Each year, we review your escrow account to make sure the escrow portion of your scheduled mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your mortgage payment amount to change. Here are the details of your most recent escrow account review.

Note: This notice is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make any escrow shortage payment, if applicable. This notice should not be construed as an attempt to collect a debt or a demand for payment contrary to any protection you may have received pursuant to your bankruptcy case.

## New escrow and mortgage payment amount

| New payment effective date | Current | New payment ($) | |
|---|---|---|---|
| April 01, 2015[1] | payment ($) | Option 1 | Option 2 |
| Principal and/or interest | 769.13 | 769.13 | 769.13 |
| Escrow payment | 491.33 | 509.42 | 509.42 |
| Escrow shortage/prepayment[2] | 0.00 | 0.00 | 81.12 |
| **Total payment amount** | **1,260.46** | **1,278.55** | **1,359.67** |

*1. If you use one of our automatic payment options, we will adjust your electronic withdrawal(s) to ensure your April 01, 2015 payment is made in full.*

*2. If your current payment includes an amount to cover a previous escrow shortage, this amount will be added. If your current payment includes an adjustment for extra funds you deposited to your escrow account, this amount will be deducted.*

The escrow disclosure indicates a shortage of $2,920.16. We have spread this amount over the next 36 months and included it in the new payment amount. However, any voluntary decision to pay the shortage in full will reduce the payment to $1,278.55. If you voluntarily choose to pay this shortage in full now, please detach this coupon and mail it along with the check to the address that appears on this statement.

### You may use either of the following options to restore your required account balance

| Option 1: Pay the entire shortage now | Option 2: Pay the shortage over 36 months<br>No action required unless you use a bill pay<br>or 3rd party payment service to pay your mortgage |
|---|---|
| Pay the entire escrow shortage amount of $2,920.16 using the shortage payment coupon and your new mortgage payment will be $1,278.55 | Pay the escrow account shortage of $2,920.16 in 36 payments of $81.12 which we've included in your new payment amount of $1,359.67. |

**Attention bill pay and 3rd party payment service customers:** Notify your service of the change to your mortgage payment.

---

**ASC**
AMERICA'S SERVICING COMPANY
DONNA J DEROSA-RUQUET

America's Servicing Company
PO Box 1820
Newark, NJ 07101-1820

**Shortage payment coupon for loan number:** ▮▮▮▮

*Note: Due to changes in your taxes and insurance, your mortgage payment may increase even if you voluntarily decide to pay your shortage in full.*

Your escrow account review indicates a shortage of **$2,920.16**. For your convenience, we have spread this amount over 36 months and included it in your new scheduled payment. However, you may choose to pay it in full and your mortgage payment will be **$1,278.55**.

If you choose to pay this shortage in full now, please detach this coupon and mail it along with your check to the address that appears on this coupon. Wells Fargo Bank, N. A. may clear your check electronically. Receipt of your check will authorize us to process your payment as an electronic debit to the account on which the check was written.

*Please do not include this remittance with your mortgage payment.*

*Escrow shortage payment: $2,920.16*
*New mortgage payment if shortage is paid: $1,278.55*

**For informational purposes**          Loan number:    ▮▮▮▮▮

The following information covers  your projected escrow account activity from Apr 2015 to Mar 2016

**Projected escrow account disbursements**
**Annualized items to be paid from your escrow account ($):**

| | |
|---|---|
| CITY TAX | 4,426.12 |
| HAZARD INS | 1,687.00 |
| Total disbursements | 6,113.12 |
| **Scheduled escrow payment** | **509.42**[1] |

*1. Your escrow payment is calculated by dividing the total disbursements by 12.*

**Projected escrow account activity for the next 12 months**

| | Anticipated payments ($) | | | Escrow balance ($) | |
|---|---|---|---|---|---|
| Date | To escrow | From escrow | Description | Projected | Required |
| Apr 2015 | | | Starting balance | 3,103.27- | 2,037.76 |
| Apr 2015 | 509.42 | 1,079.36 | BERKELEY TWP | 3,673.21- | 1,467.82 |
| May 2015 | 509.42 | 0.00 | | 3,163.79- | 1,977.24 |
| Jun 2015 | 509.42 | 0.00 | | 2,654.37- | 2,486.66 |
| Jul 2015 | 509.42 | 1,128.04 | BERKELEY TWP | 3,272.99- | 1,868.04 |
| Aug 2015 | 509.42 | 0.00 | | 2,763.57- | 2,377.46 |
| Sep 2015 | 509.42 | 0.00 | | 2,254.15- | 2,886.88 |
| Oct 2015 | 509.42 | 1,139.35 | BERKELEY TWP | 2,884.08- | 2,256.95 |
| Nov 2015 | 509.42 | 0.00 | | 2,374.66- | 2,766.37 |
| Dec 2015 | 509.42 | 1,687.00 | NARRAGANSETT BAY INS CO | 3,552.24- | 1,588.79 |
| Jan 2016 | 509.42 | 1,079.37 | BERKELEY TWP | 4,122.19-[2] | 1,018.84[3] |
| Feb 2016 | 509.42 | 0.00 | | 3,612.77- | 1,528.26 |
| Mar 2016 | 509.42 | 0.00 | | 3,103.35- | 2,037.68 |
| **Total** | **6,113.04** | **6,113.12** | | | |

These calculations indicate the projected escrow balance will be less than the required escrow balance. The resulting shortage is $2,920.16. If you choose to pay the shortage in full, the new payment will be $1,278.55.

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the assumption that your payments will be received as agreed.

*2. Projected low point. The point during the annual period at which the projected escrow balance will reach its lowest point.*

*3. Required escrow balance. To cover unanticipated disbursements, including increases to tax or insurance payments, there is a 2-month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not include mortgage insurance.*

  • *Your 2-month minimum escrow balance is **$1,018.84***
  • *State law requires that this minimum escrow balance not exceed **$1,018.84***
  • *Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new mortgage payment when your ARM rate is scheduled to change.*

**Information about your escrow account shortage**

| | |
|---|---|
| Your lowest projected escrow account balance (low point) ($) | 4,122.19- |
| **Plus escrow adjustment4 ($)** | 2,220.87 |
| Less your required minimum escrow account balance ($) | 1,018.84 |
| **This means your escrow account has a shortage of ($)** | **2,920.16** |

*4. An Escrow Adjustment of $2,220.87, scheduled to be repaid through the bankruptcy, is included in  this calculation.*

Provides credit for escrow amount in APOC and consent order that was not received.

Case 14-17571-KCF   Doc 171-6    Filed 06/21/19    Entered 06/21/19 16:55:03    Desc
Case 14-17571-KCF   Doc Exhibit E Filed 02/20/15   Entered 02/20/15 14:02:03    Desc Main
Document    Page 6 of 6

Page 3 of 3

For informational purposes                                    Loan number: ████████

**The following information covers your escrow account history activity from Feb 2014 to Mar 2015**

| Date | Payments to escrow ($) Projected | Actual | Payments from escrow ($) Projected | Actual | Description | Escrow balance ($) Projected | Actual |
|---|---|---|---|---|---|---|---|
| Feb 2014 | | | | | Starting balance | 978.35 | 1,764.60- |
| Feb 2014 | 489.21 | 495.68[1] | 0.00 | 0.00 | | 1,467.56 | 1,268.92- |
| Mar 2014 | 489.21 | 526.24[1] | 0.00 | 0.00 | | 1,956.77 | 742.68- |
| Apr 2014 | 489.21 | 0.00[1] | 1,053.89 | 1,079.36[1] | BERKELEY TWP | 1,392.09 | 1,822.04- |
| Apr 2014 | 0.00 | 0.00 | 0.00 | 2,634.76[1] | MISC ESCROW | 1,392.09 | 4,456.80- |
| May 2014 | 489.21 | 982.66[1] | 0.00 | 0.00 | | 1,881.30 | 3,474.14- |
| Jun 2014 | 489.21 | 0.00[1] | 0.00 | 0.00 | | 2,370.51 | 3,474.14- |
| Jul 2014 | 489.21 | 491.33[1] | 1,108.23 | 0.00[1] | BERKELEY TWP | 1,751.49 | 2,982.81- |
| Aug 2014 | 489.21 | 491.33[1] | 0.00 | 1,128.04[1] | BERKELEY TWP | 2,240.70 | 3,619.52- |
| Sep 2014 | 489.21 | 491.33[1] | 0.00 | 0.00 | | 2,729.91 | 3,128.19- |
| Oct 2014 | 489.21 | 982.66[1] | 1,101.43 | 1,139.35[1] | BERKELEY TWP | 2,117.69 | 3,284.88- |
| Nov 2014 | 489.21 | 982.66[1] | 0.00 | 1,687.00[1] | NARRAGANSETT BAY INS C | 2,606.90 | 3,989.22- |
| Dec 2014 | 489.21 | 491.33[1] | 1,553.00 | 0.00[1] | NARRAGANSETT BAY INS C | 1,543.11 | 3,497.89- |
| Jan 2015 est. | 489.21 | 491.33[1] | 1,053.90 | 1,079.37[1] | BERKELEY TWP | 978.42 | 4,085.93- |
| Feb 2015 est. | 0.00 | 491.33[1] | 0.00 | 0.00 | | 978.42 | 3,594.60- |
| Mar 2015 est. | 0.00 | 491.33[1] | 0.00 | 0.00 | | 978.42 | 3,103.27- |
| **Totals** | **5,870.52** | **7,409.21** | **5,870.45** | **8,747.88** | | | |

*1. Indicates where a difference exists between the projected and actual account activity.*

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2012 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



**Manage your mortgage payments easily with the Preferred Payment Plan℠**

- Schedule weekly, biweekly, semi-monthly or monthly payments
- Save time and money with free, secure withdrawals
- No due dates to remember or checks to write

It's free, secure and convenient. To enroll, call 1-866-386-8519.

