Donna DeRosa-Ruquet
226 Potters Drive
Bayville, NJ 08721
732.278.3227
ddruquet@gmail.com

U.S BANKRUPTCY COURT
FILED
TRENTON, NJ

2019 AUG 19 P 12: 23

JEANNE A. NAUGHTON

BY

August 17, 2019

The Honorable Kathryn Ferguson
Chief Judge of the United States Bankruptcy Court
Courtroom No. 3
District of New Jersey, City of Trenton
402 East State Street
Trenton, New Jersey 08608

In re: CS 14-17571-KCF/ Motion to Approve Loan Modification [ doc #175]

## OBJECTION/CROSS MOTION

Your Honor:

Please accept this letter Objection/Cross Motion in lieu of a more formal pleading.

Prior to the subject Modification dated November 11, 2016, in the amount of $138,983.34 Co-Debtor Scott Ruquet entered into an interest only Modification with Nationstar Mortgage on October 24, 2014. The total amount owed in that Modification was $138, 362.14. Both Modifications identify Nationstar as the lender and are attached for your review. The 2014 Modification resulted in a pre-petition balance of zero dollars and a zero pre-petition balance statement was filed with the Trustee.

On April 1, 2013, Deutsche bank disbursed a check in the amount of $827.90 to Berkeley Township to satisfy a Special Tax Lien for water and sewer. This amount was never included in the Proof of Claim or the initial Modification dated October 24, 2014. On October 2, 2014 Nationstar filed a Notice of Post Petition Mortgage Fees, Expenses and Charges in the amount of $650. This was also not included in the initial Modification dated October 24, 2014. None of these charges were included in the second Modification dated November 11, 2016 either, as evidenced by the "New Money" amount totaling

$621 which is clearly stated on the first page of the same. Finally, on February 25, 2015, Nationstar disbursed $1991.19 to Berkeley Township to satisfy a special tax lien for water and sewer. This amount was not included in the second Modification. All relevant documents are attached for your review.

Clearly, the Co Debtor, Scott Ruquet is the only borrower on this loan, yet Nationstar, who by their own admission in the letter dated March 6, 2019, does not have a valid Assignment to the real property located at 621 Boulevard, Bayville, NJ, has presented to the Court a form of Order that is inclusive of myself, Debtor Donna DeRosa-Ruquet. In fact, I cannot even make a payment for my husband or discuss the account without having a Third Party Authorization Form on file with Nationstar. I have attached these documents well.

Notwithstanding the fact that we have tried in vain to settle this matter and that the subject Modification is over three (3) years old and firmly cemented in place by simple contract law, it is for these reasons I respectfully request that the Court deny Motion before the Court, and in addition, enters and Order that absolves both myself, Debtor Donna DeRosa-Ruquet and my husband, Scott Ruquet, of any responsibility for the charges outlined above, as they should have been included in the Modification (s).

Respectfully Submitted,

Donna DeRosa-Ruquet

**Nationstar** MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND
MAIL TO THIS ADDRESS
PO BOX 619063
DALLAS, TX 75261-9063

2-692-06645-0000011-001-1-100-000-000-000

Donna DeRosa-Ruquet (PRO
226 POTTERS DR
BAYVILLE NJ  08721-2527

**Important Information**

Loan #: 0610524662
Case#: 1417571, DONNA        DEROSA RUQUET,
          SCOTT        RUQUET
**Property Address:**
        621 BAY BLVD
        BAYVILLE NJ 8721

Dear Donna DeRosa-Ruquet (PRO:

**Congratulations!** Your client is approved for a Loan Modification. Please read this letter so that you understand all the steps your client needs to take to modify their mortgage payments.

**What you need to do...**
The final Modification Agreement will be mailed separately. To accept this offer, your client must sign and return the documents received, with ALL pages of the Modification Agreement to us in the accompanying, pre-paid envelope by 12/1/2014. If the Modification Agreement requires notarization your client must sign the agreement before a notary public and return the notarized agreement to us.

We encourage your client to make a copy of all documents for their records. After all required documents have been submitted, your client's mortgage will be modified (the existing loan and loan requirements remain in full force and effect and unchanged until all required documents are returned to us). If your client does not send the signed original Modification Agreement by the above date, this offer will be terminated and your client's loan will not be modified under the Standard Modification program.

