| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **RAS Crane, LLC** Attorneys for Secured Creditor 130 Clinton Road, Suite 202 Fairfield, NJ 07004 Telephone No.: 973-575-0707 (local) Telephone No.: 470-321-7112 (main) <br><br> Laura Egerman (LE-8250) | Case No.:14-17571-KCF <br><br> Chapter 13 <br><br> Hearing Date:  February 4, 2020 <br><br> Judge:  Kathryn C. Ferguson |
| **In Re:** <br><br> **DONNA DEROSA-RUQUET and SCOTT T. RUQUET,** <br><br>    **Debtors.** | |

## OBJECTION TO MOTION TO ENFORCE MORTGAGE MODIFICATION

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 ("Secured Creditor"), by and through its undersigned counsel, files its Objection to Debtor's Motion to Enforce Mortgage Modification (hereinafter the "Motion") (Docket #208), and states as follows:

1.      Debtors, Donna DeRosa-Ruquet and Scott T. Ruquet (hereinafter "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on April 17, 2014 (the "Petition Date").

2.      Secured Creditor holds a security interest in the Debtor's real property located at 621 Bay Boulevard, Bayville, New Jersey 08721 by virtue of a Mortgage recorded on March 12, 2004 in Book OR-11959, Page 1815 in the Office of the Clerk/Register of Deeds for Ocean County, New Jersey (the "Mortgage").  Said Mortgage secures a Note in the principal amount of $140,800.00.  The Note and Mortgage are collectively referred to as the "Loan Documents".

3. Under the terms of the Loan Documents, Debtor was obligated to make monthly payments of $913.23 each beginning on April 1, 2004, for a period of 360 months. The interest rate on the loan was 6.7500%.

4. In May 2013, Debtor entered into a Home Affordable Modification Program Loan Modification (the "HAMP") with Secured Creditor's predecessor. A copy of the HAMP is attached as Exhibit A.

5. Under the HAMP, the Capitalized Unpaid Balance was $132,280.35 at an interest rate of 3.875%, with payments of principal and interest in the amount of $542.61. Payments were amortized over 480 months although the maturity date remained the same, March 1, 2034.

6. The HAMP Modification further provided for an amortization extension:

AMORTIZATION EXTENSION I understand that my monthly principal and interest payment for the New Principal Balance reflects amortization of principal over 40 years from the date of my first modification payment. The scheduled maturity date of my loan will remain unchanged. If I make all of the scheduled payments under the modification on time, a principal remaining balance of $87,725.29 will remain unpaid on the scheduled maturity date. This balance will accrue interest at the Note rate and is called a balloon payment. I will need to make arrangements to pay this remaining balance when I pay off my loan or transfer an interest in or refinance or sell my home. This balloon payment may decrease if I am eligible for earned forgiveness.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

7. If Debtor had successfully completed the HAMP, there would have been a balance of approximately $87,725.29 due on the Maturity Date.

8. However, the HAMP Modification was disqualified when Debtor failed to make three (3) consecutive payments.

9.      In or about October, 2014, Debtors entered into a Loan Modification Agreement (the "2014 Modification").  A copy of the 2014 Loan Modification is attached as Exhibit B.

10.     The 2014 Modification provided for ***interest only payments*** and fixed the interest rate at 2.00% for the period November 1, 2014 to November 1, 2016.  See Exhibit B, Paragraph 2.

11.     The 2014 Modification also expressly states "After the expiration of the modification period, the interest rate Borrower will pay will be determined in accordance with the terms of the original Note.  ***If on March 1, 2034 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date."***  (Emphasis Added).

12.     In or about November 2016, Debtor entered into another Loan Modification Agreement (the "2016 Modification") with Secured Creditor.   A copy of the 2016 Modification is attached as Exhibit C.

13.     The 2016 Modification provided for payments of $420.88, consisting of principal and interest, for a period of two (2) years at the rate of 2.00%, with an increase in the interest rate to 3.875% beginning November 1, 2018.

