# Exhibit B

Copy



SCOTT    T RUQUET

621 BAY BLVD
BAYVILLE   NJ 08721

10/223/2014
**Payments must be made Via western union or moneygram.**
**Money gram Receive code is 1678**
**Western Union code city is ASTAR and the state is TX**
Payment and signed documents must be received by, 12/1/2014 in the amount of $0.00.

**Your modified payment is $ 230.60 (excluding your escrow of $ 700.78 – subject to change upon escrow analysis). Your estimated total payment per month is $ 931.38.**

This letter is to inform you of the requirements to complete your loan modification that was recently granted to you by Nationstar Mortgage.  Complete the following steps to finalize your loan modification.

- Both Borrowers need to Sign and notarize the loan modification agreement.
- Sign this cover letter
- Fax a copy of all documents to  as soon as they are signed and notarized.
- Send the original modification documents via **Fed-ex or Overnight** as soon as they are signed and notarized to:
    o   Attention: ABS Division Foreclosure Prevention Dept.
        350 Highland Drive
        Lewisville, Texas 75067
- Complete your loan modification by making your payment by the date agreed between you and Nationstar Mortgage.
- If originals are not returned to the address listed within 30 days, the modification terms may be reversed.

_____          _____
*Customer 1 Signature*                              *Customer 2 Signature*
*Nationstar Mortgage must receive your qualifying payment by the agreed upon date to complete your loan modification.*

Copy

Ack. Ltr. – Escrow – No Fees                    1 of 1                    10/23/2014

## Letter of Acknowledgment

October 23, 2014

Scott T Ruquet

621 BAY BLVD BAYVILLE NJ 08721

RE: Loan Number:  610524662

Dear Scott T Ruquet ,

Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage, LLC.  The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts.  **The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan**  (Such a change may result in you owing a lump sum payment upon maturity of your loan.).

By executing this Letter of Acknowledgment and the Modification Agreement, you are agreeing to make a qualifying payment of $0.00 dollars ("Qualifying Payment") for your Modification Agreement to become effective.  This Qualifying Payment will be applied first to any outstanding fees and charges that are not capitalized under the terms of the Modification Agreement, next to any unpaid non-capitalized interest and finally to unpaid principal.  If you fail to make this qualifying payment (or such payment is returned for non-sufficient funds or otherwise denied by the issuing bank), the Modification Agreement shall be deemed invalid and Nationstar Mortgage, LLC shall have no obligation to modify your loan in accordance with the terms of the Modification Agreement.

In addition to the foregoing, in consideration of Nationstar Mortgage agreeing to the modification of you loan account, You acknowledge and agree that Nationstar Mortgage may maintain an escrow account to collect funds for the payment of future taxes and insurance in accordance with the terms of the attached Agreement to Maintain Escrow Account.

Should you have any questions regarding the terms of this Letter of Acknowledgment or the Modification Agreement, please do not hesitate to contact _____ at _____.

Sincerely,

Nationstar Mortgage, LLC

Acknowledged and agreed to by:

_____
Scott T Ruquet (Borrower Name)

10/24/14
_____
(Date)

_____
- (Borrower Name)

_____
(Date)

Copy

LOAN MODIFICATION AGREEMENT — Cap Fixed(Temp IO)                    10/23/2014    (page 1 of 3)

—————————————————————— [Space Above This Line For Recording Data] ——————————————————————

Loan #: ▮▮▮▮▮▮

## LOAN MODIFICATION AGREEMENT
### (Providing for Interest Only Payments and Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this    23rd day of October, 2014  , between    Scott T Ruquet   and
("Borrower") and Nationstar Mortgage LLC   formerly known as Centex Home Equity Company    ("Lender"), amends and
supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if
any, dated    March 05, 2004   and recorded in Book or Liber  _____ , at page(s) _____ , of the
_____ Records of _____
            (Name of Records)                                       (County and State, or other Jurisdiction)
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property
described in the Security Instrument and defined therein as the "Property", located at

621 Bay Blvd Bayville Nj 08721
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding
anything to the contrary contained in the Note or Security Instrument):

1. As of   December 01, 2014  , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is
U.S. $   138,362.14  , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts
capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the
Unpaid Principal Balance at the yearly rate of   2.00  %, from   November 01, 2014  . Borrower promises to make monthly
payments of interest of U.S. $   230.60  , beginning on the   1st day of December, 2014  , and continuing thereafter on the same day
of each succeeding month until   November 01, 2016   (the "Interest Only Period"). After expiration of the modification period, the
interest rate Borrower will pay will be determined in accordance with the terms of the original Note. If on   March 01, 2034   (the
"Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower
will pay these amounts in full on the Maturity Date.

3. Failure to Timely Remit Payments:  If at any time during the effective dates of this Modification Agreement the Borrower fails to
timely make payments as specified hereinabove and such default or failure continues for more than thirty (31) days, then this
Modification Agreement, at the option of Lender, shall terminate and all terms of the Note as originally executed shall be reinstated in
full, effective as of the date of this Modification Agreement, and the amounts due and payable under the terms of the Note shall be as
originally stated therein, as if this Modification Agreement had never existed. Time is of the essence with regard to all payments
specified hereunder. Nothing contained herein shall prevent or preclude Lender from enforcing any of Lender's rights or remedies
under the Note, or under any document or instrument evidencing or securing the indebtedness created by or under the Note, or shall
be construed as a waiver of any of Lender's rights or remedies thereby created.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a
beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment
in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than
30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.
If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security
Instrument without further notice or demand on Borrower.

Copy

LOAN MODIFICATION AGREEMENT— Cap Fixed(Temp IO)                    10/23/2014   *(page 2 of 3)*

**Loan #:** ▮▮▮▮▮▮

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

6. Borrower understands and agrees that:

(a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)  Borrower has no right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

(d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_____ (Seal)
Nationstar Mortgage LLC-Lender

_____ (Seal)
Scott T Ruquet -Borrower

By: _____

_____ (Seal)
-Borrower

STATE OF   New Jersey
                              )SS.
COUNTY OF   Ocean          )

On the 24th day of October 2014 personally appeared before me Scott Ruquet _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

_____
Notary Public

My appointment expires: Dec. 9 2016

_____ [Space Below This Line for Acknowledgements] _____

MARY R PIZZO
Notary Public
State of New Jersey
My Commission Expires Dec 9, 2016

Copy

AGREEMENT TO ESTABLISH ESCROW ACCOUNT                                                10/23/2014    (page 3 of 3)

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, Scott T Ruquet  and    ("Borrower") desires Nationstar Mortgage LLC    ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated  March 05, 2004 , (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property;  (b) leasehold payments or ground rents on the Property, if any;  (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums.  These items are called "Escrow Items."  In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law.  In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount.  Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA").  The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender.  Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge.  Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA.  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA.  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Establish Escrow Account.

_____                      10-24-14
Scott T Ruquet -Borrower                                   Date


_____                      _____
-Borrower                                                            Date