| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Robertson, Anschutz, Schneid & Crane LLC** <br> Attorneys for Secured Creditor <br> 10700 Abbott's Bridge Road, Suite 170 <br> Duluth, GA 30097 <br> Telephone No.: 973-575-0707 (local) <br> Telephone No.: 470-321-7112 (main) <br><br> Laura Egerman (LE-8250) | Case No.:14-17571-KCF <br><br> Chapter 13 <br><br> Hearing Date:  March 31, 2020 <br><br> Judge:  Kathryn C. Ferguson |
| **In Re:** <br><br> **DONNA DEROSA-RUQUET and SCOTT T. RUQUET,** <br><br>      **Debtors.** | |

## SUPPLEMENTAL OPPOSITION TO DEBTOR'S MOTION TO ENFORCE MORTGAGE MODIFICATION

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 ("Secured Creditor"), by and through its undersigned counsel, hereby supplements its Opposition to Debtor's Motion to Enforce Mortgage Modification (hereinafter the "Opposition") (Docket #213), and states as follows:

1.      Secured Creditor incorporates by reference its Certification in Opposition to Debtors' Motion to Enforce Mortgage Modification as if set forth at length herein.

2.      Secured Creditor holds a security interest in the real property located at 621 Bay Boulevard, Bayville, New Jersey 08721 by virtue of a Mortgage recorded on March 12, 2004 in Book OR-11959, Page 1815 in the Office of the Clerk/Register of Deeds for Ocean County, New Jersey (the "Mortgage").  Said Mortgage secures a Note in the principal amount of $140,800.00. The Note and Mortgage are collectively referred to as the "Loan Documents".

3.      The Loan Documents were executed solely by Scott T. Ruquet (hereinafter "Borrower").

4.      The Loan Documents constitute a purchase money lien against the Property.

5.      In May 2013, Borrower entered into a Home Affordable Modification Program Loan Modification (the "2013 HAMP") with Secured Creditor's predecessor.  A copy of the HAMP is attached to the Opposition as Exhibit A.

6.      The 2013 HAMP was not approved by the Court because no bankruptcy case was pending at the time of its execution by the Borrower.

7.      The 2013 HAMP is a permanent modification, creating a new unpaid balance, and modifying other key terms of the Note including interest rate and the amortization schedule.

8.      The 2013 HAMP clearly articulated that, on maturity, there would be a remaining principal balance or balloon payment in the amount of $87,725.29, as follows:

AMORTIZATION EXTENSION I understand that my monthly principal and interest payment for the New Principal Balance reflects amortization of principal over 40 years from the date of my first modification payment. The scheduled maturity date of my loan will remain unchanged. If I make all of the scheduled payments under the modification on time, a principal remaining balance of $87,725.29 will remain unpaid on the scheduled maturity date. This balance will accrue interest at the Note rate and is called a balloon payment. I will need to make arrangements to pay this remaining balance when I pay off my loan or transfer an interest in or refinance or sell my home. This balloon payment may decrease if I am eligible for earned forgiveness.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

9.      However, the 2013 HAMP was disqualified when Borrower failed to make three (3) consecutive payments and became more than 90 days delinquent.

10.      Under the HAMP program, when a loan is disqualified, a borrower is no longer eligible to receive borrower, servicer or investor incentives and reimbursements and these

payments will no longer accrue for that loan. Furthermore, the mortgage is not eligible for another HAMP modification.

11.     Where a borrower defaults under a HAMP modification, servicers are encouraged to work with borrowers to cure their modified loans.

12.     Accordingly, when Borrower defaulted under the 2013 HAMP less than a year after he entered into it, Borrower was offered, and ultimately entered into, a Loan Modification Agreement (the "2014 Modification") with Secured Creditor's predecessor.  A copy of the 2014 Loan Modification is attached to the Opposition as Exhibit B.

13.     The 2014 Modification was a temporary modification of the 2013 HAMP.

14.     The 2014 Modification expressly states "After the expiration of the modification period, the interest rate Borrower will pay will be determined in accordance with the terms of the original Note.  *If on March 1, 2034 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date."*  (Emphasis Added).

15.     Further, the 2014 Modification package included a "Letter of Acknowledgement" dated October 23, 2014, which provides in the first paragraph:

> Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage, LLC.  The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts.  The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan  (Such a change may result in you owing a lump sum payment upon maturity of your loan.).

See Opposition, Exhibit B, Page 2.

16.     Borrower executed the 2014 Modification and the Letter of Acknowledgment on October 24, 2014.  By signing the 2014 Modification, Borrower is presumed to have read and understood all of the terms contained in what he signed.

17.     At the end of the 2014 Modification, in or about November 2016, Debtor entered into another Loan Modification Agreement (the "2016 Modification") with Secured Creditor.  A copy of the 2016 Modification is attached to the Opposition as Exhibit C.

18.     The 2016 Modification is also a modification of the 2013 HAMP.

19.     The 2016 Modification also expressly states "Principal and interest Borrower will pay thereafter may change in accordance with the terms of the original Note or terms of an active modification to the original Note. ***If on June 1, 2034 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date."*** (Emphasis Added).

20.     As with the 2014 Modification, the 2016 Modification was accompanied by a Letter of Acknowledgement where the Borrower confirmed his understanding that:

> Attached for execution is the Modification Agreement for your loan serviced by NATIONSTAR MORTGAGE LLC. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. **The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan** (Such a change may result in you owing a lump sum payment upon maturity of your loan).

A copy of the 2016 Letter of Acknowledgement executed by the Borrower on November 7, 2016 is attached to See Opposition, Exhibit C, Page 9.

21.     From the date of he executed the 2013 HAMP in May, 2013, Borrower knew that there was a balloon payment due on maturity.

22.     Borrower reiterated his understanding that as a result of the multiple modifications, "such a change may result in you owing a lump sum upon maturity of your loan." when he executed the Letters of Acknowledgement on October 24, 2014 and November 7, 2016.

23.     To the extent that the Court is inclined to hold that any lump sum payment was not sufficiently articulated in the 2014 Modification and/or the 2016 Modification, Secured Creditor would argue that the Court must hold that the terms of the 2013 HAMP control and that the Borrower be bound by its terms.

24.     The 2013 HAMP, unlike the 2014 Modification and the 2016 Modification, was a permanent modification of the Loan Documents.

25.     Secured Creditor would also urge the Court to recognize that the underlying loan was purchase money loan, without which Debtors would not be able to secure the rental income that, in part, funds their Chapter 13 Plan.

26.     By stripping Secured Creditor of the sums to which it is entitled would unfairly and unjustly enrich the Debtors to the detriment of the Secured Creditor whose predecessor outlaid the funds that allowed the Borrower to purchase the Property.  Debtors are not entitled to a free house.

27.     Secured Creditor reserves the right to supplement or amend its response prior to the hearing scheduled.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny Debtors' Motion to Enforce Loan Modification, and for such other and further relief as the Court may deem just and proper.

**Robertson, Anschutz, Schneid & Crane LLC**
Attorneys for Secured Creditor
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone No.: 973-575-0707 (local)
Telephone No.: 470-321-7112 (main)


By:   /s/  Laura Egerman
Laura Egerman, Esquire
Bar ID:  LE-8250
Email:  legerman@rasnj.com