UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

DONNA DEROSA-RUQUET
226 POTTERS DRIVE
BAYVILLE, NJ 08721
PLAINTIFF PRO SE

Adversary No.: 19-02175

Case No.: 14-17571-KCF
Chapter 13
Hearing Date: March 31, 2020
Chief Judge Kathryn Ferguson

*In Re:*
*DEROSA-RUQUET et al.,*

    *Debtors*

*v.*

*DUETSCHE BANK et al.,*

    *Creditors*

## RESPONSE TO CREDITOR'S SUPPLMENTAL OPPOSITION TO DEBTOR'S MOTION TO ENFORCE MORTGAGE MODIFICATION

1. Debtor Scott Ruquet makes his response to the Creditor's Supplemental Opposition of Debtor's Motion To Enforce Mortgage Modification as follows:

2. On February 18, 2020, debtor's and Counsel for the creditor appeared before this Court on the above referenced matter.

3. At the Hearing, in an attempt to be fair to the Creditor, the Court allowed the Creditor an opportunity to "...supplement the record by addressing the debtor's argument that failure to explicitly to make him aware of the balloon payment was a violation RESPA and TILA.

4. Additionally, the Court gave the creditor and opportunity to "...address their failure to highlight the balloon payment from an equitable standpoint bearing in

mind that as the drafter of the document an ambiguity of the contract should be construed against Nationstar." [Doc #220]

5. On March 17, 2020, Counsel filed a Supplemental Opposition to Debtor's Motion to Enforce Mortgage Modification, which is the subject of this Response.

6. The Supplemental Opposition does not address debtor Scott Ruquet's argument that failure to explicitly make him aware of the balloon payment was a violation of RESPA and TILA.

7. In the Supplemental Opposition, the creditor by way of Counsel fails to address their failure to their failure to address the balloon payment from an equitable standpoint.

8. Instead, the Supplemental Opposition contains a similar argument made by the creditor in the original Opposition, except now the creditor asserts that the 2014 Modification which was never approved by this Court but entered into after the debtor filed his Chapter 13 Petition, and the 2016 Modification which was approved by this Court, were only "temporary modifications" of the 2013 HAMP Modification. The debtor is left guessing that by "temporary" the creditor is admitting their intentions to ultimately foreclose on the debtor's property once the instant case is closed.

9. It is worth mentioning that the 2014 Modification and the 2016 Modification are not HAMP Modifications. Bearing this in mind, it then becomes worth asking how a federal modification program that had disqualified the debtor could possibly control an inhouse Modification that fails to follow proper HAMP disclosure rules.

10. Debtor Scott Ruquet also must ask if these Modifications were temporary in nature, why is that this is not stated anywhere in any of the documents both the actual modifications or any of the letters that the Creditor by way of Counsel has used to try and shift their burden under the law.

11. In the Supplemental Opposition the creditor, by way of Counsel again states what the debtor should have known and now has moved on to what the debtor actually does know. [pp. 4, paragraph 21 & 22.]

12. Debtor Scott Ruquet is not a mind reader, nor is the Creditor. Debtor Scott Ruquet denies any and all assertions made by the creditor by way of Counsel that go to his state of mind or his perceived knowledge, regardless of how much they may have paid the fortune teller.

13. As the creditor has not taken the opportunity – a very generous opportunity to squander- to respond to the debtor's assertion that failure to make him explicitly aware of the balloon payment, nor has the Creditor addressed their failure to highlight the balloon payment, debtor Scott Ruquet respectfully request that his Motion is granted in its entirety.

**WHEREFORE,** Debtor Scott Ruquet respectfully requests that this Court deny and all Oppositions made to his Motion To Enforce the Mortgage Modification and grant his Motion in its entirety, and for any further relief the Court may deems equitable and just.

March 23, 2020

Scott Ruquet