| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **Robertson, Anschutz, Schneid & Crane, LLC**<br>10700 Abbott's Corner Road, Suite 170<br>Duluth, GA 30097<br>Telephone:  470-321-7112 (main)<br>Telephone:  973-575-0707 (local)<br>Attorneys for Secured Creditor<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>SCOTT RUQUET and<br>DONNA DEROSA-RUQUET,<br><br>        Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13<br><br>Judge:  Kathryn C. Ferguson |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COURT'S *ORDER ON MOTION TO ENFORCE MORTGAGE MODIFICATION* PURSUANT TO FED. R. CIV. P. 59(e) AND FED. R. BANKR. P. 9023

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "Secured Creditor") respectfully submits this memorandum of law in support of its Motion to amend the Court's *Order on Motion to Enforce Mortgage Modification* pursuant to Fed. R. Civ. P. 59**(e)** and Fed. R. Bankr. P. 9023 (the "Motion").

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 15, 2006, Scott Ruquet (hereinafter "Ruquet") executed and delivered a Note (the "Note", attached as **Exhibit A** to the concurrently filed Certification of Laura Egerman (hereinafter the "Egerman Cert")) in the principal amount of $140,800.00 to First National Bank of Arizona.  Repayment of the Note was secured by a Mortgage (the "Mortgage", attached as **Exhibit B** to the Egerman Cert) executed by Ruquet in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Gateway First National Bank of Arizona, and secured by property located at 621 Bay Boulevard, Bayville, New Jersey 08721 (the "Property").  The Mortgage was

recorded in the Office of the Clerk/Register of Deeds for Union County on March 19, 2010 in Book M12879, Page 645. The Mortgage was a purchase money mortgage. The Note and Mortgage are collectively referred to as the "Loan Documents". The Loan Documents required the maintenance of an escrow account for the payment of taxes and insurance (See Exhibit B at Paragraph 3).

In May 2013, Debtor entered into a Home Affordable Modification Program Loan Modification (the "2013 HAMP", attached as **Exhibit C** to the Egerman Cert.) which also required Debtor to maintain an escrow account (See 2013 HAMP, Section 4, Paragraph D). When Debtor defaulted under the 2013 HAMP, he entered into a Loan Modification (the "2014 Loan Mod, attached as **Exhibit D** to the Egerman Cert) which provided for payments of interest only as well as the maintenance of escrow (See Exhibit D, *Agreement to Maintain Escrow Account*). The 2014 Loan Mod was for a term of 2 years and so, in or about November 2016, Debtor entered into another Loan Modification Agreement (the "2016 Loan Mod", attached as **Exhibit E** to the Egerman Cert.). Like the modifications before it, the 2016 Loan Mod provided for the maintenance of an escrow account (See Exhibit E, *Agreement to Maintain Escrow Account*).

On January 13, 2020, Debtor filed a Motion to Enforce Mortgage Modification (Docket 208). After oral arguments, the Court, on April 2, 2020, entered its *Order on Motion to Enforce Mortgage Modification* (the "Order") (Docket 246). The Order provides only for monthly payments of $542.61, and does not clarify whether these payments are principal/interest only, or are inclusive of escrow. Secured Creditor seeks clarification of the Order.

## LEGAL ARGUMENT

A Motion to amend under Rule 59(e), applicable to these proceedings under Fed. R. Bankr. P. 9023, allows for clarification or amendment of an order or judgment. "Rule 59(e) allows the court to revisit a judgment to correct "manifest errors of law or fact or to present newly discovered evidence." Blue Mountain Mushroom Co., Inc., v. Monterey Mushroom, Inc., 246 F.Supp.2d 394, 398 (E.D.Pa.2002) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985))." In re. Reading Broadcasting, Inc., 386 B.R. 562, 566 (Bankr.Ct.ED Pennsylvania 2008). "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d.Cir. 1995). "If the moving party asserts that the prior determination would work a manifest injustice, the party must persuade the court that "it was clearly wrong and that adherence to that decision would create manifest injustice." In re. Dixon-Ross, Dist. Ct., ED Pennsylvania (2016), quoting Afr. v. City of Phila. (In Re Phila. Litigation), 158 F.3d 711, 720 (3d Cir. 1998).  Relief under Rule 59(e) is at the discretion of the Court.

Debtor signed the Loan Documents which provided for the maintenance of an escrow account for taxes and insurance.  In each subsequent modification, he reiterated his intention to maintain an escrow account so that taxes and insurance could be paid.  The Order does not make clear that Debtor continues to be required to maintain escrow payments to Secured Creditor.  The Order simply states a monthly payment of $542.61.  Debtor could easily argue that this amount is all he is required to pay, thereby forcing Secured Creditor to pay taxes and insurance from its own pocket and not from an escrow account.  Currently, the monthly escrow required is $546.97 per month.  If Secured Creditor is required to advance that from the monthly payment of $542.61, it will net -$4.36 each month on this loan, essentially giving Debtor a free property.  It is manifestly unjust for the Court to eliminate Debtor's requirement to maintain escrow payments to Secured Creditor without otherwise requiring Debtor to pay taxes and insurance directly, with proof to Secured Creditor of such payments.

To eliminate any confusion, Secured Creditor avers that the Order be amended to clarify that the amount stated therein is comprised only of principal and interest, and that Debtor continues to be obligated to fund an escrow account for the payment of taxes and insurance.  To not require Debtor to be liable for these amounts

*{Remainder of page intentionally blank}*

## **CONCLUSION**

For all of the foregoing reasons, Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 respectfully request that the Court grant their Motion to amend the Court's *Order on Motion to Enforce Mortgage Modification* pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023.

Dated: April 15, 2020

Robertson, Anschutz, Schneid & Crane, LLC
10700 Abbott's Corner Road, Suite 170
Duluth, GA 30097
Telephone No. (973) 575-0707

/s/ Laura Egerman
Laura Egerman, Esq.
Bar ID:  LE-8250
Email: legerman@rasnj.com