| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Robertson, Anschutz, Schneid & Crane, LLC** Attorneys for Secured Creditor 10700 Abbott's Bridge Road, Suite 170 Duluth, GA 30097 Telephone No.: 973-575-0707 (local) Telephone No.: 470-321-7112 (main) Laura Egerman (LE-8250) | Case No.:14-17571-KCF Chapter 13 Hearing Date:  September 29, 2020 Judge:  Kathryn C. Ferguson |
| **In Re:** **DONNA DEROSA-RUQUET and SCOTT T. RUQUET,** **Debtors.** | |

## SUPPLEMENTAL RESPONSE TO
## MOTION TO ENFORCE MORTGAGE MODIFICATION

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 ("Secured Creditor"), by and through its undersigned counsel, files its Objection to Debtor's Motion to Enforce (hereinafter the "Motion") (Docket #262), and states as follows:

1.      Debtor's Motion appears to, once again, attempt to avoid the Secured Creditor's lien on the basis of standing.

2.      The issue of standing was addressed at length in Secured Creditor's Cross Motion for Summary Judgment (the "Cross Motion") filed in the Adversary Proceeding (See Adversary Proceeding 19-ap-02175-KCF (the "Adversary Proceeding") at Docket 19). The Cross Motion was granted on April 16, 2020 (See Adversary Proceeding at 21).

3.      Standing has been established in the name of Secured Creditor, and Secured Creditor is entitled to enforce the loan.

4. *Res Judicata* precludes the Court from addressing the standing issue again.

5. It is additionally noted that, even if standing could be contested, the case law is clear that the Debtor lacks standing to contest it because he is not a party to any assignment agreement. See Giles v. Phelan, Hallinan & Schmieg, LLP, 2013 U.S. Dist. LEXIS 78161 (D.N.J. June 4, 2013) (where the Court found that a Defendant does not have a right to challenge the validity of an assignment of mortgage transferring mortgages from one holder to another); See also Bank of New York v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010); Jersey Shore Med. Ctr. – Fitkin Hosp. v. Estate of Baum, 84 N.J. 137, 144 (1980); Correia v. Deutsche Bank Nat'l Trust Co. (In re. Correia), 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) (where the Court found that litigants in general lack standing to assert the rights of third parties).

6. With respect to the recordation of the Orders, the undersigned acknowledges that certain issues arose within our office that prevented the timely recording of the Orders with the Ocean County Clerk. The firm is in the process of fixing these issues, and it is expected that the Orders will be recorded shortly with any appropriate Assignments of Mortgage, if same are necessary.

7. Lastly, a question has been raised about the "Cramdown Unsecured Amount" of $61,954.23 appearing on the account statement.

8. It is noted that, by Order entered April 2, 2020 (Docket 246), the Court struck a balloon payment from the Mortgage Modification.

9. In order to have the loan paid in full on maturity, after the elimination of the balloon payment, Secured Creditor had to make adjustments within its system to account for this.

10. Secured Creditor has no other way to indicate within its system that the balloon payment is no longer due, and so this amount – which is unsecured and not collectible from the borrower – is noted as an unsecured amount. If and when this case completes through to discharge and closure and is removed from bankruptcy status, that that amount will be removed from the account statement.

11. Secured Creditor reserves the right to supplement or amend its response prior to the hearing scheduled.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny Debtor's Motion to Enforce, and for such other and further relief as the Court may deem just and proper.

**Robertson, Anschutz, Schneid & Crane, LLC**
Attorneys for Secured Creditor
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone No.: 973-575-0707 (local)
Telephone No.: 470-321-7112 (main)

By:  /s/  Laura Egerman
Laura Egerman, Esquire
Bar ID:  LE-8250
Email:  legerman@rasnj.com

18-196067
Ruquet, Scott
Objection to Motion to Enforce
Page 3