UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Scott Ruquet**
**226 Potters Drive**
**Bayville, NJ 08721**

FILED
JEANNE A. NAUGHTON, CLERK

SEP 2 5 2020

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

In Re:
DeRosa-Ruquet *et al.*,

        Debtors

Case No.:        14-175-71-KCF
Chapter:         13

Hearing Date:    September 29, 2020

Judge:           Hon. Kathryn C. Ferguson

**DEBTOR'S RESPONSE TO CREDITOR'S RESPONSE AND OPPOSTITION TO
DEBTOR'S NOTICE OF MOTION TO ENFORCE ORDER ON MOTION TO
ENFORCE MORTGAGE MODIFICATION [#246] ORDER GRANTING
MOTION TO AMEND THE COURT'S ORDER ON MOTION TO ENFORCE
MORTGAGE MODIFICATION [#253] AND ORDER GRANTING CROSS
MOTION [#254]**

Debtor Scott Ruquet files his Response and Opposition to Creditor's Response And
Opposition To Debtor's Notice Of Motion To Enforce Order On Motion To Enforce
Mortgage Modification [#246] Order Granting Motion To Amend The Court's Order On
Motion To Enforce Mortgage Modification [#253] And Order Granting Cross Motion
[#254] and certifies as follows:

**Response to Paragraph 1, 2 & 3**:

1. Counsel for Creditor (hereinafter "Counsel") states:

    **"The Motion does not contain a prayer for relief, and it is not clear what
    Debtor Scott Ruquet (hereinafter the "Debtor") seeks to accomplish with
    this Motion. "**

*and*:

**"Until Debtor can elucidate what relief is sought, Secured Creditor cannot properly respond to the Motion. At a minimum, Debtors should be required to brief the issues for which they is seeking relief."**

*and*:

**"It is further noted that this case is more than 77 months old, and is therefore overripe for closure. The Trustee filed his *Final Report and Accounting* on January 16, 2020 (Docket 209). It is not clear that the Bankruptcy Court retains jurisdiction over the alleged title issues at this very late date."**

2. Title III – Pleadings and Motions (Rules 7-16) addresses Counsel's claims specifically:

   **Rule 7: Pleadings Allowed; Form of Motions and Other Papers**

   b) **Motions and Other Papers**.

   (1) *In General.* A request for a court order must be made by motion. The motion must:

   (A) be in writing unless made during a hearing or trial;"

   **Rule 8 – General Rules of Pleading**

   "(a) **Claim for Relief**. A pleading that states a claim for relief must contain:

   **(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;**

   (2) a short and plain statement of the claim showing that the pleader is entitled to relief;"

3. A Prayer for Relief is generally found in a Complaint not a Motion, which is probably why Counsel did not include a Prayer for relief in the Motion For Reconsideration that precipitated the instant Motion. Clearly the relief sought by the debtor is outlined properly in the proposed order attached to the instant Motion.

4. Relative to Jurisdiction, it appears that *73 months ago* Counsel felt the Court had jurisdiction when she filed the original Motion that caused the

instant Motion, so the debtor is not sure why the issue of jurisdiction was even raised.

5.      Incidentally, under FCR 12, Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing Counsel's Opposition itself is questionable as it states:

> "(b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.
>
> **A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.** If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. **No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."**

The Opposition filed by Counsel [#263] contains defenses that should have been addressed in the form of a Cross Motion and therefore they are invalid.

**Response to Paragraph 4**:

6.      Under Rule 3001 (d):

> "(d) Evidence of Perfection of Security Interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

and:

> "(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

Further:

> "A creditor that has filed a proof of claim in a bankruptcy case has submitted itself to the jurisdiction of the bankruptcy court." In re *Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S.Ct. 330, 331-32 (1990)."

7.      Notwithstanding the fact that debtor Donna DeRosa-Ruquet raised the issue of the issue improper Assingment in an email to Counsel dated January 30, 2019 and again on September 10, 2019, [Exhibit A] and dozens of times over the last two years in hundreds of emails to both Counsel, the Creditor, and the rest of the squad [Exhibit B], what truly puzzles the debtors is why Deutsche Bank has not attempted to file a corrected Assignment post petition. These emails show a pattern of stalling, lying, ignoring and overall sneaky practices by both Counsel and Creditor.

8.      Clearly, Counsel had to have been aware that when Order #254 was entered, Ordering the secured creditor to file the Mortgage Modification and Orders #243 and #253, she was aware that a title issue would preclude her client's from doing so. Even so, she continued to engage in a charade with debtor Donna DeRosa-Ruquet and Chambers, stating that the CoVid virus was responsible for any delay through a series of emails [Exhibit C].

9.  Clearly, when Counsel presented the Court with the Mortgage Modification drawn up by Nationstar Mortgage LLC for approval, she knew that Nationstar was not the lender of record but she purported this fraud on the Court anyway and then proceeded to try and justify an undisclosed balloon modification in further litigation to Enforce.

