**D**

**D**

product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz and Schneid, P.L. for damage arising in any way from its use.

**From:** The DeRosa-Ruquet Family [mailto:ddruquet@gmail.com]
**Sent:** Tuesday, July 28, 2020 7:52 AM
**To:** Laura Egerman <legerman@rasnj.com>
**Cc:** David Neeren <dneeren@rasnj.com>; Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>; Christine Kelly <Christine_Kelly@njb.uscourts.gov>
**Subject:** Case No.: 14-17571

**This message originated outside of the organization. Use caution when opening attachments, clicking links or responding to requests for information.**

[Quoted text hidden]

**The DeRosa-Ruquet Family** <ddruquet@gmail.com>                     Wed, Jul 29, 2020 at 12:14 PM
To: Laura Egerman <legerman@rasnj.com>
Cc: David Neeren <dneeren@rasnj.com>

As to the other issues: that would be awesome if they could be resolved so the case can finally close. They Order (s) make provisions for several issues I raised and therefore until your client rectifies them, they remain in default and or Contempt of the same.
[Quoted text hidden]

**2 attachments**


**image001.jpg**
3K


**image001.jpg**
3K

**Laura Egerman** <legerman@rasnj.com>                     Mon, Aug 10, 2020 at 6:00 PM
To: The DeRosa-Ruquet Family <ddruquet@gmail.com>
Cc: David Neeren <dneeren@rasnj.com>, Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>, Christine Kelly <Christine_Kelly@njb.uscourts.gov>

Good Evening,

Our client has advised as follows with respect to the inquiries made below:

1. Why our payments are being held in suspense (see all four statements including the most recent.) Funds are being held in suspense until all adjustments were made in order to comply with the litigation results.

2. Why the most recent statement dated 07/20/2020 shows that there was a past due balance when the statement prior shows no such thing. Again, this is due to the adjustments being made. There is no past due amount; however, the borrower is due for the 8/1/2020 payment of $1,011.21.

3. Why, instead of applying the proper monies to escrow from the monthly payment, they went toward that fictitious past due balance. The escrows were removed incorrectly when some of the adjustments were made. This has now been corrected. The July payment will be applied at $1,011.21 with 468.60 being applied to the escrows. All previous payments were applied with escrows.

4. Why my escrow balance does not reflect any tax payments for the second quarter? They are overdue. Tax payments for 2020 were disbursed on 1/15/2020 in the amount of $1,055.87, on 5/1/2020 in the amount of $1,055.87 and on 7/23/2020 in the amount of $1,111.42. The August statement will reflect the third disbursement as it was made after the 7/20/2020 statement was issued.

All of the final adjustments were to be made and completed prior to the issuance of the 08/2020 statement.

With respect to the recording of the orders, it is my understanding that copies of the correct orders have not been received in my office (where I have not been since March). I will follow up with them again tomorrow to confirm that remains the case.

Please confirm that this resolves all of the issues that you raised in your email.

Laura Egerman, Esq.

**Attorney – Bankruptcy**



## RAS Citron, LLC

130 Clinton Road | Lobby B, Suite 202 | Fairfield, NJ | 07004

Telephone: 973.575.0707 **Ext. 1217**

Facsimile: 973.404.8886

**Email:** legerman@rasnj.com

*Please note that after 06/09/2019, my extension will change from 217 to 1217*

Pursuant to the Fair Debt Collection Practices Act, it is required that we state the following to you: "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose."

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz and Schneid, P.L. for damage arising in any way from its use.

**From:** The DeRosa-Ruquet Family [mailto:ddruquet@gmail.com]
**Sent:** Tuesday, July 28, 2020 7:52 AM
**To:** Laura Egerman <legerman@rasnj.com>
**Cc:** David Neeren <dneeren@rasnj.com>; Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>; Christine Kelly <Christine_Kelly@njb.uscourts.gov>
**Subject:** Case No.: 14-17571

This message originated outside of the organization. Use caution when opening attachments, clicking links or responding to requests for information.

Good morning:

[Quoted text hidden]

**The DeRosa-Ruquet Family** <ddruquet@gmail.com>          Mon, Aug 10, 2020 at 7:04 PM
To: Laura Egerman <legerman@rasnj.com>
Cc: David Neeren <dneeren@rasnj.com>, Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>, Christine Kelly <Christine_Kelly@njb.uscourts.gov>

Good evening:

Thank you for your reply and I hope this finds you well.

The only other concern I have is the unsecured loan balance that is showing on the July statmentt in the amount of $63k (approximately.) There is no provision anywhere in any Order that provides for the same.

I did use Bankrate just like Kimberly Hojak instructed me to a few months ago, to amortize out the outstanding principle balance of $70k (approximately) shown on the July statement and I was delighted to see that it is in line with the maturity date of June 2034.

Once I receive the statement printed in and around August 19, 2020, showing the balance due for September 1, 2020, I will be able to assess what changes have been made to the account.

I will say three things:

1. It is a violation of RESPA to hold my payments in escrow for an extended period of time. Your client was holding funds in suspense before the current Orders were issued and at one point had roughly 3 months of payments held in suspense.

2. It is also a violation of the both Chapter 7 and Chapter 13 bankruptcy code to misapply payments. Technically, any payments made directly to a creditor are the property of the estate. The estate is controlled by the Trustee until this case is closed.

As well, this debt has been discharged in the companion case. As such the suspense account, along with the escrow account, should not be comingeling discharged debt with monies that are meant for current debt (ie taxes.)

When you hold the money in the suspense account you are doing this very thing. When you deprive the escrow account you are also doing this very thing. As well, when my taxes are paid late, interest improperly accrues and is added to the discharged debt.

3. Finally, my taxes were recieved from Core Logic by my local tax collector on 07/31/2020. I was under the impression that these payments were made electronically. Perhaps the switch back to Core Logic from Loretta explains the discrepancy between the date you provided and the date my tax collector provided, as the date the taxes were paid. Regardless, they were paid.

Please advise when you have any additional information regarding the filing of the Mod/Orders in Ocean County. Honestly, what confuses me is this: your client was willing to have the Note delivered to your house during the Adversarial proceeding (according you one of your emails), yet you didn't instruct the Clerk to send the certified Orders to your house so you could arrange for a courier service to take them to Ocean County, as I am certain you would have done to have the Note delivered to the Court.

Out of an abundance of caution I will continue to respectfully request that the Court leave my case open until all Orders have been complied with.

Thank you for your time and as always have a great evening.

Regards,
Donna DeRosa Ruquet
[Quoted text hidden]

 **image001.jpg**
3K

---

**The DeRosa-Ruquet Family** <ddruquet@gmail.com>      Tue, Aug 11, 2020 at 6:24 AM
To: Laura Egerman <legerman@rasnj.com>
Cc: David Neeren <dneeren@rasnj.com>, Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>, Christine Kelly <Christine_Kelly@njb.uscourts.gov>

Good morning:

I hope this email finds you well

Please forgive this second email.

Number 2, paragraph 3 should read:

"As well, when my payments are applied late, interest improperly accrues and is added to the discharged debt."

Thank you for your time and as always, have a great day.

Donna DeRosa Ruquet
[Quoted text hidden]