UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Scott Ruquet**
**226 Potters Drive**
**Bayville, NJ 08721**

**FILED**
JEANNE A. NAUGHTON, CLERK

SEP 2 8 2020

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

In Re:
DeRosa-Ruquet *et al.,*

  Debtors

Case No.:        14-175-71-KCF
Chapter:         13

Hearing Date:    September 29, 2020

Judge:           Hon. Kathryn C. Ferguson

**DEBTOR'S RESPONSE TO CREDITOR'S SUPPLMENTAL CERTIFICATION [#264] TO CREDITR'S RESPONSE AND OPPOSTITION [#263] TO DEBTOR'S NOTICE OF MOTION TO ENFORCE ORDER ON MOTION TO ENFORCE MORTGAGE MODIFICATION [#246] ORDER GRANTING MOTION TO AMEND THE COURT'S ORDER ON MOTION TO ENFORCE MORTGAGE MODIFICATION [#253] AND ORDER GRANTING CROSS MOTION [#254]**

Debtor Scott Ruquet files his Response and Opposition to Creditor's Supplemental Certification to Creditor's Response And Opposition To Debtor's Notice Of Motion To Enforce Order On Motion To Enforce Mortgage Modification [#246] Order Granting Motion To Amend The Court's Order On Motion To Enforce Mortgage Modification [#253] And Order Granting Cross Motion [#254] and certifies as follows:

**Response to Paragraph 1, 2 & 3**:

1. Counsel for Creditor (hereinafter "Counsel") states:

    *1.*     **Debtor's Motion appears to, once again, attempt to avoid the Secured Creditor's lien on the basis of standing.**

*and*:

2.      **The issue of standing was addressed at length in Secured Creditor's Cross Motion for Summary Judgment (the "Cross Motion") filed in the Adversary Proceeding (See Adversary Proceeding 19-ap-02175-KCF (the "Adversary Proceeding") at Docket 19). The Cross Motion was granted on April 16, 2020 (See Adversary Proceeding at 21).**

and:

3.      **Standing has been established in the name of Secured Creditor, and Secured Creditor is entitled to enforce the loan.**

2.  The debtor is not attempting to avoid the secured Creditor's Lien, rather the debtor is attempting to enforce the Court's Order #254 which directs the creditor to file a copy of the Modification approved by the Court, with accompanying Orders #246 and #253 which at present they are unable to do. This is because although both the Proof of Claim (8) and Amended Proof of Claim (8-1) were filed under the guise of the secured creditor having a perfected claim and they do not.

3.  The issue of standing was not addressed in the debtor's instant motion in the capacity that counsel outlines in paragraph two (2) and three (3) of her Supplemental Certification but Counsel raised it in her Supplemetnal Certificatin, the debtor will responds in kind. While it is true that the creditor's Cross Motion for Summary Judgment (the "Cross Motion") filed in the Adversary Proceeding (See Adversary Proceeding 19-ap-02175-KCF (the "Adversary Proceeding") at Docket 19) was granted on April 16, 2020 (See Adversary Proceeding at 21) but it was granted without prejudice.

4.  Therefore, res judicata does not apply and does not preclude the Court from addressing Standing in the instant Motion at all. Regardless, the debtor did not file the instant Motion to challenge Standing. He filed the Motion to Enforce the Court's Orders and Standing only became and issue when the Creditor could not comply with the Court's Orders because claimant Nationstar does not have a valid Assignment. Based on the instant Motion and the pleadings that followed, the Creditor has proved all on its own they don't have Standing.

5.  Conversely it would seem that Counsel never had any intention of following the Court's Orders. Instead, she was merely stringing the debtors and the Court's staff along in the hopes that the debtors would "give up" and go with "Orders in hand."

6. Then, when and if title became an issue in Superior Court, Counsel would shout "res judicata" from the rooftops, leaving the debtors to overcome any burden that may rise, and having to explain to the Superior Court Judge why they didn't pursue the matter to completion in bankruptcy court before their case was closed.

**Response to Paragraph Number 5:**

7. The Debtor is not contesting the Assignment. The Clerk of the Superior Court is contesting the Assignment.

**Response to Paragraph Number 6:**

8. The creditor is over 120 days in Contempt of Order #254. Counsel, according to her public facebook posts [Exhibit A] was in her office on August 13, 2020. This tired Covid excuse is long on weakness and short on validity at this point.

**Response to Paragraph Number 7, 8, 9 & 10:**

9. Counsel's claims that:

> **"In order to have the loan paid in full on maturity, after the elimination of the balloon payment, Secured Creditor had to make adjustments within its system to account for this."**
>
> **and:**
>
> **"Secured Creditor has no other way to indicate within its system that the balloon payment is no longer due, and so this amount – which is unsecured and not collectible from the borrower – is noted as an unsecured amount. If and when this case completes through to discharge and closure and is removed from bankruptcy status, that that amount will be removed from the account statement."**

Notwithstanding the fact that the debtors find those two paragraphs to be nothing but a bunch of malarkey, the debtors are not entitled to a discharge under this case and the debt underlying the Modification was discharged in 2011 under the companion Chapter 7 case.

