Scott Ruquet
226 Potters Drive
Bayville, NJ 08721
732.278.3227
ddruquet@gmail.com

FILED

JEANNE A. NAUGHTON, CLERK

NOV 0 5 2020

U.S. BANKRUPTCY COURT
BY _____ TRENTON, NJ
_____ DEPUTY

Hon. Kathryn Ferguson
Chief Judge
United States Bankruptcy Court
402 East State Street
Trenton, NJ  08602

November 2, 2020

**In re: Case No.: 14-17571**

Your Honor:

Please accept this letter in lieu of a more formal Response to Creditor's Response filed this Monday evening, November 2, 2020 regarding the above referenced matter. I object to what can only be described as another manipulation of the facts and the wishes of the Court on Counsel's part.

The email Counsel includes as Exhibit A was composed by the debtor on October 12, 2020, one day prior to the Court's email of October 13, 2020, but is in keeping with the email from Chambers which states:

> **"Judge Ferguson has reviewed the request for additional time to comply with this court's order submitted by Ms. Egerman [Doc 269] as well as the response to that request submitted by the Debtors. At this time, the court is unwilling to enter corrective orders. The court is holding Nationstar's counsel to the statement made in her Supplemental Response to Motion to Enforce Mortgage Modification [Doc 264] at paragraph 6.**
>
> **6. With respect to the recordation of the Orders, the undersigned acknowledges that certain issues arose within our office that prevented the timely recording of the Orders with the Ocean County Clerk. The firm is in the process of fixing these issues, and it is expected that the Orders will be recorded shortly with any appropriate Assignments of Mortgage, if same are necessary.**
>
> **If, after any required Assignments of Mortgage are filed with the Ocean County Clerk, there is a separate issue preventing these orders from being recorded by Nationstar then the court will address that at that time. Because**

**part of the problem with recording the orders was due to how they were certified by the Bankruptcy Court Clerk's Office, the court will grant a brief extension until October 23rd for filing the documents.**

The document that Counsel submitted as Exhibit B states that only that the Mortgage Modification was rejected because there is no book and page. The document submitted by Counsel as Exhibit C and signed by Phyliss Martino who is the Ocean County Document Receptionist states that:

**"Book & Page must be set out on order and not just cover sheet. As per our conversation the other documents we would not record. Please relook over your recording fees."**

Notwithstanding the very language in that sentence is nothing short of cryptic, Phyliss Martino was not informed that there was a discrepancy with the recorded Assignment; specifically that Nationstar Mortgage is not the lender of record. She told me this when I spoke with her the last time Counsel chose to contact someone other than Doreen Sharo, the Supervisor in the Recording Room and the individual who composed the email that Court relied on in the instant Motion. Ms. Sharo is well informed regarding the discrepancy with Assignments, specifically: Nationstar Mortgage is not the lender of record and therefore the Modification and any corresponding Orders will not be accepted until a valid Assignment is filed. Ms. Martino had no idea that Nationstar Mortgage is not the lender of record because it is not her job to record the documents. She receives them, performs a preliminary check and pass them along. If they get kicked back, they go back to her so she can send them back to the filer, in this case, Counsel for Interested Party Deutsche Bank.

This latest 'Response" submitted by Counsel is yet another attempt at circumventing the Orders and wishes of this Court. At present there has been no valid Assignment filed. Without a valid Assignment the Modification and the Orders of the Court do not reflect the Lender of Record. How many times is Counsel going to try for another bite at the apple before another Sanction is considered? How many times is Counsel going to lie to the Court before the Trustee has no other choice but to consider a censure and or suspension of her license? If Counsel is unable to abide by the cannon of ethics that govern the Oath she took to serve as an Officer of the Court, why is she at the bar? She obviously has no respect for the institution of law rather she will lie, cheat and "steal" to "win" at the expense of both the integrity of the Court and well being of the debtor.

It is for the above reasons that debtor Scott Ruquet Objects to Counsel for the interested party who is not the secured creditor, Deutsche Bank.

Respectfully Submitted,

Scott Ruquet