UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Scott Ruquet**
**226 Potters Drive**
**Bayville, NJ 08721**

FILED
JEANNE A. NAUGHTON, CLERK

DEC 0 8 2020

U.S. BANKRUPTCY COURT
BY _____ TRENTON, NJ
_____DEPUTY

| | |
|---|---|
| In Re: | Case No.:   14-175-71-KCF |
| DeRosa-Ruquet *et al.*, | Chapter:   13 |
| Debtors | Hearing Date:   December 15, 2020 |
| | Judge:   Hon. Kathryn C. Ferguson |

## DEBTOR'S RESPONSE TO THE SUPPLEMENTAL CERTIFICATION REGARDING COMPLIANCE WITH ORDER GRANTING MOTION TO ENOFRCE FILED BY LAURA M. EGERMAN ESQ. [#277]

Debtor Scott Ruquet, of full age Certifies as follows:

1.    Laura Egerman Esq. was terminated from this case on November 3, 2020, and replaced by General Counsel for RAS Citron, David Neeren, Esq. [#272] As Ms. Egerman is no longer the attorney of record, her Supplemental Certification is somewhat suspect and, at the very least, vexatious in nature given its repetativeness. Although filed by Mr. Neeren, perhaps this all just a game of smoke and mirrors. With this in in mind, debtor Scott Ruquet feels that the Supplemental Certification filed by Ms. Egerman should be disregarded in its entirety.

2.    If, however, the Court considers Ms. Egerman's Supplemental Certification debtor Scott Ruquet feels it necessary to clarify the truth that Ms. Egerman has tried so hard to twist and turn and contextualize to her advantage.

3.    As an aside the purpose of this Supplemental Certification purports to "update" the Court, however there is no "update", rather just Ms. Egerman's repetitive assertions that the reason her client has been unable to comply with the controlling Order [#267] is because debtor Scott Ruquet has been uncooperative and so has the Court.

4. Specifically, Ms. Egerman states in pargraph five (5):

"As set forth in the Supplemental Certification, Debtor Scott Ruquet has indicated an unwillingness to cooperate in the recording of the 2016 Loan Modification Agreement (hereinafter the "Loan Mod"). See Supplemental Certification at ¶3 and at Exhibit A."

5. Ms. Egerman again relies on an email debtor Scott Ruquet sent to Scott Cupiak Esq., a manager in the Bankruptcy Department for RAS Citron located in Duluth Georgia. Notwithstanding debtor Scott Ruquet has no idea who Scott Cupiak is, what his relation is to this case (if any) or why Scott Cupiak (who is not licensed to practice law in the State of New Jersey) would even contact him, debtor Scott Ruquet responded to an email he received from Mr. Cupiak on October 12, 2020, [Exhibit A] which states, in part:

"We would ask your authorization for us to complete that section of the modification so that it reads:

"This Loan Modification agreement ("Agreement"), made this 19[th] day of October, 2016, between Scott Ruquet ("Borrower") and Nationstar Mortgage, LLC, whose address is 8950 Cypress Waters Blvd., Coppell, TX 75019 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated March 12,2004 and recorded in Book/Liber N/A OR-11959, Page N/A 1815, Instrument No: N/A 2004054389 of the Official Records of Ocean County, NJ and (2) the Note, bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 621 Bay Blvd, Bayville, NJ 08721, the real property described being set forth as follows:"

5. To this email, debtor Scott Ruquet responded, in part on October 12, 2020, by saying:

"I honestly don't feel comfortable agreeing to anything or committing to anything until Nationstar has a clear chain of title. I am not trying to be difficult or give you a hard time. I am just hesitant because you know, once bitten twice shy. Specifically you mention getting the Modification filed but make no mention of the

Orders of the Court. In light of the additional papers that were filed on Friday I would respectfully decline your request until Nationstar has a clear Assignment. If, on the Hearing date the only document that needs to be filed is the original Mod because I did not provide authorization, I will gladly accept responsibility. [Exhibit B]

6.  This hardly sounds like an "unwillingness to cooperate" on the part of debtor Scott Ruquet's part. Rather, it sounds like the words of a cautious man. Apparently, Mr. Cupiak felt the same way because debtor Scott Ruquet received a reply email from Mr. Cupiak [Exhibit C] which states in part:

> "I understand your reluctance to give your consent under the circumstances here, and I thank you for your courteous, thoughtful reply. I don't know where exactly that leaves us with respect to getting the loan modification recorded – we may try again to get it recorded as is after the court orders have been recorded."

