| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **Robertson, Anschutz, Schneid, Crane &**<br>**Partners, PLLC**<br>133 Gaither Drive, Suite F<br>Mt. Laurel, NJ 08054<br>Phone: 855-225-6906 Ext. 1304<br>Fax: 866-381-9549<br>Attorneys for Secured Creditor<br><br>David Neeren, Esq. (Bar ID: 009662007) | |
| In Re:<br><br>SCOTT RUQUET and<br>DONNA DEROSA-RUQUET,<br><br>            Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13<br><br>Hearing Date:  January 26, 2021<br><br>Judge:  Kathryn C. Ferguson |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER DATED DECEMBER 22, 2020

### I.    INTRODUCTION AND FACTUAL AND PROCEDURAL HISTORY

Movant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "Secured Creditor" or "Deutsche") and its mortgage loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper (hereinafter "Servicer" or "Nationstar"), incorporates all of the facts, exhibits, and definitions set forth in the accompanying Certification of David Neeren, Esquire (hereinafter the "Neeren Certification") and Certification of Kathy Winchester (hereinafter "Winchester Certification"), which are being contemporaneously filed.

This Court's Order entered December 22, 2020 provides, in relevant part, that "[I]f full compliance with this Order is not possible within the timeframe provided, it is Nationstar's burden to come before this court to seek relief from  this Order accompanied by persuasive evidence that compliance is impossible."   Through this motion, Nationstar seeks relief from the two (2) requirements in the Order that a valid Assignment of Mortgage be executed from Deutsche to

Nationstar and for Nationstar to issue payment statements in compliance with prior Court Orders, and to the extent applicable, further seeks relief pursuant to Federal Rules of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024.

In short, it is impossible for Nationstar to record the documents as is, to execute a valid assignment of mortgage into an entity that does not own the mortgage and to eliminate the mechanism set forth on the payment statements which cause absolutely no prejudice to the debtors.

## II.      QUESTION PRESENTED

**1.  Whether relief from the Order Dated December 22, 2020 is Appropriate and Due to Mistake under Rule 60?**

**Suggested Answer: In the affirmative.**

## III.     LEGAL ARGUMENT

"The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration." Morton v. Fauver, 2011 WL 2975532, at *1 (citing United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999)). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under [Rule] 59(e), or as a motion for relief from judgment or order under [Rule] 60(b). " Id.  In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. Id. (citing Bowers, 130 F. Supp. 2d at 612). Local Civil Rule 7.1(i) provides that a party seeking reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."

Rule 60 of the Federal Rules of Civil Procedure allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," Gonzalez v. Crosby, 545 U.S. 524, 528 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991); see also Kock v. Gov't of the V.I., 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition[ ] that the finality of judgments is a sound principle that should not

lightly be cast aside"). A Rule 60(b) motion "may not be used as a substitute for appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion." Holland v. Holt, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. Id. Reconsideration is an extraordinary remedy that is rarely granted. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 506–07 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. Id. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See* Bowers, 130 F. Supp. 2d at 612–13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See* Interfaith Cmty. Org., 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." Id. (quoting Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Here, the Court's December 22, 2020 Order specifically invites the relief sought by the instant motion, however, relief is still warranted under the applicable rules since the extraordinary mistake in requiring that Deutsche convey the Mortgage to Nationstar must be addressed. As set forth in the accompanying Neeren Certification, the presumed sources of Debtors' argument that Nationstar and not Deutsche is the lender is contrary to the law of the case, and through the pleadings, motions, papers and otherwise that Deutsche, and not Nationstar is the owner of the subject mortgage. It is without dispute that the Unchained BOA AOM exists and that the effective loan modification provide that Nationstar is the lender. However, as set forth in the Neeren Certification, there is no question that this Court approved the loan modification and that it is valid and enforceable between the parties.

As set forth in detail in both the Neeren Certification and the Winchester Certification, Nationstar in its capacity as servicer was authorized to enter into the loan modification on behalf of Deutsche, the terms of the loan modification are effective and acknowledged in its systems, and the parties have been performing in accordance with the terms of the loan modification. Under the December 22, 2020 Order, the Court is requiring that Deutsche provide Nationstar with a valid Assignment of Mortgage. This is impossible, however, because Nationstar does not own the

mortgage; likewise, Nationstar cannot assign a mortgage to itself that is owned by another entity for which it services.  As has been established throughout the course of this case, Deutsche is the owner of the note and the holder of the Mortgage.  Thus, it is an extraordinary mistake of fact for this Court to find, contrary to all of the prior findings and evidence that has been presented, that Nationstar is the lender.  Further, it is impossible for Nationstar to assign itself the Mortgage since, as Ms. Winchester certified, it is not permitted to assign itself Deutsche's mortgage as the mortgage loan servicer.

Relief per the December 22, 2020 Order is required since it is impossible for Nationstar to remove the application of payments from suspense while the case is in active bankruptcy.  Ms. Winchester's Certification clearly sets forth the reasons why such a requirement is not only impossible, but results in absolutely no prejudice to the Debtors.  The payment statements reflect the terms of the loan modification and the payment is deemed effective on the date it is actually received by Nationstar, and not when it travels through the transparency requirements promulgated by federal authority.  Since any payment received by Nationstar while the  bankruptcy is active is deemed effective on the date it is actually received, and not the date marked as "Payment" on the statement of account once it is fully accounted, there is absolutely no prejudice regarding the payment statements as is.

## IV.    CONCLUSION

For all of the foregoing reasons, Nationstar respectfully requests that this Honorable Court grant relief per the terms of the December 22, 2020 Order since it is impossible for Nationstar to (i) record the Orders and loan modification as is; (ii) to execute a valid Assignment of Mortgage from Deutsche to Nationstar; and, (iii) to circumvent the accounting procedures detailed on the payment statements as required by the Court.

Dated: January 19, 2021

Robertson, Anschutz, Schneid, Crane
& Partners, PLLC
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054
Telephone: 855-225-6906 Ext. 1304
Facsimile:  866-381-9549

/s/ David Neeren

David Neeren, Esq.
Bar ID:  009662007
Email: dneeren@raslg.com