| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **Robertson, Anschutz, Schneid, Crane &**<br>**Partners, PLLC**<br>133 Gaither Drive, Suite F<br>Mt. Laurel, NJ 08054<br>Phone: 855-225-6906 Ext. 1304<br>Fax: 866-381-9549<br>Attorneys for Secured Creditor<br><br>David Neeren, Esq. (Bar ID: 009662007) | |
| In Re:<br><br>SCOTT RUQUET and<br>DONNA DEROSA-RUQUET,<br><br>               Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13<br><br>Hearing Date:  January 26, 2021<br><br>Judge:  Kathryn C. Ferguson |

### CERTIFICATION OF DAVID NEEREN, ESQ. IN SUPPORT OF MOTION TO AMEND ORDER AND/OR TO SEEK RELIEF PER ORDER DATED DECEMBER 22, 2020 [DOC 282]

David Neeren, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and serve as General Counsel, PA/NJ, with the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, counsel to movant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "Secured Creditor" or "Deutsche") and its mortgage loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper (hereinafter "Servicer" or "Nationstar").  As such, I am familiar with the facts set forth herein.

2. I submit this certification in support of Nationstar's *Motion to Amend Order And/Or to Seek Relief Per Order Dated December 22, 2020* pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, and the express terms of the Order dated December 22, 2020 [Doc 282] (the "Motion").

3.      Nationstar is a national residential mortgage loan servicer based in Dallas, Texas, which, per its website, services a portfolio of more than 3.4 million loans, including the subject mortgage loan.

4.      On March 5, 2004, Debtor Scott T. Ruquet (hereinafter "STR") executed and delivered a Note in the principal amount of $140,800.00 in favor of First National Bank of Arizona (hereinafter the "**Note**").  A true and correct copy of the Note is attached hereto as **Exhibit A[1]**.

5.      To secure repayment of the Note, STR executed a mortgage in favor of MERS as Nominee for First National Bank of Arizona (the "Original Mortgagee"), which mortgage was recorded on March 12, 2004 in OR Book 11959, Page 1815, in the Office of the Clerk/Register of Deeds for Monmouth County, New Jersey (the "**Mortgage**").  A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

6.      The Mortgage was a purchase money mortgage secured by Debtors' real property located at 621 Bay Boulevard, Bayville, New Jersey (the "Property").  Pursuant to recent, unsworn statements made by Debtor Donna DeRosa-Ruquet (hereinafter "DDR"), the Property is not the primary residence of either STR or DDR; rather, it is intended to operate as an income producing rental property or otherwise used to produce value to the Debtors other than as their primary residence.

7.      That the Property is not the principal residence of either Debtor is further underscored by Debtors' Schedule G, which notes a "Rental Lease –residential; Debtor income source" (See Docket 20, at Page 16) and Debtors' Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income wherein Debtors state, in Section 9, that they earn $850.00 per month in rental income concerning the Property *(See Docket 20, at Page 24)*.

8.      It is therefore reasonable to conclude that Debtors utilized the proceeds of the Note, the repayment of which was secured by the Mortgage, to purchase an income property.

9.      The **Mortgage was assigned by MERS as Nominee for First National Bank of Arizona to Deutsche** by Assignment of Mortgage dated May 25, 2012 and recorded May 31, 2012 in OR Book 15213, Page 1203 in the Office of the Clerk/Register of Deeds for Monmouth County,

---

[1] All of the exhibits have been redacted to exclude all of the personal identifying information per Court Rules.

New Jersey (the "**Valid Deutsche AOM**").  Emphasis supplied.  A true and correct copy of the Valid Deutsche AOM is attached hereto as **Exhibit C.**

10.    Approximately one (1) year later, for reasons unknown to the undersigned, the Mortgage was assigned by Bank of America to Nationstar Mortgage, LLC by Assignment of Mortgage dated September 23, 2013 and recorded October 7, 2013 in OR Book 15656, Page 1342 in the Office of the Clerk/Register of Deeds for Monmouth County, New Jersey (the "**Unchained BOA AOM**").  A true and correct copy of the Unchained BOA AOM is attached hereto as **Exhibit D**.