**A guide to your escrow questions and answers is available at: wellsfargo.com/escrowquestions**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Donna DeRosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott Ruquet |

United States Bankruptcy Court for the: District of New Jersey (Trenton)

Case number   14-17571

**Official Form 410S1**

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:** U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-3XS

**Court claim no.** (if known):   19

| | |
|---|---|
| Date of payment change: Must be at least 21 days after date of this notice | 05/01/2016 |
| New total payment: Principal, interest, and escrow, if any | $1,470.81 |

**Last 4 digits** of any number you use to identify the debtor's account:   1290

**Uniform Claim Identifier:**   WFCMGA1417571NJM05941290

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

**1. Will there be a change in the debtor's escrow account payment?**

☐ No

☑ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

Current escrow payment:   $590.54          New escrow payment:   $701.68

| Part 2: | Mortgage Payment Adjustment |
|---|---|

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

☐ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

Current interest rate:                          New interest rate:

Current principal and interest payment:                          New principal and interest payment:

887316-8f4b3d28-8eed-4e0b-8aca-f4b9122f3894-

Debtor 1   Donna DeRosa-Ruquet                                 Case number (if known)   14-17571

---

### Part 3:   Other Payment Change

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑   No

☐   Yes   Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change: _____

Current mortgage payment: _____   New mortgage payment: _____

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

### Part 4:   Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:

☐   I am the creditor.

☑   I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗   /s/ Rebecca Gouge Early                    Date   03/16/2016
    VP Loan Documentation

Print: Rebecca Gouge Early                     Title   VP Loan Documentation

Company   Wells Fargo Bank, N.A./Wells Fargo Home Mortgage       Specific Contact Information:
Address    MAC X7801-014                                          P: 800-274-7025
           3476 Stateview Blvd.                                   E: NoticeOfPaymentChangeInquiries@wellsfargo.com
           Fort Mill, SC 29715

---

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

Chapter 13 No. 14-17571

In re:

Judge: Chief Judge Kathryn C. Ferguson

Donna DeRosa-Ruquet and Scott Ruquet

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2016, I have served a copy of this Notice and all attachments to the following by U.S. Mail, postage prepaid, or via filing with the US Bankruptcy Court's CM ECF system.

By U.S. Postal Service First Class Mail Postage Prepaid:

Debtor:          Donna DeRosa-Ruquet
                 Scott Ruquet
                 226 Potters Drive
                 Bayville, NJ 08721


Trustee:         Albert Russo
                 Standing Chapter 13 Trustee
                 CN 4853
                 Trenton, NJ 08650-4853



                                           /s/ Bill Taylor
                                           _____
                                           Authorized Agent

887316-1d088223-8e46-47ca-be63-a05886ec0c30-

ASC
AMERICA'S SERVICING COMPANY

PO Box 14547
Des Moines, IA 50306-4547

**Escrow account disclosure statement
and notice of new mortgage payment**

| Loan number: | |
| Next payment due date: | December 01, 2015 |
| New payment effective date: | May 01, 2016 |
| New payment amount: | $1,470.81 |
| Shortage amount: | $5,893.21 |
| Principal balance: | $239,333.55 |
| Unpaid 2nd principal balance: | $2,466.97 |
| Interest rate: | 2.000% |
| Statement date: | February 24, 2016 |
| Account review period: | Apr 2015 – Apr 2016 |
| Customer service: | 1-800-842-7654 |
| Customer service hours: | Mon - Fri 7 a.m.- 8 p.m CT. |

We accept telecommunications relay service calls.

Property address:
226 POTTERS DR
BAYVILLE NJ 08721-2527

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE NJ 08721

Dear DONNA J DEROSA-RUQUET:

Each year, we review your escrow account to make sure the escrow portion of your scheduled mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your mortgage payment amount to change. Here are the details of your most recent escrow account review.

Note: This notice is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make any escrow shortage payment, if applicable. This notice should not be construed as an attempt to collect a debt or a demand for payment contrary to any protection you may have received pursuant to your bankruptcy case.

## New escrow and mortgage payment amount

| New payment effective date | Current | New payment ($) | |
| May 01, 2016[1] | payment ($) | Option 1 | Option 2 |
|---|---|---|---|
| Principal and/or interest | 769.13 | 769.13 | 769.13 |
| Escrow payment | 509.42 | 537.98 | 537.98 |
| Escrow shortage/prepayment[2] | 81.12 | 0.00 | 163.70 |
| **Total payment amount** | **1,359.67** | **1,307.11** | **1,470.81** |

1. If you use one of our automatic payment options, we will adjust your electronic withdrawal(s) to ensure your May 01, 2016 payment is made in full.

2. If your current payment includes an amount to cover a previous escrow shortage, this amount will be added. If your current payment includes an adjustment for extra funds you deposited to your escrow account, this amount will be deducted.

The escrow disclosure indicates a shortage of $5,893.21. We have spread this amount over the next 36 months and included it in the new payment amount. However, any voluntary decision to pay the shortage in full will reduce the payment to $1,307.11. If you voluntarily choose to pay this shortage in full now, please detach this coupon and mail it along with the check to the address that appears on this statement.

### You may use either of the following options to restore your required account balance

| Option 1: Pay the entire shortage now | Option 2: Pay the shortage over 36 months<br>**No action required** unless you use a bill pay<br>or 3rd party payment service to pay your mortgage |
|---|---|
| Pay the entire escrow shortage amount of $5,893.21 using the shortage payment coupon and your new mortgage payment will be $1,307.11 | Pay the escrow account shortage of $5,893.21 in 36 payments of $163.70 which we've included in your new payment amount of $1,470.81. |

**Attention bill pay and 3rd party payment service customers:** Notify your service of the change to your mortgage payment.



ASC
AMERICA'S SERVICING COMPANY
DONNA J DEROSA-RUQUET

**Shortage payment coupon for loan number:** ▊▊▊▊▊▊▊▊

*Note: Due to changes in your taxes and insurance, your mortgage payment may increase even if you voluntarily decide to pay your shortage in full.*

Your escrow account review indicates a shortage of **$5,893.21.** For your convenience, we have spread this amount over 36 months and included it in your new scheduled payment. However, you may choose to pay it in full and your mortgage payment will be **$1,307.11.**

If you choose to pay this shortage in full now, please detach this coupon and mail it along with your check to the address that appears on this coupon. Wells Fargo Bank, N. A. may clear your check electronically. Receipt of your check will authorize us to process your payment as an electronic debit to the account on which the check was written.

America's Servicing Company
PO Box 51119
Los Angeles, CA  90051-5419

*Please do not include this remittance with your mortgage payment.*

***Escrow shortage payment: $5,893.21***
***New mortgage payment if shortage is paid: $1,307.11***

106 ▊▊▊▊▊▊ 4 10 02 00135967 00130711 00725288 00589321 5

**For informational purposes**                    Loan number:  ██████████

## The following information covers your projected escrow account activity from May 2016 to Apr 2017

**Projected escrow account disbursements**
**Annualized items to be paid from your escrow account ($):**

| | |
|---|---|
| CITY TAX | 4,619.71 |
| HAZARD INS | 1,836.00 |
| Total disbursements | 6,455.71 |
| **Scheduled escrow payment** | **537.98**[1] |

*1. Your escrow payment is calculated by dividing the total disbursements by 12.*

### Projected escrow account activity for the next 12 months

| Date | Anticipated payments ($) To escrow | From escrow | Description | Escrow balance ($) Projected | Required |
|---|---|---|---|---|---|
| May 2016 | | | Starting balance | -4,342.16 | 1,551.05 |
| May 2016 | 537.98 | 0.00 | | -3,804.18 | 2,089.03 |
| Jun 2016 | 537.98 | 0.00 | | -3,266.20 | 2,627.01 |
| Jul 2016 | 537.98 | 1,158.60 | BERKELEY TWP | -3,886.82 | 2,006.39 |
| Aug 2016 | 537.98 | 0.00 | | -3,348.84 | 2,544.37 |
| Sep 2016 | 537.98 | 0.00 | | -2,810.86 | 3,082.35 |
| Oct 2016 | 537.98 | 1,183.51 | BERKELEY TWP | -3,456.39 | 2,436.82 |
| Nov 2016 | 537.98 | 0.00 | | -2,918.41 | 2,974.80 |
| Dec 2016 | 537.98 | 1,836.00 | TOWER GROUP | -4,216.43 | 1,676.78 |
| Jan 2017 | 537.98 | 1,138.80 | BERKELEY TWP | -4,817.25[2] | 1,075.96[3] |
| Feb 2017 | 537.98 | 0.00 | | -4,279.27 | 1,613.94 |
| Mar 2017 | 537.98 | 0.00 | | -3,741.29 | 2,151.92 |
| Apr 2017 | 537.98 | 1,138.80 | BERKELEY TWP | -4,342.11 | 1,551.10 |
| **Total** | **6,455.76** | **6,455.71** | | | |

These calculations indicate the projected escrow balance will be less than the required escrow balance. The resulting shortage is $5,893.21. If you choose to pay the shortage in full, the new payment will be $1,307.11.

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the assumption that your payments will be received as agreed.

*2. **Projected low point.** The point during the annual period at which the projected escrow balance will reach its lowest point.*

*3. **Required escrow balance.** To cover unanticipated disbursements, including increases to tax or insurance payments, there is a 2-month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not include mortgage insurance.*

- *Your 2-month minimum escrow balance is **$1,075.96***
- *State law requires that this minimum escrow balance not exceed **$1,075.96***
- *Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new mortgage payment when your ARM rate is scheduled to change.*

---

**Information about your escrow account shortage**

| | |
|---|---|
| Your lowest projected escrow account balance (low point) ($) | 4,817.25- |
| Less your required minimum escrow account balance ($) | 1,075.96 |
| **This means your escrow account has a shortage of ($)** | **5,893.21** |