If a "Qualifying Payment" is specified in the Modification Agreement, your client must make the Qualifying Payment for their Modification Agreement to become effective. This Qualifying Payment will be applied first to any outstanding fees and charges that are not capitalized ("capitalized" means added to the unpaid principal balance) under the terms of the Modification Agreement, next to any unpaid non-capitalized interest and finally to unpaid principal. If your client fails to make this Qualifying Payment (or such payment is returned for non-sufficient funds or otherwise denied by the issuing bank), the Modification Agreement shall be deemed invalid and Nationstar Mortgage shall have no obligation to modify your client's loan in accordance with the terms of the Modification Agreement.

Qualifying Payments must be sent via Western Union or MoneyGram.
Qualifying payments sent via Western Union should reference the following information:
**Code City: ASTAR    Code State: TX**
Qualifying payments sent via MoneyGram should utilize reference code:  1678

We look forward to hearing from you no later than 12/1/2014.

Sincerely,

Nationstar Mortgage LLC
Foreclosure Prevention Department
www.MyNationstar.com

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*


EQUAL HOUSING LENDER

Ack. Ltr. – Escrow – No Fees                    1 of 1                               10/23/2014

## Letter of Acknowledgment

October 23, 2014

Scott T Ruquet

621 BAY BLVD BAYVILLE NJ 08721

RE: Loan Number: 610524662

Dear Scott T Ruquet,

    Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage, LLC. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan (Such a change may result in you owing a lump sum payment upon maturity of your loan.).

    By executing this Letter of Acknowledgment and the Modification Agreement, you are agreeing to make a qualifying payment of $0.00 dollars ("Qualifying Payment") for your Modification Agreement to become effective. This Qualifying Payment will be applied first to any outstanding fees and charges that are not capitalized under the terms of the Modification Agreement, next to any unpaid non-capitalized interest and finally to unpaid principal. If you fail to make this qualifying payment (or such payment is returned for non-sufficient funds or otherwise denied by the issuing bank), the Modification Agreement shall be deemed invalid and Nationstar Mortgage, LLC shall have no obligation to modify your loan in accordance with the terms of the Modification Agreement.

    In addition to the foregoing, in consideration of Nationstar Mortgage agreeing to the modification of you loan account, You acknowledge and agree that Nationstar Mortgage may maintain an escrow account to collect funds for the payment of future taxes and insurance in accordance with the terms of the attached Agreement to Maintain Escrow Account.

    Should you have any questions regarding the terms of this Letter of Acknowledgment or the Modification Agreement, please do not hesitate to contact _____ at _____.

Sincerely,


Nationstar Mortgage, LLC



Acknowledged and agreed to by:

_____                              10/24/14
Scott T Ruquet (Borrower Name)                                              (Date)



_____                              _____
– (Borrower Name)                                                                          (Date)

LOAN MODIFICATION AGREEMENT — Cap Fixed (Temp IO)                                         10/23/2014    (page 1 of 3)

_____ [Space Above This Line For Recording Data] _____

Loan # 610524662

## LOAN MODIFICATION AGREEMENT
(Providing for Interest Only Payments and Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this    23rd day of October, 2014  , between    Scott T Ruquet   and  ("Borrower") and Nationstar Mortgage LLC   formerly known as Centex Home Equity Company   ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated   March 05, 2004   and recorded in Book or Liber _____, at page(s) _____, of the _____ Records of _____
(Name of Records)                                                    (County and State, or other Jurisdiction)
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

621 Bay Blvd Bayville NJ 08721
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of   December 01, 2014 , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $   138,362.14  , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of   2.00 %, from   November 01, 2014 .  Borrower promises to make monthly payments of interest of U.S. $  230.60 , beginning on the   1st day of December, 2014 , and continuing thereafter on the same day of each succeeding month until   November 01, 2016   (the "Interest Only Period").  After expiration of the modification period, the interest rate Borrower will pay will be determined in accordance with the terms of the original Note.  If on   March 01, 2034   (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. Failure to Timely Remit Payments:  If at any time during the effective dates of this Modification Agreement the Borrower fails to timely make payments as specified hereinabove and such default or failure continues for more than thirty (31) days, then this Modification Agreement, at the option of Lender, shall terminate and all terms of the Note as originally executed shall be reinstated in full, effective as of the date of this Modification Agreement, and the amounts due and payable under the terms of the Note shall be as originally stated therein, as if this Modification Agreement had never existed.  Time is of the essence with regard to all payments specified hereunder.  Nothing contained herein shall prevent or preclude Lender from enforcing any of Lender's rights or remedies under the Note, or under any document or instrument evidencing or securing the indebtedness created by or under the Note, or shall be construed as a waiver of any of Lender's rights or remedies thereby created.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

LOAN MODIFICATION AGREEMENT—Cap Fixed (Step 10)

10/23/2014   (page 2 of 3)