14.     The 2016 Modification also expressly states "Principal and interest Borrower will pay thereafter may change in accordance with the terms of the original Note or terms of an active modification to the original Note.  ***If on June 1, 2034 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date."*** (Emphasis Added).

15.     The loan modification history is summarized in the following table:

| | Unpaid Principal Balance | Start Date | Interest Rate | P&I payment* | Amortization (months) | Maturity Date |
|---|---|---|---|---|---|---|
| Original Loan | $  140,800.00 | 4/1/2004 | 6.7500% | $      913.23 | 360 | 3/1/2034 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| HAMP | $ 132,280.35 | 5/1/2013 | 3.8750% | $ | 542.61 | 480 | 3/1/2034 |
| 2014 Modification | $ 138,362.14 | 12/1/2014 | 2.0000% | $ | 230.60 | 480 | 3/1/2034 |
| 2016 Modification | $ 138,983.34 | 12/1/2016 | 2.0000% | $ | 420.88 | 480 | 3/1/2034 |
| 2016 Modification | | 12/1/2018 | 3.8750% | $ | 542.61 | 480 | 3/1/2034 |

* 2014 Modification provides for interest only payment

16.    Debtor knew or should have known from the time of the HAMP that there was a balloon payment at maturity.

17.    Further, although Debtor claims told them they could not make increased monthly payments, this is in fact not true.

18.    As recently as December 2019, Debtor was advised that higher payments could be made to bring down the principal balance:

```
CS   3PAR MHERNANA 12/13/19   12:53   0/00/00          .00 12/13/19        .00
         MHERNANA   TALKED TO 3RD PARTY
                    Borr called in inqui amortizarion schedule, as per research
                    dept they dont currently provide amortization scheduled,
                    customer is requesting more information bc he is stating she
                    is not making sufficient payment towards principal amount.
                    Name/Relationship: donna derosa ruquet/wife; Call Reason -
                    General Account Information

CS   INBK MHERNANA 12/13/19   12:53   0/00/00          .00 12/13/19        .00
         MHERNANA   INBOUND BANKRUPTCY CALL

CS   ESCC KHOJAK   12/13/19   13:45   12/13/19         .00 12/13/19        .00
         KHOJAK     ESCALATION COMPLETE
                    Modification Related - Modification Booking or questions
                    3party calling as she is upset the terms are 589 months yet
                    has only 14 yrs and 7 months left

CS   HUNG KHOJAK   12/13/19   13:46   12/14/19         .00 0/00/00         .00
         KHOJAK     PARTY HUNG-UP

CS   3PAR KHOJAK   12/13/19   13:46   0/00/00          .00 12/13/19        .00
         KHOJAK     TALKED TO 3RD PARTY
                    3par Donna after reviewing the acct the terms and maturity
                    is corrrect, aware what ever the balance is after maturity
                    will be a balloon pmt. mrs sttes we have to change the pmt
                    so she can make higher pmt and more to prin, aware the cust
                    can make higher pmts whenever they will like and to see they
                    posted correctly we can alsways send out a transation
                    history, cust states the miods are invalid and only valid if
                    approved by the judge, aware 2 mods booked on this acct and
                    signed by the cust, Donna continued to yell and use abusive
                    language, recapped the call cust continued to scream wanting
                    me to anser legal questions and aware I am not an attorney
                    and can not, disconected call
```

19.     Based on the foregoing, Secured Creditor has correctly booked the modification and is acting in accordance therewith.

20.     The allegations of Debtor's Motion is without merit and the Motion should be denied in its entirety.

21.     Secured Creditor reserves the right to supplement or amend its response prior to the hearing scheduled.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny Debtors' Motion to Enforce Loan Modification, and for such other and further relief as the Court may deem just and proper.

> **RAS Crane, LLC**
> Attorneys for Secured Creditor
> 130 Clinton Road, Suite 202
> Fairfield, NJ 07004
> Telephone No.: 973-575-0707 (local)
> Telephone No.: 470-321-7112 (main)
>
> By:  /s/  Laura Egerman
> Laura Egerman, Esquire
> Bar ID:  LE-8250
> Email:  legerman@rasnj.com