10. While the instant Motion does not raise the issue of title in the context Counsel used in her Opposition, the Creditor's inability to follow the Court's Order because they lack clear title does. That's the problem. And that's because the claimant Nationstar Bank LLC does not have a proper assignment of mortgage in Superior Court where they are not considered the lender of record. Yet, even though they knew this they entered into a Modification with the debtor anyway.

11. In fact, any standing they may have under the Amended Proof of Claim in the Bankruptcy Court may very well be nullified by very fraud it purports on the Court: that is that Nationstar is the lender of record and has the right to enter into a Modification with the debtor when in fact this is not true. It could be inferred that Nationsar is Deutsche Bank's agent, but if that were the case certainly a corrective Assignment would have been filed by now at the very least, in Order to comply with Court's Order #254. Based on the mystifying lack of a Corrective Assignment there remains then, a more than a 50 percent doubt that if the Debtor paid this claim, it would be paying the wrong creditor.

12. Both the Proof of Claim and the Amended  Proof of claim that was filed in the instant case fails to make sense its core. The proof of claim, as filed, clearly is not entitled to a presumption of prima facie validity because the underlying documents in support of the claim, which are after all a mortgage claim, were not attached in a complete manner and in a way that would have enabled the Debtor to evaluate whether in fact the claimant had a mortgage or was the agent for the mortgage holder, being the holder of the underlying note. Yet, over the debtor's rigorous Objection, the creditor sought to have it approved anyway.

13. What exists here is a basic power imbalance between the Debtor and a creditor in the creditor's favor. The creditor has a duty and obligation to make sure that its papers make sense to the Court and to the debtors and Counsel filing documents on behalf of a creditor also has an obligation to make sure that all the papers make sense; both have failed to meet this burden. In fact it would appear that Counsel in the instant case willingly took part in concealing relevant facts from both the Court and the debtor.

14. Now, when the creditor has an issue following a subsequent Order because they played fast and loose with this Court by filing both a Proof of Claim

and an Amended Proof of Claim in which their security instrument was not perfected, they raise the issue of arguing title in Superior Court. This is nothing more than a deflection. This is not a matter for Superior Court nor is it quiet title issue. Those issues were raised in the Adversarial Proceeding where Creditor Duetsche Bank had no problem filing a Complaint and a Lis Pendens to Quiet Title violating the Stay.

15. This is Deutsche Bank and Nationstar Mortgage LLC playing fast and loose with this Court, lying to this Court and to the debtors, misleading this Court and the debtors for months on end, and then in the 11th hour, they use their own deficiencies to justify their position. Leaving one Court only to have to go to another goes against the very spirit of the words "fresh start."

15. Clearly, it is not the debtor's job to leave Bankruptcy Court-after paying the wrong creditor for over 6 years- and go to Superior Court to clear a title issue that should have been corrected by the creditor in this Bankruptcy case. This could have been done via a corrected a Assignment post petition. Again: the real question here is why the Lender of record (Deutsche Bank) has not filed a corrected Assignment which would then allow them to record the documents ordered in Order #254 with the County Clerk, Ocean.

16. As for the debtor briefing the Court on the issues he raised: they are basic issues of law. The creditor was Ordered to file a copy of the Mortgage Modification and Orders #246 and #253 and has not done so because it would require the Lender of record (Deutcshe Bank) to file a corrected Assignment to Nationstar Mortgage LLC dba Mr. Cooper who has otherwise been erroneously collecting money from the debtor for over 6 years. One must wonder what would happen if Nationstar, upon satisfaction would ever be able to file a satisfaction as they are not the Lender of record.

**Response to Paragraphs 5 and 6:**

17. By response dated August 10, 2020, the in title non-borrower spouse named Donna DeRosa-Ruquet was told that the August 2020 statement would show all necessary corrections [Exhibit D] which it did not. In fact it showed and improper balance due and appears as Exhibit A in debtor's instant motion. Conversely, the correspondence Counsel refers to was never followed up on. On August 10, 2020, in reposense to Counsel's email, non-borrower debtor Donna DeRosa-Ruquet asked why there was a $63k unsecured cram down appearing on several statements to which she never received a response.

18.    Irrespective of what day the debtors paid their mortgage the payment was within the grace period and has no bearing on these proceedings other than to somehow prejudice the Court. If the payment had been made on September 1-14 Counsel still would not have access to a statement that hasn't been printed. Another deflection it seems.

18.    It for these reasons Debtor Scott Ruquet respectfully requests that the Court deny Counsel's Opposition/Objection in its entirety and grant his Motion with Prejudice. This is getting ridiculous. The debtors specifically chose not to file a Motion for Contempt and Sanctions as they believe the Court has better things to spend its' time on and yet, Counsel continues to try and confuse the issues, to obsfucate and convolute the issues.

19.    It is very simple: the creditor was Ordered to do something. If they cannot do it then they either need to facilitate a means to comply or the Debtor requests that the mortgage, as listed in his Proposed Order is to be marked Satisfied.

September 23, 2020                      //Scott Ruquet