10. The debtor is in receipt of the statement printed on September 18, 2020, [Exhibit B] and despite Counsel's assertions that she told non-borrower debtor Donna DeRosa-Ruquet that all accounting issues would be rectified by the date of this statement they are not. Specifically:

**1. The payment amount is incorrect.**

**2. The unauthorized unsecured cramdown balance still remains.**

**3. Payments are still being held in suspense.**

**4. Attorney's fees are still appearing (page 2.)**

11.   Aside from the payment amount making no sense leaving the debtors feeling very unsettled, debtors wonder what kind of field day the creditor (s) will have on debtor Scott Ruquet's mortgage account once this case is closed and therefore, they pray to this Court for relief.

//Scott Ruquet

September 26, 2020

7:55 AT&T   5Gᴇ 20%

← 🔍 Search

 **Laura Monfried Egerman** •••
is 😊 feeling professional in
**Fairfield, New Jersey**.
Aug 13 at 9:43 AM · 🌐

150 days later... it's like time stood
still in my office (though the
plexiglass dividers in the cube farm
are new).



 36   25 Comments

|||   ◯   ‹

## INFORMATIONAL STATEMENT



PO Box 818060
5801 Postal Road
Cleveland, OH 44181



ılılıtlılılıdıılıilılıılılıdıllılılılılılıtlılıillılılılıllıtl
4603  1 AB 0.419   T23 P2   AUTO   474144.5-NNNN-30440472

SCOTT T RUQUET
226 POTTERS DRIVE
BAYVILLE, NJ 08721

### CONTACT INFORMATION

Customer Service: 877-343-5602
Monday through Friday from 8 a.m. to 5 p.m. (CT)
www.mrcooper.com

| | |
|---|---|
| Statement Date: | 09/18/2020 |
| Loan Number: | 0610524662 |
| Payment Due Date: | 10/01/2020 |
| **Total Payment Amount:** | **$1,925.74** |

Property Address:
621 BAY BLVD
BAYVILLE, NJ 08721

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving these statements, please contact us in writing at the address on the following page.

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $69,321.47 |
| Interest Rate | 3.875% |
| Escrow Balance | $2,050.13 |
| Prepayment Penalty | No |
| Cramdown Unsecured Amount | $61,954.23 |

The Principal Balance does not represent the payoff amount of the account and is not to be used for payoff purposes.

### Explanation of Total Payment Amount (Post Petition Payment)

| | |
|---|---|
| Principal | $318.76 |
| Interest | $223.85 |
| Escrow Amount (for Taxes and Insurance) | $468.60 |
| **Regular Monthly Payment** | **$1,011.21** |
| Total Fees and Charges | $0.00 |
| Past Unpaid amount | $914.53 |
| Partial Payment (Unapplied) | $0.00 |
| **Total Payment Amount** | **$1,925.74** |

The payment amount does not include any amount that was past due before you filed for bankruptcy.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre Petition Arrearage)

This section shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan.
The Trustee is sending us the payments shown here.
These are separate from your regular monthly mortgage payments.

| | |
|---|---|
| Total Due at Filing | $0.00 |
| Amount Applied to Claim Arrears Last Month | $0.00 |
| Total Amount Applied to Claim Arrears | $0.00 |
| Current Balance | $0.00 |

### Past Payments Breakdown

| | Payments Rec'd Since 08/19/2020 | Paid Year to Date |
|---|---|---|
| Principal | $634.44 | $1,636.15 |
| Interest | $450.78 | $3,247.34 |
| Escrow (Taxes & Insurance) | $937.20 | $4,409.64 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,011.21 | $9,293.13 |
| **Total** | **$3,033.63** | **$18,586.26** |

### Transaction Activity (08/19/2020 to 09/18/2020)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 09/17/2020 | Payment | $1,011.21 | $317.73 | $224.88 | $468.60 | |
| 09/17/2020 | Adjustment-Misc Suspense | -$1,011.21 | | | | -$1,011.21 |
| 09/15/2020 | Partial Payment | $1,011.21 | | | | $1,011.21 |
| 08/19/2020 | Payment | $1,011.21 | $316.71 | $225.90 | $468.60 | |

### Important Messages                                     (See Reverse side for Additional Critical Notices)

*Partial Payment (Unapplied) refers to a payment less than your full monthly mortgage loan payment due that was received on your account. These funds are applied to, and held in, a separate non-interest bearing account until the remaining funds are received to make a full monthly mortgage loan payment. In order to apply these funds to the mortgage loan you are required to send us the additional funds sufficient to equal a full monthly mortgage loan payment. The Partial Payment (Unapplied) balance represents the amount of funds being held in a non-interest bearing account as of the date of this statement.*

*While an account is involved in a pending bankruptcy case, Mr. Cooper is unable to offer an automatic payment plan. Once the loan is no longer subject to a bankruptcy proceeding, you may contact Mr. Cooper to set up automatic payments.*

*If you no longer wish to receive a monthly statement, please send a written request to the following address:*