Clearly, Mr. Cupiak did not view debtor Scott Ruquet's response as an "unwillingness to cooperate", nor did he disparage debtor Scott Ruquet's position; to the contrary, he stated he understood it.

6.  Apparently debtor Scott Ruquet's caution was well placed because on October 13, 2020, debtor Scott Ruquet and Ms. Egerman received an email from Christy McDonald, law Clerk to the Hon. Kathleen Ferguson, stating:

> "Judge Ferguson has reviewed the request for additional time to comply with this court's order submitted by Ms. Egerman [Doc 269] as well as the response to that request submitted by the Debtors. At this time, the court is unwilling to enter corrective orders. The court is holding Nationstar's counsel to the statement made in her Supplemental Response to Motion to Enforce Mortgage Modification [Doc 264] at paragraph 6.

> 6. With respect to the recordation of the Orders, the undersigned acknowledges that certain issues arose within our office that prevented the timely recording of the Orders with the Ocean County Clerk. The firm is in the process of fixing these issues, and it is expected that the Orders will be recorded shortly with any appropriate Assignments of Mortgage, if same are necessary.

> If, after any required Assignments of Mortgage are filed with the Ocean County

Nationstar then the court will address that at that time. Because part of the problem with recording the orders was due to how they were certified by the Bankruptcy Court Clerk's Office, the court will grant a brief extension until October 23rd for filing the documents." [Exhibit D]

8.    Clearly, Ms. Egerman is up to her old tricks as she continually tries to misrepresent the facts to this case to the Court. Her statements about debtor Scott Ruquet were made with prior knowledge that they were misleading, thus making her deceit intentional, and further, were purposefully meant to prejudice this Court. Lying by omission counts. Omitting Mr. Cupiaks response because it did not fit Ms. Egerman's narrative is yet another attempt at deceiving this Court. Her lack of professional conduct knows no bounds as she continually attempts to commit fraud on this Court by purposefully misrepresenting the facts. Perhaps Ms. Egerman has forgotten that standing at this Bar as an Officer of this Court is an honor and a privilege, not a right; that this honor and this privilege do not come without responsibility to this Court, first and foremost.

9.    In paragraph eight of her Supplemental Certification  Ms. Egerman, again relying on two vague documents goes on to state:

"It is noted that neither the Loan Modification nor the Certified Orders was rejected for filing because of an alleged issue with an Assignment of Mortgage."

10.    It is as if Ms. Egerman has never laid eyes on the email received by debtor Scott Ruquet from Doreen Sharo, Supervisor of the Mortgage/Scanning Room, Clerk of Court, County of Ocean, on August 25, 2020, the very same email relied upon by this Court when ruling on September 29, 2020, and the very same email that served as the basis for, and was submitted with, debtor Scott Ruquet's instant Motion that states:

"I am writing this email to you to explain why the Order to Enforce a Mortgage Modification and the order to Amend the Modification cannot be recorded. First, both orders must recite the Mortgage book and page of the Mortgage that is being modified. The Mortgage Modification order is referencing an incorrect lender. The current record lender is Deutsche Bank National Trust Co. The Assignment that was sent in for recording to Nationstar is marked in error in our system as the wrong assignor. Therefore, the Mortgage Modification order must reference Deutsche bank or an assignment from Deutsche bank to Nationstar must be recorded. In either case both documents must reference the same and correct lender." [E]

11.     Try as she may to create a narrative that fits her agenda, Ms. Egerman has again attempted to circumvent the Orders of this Court by clouding the issues at hand, especially since this email was forwarded to her by debtor Scott Ruquet at the same time it was forwarded to Chambers.

A

A

 Gmail

The DeRosa-Ruquet Family <ddruquet@gmail.com>

## RASC 18-196067/Ruquet/NJ BK 14-17571

9 messages

**Scott Ciupak** <sciupak@rascrane.com>                                    Mon, Oct 12, 2020 at 12:23 PM
To: "ddruquet@gmail.com" <ddruquet@gmail.com>
Cc: Laura Egerman <legerman@rasnj.com>

Attn: Scott Ruquet

Mr. Ruquet,

Our firm is preparing to record the attached loan modification agreement approved by the Court in this case, pursuant to the Court's order entered on September 29, 2020 (doc 267).  However, the Ocean County clerk is advising us that they will not accept the loan modification agreement without the recording info from the mortgage and the book and page number in the first paragraph being filled in.