**A.  IT IS A MISTAKE OF LAW AND FACT FOR THIS COURT TO FIND THAT NATIONSTAR, AND NOT DEUTSCHE, IS THE HOLDER OF THE NOTE AND MORTGAGE AND REQUIRE THAT A LENDER ASSIGN/CONVEY PROPERTY TO A THIRD PARTY WHICH THAT THIRD PARTY DOES NOT OWN.**

11.    Upon information and belief, the Unchained BOA AOM is one of the two (2) root causes [the other loan modification issue to be addressed, *supra*] for the Debtors' gross and repeated misunderstanding[2] which flies in the face of all of the prior substantive findings of this Court, to persevere in suggesting that that Nationstar, and not Deutsche, is the owner of the Mortgage and is entitled to a conveyance of Deutsche's interest in the Mortgage and Note.

12.    The Unchained BOA AOM is out of the chain of title since the Valid Deutsche AOM was of record and the Unchained BOA AOM is neither from the Original Mortgagee (BOA is the successor to Original Mortgagee)  nor Deutsche.  A recently obtained Foreclosure Search Report with an effective date of December 30, 2020 (hereinafter the "**Title Report**") unequivocally shows that the Unchained BOA AOM is invalid due to incorrect assignor.  A true and correct copy of the Title Report is attached as **Exhibit E**.

---

[2] Apparently, Mrs. Ruquet's "convincing" evidence to the contrary is a conversation premised upon hearsay from an employee of the Ocean County Clerk's Office who apparently gave factually accurate but legally insignificant advice, that in order for Nationstar to be the owner of the mortgage, an Assignment of Mortgage from Deutsche to Nationstar was required.  Outrageously, this Court further compounded this gross misunderstanding by noting on the record that an intentional tort may have been committed by Nationstar!  Hopefully, this inappropriate note on the record can be addressed.

13.     The undersigned recalls referencing this Unchained BOA AOM as a matter of routine "housekeeping" during prior argument, which, unfortunately and admittedly, is a fairly common discovery when a mortgage foreclosure action is referred to default foreclosure counsel.

14.     There should be absolutely no question that Deutsche, *and not Nationstar*, is the holder of the Mortgage, by the law of the case, the pleadings of record, and the land records

15.     Further, Nationstar, as stated repeatedly and found consistently by this Court through the course of these proceedings, both through court submissions and oral argument, is the *servicer* and not the holder or lender of the subject Note or Mortgage.  Deutsche was, and always has been for all relevant times hereto, the holder of the Note and Mortgage.  The below is just a sample of filed documents and holdings of this Court which conclusively establishes that Deutsche, and not Nationstar, is the owner and holder of the Mortgage and that the most current Loan Modification is valid and enforceable:

* Proof of Claim 8-1 was filed on June 23, 2014 (the "**POC**"), after the recording of the Unchained BOA AOM, and clearly names Deutsche as the Creditor, and Nationstar as its servicer. A true and correct copy of the POC is attached hereto as **Exhibit F**.

* Debtors filed a *Motion to Disallow Nationstar Mortgage LLC Claim No. 8-1 Pursuant to Rule 3001(d) to Void the Lien on the Real Property Known as 621 Bay Bouldward, Bayville, NJ 08721 Pusuant to 11 U.S.C. 502 as Valued at Zero Dollars and Void Pursuant to U.S.C.* 506d (the "**Motion to Disallow**") on the flawed misunderstanding that Nationstar, and not Deutsche, was the proper creditor.  A true and correct copy of the Motion to Disallow is attached hereto as **Exhibit G**.

* After response, numerous additional filings, and argument thereon, the Motion to Disallow was denied by Order dated April 2, 2019 (Docket 168).