**For informational purposes**                    Loan number: ▬▬▬

### The following information covers your escrow account history activity from Apr 2015 to Apr 2016

| Date | Payments to escrow ($) Projected | Actual | Payments from escrow ($) Projected | Actual | Description | Escrow balance ($) Projected | Actual |
|---|---|---|---|---|---|---|---|
| Apr 2015 | | | | | Starting balance | 2,037.76 | 3,522.55- |
| Apr 2015 | 509.42 | 590.54[1] | 1,079.36 | 710.46[1] | BERKELEY TWP | 1,467.82 | 3,642.47- |
| May 2015 | 509.42 | 590.54[1] | 0.00 | 0.00 | | 1,977.24 | 3,051.93- |
| Jun 2015 | 509.42 | 590.54[1] | 0.00 | 0.00 | | 2,486.66 | 2,461.39- |
| Jul 2015 | 509.42 | 590.54[1] | 1,128.04 | 1,158.60[1] | BERKELEY TWP | 1,868.04 | 3,029.45- |
| Aug 2015 | 509.42 | 590.54[1] | 0.00 | 0.00 | | 2,377.46 | 2,438.91- |
| Sep 2015 | 509.42 | 0.00[1] | 0.00 | 0.00 | | 2,886.88 | 2,438.91- |
| Oct 2015 | 509.42 | 1,771.62[1] | 1,139.35 | 1,183.51[1] | BERKELEY TWP | 2,256.95 | 1,850.80- |
| Nov 2015 | 509.42 | 590.54[1] | 0.00 | 1,879.00[1] | NARRAGANSETT BAY INS C | 2,766.37 | 3,139.26- |
| Dec 2015 | 509.42 | 0.00[1] | 1,687.00 | 0.00[1] | NARRAGANSETT BAY INS C | 1,588.79 | 3,139.26- |
| Dec 2015 | 0.00 | 0.00 | 0.00 | 1,878.00[1] | TOWER GROUP | 1,588.79 | 5,017.26- |
| Jan 2016 | 509.42 | 0.00[1] | 1,079.37 | 1,138.80[1] | BERKELEY TWP | 1,018.84 | 6,156.06- |
| Feb 2016 est. | 509.42 | 1,771.62[1] | 0.00 | 0.00 | | 1,528.26 | 4,384.44- |
| Mar 2016 est. | 509.42 | 590.54[1] | 0.00 | 0.00 | | 2,037.68 | 3,793.90- |
| Apr 2016 est. | 0.00 | 590.54[1] | 0.00 | 1,138.80[1] | BERKELEY TWP | 2,037.68 | 4,342.16- |
| **Totals** | **6,113.04** | **8,267.56** | **6,113.12** | **9,087.17** | | | |

*1. Indicates where a difference exists between the projected and actual account activity.*

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2012 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



**Manage your mortgage payments easily with the Preferred Payment Plan℠**

- Schedule weekly, biweekly, semi-monthly or monthly payments
- Save time and money with free, secure withdrawals
- No due dates to remember or checks to write

It's free, secure and convenient. To enroll, call 1-866-386-8519.

**A guide to your escrow questions and answers is available at: wellsfargo.com/escrowquestions**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Donna DeRosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott Ruquet |

Document      Page 1 of 6

United States Bankruptcy Court for the: District of New Jersey (Trenton)

Case number   14-17571

**Official Form 410S1**

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:** U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-3XS

**Court claim no.** (if known):      19

| | |
|---|---|
| Date of payment change: Must be at least 21 days after date of this notice | 07/01/2016 |
| New total payment: Principal, interest, and escrow, if any | $1,419.44 |

**Last 4 digits** of any number you use to identify the debtor's account:      1290

**Uniform Claim Identifier:** WFCMGA1417571NJM05941290

## Part 1:   Escrow Account Payment Adjustment

**1. Will there be a change in the debtor's escrow account payment?**

☐ No

☑ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

Current escrow payment: $537.98      New escrow payment: $650.31

## Part 2:   Mortgage Payment Adjustment

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

☐ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

Current interest rate:                       New interest rate:

Current principal and interest payment:       New principal and interest payment:

940999-5860225a-6368-4dcb-addb-e29ef2d373ef-

Case 14-17571-KCF   Doc   Filed 05/11/16   Entered 05/11/16 09:17:42   Desc Main
Document   Page 2 of 6

| Debtor 1 | Donna DeRosa-Ruquet | Case number (if known) | 14-17571 |

<table>
<tr><td colspan="2"><strong>Part 3:</strong> Other Payment Change</td></tr>
</table>

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes    Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change: _____

Current mortgage payment: _____    New mortgage payment: _____

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

<table>
<tr><td colspan="2"><strong>Part 4:</strong> Sign Here</td></tr>
</table>

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:

☐    I am the creditor.

☑    I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗  /s/ Diana Montilla                                        Date  05/11/2016
   VP Loan Documentation

Print: Diana Montilla                                        Title  VP Loan Documentation

Company   Wells Fargo Bank, N.A./Wells Fargo Home Mortgage       Specific Contact Information:
Address   MAC X7801-014                                          P: 800-274-7025
          3476 Stateview Blvd.                                   E: NoticeOfPaymentChangeInquiries@wellsfargo.com
          Fort Mill, SC 29715

940999-5860225a-6368-4dcb-addb-e29ef2d373ef-

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

Chapter 13 No. 14-17571

In re:                                                    Judge: Chief Judge Kathryn C. Ferguson

Donna DeRosa-Ruquet and Scott Ruquet

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on or before May 11, 2016, I served a copy of this Notice and all attachments upon each of the entities named below by the court's notice of electronic filing or by placing a copy thereof in an envelope, in the United States Mail with first class mail postage prepaid, addressed to each of them as follows:

By U.S. Postal Service First Class Mail Postage Prepaid:

Debtor:             Donna DeRosa-Ruquet
                    Scott Ruquet
                    226 Potters Drive
                    Bayville, NJ 08721


Trustee:            Albert Russo
                    Standing Chapter 13 Trustee
                    CN 4853
                    Trenton, NJ 08650-4853


                                        /s/ Bill Taylor
                                        _____

                                        4 S Technologies, LLC
                                        (as authorized agent for Wells Fargo Bank, N.A./Wells Fargo Home
                                        Mortgage)

940999-872e4c77-e352-4645-9f19-511aa63cfd73-

**ASC**
AMERICA'S SERVICING COMPANY

PO Box 14547
Des Moines, IA 50306-4547

Escrow account disclosure statement
and notice of new mortgage payment

| | |
|---|---|
| Loan number: | |
| Next payment due date: | May 01, 2016 |
| New payment effective date: | July 01, 2016 |
| New payment amount: | $1,419.44 |
| Shortage amount: | $3,697.43 |
| Principal balance: | $237,476.16 |
| Unpaid 2nd principal balance: | $2,466.97 |
| Interest rate: | 2.000% |
| Statement date: | May 06, 2016 |
| Account review period: | May 2016 – Jun 2016 |
| Customer service: | 1-800-842-7654 |
| Customer service hours: | Mon - Fri 7 a.m. - 8 p.m CT. |

**We accept telecommunications relay service calls.**

Property address:
226 POTTERS DR
BAYVILLE NJ 08721-2527

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE NJ 08721

Dear DONNA J DEROSA-RUQUET:

Each year, we review your escrow account to make sure the escrow portion of your scheduled mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your mortgage payment amount to change. Here are the details of your most recent escrow account review.

Note: This notice is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make any escrow shortage payment, if applicable. This notice should not be construed as an attempt to collect a debt or a demand for payment contrary to any protection you may have received pursuant to your bankruptcy case.

### New escrow and mortgage payment amount

| New payment effective date | Current | New payment ($) | |
|---|---|---|---|
| July 01, 2016[1] | payment ($) | Option 1 | Option 2 |
| Principal and/or interest | 769.13 | 769.13 | 769.13 |
| Escrow payment | 537.98 | 541.56 | 541.56 |
| Escrow shortage/prepayment[2] | 0.00 | 0.00 | 108.75 |
| Total payment amount | 1,307.11 | 1,310.69 | 1,419.44 |

*1. If you use one of our automatic payment options, we will adjust your electronic withdrawal(s) to ensure your July 01, 2016 payment is made in full.*

*2. If your current payment includes an amount to cover a previous escrow shortage, this amount will be added. If your current payment includes an adjustment for extra funds you deposited to your escrow account, this amount will be deducted.*

The escrow disclosure indicates a shortage of $3,697.43. We have spread this amount over the next 34 months and included it in the new payment amount. However, any voluntary decision to pay the shortage in full will reduce the payment to $1,310.69. If you voluntarily choose to pay this shortage in full now, please detach this coupon and mail it along with the check to the address that appears on this statement.

### You may use either of the following options to restore your required account balance

| Option 1: Pay the entire shortage now | Option 2: Pay the shortage over 34 months<br>No action required unless you use a bill pay<br>or 3rd party payment service to pay your mortgage |
|---|---|
| Pay the entire escrow shortage amount of $3,697.43 using the shortage payment coupon and your new mortgage payment will be $1,310.69 | Pay the escrow account shortage of $3,697.43 in 34 payments of $108.75 which we've included in your new payment amount of $1,419.44. |

**Attention bill pay and 3rd party payment service customers:** Notify your service of the change to your mortgage payment.

---

Shortage payment coupon for loan number: ▉▉▉▉▉▉▉

*Note: Due to changes in your taxes and insurance, your mortgage payment may increase even if you voluntarily decide to pay your shortage in full.*

**ASC**
AMERICA'S SERVICING COMPANY

DONNA J DEROSA-RUQUET

America's Servicing Company
PO Box 51119
Los Angeles, CA 90051-5419

Your escrow account review indicates a shortage of $3,697.43. For your convenience, we have spread this amount over 34 months and included it in your new scheduled payment. However, you may choose to pay it in full and your mortgage payment will be $1,310.69.

If you choose to pay this shortage in full now, please detach this coupon and mail it along with your check to the address that appears on this coupon. Wells Fargo Bank, N. A. may clear your check electronically. Receipt of your check will authorize us to process your payment as an electronic debit to the account on which the check was written.