Loan #1 618524662

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

6. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Borrower has no right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

(d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_____ (Seal)
Nationstar Mortgage LLC-Lender

_____ (Seal)
Scott T Ruquet -Borrower

By: _____

_____ (Seal)
-Borrower

STATE OF   New Jersey
)SS.
COUNTY OF   Ocean   )

On the 24th day of October, 2014 personally appeared before me Scott Ruquet, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

_____
Notary Public

My appointment expires: Dec. 9 2016

_____ [Space Below This Line for Acknowledgements] _____

MARY R PIZZO
Notary Public
State of New Jersey
My Commission Expires Dec 9, 2016

AGREEMENT TO ESTABLISH ESCROW ACCOUNT                                    10/23/2014   (page 5 of 5)

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, Scott T Ruquet  and  ("Borrower") desires Nationstar Mortgage LLC   ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated  March 05, 2004 , (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, In consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums.  These items are called "Escrow Items."  In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law.  In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA").  The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender.  Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge.  Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA.  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA.  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Establish Escrow Account.

_____
Scott T Ruquet -Borrower

_____
-Borrower

10-24-14
_____
Date

_____
Date



SCOTT   T RUQUET

621 BAY BLVD
BAYVILLE   NJ 08721

0610524662
10/223/2014
**Payments must be made Via western union or moneygram.**
**Money gram Receive code is 1678**
**Western Union code city is ASTAR and the state is TX**
Payment and signed documents must be received by, 12/1/2014 in the amount of $0.00.

**Your modified payment is $ 230.60 (excluding your escrow of $ 700.78 – subject to change upon escrow analysis). Your estimated total payment per month is $ 931.38.**

This letter is to inform you of the requirements to complete your loan modification that was recently granted to you by Nationstar Mortgage.  Complete the following steps to finalize your loan modification.

- Both Borrowers need to Sign and notarize the loan modification agreement.
- Sign this cover letter
- Fax a copy of all documents to  as soon as they are signed and notarized.
- Send the original modification documents via **Fed-ex or Overnight** as soon as they are signed and notarized to:
    - ·Attention: ABS Division Foreclosure Prevention Dept.
      350 Highland Drive
      Lewisville, Texas 75067
- Complete your loan modification by making your payment by the date agreed between you and Nationstar Mortgage.
- If originals are not returned to the address listed within 30 days, the modification terms may be reversed.

_____          _____
Customer 1 Signature                                Customer 2 Signature
*Nationstar Mortgage must receive your qualifying payment by the agreed upon date to complete your loan modification.*

(Page 1 of 8)

Copy

After Recording Return To:
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019
855-369-2410

This Document Prepared By:
Azra Habibija
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019
888-480-2432

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: $140,800.00          Loan No: ███████
New Money: $621.20

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 19th day of October, 2016, between SCOTT RUQUET ("Borrower") and NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, _____ and recorded in Book/Liber N/A, Page N/A, Instrument No: N/A, of the Official Records of _____ County, NJ and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 821 BAY BLVD, BAYVILLE, NJ 08721, the real property described being set forth as follows:

Tax Parcel No.:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of November 1, 2016, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $138,983.34, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

 

LOAN MODIFICATION AGREEMENT - NSFixedTempRateReduction
9394 11/14                                               (page 1 of 4)

Copy

(d) Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar will not honor the loan modification agreement until evidence of the required approval is provided.

(e) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(f) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(g) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(h) That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original loan documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

(i) In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

(j) Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.




LOAN MODIFICATION AGREEMENT - NSFixedTempRateReduction
9394 11/14

(page 3 of 4)

(Page 2 of 8)

Copy

2. Borrower promises to pay the Unpaid Principal Balance, plus Interest, to the order of Lender. Commencing November 01, 2016 and continuing through October 31, 2018, interest will be charged on the Unpaid Principal Balance at the yearly rate of 2.000% (the "Rate Reduction Period"). Borrower promises to make monthly payments of principal and interest of U.S. $420.88 beginning December 1, 2016 during the Rate Reduction Period, after which, commencing on the 1st day of November, 2018, the interest rate will be charged at 3.875%. Principal and Interest Borrower will pay thereafter may change in accordance of the terms of the original Note or terms of an active modification to the original Note. If on June 1, 2034 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.
If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

5. Borrower understands and agrees that:

   (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c)    In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.




LOAN MODIFICATION AGREEMENT - NSFixedTempRateReduction
9394 11/14

(page 2 of 4)

(Page 4 of 8)

Copy

In Witness Whereof, the Lender and I have executed this Agreement.