*PO Box 613287 Dallas, TX 75261*

*If you later choose to resume delivery of a monthly statement, you must do so in writing to the same address. Please be aware that we cannot resume delivery of monthly statements if such delivery was halted by an order of the Bankruptcy Court.*

*If your Bankruptcy Plan requires you to send your regular monthly payments to the Trustee, you continue to pay the Trustee per your plan. Please contact your attorney or the Trustee if you have any questions.*

*We have not received all of your mortgage payments due since you filed for bankruptcy.*

*We are in the process of applying the terms of the Order to the Account. Therefore, the information captured in this statement is subject to change.*

*The fees listed herein may not be all recoverable fees disclosed to the Bankruptcy Court. Please refer to the Bankruptcy filing for the complete list of fees and costs.*

*Please contact your attorney or the Trustee with questions regarding the application of payments.*

*The information disclosed on the periodic statement may not include payments you have made to the Trustee and may not be consistent with the Trustee's records.*

---

✂ - - - - - - - - DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY - - - - - - - -

### VOLUNTARY PAYMENT COUPON

www.mrcooper.com

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON

| ACCOUNT NUMBER | TOTAL PAYMENT AMOUNT** |
|---|---|
| 0610524662 | 10/01/2020       $1,925.74 |

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO MR. COOPER*

SCOTT T RUQUET

MR. COOPER
PO BOX 619094
DALLAS, TX 75261-9741

ılıllıılılllılıllılılılııllılılıllıllllılıllılılılıllıllıllılıllıll

| | |
|---|---|
| ADDITIONAL ESCROW | $_____ |
| **ADDITIONAL PRINCIPAL | $_____ |
| **TOTAL AMOUNT OF YOUR CHECK DO NOT SEND CASH** | [_____] |

**All amounts must be paid in full before additional principal can be made

06105246620 000192574   000192574



## INFORMATIONAL STATEMENT

### CONTACT INFORMATION

**Customer Service: 877-343-5602**
Monday through Friday from 8 a.m. to 5 p.m. (CT)
**www.mrcooper.com**

| | |
|---|---|
| Statement Date: | 09/18/2020 |
| Loan Number: | 0610524662 |
| Payment Due Date: | 10/01/2020 |
| **Total Payment Amount:** | **$1,925.74** |

Property Address
621 BAY BLVD
BAYVILLE, NJ 08721

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving these statements, please contact us in writing at the address on the following page.

mr.
cooper
CHANGING THE FACE OF HOME LOANS

PO Box 818060
5801 Postal Road
Cleveland, OH 44181

SCOTT T RUQUET
226 POTTERS DRIVE
BAYVILLE, NJ 08721

### Transaction Activity (08/19/2020 to 09/18/2020) continued from Page 1

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 08/19/2020 | Adjustment-Misc Suspense | -$1,011.21 | | | | -$1,011.21 |
| 08/19/2020 | Legal Fees | $22.00 | | | | $22.00 |

*If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Scott Ruquet**
**226 Potters Drive**
**Bayville, NJ 08721**

DeRosa-Ruquet *et al.*

    Debtors

Case No.:    14-17571-KCF

Chapter:    13

Hearing Date:    _____

Judge:    Hon. Kathryn C. Ferguson

## CERTIFICATION OF SERVICE

1. I, Scott Ruquet:

    am the Debtor in this case and am representing myself.

2. On *September 26, 2020*, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

3. **Response to Opposition/Objection filed by Creditor in response to Debtor's Notice Of Motion To Enforce Order On Motion To Enforce Mortgage Modification [#246] Order Granting Motion To Amend The Court's Order On Motion To Enforce Mortgage Modification [#253] And Order Granting Cross Motion [#254]**

4. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:

    *9/26/20*
    September 26, 2020

    //Scott Ruquet

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| **Jay Bray**<br>Chief Executive Officer at Mr. Cooper<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019 | *Executive Officer* | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/ Return receipt requested<br>☐ Other email<br>(As authorized by the court or rule. Cite the rule if applicable.) |
| **Laura M. Egerman, Esq.**<br>RAS Citron, LLC<br>130 Clinton Road<br>Ste Lobby B, Suite 202<br>Fairfield, NJ 07004<br>973-575-0707<br>bkyecf@rasflaw.com | *Counsel for Creditor* | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/ Return receipt requested<br>☑ Other email<br>(As authorized by the court or rule. Cite the rule if applicable.) |
| **Christian Sewing, CEO**<br>Deutsche Bank<br>60 Wall Street<br>New York, NY 10005 | *Executive Officer* | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/ Return receipt requested<br>☐ Other _____<br>(As authorized by the court or rule. Cite the rule if applicable.) |
| **Elizabeth Wassall, Esq.**<br>Shapiro & DeNardo, LLC<br>14000 Commerce Parkway<br>Mt. Laurel, NJ 08054<br>Suite B<br>856-793-3080 | *Counsel for Creditor* | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/ Return receipt requested<br>☐ Other _____<br>(As authorized by the court or rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/ Return receipt requested<br>☐ Other _____<br>(As authorized by the court or rule. Cite the rule |