We would ask your authorization for us to complete that section of the modification so that it reads:

"This Loan Modification agreement ("Agreement"), made this 19th day of October, 2016, between Scott Ruquet ("Borrower") and Nationstar Mortgage, LLC, whose address is 8950 Cypress Waters Blvd., Coppell, TX 75019 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated March 12,2004 and recorded in Book/Liber N/A OR-11959, Page N/A 1815, Instrument No: N/A 2004054389 of the Official Records of Ocean County, NJ and (2) the Note, bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 621 Bay Blvd, Bayville, NJ 08721, the real property described being set forth as follows:"

If you will authorize us to submit the court approved modification with the additions highlighted in yellow above, that will allow us to get the modification recorded with the Ocean County clerk as ordered by the bankruptcy court.  **Please send us that authorization by reply to all email.**  We will send you a copy of the recorded modification once it has been recorded, for your records.

We share your frustration with the difficulty we are having in getting these documents recorded as ordered by the bankruptcy court.  We want to get these documents recorded as much as you do, and we appreciate your cooperation in meeting the requirements of the Ocean County clerk to overcome these obstacles.

Thank you,

**Scott P. Ciupak**

Managing Attorney – Bankruptcy Litigation

Robertson, Anschutz, Schneid & Crane LLC

B

B

 Gmail

The DeRosa-Ruquet Family <ddruquet@gmail.com>

## RASC 18-196067/Ruquet/NJ BK 14-17571

**The DeRosa-Ruquet Family** <ddruquet@gmail.com>                    Mon, Oct 12, 2020 at 3:28 PM
To: Scott Ciupak <sciupak@rascrane.com>
Cc: Laura Egerman <legerman@rasnj.com>

Good afternoon:

I hope this email finds you well. If I understand correctly, you wish to record the Mortgage Modification with the proper book and page number inserted in the blanks in paragraph 1 of page 1.

My question is how will the county clerk treat the Modification as it does not relate to the lender of record. The Lender of record is Duetsche Bank. The county clerk has indicated that in addition to the book and page number, the correct lender must be referenced. Will a corrective Assignment be filed?

I honestly don't feel comfortable agreeing to anything or committing to anything until Nationstar has a clear chain of title.

I am not trying to be difficult or give you a hard time. I am just hesitant because you know, once bitten twice shy. Specifically you mention getting the Modification filed but make no mention of the Orders. The Modification as written does not provide for the relief afforded in the Orders of the Court.

In light of the additional papers that were filed on Friday I would respectfully decline your request until Nationstar has a clear Assignment.

If, on the Hearing date the only document that needs to be filed is the original Mod because I did not provide authorization, I will gladly accept responsibility.

As an aside, I'm not sure you need me to authorize any type of book and page number insertion on an existing Modification.

If I can be of any further assistance please let me know and thank you for your help in trying to get this cleared up.

Regards,
Scott Ruquet

[Quoted text hidden]



**image001.jpg**
7K

C

C

 Gmail

The DeRosa-Ruquet Family <ddruquet@gmail.com>

## RASC 18-196067/Ruquet/NJ BK 14-17571

**Scott Ciupak** <sciupak@rascrane.com>                              Mon, Oct 12, 2020 at 3:47 PM
To: The DeRosa-Ruquet Family <ddruquet@gmail.com>
Cc: Laura Egerman <legerman@rasnj.com>

Mr. Ruquet,

I understand your reluctance to give your consent under the circumstances here, and I thank you for your courteous, thoughtful reply.  I don't know where exactly that leaves us with respect to getting the loan modification recorded – we may try again to get it recorded as is after the court orders have been recorded.

As to your question of what documents we are looking to record, we are indeed attempting to comply with everything that the court has ordered in this case (including getting the orders recorded as the court ordered in doc 267).  I do believe that both "sides" here simply want to bring this matter and the case to conclusion, while concurrently providing you with the assurance you are seeking that the court approved modification (and all other related orders) is in fact being fully recognized, both now and after the BK case is concluded.

I know we have another hearing set for 12/15/20 at 10a.  I do not know if the court will reset that for an earlier date given our Response filed 10/09/20 at doc 269 and the letter you have submitted to the court.  If we do not get everything addressed before that date, perhaps we will be in place where we can present a united request to the court to ensure that the orders the court has issued (and the loan modification) will be accepted by the Ocean County clerk for recording.

Please do continue to work with Ms. Egerman, as she is the attorney assigned to this matter.  I am confident that she shares our desire to simply get this matter fully and fairly resolved, so that you (and your wife) can finally put this bankruptcy behind you, and begin the fresh, clean start you have sought in the BK.