* On August 6, 2019, Deutsche, through its servicer, Nationstar, filed a Motion to Approve a Loan Modification (the "**Motion to Approve**") concerning the subject Mortgage and Note.  A true and correct copy of the Motion to Approve is attached hereto as **Exhibit H.**

\*   Over opposition filed by the Debtors, again raising the issue of the true owner of the Note, this Court entered an Order Approving Loan Modification (the "**Loan Mod Order**") dated September 23, 2019.  In pertinent part, the Loan Mod Order, a true and correct copy of which is attached as **Exhibit I** hereto, states:  "THIS MATTER having been brought to the Court on the motion of Laura M. Egerman, Esq., on behalf of *DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 seeking an Order Authorizing Entry of a FINAL Loan Modification Agreemen*t with Debtor Scott Ruquet, only, concerning a mortgage on real property referenced on the loan modification attached to movant's motion, and the Court having considered the submissions; and the parties having been given timely notice; and for good cause shown: 1. IT IS ORDERED Debtor Scott Ruquet is granted approval to enter into a final loan modification. . .." <u>Emphasis supplied</u>.  Thus, this Court specifically held that Deutsche and STR could enter into the Loan Modification Agreement which listed Nationstar as the lender, as the authorized servicing agent for Deutsche.

\*   Following the entry of the Loan Mod Order, Deutsche filed an Amended Proof of Claim on September 30, 2019 as Claim 8-2 (hereinafter the "**APOC**").  The APOC clearly names Deutsche as the Creditor, and Nationstar as its servicer. A true and correct copy of the APOC is attached hereto as **Exhibit J**.

\*   Debtors nonetheless persisted in their quest to avoid their well-established obligation when, on October 7, 2019, they filed an Objection to Amended Proof of Claim 8-2 (Docket 196) (the "**APOC Objection**") premised again on the flawed belief that Nationstar and not Deutsche was the owner of the Note.  A true and correct copy of the APOC Objection is attached hereto as **Exhibit K**.

\*   Deutsche responded to the APOC Objection, again asserting itself as the holder/owner of the subject Loan, and on November 12, 2019, this Court

overruled the objection, again validating the APOC and Deutsche's status as holder/owner of the Note[3].

\* On October 7, 2019, in further pursuit of their expedition to obtain a free investment property and to undermine the established fact that Deutsche is in fact the holder of the Note and Mortgage, Debtors filed an adversary proceeding styled *Ruquet, et al v. The Note Holder, et al.*, as Case 19-ap-02175-KCF (the "**Adversary Proceeding**").   Debtors' *Complaint for Declaratory Relief, Injunctive Relief, and Damages by Way of Recoupment against Each Defendant for: Lien Avoidance* (the "**Adversary Complaint**") <u>again</u> beats the drum that Nationstar and not Deutsche is the owner of the Mortgage and this fact should obviate their admitted obligation to pay this loan through this bankruptcy proceeding and via the approved, executed Loan Modification.   A true and correct copy of the Adversary Complaint is attached hereto as **Exhibit L**.

\* In its *Cross Motion for Summary Judgment* (the "**Cross MSJ**"), Deutsche argued, *inter alia*, that it was entitled to enforce the Note and Mortgage not only because the Debtors had admitted that Deutsche held a valid and properly perfected lien against the Property and that said lien was superior to any interest in the Property held by Debtor(s), but also that Deutsche was entitled to enforce the lien as a non-holder in possession of the Note and that Deutsche was entitled to an equitable mortgage superior to the interest of DDR in the Property. A copy of the Cross MSJ is attached hereto as **Exhibit M**.

\* Deutsche, through its servicer, Nationstar established that Deutsche was the holder of the Note and Mortgage, and this Court agreed when, on April 16, 2020, it entered its Order denying the Debtors' Motion for Summary Judgment and granting Deutsche's Cross-Motion for Summary Judgment (the "**Summary Judgment Order**"), finding that Deutsche is the holder of the Note and

---

[3] No order was entered on the APOC Objection; there is only a docket entry noting same.

Mortgage.  A true and correct copy of the Summary Judgment Order is attached hereto as **Exhibit N**[4]**.**

16.    During the pendency of the of the Adversary Proceeding and thereafter, the Debtors litigated issues relating to the terms of the Loan Modification and this Court's requirements that certain Orders be recorded, which brings us to the current matter at hand, however, the Debtors remain current on their modified mortgage obligation.

17.    On September 29, 2020, this Court issued an Order Granting Motion to Enforce (hereinafter the "**First Sanctions Order**") (Docket 267).  The First Sanctions Order ordered, among other things, required Nationstar to address certain concerns raised about how payments were being applied to the Debtor's account.  A copy of the First Sanctions Order is attached hereto as **Exhibit O**.