*Please do not include this remittance with your mortgage payment.*

*Escrow shortage payment: $3,697.43*
*New mortgage payment if shortage is paid: $1,310.69*

**For informational purposes**            Loan number:        ████████

---

**The following information covers your projected escrow account activity from Jul 2016 to Jun 2017**

---

**Projected escrow account disbursements**
**Annualized items to be paid from your escrow account ($):**

| | |
|---|---|
| CITY TAX | 4,619.70 |
| HAZARD INS | 1,879.00 |
| Total disbursements | 6,498.70 |
| **Scheduled escrow payment** | **541.56**[1] |

*1. Your escrow payment is calculated by dividing the total disbursements by 12.*

---

**Projected escrow account activity for the next 12 months**

| Date | Anticipated payments ($) To escrow | From escrow | Description | Escrow balance ($) Projected | Required |
|---|---|---|---|---|---|
| Jul 2016 | | | Starting balance | -3,266.19 | 2,652.11 |
| Jul 2016 | 541.56 | 1,158.60 | BERKELEY TWP | -3,883.23 | 2,035.07 |
| Aug 2016 | 541.56 | 0.00 | | -3,341.67 | 2,576.63 |
| Sep 2016 | 541.56 | 0.00 | | -2,800.11 | 3,118.19 |
| Oct 2016 | 541.56 | 1,183.51 | BERKELEY TWP | -3,442.06 | 2,476.24 |
| Nov 2016 | 541.56 | 0.00 | | -2,900.50 | 3,017.80 |
| Dec 2016 | 541.56 | 1,879.00 | NARRAGANSETT BAY INS CO | -4,237.94 | 1,680.36 |
| Jan 2017 | 541.56 | 1,138.80 | BERKELEY TWP | -4,835.18[2] | 1,083.12[3] |
| Feb 2017 | 541.56 | 0.00 | | -4,293.62 | 1,624.68 |
| Mar 2017 | 541.56 | 0.00 | | -3,752.06 | 2,166.24 |
| Apr 2017 | 541.56 | 1,138.79 | BERKELEY TWP | -4,349.29 | 1,569.01 |
| May 2017 | 541.56 | 0.00 | | -3,807.73 | 2,110.57 |
| Jun 2017 | 541.56 | 0.00 | | -3,266.17 | 2,652.13 |
| **Total** | **6,498.72** | **6,498.70** | | | |

These calculations indicate the projected escrow balance will be less than the required escrow balance. The resulting shortage is $3,697.43. If you choose to pay the shortage in full, the new payment will be $1,310.69.

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the assumption that your payments will be received as agreed.

*2. **Projected low point.** The point during the annual period at which the projected escrow balance will reach its lowest point.*

*3. **Required escrow balance.** To cover unanticipated disbursements, including increases to tax or insurance payments, there is a 2-month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not include mortgage insurance.*

  - *Your 2-month minimum escrow balance is $1,083.12*
  - *State law requires that this minimum escrow balance not exceed $1,083.12*
  - *Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new mortgage payment when your ARM rate is scheduled to change.*

---

**Information about your escrow account shortage**

| | |
|---|---|
| Your lowest projected escrow account balance (low point) ($) | 4,835.18- |
| **Plus escrow adjustment[4] ($)** | 2,220.87 |
| Less your required minimum escrow account balance ($) | 1,083.12 |
| **This means your escrow account has a shortage of ($)** | **3,697.43** |

4. An Escrow Adjustment of $2,220.87, scheduled to be repaid through the bankruptcy, is included in this calculation.

**For informational purposes**   Loan number:   ███████

**The following information covers your escrow account history activity from May 2016 to Jun 2016**

| Date | Payments to escrow ($) Projected | Actual | Payments from escrow ($) Projected | Actual | Description | Escrow balance ($) Projected | Actual |
|---|---|---|---|---|---|---|---|
| May 2016 | | | | | Starting balance | 1,551.05 | 4,342.15- |
| May 2016 est. | 537.98 | 537.98 | 0.00 | 0.00 | | 2,089.03 | 3,804.17- |
| Jun 2016 est. | 537.98 | 537.98 | 0.00 | 0.00 | | 2,627.01 | 3,266.19- |
| Totals | 1,075.96 | 1,075.96 | 0.00 | 0.00 | | | |

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2012 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



**Manage your mortgage payments easily with the Preferred Payment Plan**<sup>SM</sup>

- Schedule weekly, biweekly, semi-monthly or monthly payments
- Save time and money with free, secure withdrawals
- No due dates to remember or checks to write

It's free, secure and convenient. To enroll, call 1-866-386-8519.

**A guide to your escrow questions and answers is available at: wellsfargo.com/escrowquestions**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Donna Derosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott Ruquet |

United States Bankruptcy Court for the: _____ District of New Jersey
                                                                              (State)

Case number: 14-17571-KCF

## Official Form 410S1

# Amended Notice of Mortgage Payment Change                    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** Morgan Stanley Mortgage Loan Trust 2007-3XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee As Serviced by Specialized Loan Servicing LLC

**Court claim no. (if known):** 19-2

Last four digits of any number you use to identify the debtor's account: 7871

Date of payment change. Must be at least 21 days after date of this notice: 01/01/2017

New total payment. Principal, interest, and escrow, if any: $1,400.67

---

**Part 1:** Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?
   - ☐ No
   - ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   Current escrow payment: $1,162.50          New escrow payment: $631.54

---

**Part 2:** Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?
   - ☒ No
   - ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   Current interest rate: _____ %          New interest rate: _____ %

   Current principal and interest payment $ _____          New principal and interest payment: $ _____

---

**Part 3:** Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?
   - ☒ No
   - ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

---

Official Form 410S1                    **Notice of Mortgage Payment Change**                    Page 1
PCNFormEff1512

| Debtor 1 | Donna  Derosa-Ruquet | | | Case Number (if known) | 14-17571-KCF |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Current mortgage payment: | $ _____ | New mortgage payment: | |
|---|---|---|---|

| Part 4: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐    I am the creditor.

☒    I am the creditor's authorized agent.

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

✗  _____    Date    December 12, 2016
    Signature

Print:    Julian T. Cotton    Title    Authorized Agent for Specialized Loan
          First Name    Middle Name    Last Name            Servicing LLC

Company    Buckley Madole, P.C.

Address    14841 Dallas Parkway, Suite 300
           Number    Street

           Dallas, Texas  75254
           City    State    Zip Code

Contact phone    (972) 643-6600    Email    PCNInquiries@BuckleyMadole.com

Exhibit E   Page 28 of 72

Buckley Madole, P.C.
14841 Dallas Parkway
Suite 300
Dallas, Texas 75254
Telephone: (972) 643-6600
BkcyAttorneys@BuckleyMadole.com
Authorized Agent for Creditor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In Re: | Chapter: 13 |
|---|---|
| Donna  Derosa-Ruquet and Scott  Ruquet, | Case No.: 14-17571-KCF |
| Debtors. | Judge: Kathryn C. Ferguson |

### CERTIFICATION OF SERVICE

1. I, Julian T. Cotton:

   ☑ represent the Creditor in the above-captioned matter.

   ☐ am the secretary/paralegal for _____ who represents the

   _____ in the above-captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On December 12, 2016, I sent a copy of the following pleadings and/or documents to the

   parties listed in the chart below:

   • Amended Notice of Notice of Mortgage Payment Change

3. I certify under penalty of perjury that the above documents were sent using the mode of

   service indicated.

December 12, 2016

Date

Signature

CertOfServNJ02

4125-N-8305

| | | |
|---|---|---|
| Albert Russo<br>CN 4853<br>Trenton, New Jersey 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by court *) |
| Donna  Derosa-Ruquet<br>Scott  Ruquet<br>226 Potters Drive<br>Bayville, NJ 08721-2527 | Debtors | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by court *) |
| Donna Derosa-ruquet<br>Debtor Pro Se<br>226 Potters Drive<br>Bayville, New Jersey 08721-2527 | Debtors' Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by court *) |

\*    May account for service by fax or other means as authorized by the court through the
issuance of an Order Shortening Time.

CertOfServNJ02                                                                                   4125-N-8305

 **■■SLS** 8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

**Pg 1 of 4**

**Escrow Account Disclosure Statement**
Statement Date:                           11/23/2016
Loan Number:
Property                    226 POTTERS DR
Address:                    BAYVILLE, NJ 08721

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE, NJ 08721-2527

Dear Customer,

As trusted managers of your escrow account, we have safeguards in place to ensure there's enough money in your account to cover your tax and insurance payments.

Because you have an escrow account, it means that part of your monthly mortgage payment goes into an account to pay for your property taxes and/or insurance premiums. During the year, payments are made from your escrow account when tax and/or insurance bills become due. The Escrow Account Disclosure Statement shows how much money has been credited to and paid from the escrow account over the last 12 months. Additionally, both the projected and required balances are compared to ensure that we are collecting the appropriate amount.

**Based on our recent analysis, you have a shortage of $4,432.06.**

| | |
|---|---|
| Projected Minimum Balance | $-3,316.70 |
| Required Minimum Balance | $1,115.36 |
| **Amount of Shortage** | **$4,432.06** |

Since there is a shortage in your account, a payment coupon is attached to the bottom of this statement if you choose to pay the shortage in full in a lump sum. If you do not wish to utilize this coupon, we will adjust your payment to make up the difference. Increases in your property taxes or insurance premiums are the most common cause of a shortage in your escrow account. The shortage will be adjusted by (1/60) of the shortage amount and added to your monthly payment unless the full shortage is paid within 30 days.

**Escrow Account Disclosure Statement - Short Year**

**PART 1**

## Your Mortgage Payment

### Payment Information

| Payment Information | Current Monthly Payment | New Monthly Payment Effective 01/01/2017 |
|---|---|---|
| PRIN & INTEREST | 769.13 | 769.13 |
| ESCROW PAYMENT | 557.69 | 557.68 |
| SHORTAGE PYMT | 604.81 | 73.86 |
| **Total Payment:** | **$1,931.63** | **$1,400.67** |

(Continued on Next Page)

**PART**

**2**    Your Escrow Account History

The chart below reflects what actually happened in your escrow account since your last analysis
compared to what we estimated would happen.

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | BEGINNING BAL | -4825.75 | 1203.32 |
| Dec 16 | 0.00 | 557.69 | 0.00 | 0.00 |  | -4825.75 LP | 1761.01 |
| Dec 16 | 1162.50 E | 0.00 | 0.00 | 0.00 |  | -3663.25 E | 1761.01 |
| Jan 17 |  | 557.69 |  | 1203.32 | CITY TAX |  | 1115.38 |
| Feb 17 |  | 557.69 |  | 0.00 |  |  | 1673.07 |
| Mar 17 |  | 557.69 |  | 0.00 |  |  | 2230.76 |
| Apr 17 |  | 557.69 |  | 1203.32 | CITY TAX |  | 1585.13 |
| May 17 |  | 557.69 |  | 0.00 |  |  | 2142.82 |
| Jun 17 |  | 557.69 |  | 0.00 |  |  | 2700.51 |
| Jul 17 |  | 557.69 |  | 1203.32 | CITY TAX |  | 2054.88 |
| Aug 17 |  | 557.69 |  | 0.00 |  |  | 2612.57 |
| Sep 17 |  | 557.69 |  | 0.00 |  |  | 3170.26 |
| Oct 17 |  | 557.69 |  | 1203.32 | CITY TAX |  | 2524.63 |
| Nov 17 |  | 557.69 |  | 1879.00 | HOMEOWNERS INS |  | 1203.32 |
| TOTALS | 1162.50 | 6692.28 | 0.00 | 6692.28 |  |  |  |

**LEGEND:**

IOE = Interest on the Escrow Balance      E = Estimated Payments
LP = Lowest Actual Monthly Balance      * = Projected and Actual Payments Differ

Last year we anticipated that payments from your escrow account would be made during this period equaling $6,692.28. Under federal law, your actual lowest monthly balance should not have exceeded $1,115.36 or 1/6 of the estimated payments from your escrow account unless your mortgage documents or state law specifies a lower amount. Your mortgage contract and state law are silent on this issue. Your actual lowest escrow balance was $-4,825.75.