_____  Date: 11/7/2016

SCOTT RUQUET -Borrower

NATIONSTAR MORTGAGE LLC

By: _____  (Seal) - Lender

Name: _____

Title: Assistant Secretary

_____  11/22/16

Date of Lender's Signature





LOAN MODIFICATION AGREEMENT - NSFixedTempRateReduction
9394 11/14

(page 4 of 4)

(Page 5 of 8)

Copy

Loan No.: ██████████
Borrower: SCOTT RUQUET

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, SCOTT RUQUET ("Borrower") desires NATIONSTAR MORTGAGE LLC ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _____, ____, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other Items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all Insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These Items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency




AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12

(Page 1 of 2)

(Page 6 of 8)

Copy

Loan No.: ███████

Borrower: SCOTT RUQUET

of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

Date: 11/7/2016

SCOTT RUQUET -Borrower





(Page 2 of 2)

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12

Case 14-17571-KCF Doc 176 Filed 08/19/19 Entered 08/19/19 14:23:12 Desc Main
Case 14-17571-KCF Doc 161 Filed 04/09/19 Entered 04/11/19 10:20:51 Desc Main
Document Page 15 of 32
Document Page 15 of 28

(Page 7 of 8)

Copy

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▓▓▓▓▓▓▓                                   Date: October 19, 2016

Borrower(s): SCOTT RUQUET

Property Address: 621 BAY BLVD, BAYVILLE, NJ 08721

Lender: NATIONSTAR MORTGAGE LLC

In consideration of NATIONSTAR MORTGAGE LLC (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____                    Date: 11/7/2016
SCOTT RUQUET -Borrower





(Page 8 of 8)

Copy

## LETTER OF ACKNOWLEDGEMENT
October 19, 2016

SCOTT RUQUET
226 POTTERS DR
BAYVILLE, NJ 08721
RE: Loan number: ███████

Dear SCOTT RUQUET,

Attached for execution is the Modification Agreement for your loan serviced by NATIONSTAR MORTGAGE LLC. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan (Such a change may result in you owing a lump sum payment upon maturity of your loan).

In addition to the foregoing, in consideration of Nationstar Mortgage agreeing to the modification of your loan account, you acknowledge and agree that Nationstar Mortgage may maintain an escrow account to collect funds for the payment of future taxes and insurance in accordance with the terms of the attached Agreement to Maintain Escrow Account.

Your estimated total monthly payment will be $1,097.06, which includes your initial monthly escrow payment of $676.18.

Additionally, a Mobile Notary will come to your place of convenience, at no cost to you to assist in signing and notarizing the modification documents, please call to setup your free appointment.

Should you have any questions regarding the terms of this Letter Acknowledgement or the Modification Agreement, please do not hesitate to contact Ashley Jenkins at 972-316-5980.

Sincerely,
NATIONSTAR MORTGAGE LLC

Acknowledged and agreed to by:

SCOTT RUQUET -Borrower

Date: 11/7/2016



Ack. Ltr. - Escrow - No Fee
9388 01/13



(page 1 of 1)

```
TREF94          LIEN INTEREST CALCULATION
===================================================              DATE : 03/22/13
BLK.SFX  1373        LOT.SFX    41        QUAL
PLOC: 621 BAY BLVD                        SOHEHA
NAME RUQUET, SCOTT & DONNA D ETAL         P O BOX 9416
COMMENTS                                  TRENTON, NJ            08650
CERT.12-0491  DATE 10/03/12 CERT.AMT.     682.81 PREM    .00
=================================================================RATE= 18.00
CODE    DESCRIPTION            DUE DATE      AMOUNT DUE      INTEREST
003   COST
016   WATER PRINCIPAL         10/03/12       15.00
017   WATER INTEREST          10/03/12      604.35          1.97
006   RECORDING FEE           10/03/12       63.46         79.15
007   SEARCH FEE              10/18/12       30.00          8.31
          2%  PENALTY =       10/18/12       12.00          .00
                                13.56
*****GRAND-TOTAL            827.90          724.81         89.43
```

04/01/13 79-0006    $827.90 CHK 11

6422.1908

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY (TRENTON) | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>DONNA DEROSA-RUQUET AND SCOTT RUQUET | Case Number: 1417571 | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2004-5 | **COURT USE ONLY** |
|---|---|

| Name and address where notices should be sent:<br>NATIONSTAR MORTGAGE, LLC<br>Attn: Bankruptcy Department<br>PO Box 630267<br>Irving, TX 75063<br>**With a copy to Weinstein, Pinson & Riley, BK Services**<br>2001 Western Ave. #400, Seattle, WA 98121<br><br>Telephone number: 877-343-5602(NS)/206-269-3490(WPR)      email: bncmail@w-legal.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**<br>(*If known*)<br><br>Filed on: |
|---|---|

| Name and address where payment should be sent (if different from above):<br>NATIONSTAR MORTGAGE, LLC<br>Bankruptcy Department<br>350 Highland Drive<br>Lewisville, TX 75067<br>Telephone number: (877) 343-5602      email: bncmail@w-legal.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**          $133,151.98