Thank you,

**Scott P. Ciupak**

Managing Attorney – Bankruptcy Litigation

Robertson, Anschutz, Schneid & Crane LLC

10700 Abbott's Bridge Rd., Suite 170

Duluth, GA 30097

Office: (817) 873-3080 x 164

D

D

 Gmail

The DeRosa-Ruquet Family <ddruquet@gmail.com>

## Ruquet 14-17541

2 messages

**Christy McDonald** <Christy_McDonald@njb.uscourts.gov>                     Tue, Oct 13, 2020 at 4:14 PM
To: Laura Egerman <legerman@rasnj.com>, "ddruquet@gmail.com" <ddruquet@gmail.com>
Cc: Dana Muccie <dana_muccie@njb.uscourts.gov>, Geraldine Holley-Mack <Geraldine_Holley-Mack@njb.uscourts.gov>,
Christine Kelly <Christine_Kelly@njb.uscourts.gov>

Judge Ferguson has reviewed the request for additional time to comply with this court's order submitted by Ms. Egerman
[Doc 269] as well as the response to that request submitted by the Debtors. At this time, the court is unwilling to enter
corrective orders. The court is holding Nationstar's counsel to the statement made in her Supplemental Response to Motion
to Enforce Mortgage Modification [Doc 264] at paragraph 6.

6. With respect to the recordation of the Orders, the undersigned acknowledges that certain issues arose within our office that
prevented the timely recording of the Orders with the Ocean County Clerk. The firm is in the process of fixing these issues, and it is
expected that the Orders will be recorded shortly with any appropriate Assignments of Mortgage, if same are necessary.

If, after any required Assignments of Mortgage are filed with the Ocean County Clerk, there is a separate issue preventing
these orders from being recorded by Nationstar then the court will address that at that time. Because part of the problem
with recording the orders was due to how they were certified by the Bankruptcy Court Clerk's Office, the court will grant a
brief extension until October 23rd for filing the documents.

Christy E. McDonald, Esq.
Career Law Clerk for
Hon. Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fisher Federal Bldg and U.S. Courthouse
402 East State Street
Trenton, NJ 08608-1507



E

E

 Gmail

**The DeRosa-Ruquet Family <ddruquet@gmail.com>**

---

## Mortgage Mod

7 messages

---

**Sharo, Doreen** <DSharo@co.ocean.nj.us>                                    Tue, Aug 25, 2020 at 12:01 PM
To: "ddruquet@gmail.com" <ddruquet@gmail.com>

Hello Donna,

I am writing this email to you to explain why the Order to Enforce a Mortgage Modification and the order to Amend the Modification cannot be recorded. First, both orders must recite the Mortgage book and page of the Mortgage that is being modified. The Mortgage Modification order is referencing an incorrect lender. The current record lender is Deutsche Bank National Trust Co. The Assignment that was sent in for recording to Nationstar is marked in error in our system as the wrong assignor. Therefore, the Mortgage Modification order must reference Deutsche bank or an assignment from Deutsche bank to Nationstar must be recorded. In either case both documents must reference the same and correct lender.

Best Regards,

**Doreen Sharo**

**Ocean County Clerk's Office**

**Mortgage/Scanning Room Supervisor**

**732-929-4776**

**Fax-732-349-4336**

---

**The DeRosa-Ruquet Family** <ddruquet@gmail.com>                              Tue, Aug 25, 2020 at 2:33 PM
To: Laura Egerman <legerman@rasnj.com>, David Neeren <dneeren@rasnj.com>
Cc: Chambers_of KCF <chambers_of_kcf@njb.uscourts.gov>, Christine Kelly <Christine_Kelly@njb.uscourts.gov>

Good afternoon:

I hope this email finds you well. I am forwarding the email I received today from the County Clerk, Ocean. In attempt to put this matter to rest, I emailed the Clerk copies of the Orders that your client was ordered to file, along with a copy of the Modification.

Almost two years ago and many times thereafter, we offered to consent to having the stay lifted so your client (s) could clear up the clouds created by the invalid Assignment made to Nationstar, and your client (s) declined.

We are now offering you the same courtesy. If your client (s) do not clear the title issue outlined in the forwarded email, the Modification itself is non existent as written where it matters most: the County Clerk's office. That would render the Court's Orders useless and seriously: what a waste of everyone's time and how disrespectful is that to the Court?

Additionally, the statement I received for the September payment does not reflect the proper amount due and still reflects an unsecured cramdown amount. Nowhere does the Order Enforcing the Mortgage Modification allow for any such cram down. I addressed this in a prior email to which I received no response.

With these things in mind a hearing date of has been set down for September 29, 2020 at 10:00am.