18.    In response to the First Sanctions Order, Deutsche, through either its counsel or its Servicer, filed three (3) Certifications outlining the steps taken to comply with the First Sanctions Order, and explaining in detail why compliance with certain terms was impossible.  Specifically, the following Certifications were filed:

(a)    Response to First Sanctions Order filed on October 9, 2020 at Docket 269;

(b)    Supplemental Certification Regarding Compliance with First Sanctions Order filed on November 2, 2020 at Docket 272; and

(c)    Certification in Support of Compliance with First Sanctions Order, filed on December 4, 2020 at Docket 277.

These Certifications, collectively referred to as the "**Egerman Certifications**", are attached hereto as **Exhibits P, Q and R**, inclusive.

19.    In further response to the First Sanctions Order, Deutsche also submitted the Certification of Kathy Winchester (hereinafter the "**Winchester Cert**") wherein Ms. Winchester

---

[4] Noted that the Court docketed the proposed Order submitted by Deutsche in opposition to the Debtors' Motion for Summary and in support of its Cross Motion for Summary Judgment at both Docket 21 and Docket 22 to keep the record clear that Debtor's Motion for Summary Judgment was denied and Deutsche's Cross-Motion was granted. No appeal was filed with respect to either order, nor were any of the other findings and holdings of this Court rejecting the Debtors' arguments that Nationstar and not Deutsche is the holder.

explained why Nationstar could not account for the mortgage payments in the matter preferred by the Court due to certain federal regulations.  *See* pExhibit F.

20.    Specifically, Ms. Winchester certified as to the following operative facts: (1) Nationstar is the servicer of Deutsche; (2) Deutsche is the owner of the subject Mortgage and is in possession of the original Note; (3) the terms of the 2016 Loan Modification are enforceable and are accurately reflected in its system, as the mortgage loan servicer for Deutsche; and, (4) the payment statements could not be adjusted to circumvent the suspense application while the bankruptcy was active.  See Exhibit N.

21.    It is undisputed that the 2016 Loan Modification labels Nationstar, and not Deutsche, as the lender.

22.    It is believed and therefore averred that the fact that Nationstar is listed as the lender on the Loan Modification and due to the existence of the Unchained BOA AOM, the Debtors' entertain the erroneous suggestion that Deutsche, and not Nationstar, is the owner of the Mortgage, and have somehow convinced this Court to mistakenly require that Deutsche assign its interest in the Mortgage and Note to its mortgage loan servicer, Nationstar.  Such an action would be no less inappropriate then this Court to require that Deutsche convey its interest in the Property/Mortgage to any other random entity.

23.    The suggestion that the Debtors are not obliged to pay their debt based on the agreed terms of the 2016 Loan Modification, and that Deutsche is not obligated to honor the terms of the 2016 Loan Modification, is incorrect.

24.    Debtors admit that they entered into the Court-approved 2016 Loan Modification, have been performing in connection with those terms, and that Nationstar has certified and acknowledged throughout this proceeding that the terms of the Loan Modification are reflected in their system as the servicer for Deutsche.

25.    This Court has repeatedly found that Deutsche is the lender and holder of the Note, and rejected all of Debtors' prior attempts to invalidate the Mortgage on the premise that Nationstar and not Deutsche, is the owner of the Note and the creditor.  In fact, this Court *approved* the 2016 Loan Modification and entered the Order Approving Loan Modification (Exhibit I), specifically authorizing STR to enter into the final loan modification with Deutsche!

26. Nationstar, as mortgage loan servicer for Deutsche, is authorized to enter into Loan Modifications on behalf of Deutsche, and the 2016 Loan Modification is enforceable, as held specifically by this Court, and as evidenced through the course of performance by the parties. *See also*, Exhibit S.

27. Debtors are speaking out of both sides of their mouths that Nationstar, and not Deutsche, is the holder of the Mortgage yet, they should somehow be excused from paying their obligations because the 2016 Loan Modification provides that Deutsche's authorized agent, Nationstar, is the lender, and not Deutsche. Such a conclusion is illogical, and a holding along these lines would be draconian and absurd.