**Escrow Account Disclosure Statement**

| | |
|---|---|
| Statement Date: | 11/23/2016 |
| Loan Number: | |
| Property Address: | 226 POTTERS DR BAYVILLE, NJ 08721 |

PART

**3**      Estimated Escrow Payments Over the Next 12 Months

Summary of your projected escrow account for the coming year

| | | | | | |
|---|---|---|---|---|---|
| | | | BEGINNING BAL | -2671.07 | 1760.99 |
| Jan 17 | 557.68 | 1203.31 | CITY TAX | -3316.70 | 1115.36 |
| Feb 17 | 557.68 | 0.00 | | -2759.02 | 1673.04 |
| Mar 17 | 557.68 | 0.00 | | -2201.34 | 2230.72 |
| Apr 17 | 557.68 | 1203.31 | CITY TAX | -2846.97 | 1585.09 |
| May 17 | 557.68 | 0.00 | | -2289.29 | 2142.77 |
| Jun 17 | 557.68 | 0.00 | | -1731.61 | 2700.45 |
| Jul 17 | 557.68 | 1203.31 | CITY TAX | -2377.24 | 2054.82 |
| Aug 17 | 557.68 | 0.00 | | -1819.56 | 2612.50 |
| Sep 17 | 557.68 | 0.00 | | -1261.88 | 3170.18 |
| Oct 17 | 557.68 | 1203.31 | CITY TAX | -1907.51 | 2524.55 |
| Nov 17 | 557.68 | 1879.00 | HOMEOWNERS INS | -3228.83 | 1203.23 |
| Dec 17 | 557.68 | 0.00 | | -2671.15 | 1760.91 |
| **TOTALS** | **6692.16** | **6692.24** | **ENDING BAL** | **-2671.15** | **1760.91** |

Cushion selected by servicer: $1,115.36

Here's how to calculate your new monthly escrow payment:

| | |
|---|---|
| HOMEOWNERS INS | $1,879.00 |
| CITY TAX | $4,813.24 |
| Total: | $6,692.24 |
| | + 12 Months |

New Monthly Escrow Payment:      $557.68

**What This Means to You - Your balance is less than the amount needed in your account. The resulting shortage is $4,432.06.**

Your ending escrow balance from the last month of account history is $-2,671.07, your starting balance according to this analysis should be $1,760.99.

**PART**

**4**                          How You Can Reach Us With Questions

For statement questions, please contact
Customer Care: 1-800-315-4757                    SLS accepts calls from relay services
Monday - Friday, 6:00 a.m. - 6:00 p.m. MT        on behalf of hearing impaired borrowers.

BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A
BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE
STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A
NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF
SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE
AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A
NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT
BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Donna  Derosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott  Ruquet |
| United States Bankruptcy Court for the: _____ District of | New Jersey (State) |
| Case number | 14-17571-KCF |

## Official Form 410S1

# Notice of Mortgage Payment Change          12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** Morgan Stanley Mortgage Loan Trust 2007-3XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee As Serviced by Specialized Loan Servicing LLC

**Court claim no.** (if known):          19-2

**Last four digits** of any number you use to identify the debtor's account:          7871

**Date of payment change:**
Must be at least 21 days after date of this notice          11/01/2017

**New total payment:**
Principal, interest, and escrow, if any   $1,525.09

---

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

1. **Will there be a change in the debtor's escrow account payment?**

   ☒ No

   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   Current escrow payment:   $ _____          New escrow payment:          $ _____

| Part 2: | Mortgage Payment Adjustment |
|---|---|

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☐ No

   ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   Current interest rate:          2.0000%          New interest rate:          3.0000%

   Current principal and interest payment   $769.13          New principal and interest payment:   $893.55

| Part 3: | Other Payment Change |
|---|---|

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☒ No

   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

---

4125-N-8305

| Current mortgage payment: | $_____ | New mortgage payment: | $_____ |

| Debtor 1 | Donna  Derosa-Ruquet | Case Number *(if known)* | 14-17571-KCF |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

## Part 4:    Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐    I am the creditor.

☒    I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

✗    /s/ Andrew Kussmaul                                    Date    09/26/2017
     Signature

Print:    Andrew Kussmaul                                   Title    Authorized Agent for Specialized Loan
          First Name    Middle Name    Last Name                    Servicing LLC

Company    Buckley Madole, P.C.

Address    14841 Dallas Parkway, Suite 300
           Number          Street

           Dallas, Texas  75254
           City            State          Zip Code

Contact phone    (972) 643-6600              Email    POCInquiries@BuckleyMadole.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Buckley Madole, P.C.
14841 Dallas Parkway
Suite 300
Dallas, Texas 75254
Telephone: (972) 643-6600
POCInquiries@buckleymadole.com
Authorized Agent for Creditor

**In Re:**

Donna Derosa-Ruquet and
Scott Ruquet

Debtors.

Case No : 14-17571-KCF

Chapter: 13

Adv. No.:_____

Hearing Date _____ at _____

Judge: Kathryn C. Ferguson

## CERTIFICATION OF SERVICE

1.  I,  _____Andrew Kussmaul_____  :

    ☑ represent the <u>Creditor</u> in this matter.

    ☐ am the secretary/paralegal for _____ who represents the

    _____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On, _____09/26/2017_____, I sent a copy of the following pleadings

    and/or documents to the parties listed below:

    • Notice of Mortgage Payment Change

3.  I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

_____09/26/2017_____          /s/ Andrew Kussmaul_____

Date                                Signature

CertOfServNJ04                                                4125-N-8305

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo<br>CN 4853<br>Trenton, New Jersey 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable.*) |
| Donna Derosa-Ruquet<br>Scott Ruquet<br>226 Potters Drive<br>Bayville, NJ 08721-2527 | Debtors | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable.*) |
| David E. Shaver<br>Broege, Neumann, Fischer & Shaver<br>25 Abe Voorhees Drive<br>Manasquan, NJ 08736 | Debtors' Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable.*) |

\*    May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

CertOfServNJ04                                                                                          4125-N-8305

## HOME AFFORDABLE MODIFICATION AGREEMENT
### (Step Two of Two-Step Documentation Process)

Borrower ("I"):[1] DONNA J DEROSA-RUQUET
Lender or Servicer ("Lender"): America's Servicing Company
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 10/05/2006
Loan Number: ▓▓▓▓▓
Property Address [and Legal Description if recordation is necessary] ("Property"):
226 POTTERS DR
BAYVILLE, NJ 08721-2527

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.   **My Representations.** I certify, represent to Lender and agree:

A.   I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B.   I live in the Property as my principal residence, and the Property has not been condemned; (i) I lived in the Property as a principal residence immediately prior to my displacement or (ii) I intend to re-occupy the Property as a principal residence in the future, or (iii) I do not own any single-family real estate other than the Property, and or (iv) the Property has not been condemned. The certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the date hereof, and the Property has not been condemned;

C.   There has been no change in the ownership of the Property since I signed the Loan Documents;

D.   I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));

E.   Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                                    (page 1 of 7 pages)

F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

H. If the borrower has filed for or received a discharge in a Chapter 7 bankruptcy proceeding subsequent to  or in conjunction with the execution of this Agreement and said debt was not reaffirmed during the course of the proceeding,  Lender agrees that I will not have personal liability on the debt pursuant to this Agreement and may only enforce the lien as against the property.

2. **Acknowledgements and Preconditions to Modification.**  I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate.  In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.**  If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 11/01/2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived.  I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect.  The first modified payment will be due on 11/01/2012.

A. The new Maturity Date will be 10/01/2052.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $256,451.41 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. $2,466.97 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $253,984.44. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 10/01/2012 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 11/01/2012. My payment schedule for the Modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change | Monthly Principal and | Monthly Escrow Payment | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|----------------------|-----------------------|------------------------|-----------------------|-------------------|----------------------------|

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE

(page 2 of 7 pages)

| | | Date | Interest Payment | Amount | | | |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000 | 10/01/2012 | $769.13 | 454.44 adjusts annually after 1 year | 1,223.57 adjusts annually after 1 year | 11/01/2012 | 60 |
| 6 | 3.000 | 10/01/2017 | $893.55 | Adjusts Annually | Adjusts Annually | 11/01/2017 | 12 |
| 7-40 | 3.375 | 10/01/2018 | $941.70 | Adjusts Annually | Adjusts Annually | 11/01/2018 | 408 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds")

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE          (page 3 of 7 pages)

to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                                          (page 5 of 7 pages)

U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note is null and void.

Q. If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure.

In Witness Whereof, the Lender and I have executed this Agreement.

_____

America's Servicing Company

**OB Vue**
By: _____
Vice President Loan Documentation

Date

_____
10/25/12 _____(Seal)

Date

_____(Seal)
DONNA J DEROSA-RUQUET
_____
October 8, 2012
Date

_____(Seal)

Date

_____(Seal) 10/8/12

Date _Samantha Clark_

Samantha Clark
Notary Public
My Commission Expires April 14, 2013

**Other Pertinent Information**
Any special instructions related to preparation of this document, use of special signature forms, required riders or addenda, etc. are discussed below.

1. If the borrower is an *inter vivos* revocable trust, we may require: a special rider, a different signature form for the trustee signature, and a special signature acknowledgment for the settlor/credit applicant(s). Lenders are responsible for making any modifications, including the use of different terminology, needed to conform to the signature forms customarily used in the applicable jurisdiction and will be held fully accountable for the use of any invalid signature form(s).