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>XXXXXX4662 | 3a. Debtor may have scheduled account as:<br>Nationstar Mortgage, LLC<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

| 4. Secured Claim (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>Nature of property or right of setoff: ☒ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe: 621 Bay Blvd Bayville, NJ 08721<br><br>Value of Property: $_____<br><br>Annual Interest Rate 3.875% ☒ Fixed or ☐ Variable<br>(when case was filed) | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>$ 7,148.89<br><br>Basis for perfection: Mortgage/Note<br><br>Amount of Secured Claim:  $133,151.98<br><br>Amount Unsecured: |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). | |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). | **Amount entitled to priority:**<br>$_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (04/13)                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature: (See instruction #8)**

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                              or their authorized agent.         (See Bankruptcy Rule 3005.)
                                                              (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Max A. Zaleski
Title:       Representative for Nationstar Mortgage, LLC
Company:     WEINSTEIN, PINSON & RILEY, P.S.            /s/ Max A. Zaleski                          June 20, 2014
Address and telephone number (if different from notice address above):   (Signature)                      (Date)

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10A (Attachment A) (12/11)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | DONNA DEROSA-RUQUET AND SCOTT RUQUET | Case number: | 1417571 |
| Name of creditor: | Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2004-5 | Last four digits of any number you use to identify the debtor's account: | XXXXXX4662 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due          (1)   $ 127,891.71

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 3.875 % | 2/1/2014 | 3/31/2014 | $825.97 |
| 3.875 % | 4/1/2014 | 4/17/2014 | $230.82 |
| % | | | + $ |

Total interest due as of the petition date    $1,056.79    Copy total here ▶   (2)   + $ 1,056.79

3. Total principal and interest due          (3)   $ 128,948.50

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ |
| 3. Attorney's fees | | (3) | $ |
| 4. Filing fees and court costs | | (4) | $ |
| 5. Advertisement costs | | (5) | $ |
| 6. Sheriff/auctioneer fees | | (6) | $ |
| 7. Title costs | | (7) | $ |
| 8. Recording fees | | (8) | $ |
| 9. Appraisal/broker's price opinion fees | | (9) | $ |
| 10. Property inspection fees | 11/22/2013, 1/21/2014 | (10) | $27.00 |
| 11. Tax advances (non-escrow) | | (11) | $ |
| 12. Insurance advances (non-escrow) | | (12) | $ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) | $6,036.67 |
| 14. Property preservation expenses. Specify: | | (14) | $ |
| 15. Other. Specify: | | (15) | $ |
| 16. Other. Specify: | | (16) | $ |
| 17. Other. Specify: | | (17) + | $ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $6,063.67 |

B 10A (Attachment A) (12/11)                                                                                                    Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐  No

☒  Yes   Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

| | | |
|---|---|---|
| 1. Installment payments due | Date last payment received by creditor | 3/17/2014 <br> mm/dd/yyyy |
| | Number of installment payments due | (1)   2 |
| 2. Amount of installment payments due | 2   installments @ $542.61 | $ 1,085.22 |
| | _____ installments @ | $_____ |
| | _____ installments @ | + $_____ |
| | Total installment payments due as of the petition date | $1,085.22   Copy total here ▶   (2)   $1,085.22 |

3. Calculation of cure amount

**Add** total prepetition fees, expenses, and charges          Copy total from Part 2 here ▶     +     $6,063.67

**Subtract** total of unapplied funds (funds received but not credited to account)                            -     $_____

**Subtract** amounts for which debtor is entitled to a refund                                                            -     $_____

**Total amount necessary to cure default as of the petition date**          (3)   $7,148.89

The post petition in the amount of $1,162.67 and is due on 5/1/2014.

Copy total onto Item 4 of Proof of Claim form

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey (Trenton)

In re  Donna DeRosa-Ruquet and Scott Ruquet                          Case No.  14-17571

Debtor                                                              Chapter 13

## Notice of Postpetition Mortgage Fees, Expenses, and Charges

If you hold a claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any postpetition fees, expenses, and charges that you assert are recoverable against the debtor or against the debtor's principal residence. File this form as a supplement to your proof of claim. See Bankruptcy Rule 3002.1.