28. Debtors have provided no evidence that Nationstar is the holder of the Note and Mortgage to contradict all of the above and the findings of this Court. They have submitted only the unsubstantiated hearsay from a representative of the Ocean County Clerk's Office who likely glanced at the state of the land records, which obviously reveals the Unchained BOA AOM without any context and through the warped lens of the Debtors.

29. Instead, the Egerman Certifications make clear that the orders could not be recorded because they were missing the recording information for the underlying mortgage, not because of the Unchained BOA AOM. *See* Egerman Certifications at Exhibits P and Q. Nowhere in the rejection cover letters does it state is there any reference to the Unchained BOA AOM, rather the substance and nature of the documents to be recorded. Id.

30. As set forth in the Supplemental Certification of Kathy Winchester (hereinafter the "**Supplemental Winchester Cert**"), submitted herewith, Nationstar cannot simply assign itself its investor's Mortgage for the simple reason that Nationstar is not the owner of the mortgage, only the servicer thereof on behalf of Deutsche; Deutsche is the owner and holder of the Note and Mortgage.

31. Despite all of the above, and inexplicably, this Court entered its Order dated December 22, 2020 requiring that Nationstar either record its Orders [which it has been certified is impossible given the current status of the Orders] or by "filing a copy of a valid assignment with this court," which, as set forth at length above would result in a gross miscarriage of the facts and the law.

32.     Therefore, respectfully, relief per the terms of the Order is warranted and any requirement that Deutsche should assign its interest in the Property to Nationstar, or that any Orders should be recorded to support this finding as they are written, was entered by mistake and should be amended.

**B.     IT IS IMPOSSIBLE FOR NATIONSTAR TO ADJUST ITS BANKRUPTCY ACCOUNTING PROCEDURES FOR THIS FILE AND THERE IS NO PREJUDICE TO THE DEBTORS UNDER THE CURRENT PRACTICE.**

33.     Nationstar is a mortgage loan servicer which operates under a complex and stringent set of federal regulations, which includes regulating the transparency of the application of loan payments while a mortgagor/borrower is in active bankruptcy.  *See* Supplemental Winchester Cert.

34.     The two (2) most recent payment statements on this account are attached to the Supplemental Winchester Cert as Exhibit 1.

35.     As set forth in the Supplemental Winchester Cert, Nationstar's internal accounting procedures were instituted to comply with transparency requirements in place when a loan, such as the current loan, is in an active bankruptcy.  These loans must go through a process to determine the extent and application of each payment to pre- and post-petition payments.

36.     Accordingly, once a payment is received for an active bankruptcy matter, the payment is accounted for as a partial payment and then placed in suspense.  Subsequently, the payment is applied as a payment as that specific file dictates, depending on the terms of the bankruptcy plan, etc., and marked as a "Payment."  *See* Supplemental Winchester Cert.

37.     However, and critically important, the payment is deemed received and applied on the date that the payment is received and noted as a "Partial Payment" on the statements of account. *See* Supplemental Winchester Cert., Exhibit 2.

38.     It is impossible for Nationstar to circumvent the established accounting controls and procedures in place for its millions of customers to remove this accounting procedure from the payment statement, which is meant to provide transparency to bankruptcy debtors and which

cause absolutely no prejudice to the borrowers. It is further impermissible to generate a manual payment statement(s) for this account. *See* Supplemental Winchester Cert.

39. Ms. Winchester previously certified that this accounting process would be foregone once the account is removed from active bankruptcy status.

40. In light of the foregoing, it is respectfully requested that the Court amend its Order dated December 22, 2020 and/or otherwise provide relief so that Deutsche remains the assignee of record, as the mortgagee and real party in interest, and for Nationstar to continue to issue payment statements in compliance with federal authority and pursuant to its stringent accounting practices.

I certify that the aforementioned statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I may be subject to penalty.

Dated: January 19, 2021

> Robertson, Anschutz, Schneid, Crane
> & Partners, PLLC
> 133 Gaither Drive, Suite F
> Mt. Laurel, NJ 08054
> Telephone: 855-225-6906 Ext. 1304
> Facsimile: 866-381-9549
>
> /s/ David Neeren
> David Neeren, Esq.
> Bar ID: 009662007
> Email: dneeren@raslg.com