Each of the trustees must sign this document in a signature block substantially similar to

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                           (page 6 of 7 pages)

the following, which should be inserted in the Borrower signature lines:

_____, Trustee of the _____ Trust
under trust instrument dated _____, for the benefit of
_____ (Borrower).

_____[Space Below This Line For Acknowledgement]_____

**HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE**                    (page 7 of 7 pages)

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Donna  DeRosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott  Ruquet |
| United States Bankruptcy Court for the: | _____ District of  New Jersey (State) |
| Case number | 14-17571-KCF |

## Official Form 410S1

# Notice of Mortgage Payment Change                    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** Morgan Stanley Mortgage Loan Trust 2007-3XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee As Serviced by Specialized Loan Servicing LLC

**Court claim no.** (if known):        19-2

**Last four digits** of any number you use to identify the debtor's account:        7871

**Date of payment change:**
Must be at least 21 days after date of this notice.        01/01/2018

**New total payment:**
Principal, interest, and escrow, if any   $1,554.82

---

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

1. **Will there be a change in the debtor's escrow account payment?**
   - ☐ No
   - ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   Current escrow payment:  $631.54          New escrow payment:  $661.27

| Part 2: | Mortgage Payment Adjustment |
|---|---|

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**
   - ☒ No
   - ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   Current interest rate:  _____ %          New interest rate:  _____ %

   Current principal and interest payment  $ _____          New principal and interest payment:  $ _____

| Part 3: | Other Payment Change |
|---|---|

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**
   - ☒ No
   - ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   Reason for change:  _____

| Debtor 1 | | Donna | Derosa-Ruquet | | Case Number *(if known)* | 14-17571-KCF |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | | |
|---|---|---|---|---|
| **Current mortgage payment:** | $ | | **New mortgage payment:** | $ |

| **Part 4:** | **Sign Here** |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐   I am the creditor.

☒   I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

✗   /s/ Jason A. Cottrill                                Date   11/21/2017
    Signature

Print:   Jason A. Cottrill                             Title   Authorized Agent for Specialized Loan
         First Name   Middle Name   Last Name                   Servicing LLC

Company   Buckley Madole, P.C.

Address   14841 Dallas Parkway, Suite 300
          Number          Street

          Dallas, Texas  75254
          City      State      Zip Code

Contact phone   (972) 643-6600          Email   POCInquiries@BuckleyMadole.com

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| Buckley Madole, P.C.<br>14841 Dallas Parkway<br>Suite 300<br>Dallas, Texas 75254<br>Telephone: (972) 643-6600<br>POCInquiries@buckleymadole.com<br>Authorized Agent for Creditor | Case No : 14-17571-KCF<br><br>Chapter: 13 |
| **In Re:**<br><br>Donna Derosa-Ruquet and<br>Scott Ruquet<br><br>                                          Debtors. | Adv. No.:_____<br><br>Hearing Date _____ at _____<br><br>Judge: Kathryn C. Ferguson |

## CERTIFICATION OF SERVICE

1.  I,          Jason A. Cottrill                    :

    ☑ represent the <u>Creditor</u> in this matter.

    ☐ am the secretary/paralegal for _____ who represents the

       _____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On, _____11/21/2017_____, I sent a copy of the following pleadings

    and/or documents to the parties listed below:

    •  Notice of Mortgage Payment Change

3.  I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

____11/21/2017_____          /s/ Jason A. Cottrill_____

Date                              Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo<br>CN 4853<br>Trenton, New Jersey 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable.*) |
| Donna  Derosa-Ruquet<br>Scott  Ruquet<br>226 Potters Drive<br>Bayville, NJ 08721-2527 | Debtors | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable.*) |
| David E. Shaver<br>Broege, Neumann, Fischer & Shaver<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736 | Debtors' Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J. LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable.*) |

\*    May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

CertOfServNJ04                                                     4125-N-8305

**SLS**
6742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Pg 1 of 4

**Escrow Account Disclosure Statement**

| | |
|---|---|
| Statement Date: | 11/09/2017 |
| Loan Number: | |
| Property Address: | 226 POTTERS DR BAYVILLE, NJ 08721 |

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE, NJ 08721-2527

Dear Customer,

As trusted managers of your escrow account, we have safeguards in place to ensure there's enough money in your account to cover your tax and insurance payments.

Because you have an escrow account, it means that part of your monthly mortgage payment goes into an account to pay for your property taxes and/or insurance premiums. During the year, payments are made from your escrow account when tax and/or insurance bills become due. The Escrow Account Disclosure Statement shows how much money has been credited to and paid from the escrow account over the last 12 months. Additionally, both the projected and required balances are compared to ensure that we are collecting the appropriate amount.

**Based on our recent analysis, you have a shortage of $4,393.15.**

| | |
|---|---|
| Projected Minimum Balance | $-1,066.65 |
| Required Minimum Balance | $1,139.50 |
| **Amount of Shortage** | **$4,393.15** |

Since there is a shortage in your account, a payment coupon is attached to the bottom of this statement if you choose to pay the shortage in full in a lump sum. If you do not wish to utilize this coupon, we will adjust your payment to make up the difference. Increases in your property taxes or insurance premiums are the most common cause of a shortage in your escrow account. The shortage will be adjusted by (1/48) of the shortage amount and added to your monthly payment unless the full shortage is paid within 30 days.

### Escrow Account Disclosure Statement - Annual

**PART 1**

## Your Mortgage Payment

### Payment Information

| Payment Information | Current Monthly Payment | New Monthly Payment Effective 01/01/2018 |
|---|---|---|
| PRIN & INTEREST | 769.13 | 853.55 |
| ESCROW PAYMENT | 557.68 | 569.75 |
| SHORTAGE PYMT | 73.86 | 91.52 |
| **Total Payment:** | **$1,400.67** | **$1,554.82** |

(Continued on Next Page)

**PART 2**

## Your Escrow Account History

The chart below reflects what actually happened in your escrow account since your last analysis, compared to what we estimated would happen.

| Date | Payment to Escrow | What Last Estimated Payment to Escrow Was | What We Paid from Escrow | What Was Estimated to Pay Out | Description | Escrow Balance | Last Year's Estimated Balance |
|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BAL | -6277.44 | 1760.98 |
| Jan 17 | 1181.00 * | 557.68 | 1171.06 * | 1203.31 | CITY TAX | -6267.50 | 1115.36 |
| Feb 17 | -1162.50 * | 557.68 | 0.00 | 0.00 | | -7430.00 LP | 1673.04 |
| Mar 17 | 2544.93 * | 557.68 | 0.00 | 0.00 | | -4885.07 | 2230.72 |
| Apr 17 | 631.54 * | 557.68 | 1171.05 * | 1203.31 | CITY TAX | -5424.58 | 1585.09 |
| May 17 | 631.54 * | 557.68 | 0.00 | 0.00 | | -4793.04 | 2142.77 |
| Jun 17 | 0.00 * | 557.68 | 0.00 | 0.00 | | -4793.04 | 2700.45 |
| Jul 17 | 1263.06 * | 557.68 | 1183.51 * | 1203.31 | CITY TAX | -4713.47 | 2054.82 |
| Aug 17 | 0.00 * | 557.68 | 0.00 | 0.00 | | -4713.47 | 2612.50 |
| Sep 17 | 1278.46 * | 557.68 | 0.00 | 0.00 | | -3435.01 | 3170.18 |
| Oct 17 | 0.00 * | 557.68 | 0.00 * | 1203.31 | CITY TAX | -3435.01 | 2524.66 |
| Nov 17 | 631.54 * | -557.68 | 1183.50 * | 0.00 | CITY TAX | -3986.97 | 3082.23 |
| Nov 17 | 0.00 | 0.00 | 2103.00 E | 1679.00 | HOMEOWNERS INS | -6089.97 E | 1203.23 |
| Nov 17 | 631.54 E | 0.00 | 0.00 | 0.00 | | -5458.43 E | 1203.23 |
| Dec 17 | 0.00 | 557.68 | 0.00 E | 0.00 | | -5458.43 E | 1760.91 |
| Dec 17 | 631.54 E | 0.00 | 0.00 | 0.00 | | -4826.89 E | 1760.91 |
| **TOTALS** | **8262.67** | **6692.16** | **6812.12** | **6692.24** | | | |

**LEGEND:**

IOE = Interest on the Escrow Balance
LP = Lowest Actual Monthly Balance

E = Estimated Payments
* = Projected and Actual Payments Differ

Last year we anticipated that payments from your escrow account would be made during this period equaling $6,692.24. Under federal law, your actual lowest monthly balance should not have exceeded $1,115.37 or 1/6 of the estimated payments from your escrow account unless your mortgage documents or state law specifies a lower amount. Your mortgage contract and state law are silent on this issue. Your actual lowest escrow balance was $-7,430.00.

# SLS

**Escrow Account Disclosure Statement**

| | |
|---|---|
| Statement Date: | 11/09/2017 |
| Loan Number: | |
| Property | 226 POTTERS DR |
| Address: | BAYVILLE, NJ 08721 |

**PART 3**

## Estimated Escrow Payments Over the Next 12 Months

### Summary of your projected escrow account for the coming year

| Date | Payment to Escrow | Whether Insurance to be Paid Out | Description | Your Estimated Balance | Required Balance (Your Amount) |
|---|---|---|---|---|---|
| | | | BEGINNING BAL | -2638.90 | 1753.25 |
| Jan 18 | 569.75 | 1183.50 | CITY TAX | -3253.65 | 1139.50 |
| Feb 18 | 569.75 | 0.00 | | -2683.90 | 1709.25 |
| Mar 18 | 569.75 | 0.00 | | -2114.15 | 2279.00 |
| Apr 18 | 569.75 | 1183.50 | CITY TAX | -2727.90 | 1665.25 |
| May 18 | 569.75 | 0.00 | | -2158.15 | 2235.00 |
| Jun 18 | 569.75 | 0.00 | | -1588.40 | 2804.75 |
| Jul 18 | 569.75 | 1183.50 | CITY TAX | -2202.15 | 2191.00 |
| Aug 18 | 569.75 | 0.00 | | -1632.40 | 2760.75 |
| Sep 18 | 569.75 | 0.00 | | -1062.65 | 3330.50 |
| Oct 18 | 569.75 | 1183.50 | CITY TAX | -1676.40 | 2716.75 |
| Nov 18 | 569.75 | 2103.00 | HOMEOWNERS INS | -3209.65 | 1183.50 |
| Dec 18 | 569.75 | 0.00 | | -2638.90 | 1753.25 |
| TOTALS | 6837.00 | 6837.00 | ENDING BAL | -2638.90 | 1753.25 |

Cushion selected by servicer: $1,139.50

### Here's how to calculate your new monthly escrow payment:

| | |
|---|---|
| HOMEOWNERS INS | $2,103.00 |
| CITY TAX | $4,734.00 |
| Total: | $6,837.00 |
| | ÷ 12 Months |

**New Monthly Escrow Payment:**          **$569.75**

What This Means to You - Your balance is less than the amount needed in your account. The resulting shortage is $4,393.15.