**Name of creditor:**  NATIONSTAR MORTGAGE, LLC

**Last four digits** of any number you
use to identify the debtor's account:   4662          **Court claim no.**  (if known):  8

**Does this notice supplement a prior notice of postpetition fees,
expenses, and charges?**

☑ No
☐ Yes. Date of the last notice: _____

---

### Part 1: Itemize Postpetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case or ruled on by the bankruptcy court.

| Description | Dates incurred | Amount |
|---|---|---|
| 1. Late charges | | (1) $ 0.00 |
| 2. Non-sufficient funds (NSF) fees | | (2) $ 0.00 |
| 3. Attorney fees | 06-11-2014 | (3) $ 225.00 |
| 4. Filing fees and court costs | | (4) $ 0.00 |
| 5. Bankruptcy/Proof of claim fees | 07-23-2014 | (5) $ 425.00 |
| 6. Appraisal/Broker's price opinion fees | | (6) $ 0.00 |
| 7. Property inspection fees | | (7) $ 0.00 |
| 8. Tax advances (non-escrow) | | (8) $ 0.00 |
| 9. Insurance advances (non-escrow) | | (9) $ 0.00 |
| 10. Property preservation expenses. Specify: | | (10) $ 0.00 |
| 11. Other. Specify: | | (11) $ 0.00 |
| 12. Other. Specify: | | (12) $ 0.00 |
| 13. Other. Specify: | | (13) $ 0.00 |
| 14. Other. Specify: | | (14) $ 0.00 |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid. See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

Case 14-17571-KCF   Doc 176   Filed 08/19/19   Entered 08/19/19 14:23:12   Desc Main
Case 14-17571-KCF   Doc     Filed 10/02/14   Entered 10/02/14 12:36:11   Desc Main
Document    Page 24 of 32
Document    Page 2 of 3

Page 2

**Part 2: Sign Here**

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's authorized agent. (Attach a copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

✗  /s/ Catlin Kitchens                                   Date  10/02/2014
   Assistant Secretary
   (Filed by: Michael Daniels)

Specific Contact Information:               Nationstar Mortgage, LLC.
P: 877-782-7612                             PO Box 630267
catlin.kitchens@nationstarmail.com

                                            Irving, TX 75063

1004207-3b9951cb-7d3a-46ee-a1b2-7040b5c2e6eb

# UNITED STATES BANKRUPTCY COURT

District of New Jersey (Trenton)

Chapter 13 No. 14-17571

In re:

Judge: Judge Kathryn C. Ferguson

Donna DeRosa-Ruquet and Scott Ruquet

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on October 02, 2014, I have served a copy of this Notice and all attachments to the following by U.S. Mail, postage pre paid, or via filing with the US Bankruptcy Court's CM ECF system.

Debtor:
Donna DeRosa-Ruquet
Scott Ruquet
226 Potters Drive
Bayville, NJ 08721

Debtor's Attorney:
Donna DeRosa-Ruquet (PRO SE)
226 Potters Drive
Bayville, NJ 08721

Trustee:
Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853

/s/ Bill Taylor - Member of 4 S Technologies, LLC,

Authorized Agent for Nationstar Mortgage LLC,

through Walz Group as mailing agent

1004207-557e4d71-6035-481c-86f5-9f7172a2ad34-



Juan Guerero
480-467-0644
X

Berkeley Township Tax Collector
P.O. Box B
627 Pinewald-Keswick Road
Bayville, N.J. 08721

*mr.*
# cooper™

CHANGING THE FACE OF HOME LOANS

PO Box 619098
Dallas, TX 75261-9741

**OUR INFO**
**ONLINE**
www.mrcooper.com

Donna Derosa-Ruquet
226 Potters Dr
Bayville NJ 08721

March 6, 2019

**ACCOUNT INFO**
LOAN NUMBER: 0610524662
CASE NUMBER: LB-02-19-00426
PROPERTY ADDRESS:
621 Bay Blvd
Bayville, NJ 08721
MORTGAGOR:
Scott Ruquet

Dear Donna Derosa-Ruquet:

Thank you for reaching out to us. We are looking forward to helping you.

**Why am I receiving this letter?**

We received your correspondence on February 5, 2019, and have put together this reply with information that we hope will alleviate your concerns. We looked into the concerns you expressed and after an investigation we're sharing with you what we found.

We confirmed that a Motion to Withdraw as Attorney was filed by David E. Shaver, Esq. on January 15, 2019, and on February 13, 2019, the Motion was granted and therefore you no longer have legal representation in the bankruptcy case.