Your ending escrow balance from the last month of account history is $-2,638.90, your starting balance according to this analysis should be $1,753.25.

**PART**

**4**

### How You Can Reach Us With Questions

For statement questions, please contact
**Customer Care: 1-800-315-4757**
Monday - Friday, 6:00 a.m. - 8:00 p.m. MT

SLS accepts calls from relay services
on behalf of hearing impaired borrowers.

For help in understanding your Escrow Statement, please see our video 'Understanding Your Escrow Account
Disclosure Statement' at the following link: www.sls.net/customers/videos.

**BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Donna  DeRosa-Ruquet |
| Debtor 2 (Spouse, If filing) | Scott  Ruquet |
| United States Bankruptcy Court for the: | _____ District of   New Jersey  (State) |
| Case number | 14-17571-KCF |

## Official Form 410S1

# Notice of Mortgage Payment Change                    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:**   Morgan Stanley Mortgage Loan Trust 2007-3XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee As Serviced by Specialized Loan Servicing, LLC

**Court claim no.** (if known):                    19-2

**Last four digits** of any number you use to identify the debtor's account:                    7871

**Date of payment change:**
Must be at least 21 days after date of this notice      11/01/2018

**New total payment:**
Principal, interest, and escrow, if any    $1,602.97

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

1. **Will there be a change in the debtor's escrow account payment?**
   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   Current escrow payment:   $_____        New escrow payment:        $_____

| Part 2: | Mortgage Payment Adjustment |
|---|---|

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**
   ☐ No
   ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   | | | | |
   |---|---|---|---|
   | Current interest rate: | 3.0000% | New interest rate: | 3.3750% |
   | Current principal and interest payment | $893.55 | New principal and interest payment: | $941.70 |

| Part 3: | Other Payment Change |
|---|---|

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**
   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

   **Reason for change:** _____

4125-N-8305

| Debtor 1 | Donna  DeRosa-Ruquet | Case Number *(if known)* | 14-17571-KCF |
|---|---|---|---|
| | First Name   Middle Name   Last Name | | |

| Current mortgage payment: | $ | New mortgage payment: | $ |
|---|---|---|---|

| **Part 4:** | **Sign Here** |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐   I am the creditor.

☒   I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

✗   /s/ John J. Rafferty
Signature

Date   08/31/2018

Print:   John J. Rafferty
First Name   Middle Name   Last Name

Title   Authorized Agent for Specialized Loan Servicing, LLC

Company   Bonial & Associates, P.C.

Address   14841 Dallas Parkway, Suite 425
Number   Street

Dallas, Texas  75254
City   State   Zip Code

Contact phone   (972) 643-6600        Email   POCInquiries@BonialPC.com

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Bonial & Associates, P.C.<br>14841 Dallas Parkway<br>Suite 425<br>Dallas, Texas 75254<br>Telephone: (972) 643-6600<br>POCInquiries@BonialPC.com<br>Authorized Agent for Creditor | Case No : 14-17571-KCF<br><br>Chapter: 13 |
| **In Re:**<br><br>Donna DeRosa-Ruquet and<br>Scott Ruquet<br><br>Debtors. | Adv. No.:_____<br><br>Hearing Date _____ at _____<br><br>Judge: Kathryn C. Ferguson |

### CERTIFICATION OF SERVICE

1. I, _____John J. Rafferty_____ :

   ☑ represent the <u>Creditor</u> in this matter.

   ☐ am the secretary/paralegal for _____ who represents the

   _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On, _____08/31/2018_____, I sent a copy of the following pleadings

   and/or documents to the parties listed below:

   • Notice of Mortgage Payment Change

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

_____08/31/2018_____          /s/ John J. Rafferty_____

Date                                       Signature

CertOfServNJ04                                                           4125-N-8305

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable.*) |
| Donna DeRosa-Ruquet<br>Scott Ruquet<br>226 Potters Drive<br>Bayville, NJ 08721 | Debtors | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable *) |
| David E. Shaver<br>Broege, Neumann, Fischer & Shaver<br>25 Abe Voorhees Drive<br>Manasquan, NJ 08736 | Debtors' Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule. Cite the rule if applicable.*) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

## HOME AFFORDABLE MODIFICATION AGREEMENT
### (Step Two of Two-Step Documentation Process)

Borrower ("I"):[1] DONNA J DEROSA-RUQUET
Lender or Servicer ("Lender"): America's Servicing Company
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 10/05/2006
Loan Number: ████████
Property Address [and Legal Description if recordation is necessary] ("Property"):
226 POTTERS DR
BAYVILLE, NJ 08721-2527

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.    **My Representations.** I certify, represent to Lender and agree:

    A.    I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B.    I live in the Property as my principal residence, and the Property has not been condemned; (i) I lived in the Property as a principal residence immediately prior to my displacement or (ii) I intend to re-occupy the Property as a principal residence in the future, or (iii) I do not own any single-family real estate other than the Property, and or (iv) the Property has not been condemned  The certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the date hereof, and the Property has not been condemned;

    C.    There has been no change in the ownership of the Property since I signed the Loan Documents;

    D.    I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));

    E.    Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                              (page 1 of 7 pages)

F.    If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.    I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

H.    If the borrower has filed for or received a discharge in a Chapter 7 bankruptcy proceeding subsequent to  or in conjunction with the execution of this Agreement and said debt was not reaffirmed during the course of the proceeding. Lender agrees that I will not have personal liability on the debt pursuant to this Agreement and may only enforce the lien as against the property.

2.    **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.    If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.    I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.    **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 11/01/2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on 11/01/2012.

A.    The new Maturity Date will be: 10/01/2052.

B.    The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $256,451.41 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.    $2,466.97 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $253,984.44. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 10/01/2012 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 11/01/2012. My payment schedule for the Modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change | Monthly Principal and | Monthly Escrow Payment | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                        (page 2 of 7 pages)

|  |  | Date | Interest Payment | Amount |  |  |  |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000 | 10/01/2012 | $769.13 | 454.44 adjusts annually after 1 year | 1,223.57 adjusts annually after 1 year | 11/01/2012 | 60 |
| 6 | 3.000 | 10/01/2017 | $893.55 | Adjusts Annually | Adjusts Annually | 11/01/2017 | 12 |
| 7-40 | 3.375 | 10/01/2018 | $941.70 | Adjusts Annually | Adjusts Annually | 11/01/2018 | 408 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C, shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the property, (ii) the date I pay the entire Interest Bearing Principal Balance; or (iii) the new Maturity Date.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, Impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds")

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                                    [page 3 of 7 pages]

to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the

HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                    (page 5 of 7 pages)

U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

N.   I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.   That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P.   That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note is null and void.

Q.   If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure.

In Witness Whereof, the Lender and I have executed this Agreement.

_____
America's Servicing Company

                                         _____(Seal)
                                              DONNA J DEROSA-RUQUET

**OB Vac**
By:__Vice President Loan Documentation__          Date

Date
   _10/25/12_                                       _____(Seal)
                   _____(Seal)
Date                                               Date  Samantha Clark   10/8/12

                                                                    Samantha Clark
                                                                     Notary Public
                                                        My Commission Expires  April 14, 2013

**Other Pertinent Information**
Any special instructions related to preparation of this document, use of special signature forms, required riders or addenda, etc. are discussed below.

1.   If the borrower is an *inter vivos* revocable trust, we may require: a special rider, a different signature form for the trustee signature, and a special signature acknowledgment for the settlor/credit applicant(s). Lenders are responsible for making any modifications, including the use of different terminology, needed to conform to the signature forms customarily used in the applicable jurisdiction and will be held fully accountable for the use of any invalid signature form(s).

-     Each of the trustees must sign this document in a signature block substantially similar to
HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE                          (page 6 of 7 pages)

the following, which should be inserted in the Borrower signature lines.

_____, Trustee of the _____ Trust
under trust instrument dated _____, for the benefit of
_____ (Borrower).

_____ [Space Below This Line For Acknowledgement] _____

**HOME AFFORDABLE MODIFICATION AGREEMENT - Non GSE**                    (page 7 of 7 pages)

---

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Donna DeRosa-Ruquet |
| Debtor 2 (Spouse, if filing) | Scott Ruquet |
| United States Bankruptcy Court for the: _____ District of | New Jersey (State) |
| Case number | 14-17571-KCF |

---

## Official Form 410S1

# Notice of Mortgage Payment Change    12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

| | |
|---|---|
| **Name of creditor:** Morgan Stanley Mortgage Loan Trust 2007-3XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee As Serviced by Specialized Loan Servicing, LLC | **Court claim no.** (if known):    19-2 |

**Last four digits** of any number you use to identify the debtor's account:    7871

**Date of payment change:**
Must be at least 21 days after date of this notice    01/01/2019

**New total payment:**
Principal, interest, and escrow, if any    $1,708.56

---

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

1.  **Will there be a change in the debtor's escrow account payment?**
    ☐ No
    ☒ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

    Current escrow payment: $661.27          New escrow payment: $766.86

| Part 2: | Mortgage Payment Adjustment |
|---|---|

2.  **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**
    ☒ No
    ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

    Current interest rate: _____ %          New interest rate: _____ %

    Current principal and interest payment $ _____          New principal and interest payment: $ _____

| Part 3: | Other Payment Change |
|---|---|

3.  **Will there be a change in the debtor's mortgage payment for a reason not listed above?**
    ☒ No
    ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

    Reason for change: _____

    Current mortgage payment: $ _____          New mortgage payment: $ _____

---

4125-N-8305

| Debtor 1 | Donna DeRosa-Ruquet | Case Number *(if known)* | 14-17571-KCF |
|---|---|---|---|
| | First Name   Middle Name   Last Name | | |

| **Part 4:** | **Sign Here** |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐    I am the creditor.