After reviewing your correspondence I reached out to you on February 6, 2019, and you advised that you are in the process of finishing your Chapter 13 bankruptcy and want to clear up the issue with the title and the incorrect assignment of mortgage. You also stated that you want your marital interest in the property acknowledged. You requested $20,000.00 in principal forgiveness, a 3.500% interest rest for the remaining life of the loan, and for Mr. Cooper to satisfy any outstanding water and sewer owed for the property and to roll that amount, along with the amount that Mr. Cooper previously disbursed for the water and sewer in 2015, into the loan.

After speaking with you, I sent the information to our Bankruptcy and Assignment of Mortgage teams to assist in researching and reviewing the account. After reviewing the account, we were able to identify and confirm that at the time the loan was originated, per the title policy, you were in title; however, you

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



EQUAL HOUSING
OPPORTUNITY





CHANGING THE FACE OF HOME LOANS

were not included in the mortgage to acknowledge the debt associated with the property. In addition, we were able to identify that there was an invalid Assignment from Bank of America to Nationstar Mortgage LLC doing business as Mr. Cooper.

I called you on February 14, 2019, and advised that we want to work with you to resolve the vesting issue with the title and the assignment issue; however, we will have to follow the proper procedure which involves filing a claim with the Title Policy to address and clear up the title issue. On February 28, 2019, I followed up with you and advised that the Title Policy Claim was referred to National Title Clearance Center on February 20, 2019, to handle the process of clearing the title and that we will also be working with Shapiro & DeNardo as outside counsel in regard to the Title Claim and clearing the issues with the Assignment of Mortgage. I advised that the process of the Title Claim can take up to 30 to 45 days. National Title Clearance Center and Shapiro & DeNardo will handle any negotiations pertaining to your request for your specified terms to work with us in clearing the issue with the chain of title.

I received your request on February 19, 2019, requesting a Mortgage Electronic Registration System (MERS) Milestone Report and I have escalated the request to obtain the MERS Milestone Report and I will provide it under a separate cover.

We sincerely apologize for any delay you may have experienced in receiving a response from Mr. Cooper or receiving a response from Shapiro & DeNardo, LLC, our legal representation for the bankruptcy and title policy claim. We truly value you as a customer and won't to have a continued positive relationship with you and Mr. Ruquet. We understand the importance and urgency in handling the matter in a timely manner.

After completing our investigation into the aforementioned issues we identified the errors in the Assignment of Mortgage and the Chain of Title and as of February 20, 2019, we filed a Title Policy Claim to clear the title and address the issues with the assignments. You have the right to access the documents we used in this investigation however only internal records were used.

**What do I need to do?**

If you have any questions, you can reach the Single Point of Contact (SPOC) at:

> <u>Single Point of Contact (SPOC)</u>
> Name: Glen Huckabay
> Phone Number: 4695492309

For general questions, please reach out to the Bankruptcy Department at 1.877.343.5602. Our hours of operation are Monday through Friday, from 8 a.m. to 5 p.m. Central Time (CT). Visit us on the web at www.mrcooper.com for more information.



**CHANGING THE FACE OF HOME LOANS**

I hope this information is helpful and addresses your concerns. You can continue to reach out to me directly, using the information below.

Sincerely,

Ruth Terry
Mr. Cooper
Customer Relations Manager
PO Box 619098
Dallas, TX 75261-9741
Phone: 1.972.956.6514
E-mail: ruth.terry@mrcooper.com

By E-mail ddruquet@gmail.com

---

Are you experiencing a financial hardship? Our local non-profit partners can help with financial counseling and other services. Please visit these websites for assistance:

- Hud.gov
- Neighborworks.org

DoolD#    1666422190898702

Property Address:
621 Bay Blvd
Bayville, NJ 08721-2203
Property Location:
Township of BERKELEY
N/0/2-AM 1043/047       3/22/2012

Recording Requested By:
Bank of America
Prepared By:
Bank of America
800-444-4303
1800 Tapo Canyon Road
Simi Valley, CA 93063

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #:                    MERS Phone #:

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE GSAA HOME EQUITY TRUST 2004-5, ASSET-BACKED    CERTIFICATES, SERIES 2004-5 whose address is 1761 E ST ANDREW PL, SANTA ANA, CA 92705 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:        FIRST NATIONAL BANK OF ARIZONA
Borrower(s):            SCOTT T. RUQUET
Date of Mortgage:       3/5/2004
Original Loan Amount:   $140,800.00

Recorded in Ocean County, NJ on 3/12/2004, book 11959, page 1815 and instrument number 2004054389