☒    I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

**✗** /s/ Mukta Suri _____     Date    11/19/2018 _____
   Signature

Print:   Mukta Suri _____     Title    Authorized Agent for Specialized Loan Servicing,
        First Name   Middle Name   Last Name            LLC as servicing agent for Morgan Stanley
                                                        Mortgage Loan Trust 2007-3XS, U.S. Bank National
                                                        Association, as Trustee, successor in interest to
Company   Bonial & Associates, P.C. _____        Bank of America, National Association, as Trustee,
                                                         successor by merger to LaSalle Bank National
                                                        Association, as Trustee

Address   14841 Dallas Parkway, Suite 425 _____
        Number      Street

        Dallas, Texas  75254 _____
        City      State      Zip Code

Contact phone    (972) 643-6600 _____     Email    POCInquiries@BonialPC.com _____

<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Bonial & Associates, P.C.
14841 Dallas Parkway
Suite 425
Dallas, Texas 75254
Telephone: (972) 643-6600
POCInquiries@BonialPC.com
Authorized Agent for Creditor

**In Re:**

Donna DeRosa-Ruquet and
Scott Ruquet

Debtors.
</td><td>

Case No : 14-17571-KCF

Chapter: 13

Adv. No.:_____

Hearing Date _____ at _____

Judge: Kathryn C. Ferguson
</td></tr>
</table>

## CERTIFICATION OF SERVICE

1. I, _____ Mukta Suri _____ :

   ☑ represent the <u>Creditor</u> in this matter.

   ☐ am the secretary/paralegal for _____ who represents the

   _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On, _____ 11/19/2018 _____ , I sent a copy of the following pleadings

   and/or documents to the parties listed below:

   • Notice of Mortgage Payment Change

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

_____ 11/19/2018 _____                    /s/ Mukta Suri

Date                                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Donna  DeRosa-Ruquet<br>Scott  Ruquet<br>226 Potters Drive<br>Bayville, NJ 08721 | Debtors | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable *) |
| David E. Shaver<br>Broege, Neumann, Fischer & Shaver<br>25 Abe Voorhees Drive<br>Manasquan, NJ 08736 | Debtors' Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable.*) |
| Albert Russo<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Other: NEF, per D.N.J LBR 5005-1<br>(As authorized by the Court or by rule.<br>Cite the rule if applicable.*) |

\*   May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

PAYMENT CHANGE NOTICE - CERTIFICATE OF SERVICE                                    4125-N-8305

Specialized Loan
**Servicing**
®
Part of the Computershare Group

6742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

**Escrow Account Disclosure Statement**                    Pg 1 of 4

| | |
|---|---|
| Statement Date: | 11/09/2018 |
| Loan Number: | |
| Property: | 226 POTTERS DR |
| Address: | BAYVILLE, NJ 08721 |

DONNA J DEROSA-RUQUET
226 POTTERS DR
BAYVILLE NJ 08721

Dear Customer,

As trusted managers of your escrow account, we have safeguards in place to ensure there's enough money in your account to cover your tax and insurance payments.

Because you have an escrow account, it means that part of your monthly mortgage payment goes into an account to pay for your property taxes and/or insurance premiums. During the year, payments are made from your escrow account when tax and/or insurance bills become due. The Escrow Account Disclosure Statement shows how much money has been credited to and paid from the escrow account over the last 12 months. Additionally, both the projected and required balances are compared to ensure that we are collecting the appropriate amount.

**Based on our recent analysis, you have a shortage of $5,877.20.**

| | |
|---|---|
| Projected Minimum Balance | $-4,669.98 |
| Required Minimum Balance | $1,207.22 |
| **Amount of Shortage** | **$5,877.20** |

Since there is a shortage in your account, a payment coupon is attached to the bottom of this statement if you choose to pay the shortage in full in a lump sum. If you do not wish to utilize this coupon, we will adjust your payment to make up the difference. Increases in your property taxes or insurance premiums are the most common cause of a shortage in your escrow account. The shortage will be adjusted by (1/36) of the shortage amount and added to your monthly payment unless the full shortage is paid within 30 days.

**PART**

**1**

## Your Mortgage Payment

### Payment Information

| Payment Information | Payment on Prior Analysis | New Monthly Payment Effective 01/01/2019 |
|---|---|---|
| PRIN & INTEREST | 893.55 | 941.70 |
| ESCROW PAYMENT | 569.75 | 603.61 |
| SHORTAGE PYMT | 91.52 | 163.25 |
| **Total Payment:** | **$1,554.82** | **$1,708.56** |

(Continued on Next Page)

**PART 2**

## Your Escrow Account History

The chart below reflects what actually happened in your escrow account since your last analysis compared to what we estimated would happen.

| Date | Payment To Escrow | Interest Paid on Escrow | Total Paid Out | What We Anticipated We'd Pay Out | Description | Actual Escrow Balance | Expected Balance |
|------|------|------|------|------|------|------|------|
| | | | | | BEGINNING BAL | -5527.43 | 1753.25 |
| Jan 18 | 831.54 * | 569.75 | 1177.26 * | 1183.50 | CITY TAX | -6073.17 LP | 1139.50 |
| Feb 18 | 661.27 * | 569.75 | 0.00 | 0.00 | | -5411.90 | 1709.25 |
| Mar 18 | 661.27 * | 569.75 | 0.00 | 0.00 | | -4750.63 | 2279.00 |
| Apr 18 | 661.27 * | 569.75 | 1177.26 * | 1183.50 | CITY TAX | -5266.64 | 1665.25 |
| May 18 | 661.27 * | 569.75 | 0.00 | 0.00 | | -4605.37 | 2235.00 |
| Jun 18 | 678.41 * | 569.75 | 0.00 | 0.00 | | -3926.96 | 2804.75 |
| Jul 18 | 661.27 * | 569.75 | 0.00 * | 1183.50 | CITY TAX | -3265.69 | 2191.00 |
| Aug 18 | 661.27 * | 569.75 | 1267.84 * | 0.00 | CITY TAX | -3872.26 | 2760.75 |
| Sep 18 | 661.27 * | 569.75 | 0.00 | 0.00 | | -3210.99 | 3330.50 |
| Oct 18 | 661.27 * | 569.75 | 1267.84 * | 1183.50 | CITY TAX | -3817.56 | 2716.75 |
| Nov 18 | 661.27 * | -569.75 | 0.00 E | 2103.00 | HOMEOWNERS INS | -3156.29 E | 1183.50 |
| Nov 18 | 0.00 | 0.00 | 2172.00 E | 0.00 | HOMEOWNERS INS | -5328.29 E | 1183.50 |
| Nov 18 | 661.27 E | 0.00 | 0.00 | 0.00 | | -4667.02 E | 1183.50 |
| Dec 18 | 0.00 | 569.75 | 0.00 E | 0.00 | | -4667.02 E | 1753.25 |
| Dec 18 | 661.27 E | 0.00 | 0.00 | 0.00 | | -4005.75 E | 1753.25 |
| **TOTALS** | **8583.92** | **6837.00** | **7062.24** | **6837.00** | | | |

**LEGEND:**

IOE = Interest on the Escrow Balance
LP = Lowest Actual Monthly Balance

E = Estimated Payments
* = Projected and Actual Payments Differ

Last year we anticipated that payments from your escrow account would be made during this period equaling $6,837.00. Under federal law, your actual lowest monthly balance should not have exceeded $1,138.50 or 1/6 of the estimated payments from your escrow account unless your mortgage documents or state law specifies a lower amount. Your mortgage contract and state law are silent on this issue. Your actual lowest escrow balance was $-6,073.17.

**Servicing**
Specialized Loan
Part of the Computershare Group



**Escrow Account Disclosure Statement**
Statement Date:                    11/09/2018
Loan Number:
Property
Address:                           226 POTTERS DR
                                   BAYVILLE, NJ 08721

## PART 3 — Estimated Escrow Payments Over the Next 12 Months

### Summary of your projected escrow account for the coming year

| Date | Payment into Escrow | What Will Be Released Out of the Paid Out | Description | Your Estimated Balance | Balance Needed in This Period |
|---|---|---|---|---|---|
| | | | BEGINNING BAL | -4006.75 | 1871.45 |
| Jan 19 | 603.61 | 1267.84 | CITY TAX | -4660.98 | 1207.22 |
| Feb 19 | 603.61 | 0.00 | | -4066.37 | 1810.83 |
| Mar 19 | 603.61 | 0.00 | | -3462.76 | 2414.44 |
| Apr 19 | 603.61 | 1267.84 | CITY TAX | -4126.99 | 1750.21 |
| May 19 | 603.61 | 0.00 | | -3523.38 | 2353.82 |
| Jun 19 | 603.61 | 0.00 | | -2919.77 | 2957.43 |
| Jul 19 | 603.61 | 1267.84 | CITY TAX | -3584.00 | 2293.20 |
| Aug 19 | 603.61 | 0.00 | | -2980.39 | 2896.81 |
| Sep 19 | 603.61 | 0.00 | | -2376.78 | 3500.42 |
| Oct 19 | 603.61 | 1267.84 | CITY TAX | -3041.01 | 2836.19 |
| Nov 19 | 603.61 | 2172.00 | HOMEOWNERS INS | -4609.40 | 1267.80 |
| Dec 19 | 603.61 | 0.00 | | -4005.79 | 1871.41 |
| **TOTALS** | **7243.32** | **7243.36** | **ENDING BAL** | **-4005.79** | **1871.41** |

Cushion selected by servicer: $1,207.22

Here's how to calculate your new monthly escrow payment:

| | |
|---|---|
| HOMEOWNERS INS | $2,172.00 |
| CITY TAX | $5,071.36 |
| Total: | $7,243.36 |
| | ÷ 12 Months |

**New Monthly Escrow Payment:**                    $603.61

What This Means to You - Your balance is less than the amount needed in your account. The resulting shortage is $5,877.20.

Your ending escrow balance from the last month of account history is $-4,005.75, your starting balance according to this analysis should be $1,871.45.

**PART**

**4**

## How You Can Reach Us With Questions

For statement questions, please contact
**Customer Care: 1-800-315-4757**
Monday - Friday, 6:00 a.m. - 6:00 p.m. MT

SLS accepts calls from relay services
on behalf of hearing impaired borrowers.

For help in understanding your Escrow Statement, please see our video "Understanding Your Escrow Account Disclosure Statement" at the following link: www.sls.net/customers/videos.

BANKRUPTCY NOTICE - IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1-800-306-6057.