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on MAY 2 5 2012

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
    Raymond Marquez
    Assistant Secretary

State of California
County of Ventura

On MAY 2 5 2012 before me, Kim Williams , Notary Public, personally appeared Raymond Marquez , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: Kim Williams         (Seal)
My Commission Expires: October 23, 2014

KIM WILLIAMS
COMM. #1910043
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires OCT. 23, 2014

CFN 2012054321 O  DOC_TYPE ASSN MTG BK 16213 PG 1205 PAGE 3 OF 3

INSTR # 2013108361
OR BK 15656 PG 1342
RECORDED 10/07/2013 08:52:47 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

This space for Recorder's use

DoolD#   1406422190817417

Property Address:
621 Bay Blvd
Bayville, NJ 08721-2203
Property Location:
Township of BERKELEY
NIDG-AM 23997494   8/21/2013  N50510D

Recording Requested By:
Bank of America, N.A.
Prepared By:
Anne-Marie Calderon
800-444-4302
101 S. Marengo Ave.
Pasadena, CA 91101

When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 does hereby grant, sell, assign, transfer and convey unto NATIONSTAR MORTGAGE, LLC whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR FIRST NATIONAL BANK OF ARIZONA

Borrower(s):   SCOTT T. RUQUET

Date of Mortgage:   3/5/2004

Original Loan Amount:   $140,800.00

Recorded in Ocean County, NJ on: 3/12/2004, book OR 11959, page 1815 and instrument number 2004054389

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**SEP 23 2013**

Bank of America, N.A.

By: _____
Rebecca Canales
Assistant Vice President

State of California
County of Los Angeles

On **SEP 23 2013** before me, _____ Ani Badalian _____, Notary Public, personally appeared _____ Rebecca Canales _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ Ani Badalian _____
My Commission Expires: _____ Sept. 4 2017 _____

ANI BADALIAN
Commission # 2036114
Notary Public - California
Los Angeles County
My Comm. Expires Sep 4, 2017
(Seal)

Case 14-17571-KCF   Doc 161   Filed 04/09/19   Entered 04/11/19 10:20:51   Desc Main

**Third Party Authorization Form**

Nationstar Mtge   61052746b2

Mortgage Lender/Servicer Name   [Account][Loan] Number

The undersigned Borrower and Co-Borrower (if any) (individually and collectively, "Borrower" or "I"), authorize the above mortgage lender/servicer and its successors and assigns (individually and collectively, "Servicer") and the following third parties

_____   _____
[Counseling Agency]   [Agency Contact Name and Phone Number]

_____   _____
[State HFA Entity]   [State HFA Contact Name and Phone Number]

Donna DeRosa Ruguet   732.278.3227
[Other Third Party]   [Third Party Contact Name and Phone Number]

Spouse
[Relationship of Other Third Party to Borrower and Co-Borrower]

(individually and collectively, "Third Party") to obtain, share, release, discuss, and otherwise provide to and with each other public and non-public personal information contained in or related to the mortgage loan of the Borrower. This information may include (but is not limited to) the name, address, telephone number, social security number, credit score, credit report, income, government monitoring information, loss mitigation application status, account balances, program eligibility, and payment activity of the Borrower. I also understand and consent to the disclosure of my personal information and the terms of any agreements under the Making Home Affordable or Hardest Hit Fund Programs by Servicer or State HFA to the U.S. Department of the Treasury or their agents in connection with their responsibilities under the Emergency Economic Stabilization Act.

The Servicer will take reasonable steps to verify the identity of a Third Party, but has no responsibility or liability to verify the identity of such Third Party. The Servicer also has no responsibility or liability for what a Third Party does with such information.

**Before signing this Third Party Authorization, beware of foreclosure rescue scams!**

- It is expected that a HUD-approved housing counselor, HFA representative or other authorized third party will work directly with your lender/mortgage servicer.
- Please visit http://makinghomeaffordable.gov/counselor.html to verify you are working with a HUD-approved housing counseling agency.
- Beware of anyone who asks you to pay a fee in exchange for a counseling service or modification of a delinquent loan.

This Third-Party Authorization is valid when signed by all borrowers and co-borrowers named on the mortgage and until the Servicer receives a written revocation signed by any borrower or co-borrower.

**I UNDERSTAND AND AGREE WITH THE TERMS OF THIS THIRD-PARTY AUTHORIZATION:**

Co-Borrower

Borrower
Scott T. Ruguet
Printed Name   _____
                Printed Name

_____   ← SIGN   _____
Signature   Signature   SIGN →

5/6/2014   _____
Date   Date