# Exhibit E

# Clean Title Agency LLC

**130 Clinton Rd Suite 2B**
**Fairfield, NJ 07004**
**Phone: 973-575-4848 Fax: 973-575-4854**

**Property Owner: SCOTTRUQUET; DONNA DEROSA-RUQUET**             **File No**

## Foreclosure Search Report

**1.      Effective Date: 12/30/2020**

**2.      Property Description:**

| | |
|---|---|
| Address: | 621 Bay Boulevard, Bayville, NJ |
| Block: | 1373 |
| Lot: | 41 ADDT'L LOTS 43, 45 & 47 |
| Municipality: | Berkeley Township |
| County: | Ocean |

**3.      Title Vested in:**

Scott Ruquet and Donna DeRosa-Ruquet, husband and wife, tenants by the entirety and Alexander DeRosa, a minor, in Trust as Joint Tenant with right of Survivorship by deed from Scott Ruquet and Donna DeRosa, husband and wife dated 06/13/2006 recorded 06/22/2006 in the Ocean. CountyClerk's/Register's Office in Deed Book 13224  Page 1806

Scott Ruquet and Donna DeRosa, husband and wife by deed from George F. Schuld, Jr. and Ann H. Schuld, dated 03/05/2004, recorded 03/12/2004 in the Ocean. County Clerk's/Register's Office in Deed Book 11959, Page 1812

**Fictitious spouse needed for Alexander DeRosa**
**Alexander DeRosa is no longer a minor (DOB 08/12/1992)**

This report does not constitute title insurance, nor is it a commitment to issue title insurance. This report should not be used or
relied upon in a real estate or load settlement or closing, as possible additional public records may need to be searched.

Our liability for this search is limited to $1500

## Clean Title Agency LLC
**130 Clinton Rd Suite 2B**
**Fairfield, NJ 07004**
**Phone: 973-575-4848 Fax: 973-575-4854**

**Mortgages And Liens:** See Attached Schedule

**Taxes:** As Shown On Attachment

**Superior Court:** As Shown On Attachment

**Surrogates:** None In Time Searched

**County Judgments**: As Shown On Attachment

This report does not constitute title insurance, nor is it a commitment to issue title insurance. This report should not be used or relied upon in a real estate or load settlement or closing, as possible additional public records may need to be searched.

Our liability for this search is limited to $1500

**Clean Title Agency LLC**
130 Clinton Rd Suite 2B
Fairfield, NJ 07004
Phone: 973-575-4848 Fax: 973-575-4854

## Mortgage & Lien Schedule

### 1. Mortgage: PURCHASE MONEY MORTGAGE

Mortgagor: Scott T. Ruquet
Mortgagee:    Mortgage Electronic Registration Systems, Inc. as nominee for First National Bank of Arizona
Amount:    $ 140,800.00
Dated:    03/05/2004
Recorded:    03/12/2004
Book:    11959
Page:    1815

**NOTE; DONNA DEROSA-RUQUET WAS IN TITLE WHEN THE MORTGAGE WAS SIGNED – SHE DID NOT SIGN THE MORTGAGE – THIRD COUNT AND TITLE CLAIM NEEDED**

### a)   Assignment of Mortgage:

Assignor:    Mortgage Electronic Registration Systems, Inc. as nominee for First National Bank of Arizona
Assignee:    Deutsche Bank National Trust Company as Trustee for the Certificateholders of the GSAA Home Equity Trust 2004-5, Asset-Backed Certificates, Series 2004-5
Dated :    05/25/2012
Recorded: 05/31/2012
Book:    15213
Page:    1203

### b)   Assignment of Mortgage:

Assignor:    Bank of America
Assignee:    Nationstar Mortgage, LLC
Dated :    09/23/2013
Recorded:    10/07/2013
Book:    15656
Page:    1342

### NOTE: INVALID ASSIGNMENT – INCORRECT ASSIGNOR

This report does not constitute title insurance, nor is it a commitment to issue title insurance. This report should not be used or relied upon in a real estate or load settlement or closing, as possible additional public records may need to be searched.

Our liability for this search is limited to $1500

**Clean Title Agency LLC**
130 Clinton Rd Suite 2B
Fairfield, NJ 07004
Phone: 973-575-4848 Fax: 973-575-4854

c) **Lis Pendens**

| | |
|---|---|
| Docket No. | C-000020-20 |
| Dated: | 02/25/2020 |
| Recorded: | 03/10/2020 |
| Book: | 17817 |
| Page: | 493 |

**DISCHARGE OF LIS PENDENS RECORDED 03/17/2020 IN BOOK 17824, PAGE 1816**

2. **Tax Sale Certificate**

| | |
|---|---|
| Certificate No: | 12-0491 |
| Dated: | 10/10/2012 |
| Recorded: | 12/12/2012 |
| Book: | 15387 |
| Page: | 1471 |

3. **Tax Sale Certificate**

| | |
|---|---|
| Certificate No: | 13-0680 |
| Dated: | 10/11/213 |
| Recorded: | 12/12/2013 |
| Book: | 15707 |
| Page: | 62 |

This report does not constitute title insurance, nor is it a commitment to issue title insurance. This report should not be used or relied upon in a real estate or load settlement or closing, as possible additional public records may need to be searched.

Our liability for this search is limited to $1500

**Clean Title Agency LLC**
130 Clinton Rd Suite 2B
Fairfield, NJ 07004
Phone: 973-575-4848 Fax: 973-575-4854

# LEGAL DESCRIPTION

## LEGAL DESCRIPTION TAKEN FROM  MORTGAGE

**NOTE:  LEGAL DESCRIPTION IN THE MORTGAGE INCORRECTLY REFERS TO THE BLOCK AS "1373.30" – THE CORRECT BLOCK NUMBER IS "1373" – THIRD COUNT AND TITLE CLAIM NEEDED**

### Property Description:

| | |
|---|---|
| Address: | 621 Bay Boulevard, Bayville, NJ |
| Block: | 1373 |
| Lot: | 41 ADDT'L LOTS 43,45 & 47 |
| Municipality: | Berkeley Township |
| County: | Ocean |

TRACT 1

BEING known and designated as Lot Nos. 45, 47 Block 30 on Map of Holly Park on Barnegat Bay, Berkeley Township, A-305, Ocean County, New Jersey, Arthur C. King, C. E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, being a Plot of Ground 50 feet by 125 feet.

TRACT 2

BEING known and designated as Lot Nos. 41 and 43 Block 30, as shown on Map of Holly ParK on Barnegat Bay, Berkeley Township, A-305, Ocean County, Arthur C. King, C. E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey.

THE above described premises are more particularly described in accordance with a survey prepared by Horn, Tyson and Yoder, Inc., dated September 7, 1985.

BEING known and designated as Lot Nos. 41, 43, 45 and 47 Block 30 as shown on a map of Holly Park on Barnegat Bay Berkeley Township, A-305, Ocean County, Arthur C. King, C. E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, Map #A305.

BEGINNING at a point in the intersection of the Northerly line of Bay Boulevard with the Westerly line of North Bayview Avenue (Formerly 7th Avenue); thence

1. North 88 degrees 45 minutes West, along Bay Boulevard 100.00 feet to a point; thence
2. North 10 degrees 15 minutes East, 125.00 feet to a point; thence
3. South 88 degrees 45 minutes East, 100.00 feet to South Westerly line of North Bayview Avenue; thence
4. Along same South 10 degrees 15 minutes West, 125.00 feet to place of BEGINNING.

This report does not constitute title insurance, nor is it a commitment to issue title insurance. This report should not be used or relied upon in a real estate or load settlement or closing, as possible additional public records may need to be searched.

Our liability for this search is limited to $1500

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA** **OCEAN, NJ**

| | | |
|---|---|---|
| 01/11/2021 07:14AM IBK2 | **ORDER SEARCH RESULTS** | **PAGE 1 OF 1** |
| **ORDER: 621 BAY** | **TOF:** | **COMMENT:** |

## SEARCH PARAMETERS

| MUNICIPALITY | BLOCK | LOT | QUALIFIER | X/DR |
|---|---|---|---|---|
| BERKELEY TOWNSHIP | 1373 | 41 | | |

(PERMIT DATEDOWNS)

| MUNICIPALITY | BLOCK | LOT | QUALIFIER | X/DR |
|---|---|---|---|---|
| ✔ BERKELEY TOWNSHIP | 1373 | 41 | | |

**BLOCK:** 1373 **LOT:** 41

**ACREAGE:** 0.287 **LAND DESCRIPTION:**

**ADD LOTS:** 43,45,47

**SITUS:** 621 BAY BLVD

**MAIL:** 226 POTTERS DR BAYVILLE NJ 08721

**OWNER:** RUQUET SCOTT & DONNA D ETAL

**DEED BOOK:** 13224 **PAGE:** 1806

**TAX MAP:** **BANK CODE:** **PROPERTY USE:** 2

**ACCOUNT #:** **OLD PROPERTY ID:**

| 2020 ASSESSMENT DATA | | | |
|---|---|---|---|
| **LAND:** 100,000 | **ABATEMENTS:** | | 0 |
| **IMPROVEMENTS:** 94,900 | **TOTAL ASSESSED VALUE:** | 194,900 | |

| 2019 ASSESSMENT DATA | | | |
|---|---|---|---|
| **LAND:** 100,000 | **ABATEMENTS:** | | 0 |
| **IMPROVEMENTS:** 94,900 | **TOTAL ASSESSED VALUE:** | 194,900 | |

| 2018 ASSESSMENT DATA | | | |
|---|---|---|---|
| **LAND:** 100,000 | **ABATEMENTS:** | | 0 |
| **IMPROVEMENTS:** 94,900 | **TOTAL ASSESSED VALUE:** | 194,900 | |

| ADDITIONAL PROPERTY INFORMATION |
|---|

**STANDARD LAND USE:** SFR

**END SEARCH**

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA**                                          **OCEAN, NJ**

| 01/11/2021  07:14AM IBK2 | | ORDER SEARCH RESULTS | | PAGE 1 OF 5 |
|---|---|---|---|---|
| ORDER: 621 BAY | | TOF: | COMMENT: | |

| DECEMBER 30, 2020 (Full) | PLANT THROUGH | DECEMBER 31, 2020 03:10PM |
|---|---|---|
| Geographical Dates: | INSTRUMENT: 2020 - 161442 | |
| JAN 01, 1983 - DEC 30, 2020 | SURROGATE COURT DATE: | |
| | JANUARY 04, 2021 | |
| | SEARCH PARAMETERS | |

| MUNICIPALITY | BLOCK | LOT | QUALIFIER | X/DR |
|---|---|---|---|---|
| BERKELEY TOWNSHIP | 1373 | 41 | | |

(PERMIT DATEDOWNS)

CROSS REFERENCE SUCCESSFUL

| MUNICIPALITY | BLOCK | LOT | QUALIFIER | TIMESHARE |
|---|---|---|---|---|
| BERKELEY TOWNSHIP | 1373 | 41 | | |
| SEARCH: | FROM 00/00/0000 | THROUGH 99/99/9999 | | |
| ENTIRE AUTO CHAIN | | | | |
| EXTENDED NAMES | | | | |
| (PERMIT DATEDOWNS) | | | INST: | |
| MATCHED CROSS REFERENCE LEGAL | | | | |

| PARAMETER ENTERED: | | | | |
|---|---|---|---|---|
| MUNICIPALITY | BLOCK | LOT | QUALIFIER | TIMESHARE |
| BERKELEY TOWNSHIP | 1373 | 41 | | |
| NO AUTO CHAIN FOUND | | | | |

| SEARCHED PARAMETER: | | | | |
|---|---|---|---|---|
| MUNICIPALITY | BLOCK | LOT | QUALIFIER | TIMESHARE |
| BERKELEY TOWNSHIP | 1373 | 41 | | |

| NO OPEN ORDERS FOUND |
|---|

| MUNICIPALITY | BLOCK | LOT | QUALIFIER | TIMESHARE |
|---|---|---|---|---|
| BERKELEY TOWNSHIP | 1373 | 41 | | |

| RECORDED | INST | BOOK PAGE | | YEAR FEE | COMP | PORTION | |
|---|---|---|---|---|---|---|---|
| | | DOLLAR AMOUNT | LOAN | REMARKS | | | |
| ORIG INST NO. | | ORIG BK PAGE | PARTY LAST | | | FIRST | MI |
| ✓ 06/28/1990 | MTG | MB3404 - 436 | | 1990 - 31602 | | | |
| | | $56,300 | | | | | |
| | | | PARTY1 SCHULD | | | ANN | H |
| | | | PARTY1 SCHULD JR | | | GEORGE | F |
| | | | PARTY2 DALVA | | | DREW | E |
| | | | PARTY2 DALVA | | | THERESA | E |
| *02/26/2004* | *MTG CAN* | *11932 - 1108* | | *2004 - 41162* | *MS* | | - |
| *1990 - 31602* | | *MB3404 - 436* | PARTY1 SCHULD | | | ANN | H |
| | | | PARTY1 SCHULD JR | | | GEORGE | F |
| | | | PARTY2 DALVA | | | DREW | H |
| | | | PARTY2 DALVA | | | THERESA | E |
| ~~02/26/2004~~ | NOT SET | ~~11932 - 1193~~ | | 2004 - 41199 | —— | | - |
| | | | PARTY1 RUQUET | | | SCOTT | |
| | | | PARTY1 SCHULD | | | ANN | H |
| | | | PARTY1 SCHULD JR | | | GEORGE | F |
| | | | PARTY2 FIRST NATIONAL BANK OF ARIZONA | | | | |

Case 14-17571-KCF Doc 289-7 Filed 01/19/21 Entered 01/19/21 18:01:25 Desc
Exhibit E - Title Report Page 9 of 81

| ✔ 03/12/2004 | **DED** | **11959 - 1812** | | **2004 - 54388** | | |
|---|---|---|---|---|---|---|
| | | $176,000 | | | | |
| | | | PARTY1 SCHULD | | ANN | H |
| | | | PARTY1 SCHULD JR | | GEORGE | F |
| | | | PARTY2 DEROSA | | DONNA | |
| | | | PARTY2 RUQUET | | SCOTT | |

| ✔ 03/12/2004 | **MTG** | **11959 - 1815** | | **2004 - 54389** | **621 BAY BLVD** | |
|---|---|---|---|---|---|---|
| | | $140,800 | | | | |
| | | | PARTY1 RUQUET | | SCOTT | T |
| | | | PARTY2 FIRST NATIONAL BANK OF ARIZONA | | | |

| ✔ *05/31/2012* | *MTG ASN* | *15213 - 1203* | | *2012 - 54321* | | |
|---|---|---|---|---|---|---|
| *2004 - 54389* | | *11959 - 1815* | PARTY1 RUQUET | | SCOTT | T |
| | | | PARTY2 DEUTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE | | | |
| | | | PARTY2 GSAA HOME EQUITY TRUST 2004 5 ASSET BA | | | |

| ✔ *10/07/2013* | *MTG ASN* | *15656 - 1342* | | *2013 - 108361* | | |
|---|---|---|---|---|---|---|
| *2004 - 54389* | | *11959 - 1815* | PARTY1 RUQUET | | SCOTT | T |
| | | | PARTY2 NATIONSTAR MORTGAGE LLC | | | |

| *03/17/2020* | *LIS DIS* | *17824 - 1816* | | *2020 - 28891* | | - |
|---|---|---|---|---|---|---|
| | | CASE: C-000020-20 | | | | |
| *2004 - 54389* | | *11959 - 1815* | DFNDNT DEROSA | | ALEXANDER | / |
| | | | DFNDNT DEROSA-RUQUET | | DONNA | / |
| | | | DFNDNT RUQUET | | SCOTT | / |
| | | | PLNTIF DEUTSCHE BANK NATIONAL TRUST COMPANY | | | / |
| | | | *FBO* | | | |
| | | | PLNTIF GSAA HOME EQUITY TRUST | | | / |

| ~~01/14/2005~~ | ~~**MTG**~~ | ~~**12427 - 239**~~ | | ~~**2005 - 9521**~~ | ~~**621 BAY BLVD**~~ | - |
|---|---|---|---|---|---|---|
| | | $18,500 | | | | |
| | | | PARTY1 RUQUET | | DONNA | D |
| | | | PARTY1 RUQUET | | SCOTT | T |
| | | | PARTY2 COUNTRYWIDE HOME LOANS INC | | | |

| ~~*06/16/2005*~~ | ~~*MTG DIS*~~ | ~~*12665 - 1560*~~ | | ~~*2005 - 107861*~~ | | - |
|---|---|---|---|---|---|---|
| *2005 - 9521* | | *12427 - 239* | PARTY1 RUQUET | | SCOTT | T |
| | | | PARTY2 MORTGAGE ELECTRONIC REGISTRATION SYSTE | | | |

| ~~06/20/2005~~ | ~~**MTG**~~ | ~~**12670 - 1424**~~ | | ~~**2005 - 109841**~~ | ~~**621 BAY BLVD**~~ | - |
|---|---|---|---|---|---|---|
| | | $18,500 | | | | |
| | | | PARTY1 DEROSA | | DONNA | |
| | | | PARTY1 RUQUET | | DONNA | D |
| | | | PARTY1 RUQUET | | SCOTT | |
| | | | PARTY2 COMMERCE BANK NA | | | |

| ~~*12/01/2005*~~ | ~~*MTG CAN*~~ | ~~*12937 - 43*~~ | | ~~*2005 - 215299*~~ | | - |
|---|---|---|---|---|---|---|
| *2005 - 109841* | | *12670 - 1424* | PARTY1 DEROSA | | DONNA | |
| | | | PARTY1 RUQUET | | DONNA | D |
| | | | PARTY1 RUQUET | | SCOTT | |
| | | | PARTY2 COMMERCE BANK NA | | | |

| + CLEAN TITLE AGENCY LLC, CA4, NJCA | | | | | OCEAN, NJ |
|---|---|---|---|---|---|
| 01/11/2021 07:14AM IBK2 | | | ORDER SEARCH RESULTS | | PAGE 3 OF 5 |
| | ORDER: 621 BAY | | TOF: | COMMENT: | |

| | | | | | |
|---|---|---|---|---|---|
| ~~12/12/2005~~ | **MTG** | **12955 - 1234** | **2005 - 222311** | — 621 BAY BLVD | - |
| | | $38,785 | | | |
| | | | PARTY1 DEROSA | DONNA | |
| | | | PARTY1 RUQUET | DEROSA | D |
| | | | PARTY1 RUQUET | SCOTT | T |
| | | | PARTY2 COMMERCE BANK NA | | |

| | | | | | |
|---|---|---|---|---|---|
| *05/15/2006* | *MTG CAN* | *13168 - 1458* | *2006 - 82835* | | - |
| *2005 - 222311* | | *12955 - 1234* | PARTY1 DEROSA | DONNA | |
| | | | *AKA RUQUET* | *DONNA* | *D* |
| | | | PARTY1 RUQUET | DONNA | D |
| | | | *AKA DEROSA* | *DONNA* | |
| | | | PARTY1 RUQUET | SCOTT | T |
| | | | PARTY2 COMMERCE BANK N A | | |

| | | | | | |
|---|---|---|---|---|---|
| ~~05/30/2006~~ | **MTG** | **13189 - 472** | **2006 - 91337** | — 621 BAY AVE | - |
| | | $103,000 | | | |
| | | | PARTY1 DEROSA | DONNA | |
| | | | AKA RUQUET | DONNA | D |
| | | | PARTY1 RUQUET | DONNA | D |
| | | | AKA DEROSA | DONNA | |
| | | | PARTY1 RUQUET | SCOTT | |
| | | | PARTY2 COMMERCE BANK N A | | |

| | | | | | |
|---|---|---|---|---|---|
| *07/07/2006* | *MTG CAN* | *13242 - 626* | *2006 - 112544* | | - |
| *2006 - 91337* | | *13189 - 472* | PARTY1 RUQUET | DONNA | D |
| | | | PARTY1 RUQUET | SCOTT | |
| | | | PARTY2 COMMERCE BANK N A | | |

| | | | | | |
|---|---|---|---|---|---|
| ~~05/31/2006~~ | **ASN RNT** | **13190 - 168** | **2006 - 91626** | —— | - |
| 2006 - 88819 | | 13182 - 1650 | PARTY1 DEROSA | DONNA | |
| | | | AKA RUQUET | DONNA | D |
| | | | PARTY1 RUQUET | DONNA | D |
| | | | AKA DEROSA | DONNA | |
| | | | PARTY1 RUQUET | SCOTT | |
| | | | PARTY2 COMMERCE BANK N A | | |

| | | | | | |
|---|---|---|---|---|---|
| ✔ 06/22/2006 | **DED** | **13224 - 1806** | **2006 - 105559** | | |
| | | | PARTY1 DEROSA | DONNA | |
| | | | PARTY1 RUQUET | SCOTT | |
| | | | PARTY2 DEROSA | ALEXANDER | |
| | | | PARTY2 DEROSA RUQUET | DONNA | |
| | | | PARTY2 RUQUET | SCOTT | |

| | | | | | |
|---|---|---|---|---|---|
| ~~07/07/2006~~ | **MTG** | **13241 - 304** | **2006 - 112032** | — 621 BAY BLVD | - |
| | | $113,000 | | | |
| | | | PARTY1 DEROSA | DONNA | |
| | | | AKA DEROSA RUQUET | DONNA | |
| | | | PARTY1 DEROSA RUQUET | DONNA | |
| | | | AKA DEROSA | DONNA | |
| | | | PARTY1 RUQUET | SCOTT | |
| | | | PARTY2 COMMERCE BANK N A | | |

| + CLEAN TITLE AGENCY LLC, CA4, NJCA | | | | | OCEAN, NJ |
|---|---|---|---|---|---|
| 01/11/2021 07:14AM IBK2 | | | ORDER SEARCH RESULTS | | PAGE 4 OF 5 |
| | | **ORDER: 621 BAY** | TOF: | COMMENT: | |

| | | | | | | |
|---|---|---|---|---|---|---|
| *11/22/2006* | *MTG CAN* | *13419 - 1635* | *2006 - 183711* | | | - |
| *2006 - 112032* | | *13241 - 304* | PARTY1 DEROSA | DONNA | | |
| | | | *AKA DEROSA RUQUET* | *DONNA* | | |
| | | | PARTY1 DEROSA RUQUET | DONNA | | |
| | | | *AKA DEROSA* | *DONNA* | | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 COMMERCE BANK N A | | | |
| ✔ 07/10/2006 | **ASN RNT** | **13242 - 769** | **2006 - 112620** | | | |
| 2004 - 54388 | | 11959 - 1812 | PARTY1 DEROSA | DONNA | | |
| | | | AKA DEROSA RUQUET | DONNA | | |
| | | | PARTY1 DEROSA RUQUET | DONNA | | |
| | | | AKA DEROSA | DONNA | | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 COMMERCE BANK N A | | | |
| *11/03/2006* | *MTG* | *13396 - 1097* | *2006 - 174770* | | *621 BAY BLVD* | - |
| | | $123,000 | | | | |
| | | | PARTY1 RUQUET | DONNA | D | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 COMMERCE BANK N A | | | |
| *11/03/2006* | *ASN RNT* | *13396 - 1104* | *2006 - 174771* | | | - |
| *2006 - 174770* | | *13396 - 1097* | PARTY1 RUQUET | DONNA | D | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 COMMERCE BANK N A | | | |
| *07/24/2019* | *MTG DIS* | *17545 - 1797* | *2019 - 70407* | | | - |
| *2006 - 174770* | | *13396 - 1097* | PARTY1 RUQUET | DONNA | D | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 TD BANK | | | |
| *11/03/2006* | *ASN RNT* | *13396 - 1104* | *2006 - 174771* | | ⸺ | - |
| 2006 - 174770 | | 13396 - 1097 | PARTY1 RUQUET | DONNA | D | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 COMMERCE BANK N A | | | |
| ✔ 12/12/2012 | **TSC** | **15387 - 1471** | **2012 - 127409** | | | |
| | | 120491 | | | | |
| | | | PARTY1 RUQUET | DONNA | D / | |
| | | | PARTY1 RUQUET | SCOTT | / | |
| | | | PARTY2 SOHEHA | | | |
| ✔ 12/12/2013 | **TSC** | **15707 - 62** | **2013 - 130835** | | | |
| | | 130680 | | | | |
| | | | PARTY1 RUQUET | DONNA | D / | |
| | | | PARTY1 RUQUET | SCOTT | / | |
| | | | PARTY2 SOHEHA | | | |
| ✔ 07/24/2019 | **ASN REL** | **17545 - 1717** | **2019 - 70387** | | | |
| 2006 - 174771 | | 13396 - 1104 | PARTY1 RUQUET | DONNA | D | |
| | | | PARTY1 RUQUET | SCOTT | | |
| | | | PARTY2 TD BANK | | | |

+ CLEAN TITLE AGENCY LLC, CA4, NJCA

Case 14-17571-KCF   Doc 289-7   Filed 01/19/21   Entered 01/19/21 18:01:25   Desc
Exhibit E - Title Report   Page 12 of 81

OCEAN, NJ

01/11/2021  07:14AM IBK2

ORDER SEARCH RESULTS

PAGE 5 OF 5

ORDER: 621 BAY                                    TOF:                          COMMENT:

| ✔ 03/10/2020 | **LIS QTL** | **17817 - 493** | **2020 - 26242** | | |
|---|---|---|---|---|---|
| | CASE: C-000020-20 | | | | |
| 2004 - 54389 | | 11959 - 1815 | PLNTIF  DEUTSCHE BANK NATIONAL TRUST COMPANY FBO | | / |
| | | | PLNTIF  GSAA HOME EQUITY TRUST 2004-5 ASSET-BA | | / |
| | | | DFNDNT DEROSA | ALEXANDER | / |
| | | | DFNDNT DEROSA-RUQUET | DONNA | / |
| | | | DFNDNT RUQUET | SCOTT | / |

| ✔ ~~03/17/2020~~ | ~~**LIS DIS**~~ | ~~**17824 - 1816**~~ | ~~**2020 - 28891**~~ | ~~——~~ | - |
|---|---|---|---|---|---|
| | CASE: C-000020-20 | | | | |
| 2004 - 54389 | | 11959 - 1815 | DFNDNT DEROSA | ALEXANDER | / |
| 2020 - 26242 | | 17817 - 493 | DFNDNT DEROSA-RUQUET | DONNA | / |
| | | | DFNDNT RUQUET | SCOTT | / |
| | | | PLNTIF  DEUTSCHE BANK NATIONAL TRUST COMPANY FBO | | / |
| | | | PLNTIF  GSAA HOME EQUITY TRUST | | / |

**END SEARCH**

**+ CLEAN TITLE AGENCY LLC, CA4xNuGA**  **OCEAN, NJ**

| | | |
|---|---|---|
| 01/11/2021  07:19AM IBK2 | ORDER SEARCH RESULTS | PAGE 1 OF 21 |
| ORDER: 621 BAY | TOF: | COMMENT: |

| DECEMBER 30, 2020 (Full) | PLANT THROUGH | DECEMBER 31, 2020 03:10PM |
|---|---|---|
| Geographical Dates: | INSTRUMENT: 2020 - 161442 | |
| JAN 01, 1983 - DEC 30, 2020 | SURROGATE COURT DATE: | |
| | JANUARY 04, 2021 | |
| | SEARCH PARAMETERS | |

| LAST/CO NAME | FIRST | MI | LST 4 SSN | |
|---|---|---|---|---|
| DEROSA | ALEXANDER | | | (NICKNAMED) |

| SPOUSE | MI | LST 4 SSN ROLE |
|---|---|---|

SEARCH:   FROM  00/00/0000          THROUGH  99/99/9999          ALL NAMES
                                                      INST:

(PERMIT DATEDOWNS)

| LAST/CO NAME | FIRST | MI | LST 4 SSN | |
|---|---|---|---|---|
| DEROSA RUQUET | DONNA | | | (NICKNAMED) |

| SPOUSE | MI | LST 4 SSN ROLE |
|---|---|---|

SEARCH:   FROM  00/00/0000          THROUGH  99/99/9999          ALL NAMES
                                                      INST:

(PERMIT DATEDOWNS)

| LAST/CO NAME | FIRST | MI | LST 4 SSN | |
|---|---|---|---|---|
| RUQUET | SCOTT | | | (NICKNAMED) |

| SPOUSE | MI | LST 4 SSN ROLE |
|---|---|---|

SEARCH:   FROM  00/00/0000          THROUGH  99/99/9999          ALL NAMES
                                                      INST:

(PERMIT DATEDOWNS)

**PARAMETER ENTERED:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA | ALEXANDER | | |

| SPOUSE | MI | LST 4 SSN |
|---|---|---|

**GENERATED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA | AL | | |

| LAST/CO NAME | FIRST | | MI | INST | RECORDED | ROLE | COMP |
|---|---|---|---|---|---|---|---|
| REMARKS | | | | YEAR FEE | | BOOK PAGE | |
| | | | | | DOLLAR AMOUNT | LOAN | |
| ORIG INST NO. | ORIG BK PAGE | | PARTY | LAST | | FIRST | MI |
| DE ROSA | | | | **MTG ASN** | 08/10/1983 | PARTY1 | |
| | | | | **1983 - 33125** | | **AS234 -637** | |
| | PREPLANT | | | | | | |
| | MB1704 -408 | | PARTY2 | FEDERAL NATIONAL MORTGAGE ASSOCIATION | | | |

01/11/2021 07:19AM IBK2       ORDER SEARCH RESULTS       PAGE 2 OF 21

| ORDER: 621 BAY | TOF: | COMMENT: |
|---|---|---|

---

DE ROSA      **MTG ASN**   03/08/1984   PARTY1

**1984 - 7968**      **AS240 -706**

PREPLANT
MB1704 -408      PARTY2   MUTUAL AID SAVINGS AND LOAN ASSOCIATIO

---

~~DE ROSA~~      ~~**MTG CAN**~~   ~~01/09/1987~~   ~~PARTY1~~

**1984 - 7729**      **MB2506 -217**

**1984 -7729**    MB2506 -217

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

~~DE ROSA~~      ~~**MTG CAN**~~   ~~04/25/1990~~   ~~PARTY1~~

**1986 - 248**      **MB2710 -462**

**1986 -248**    MB2710 -462

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

~~DE ROSA~~      ~~**MTG CAN**~~   ~~07/27/1990~~   ~~PARTY1~~

**1988 - 40861**      **MB3145 -963**

**1988 -40861**    MB3145 -963

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

~~DE ROSA~~      ~~**MTG ASN**~~   ~~12/20/1990~~   ~~PARTY1~~

**1990 - 64737**      **AS352 -77**

MB1704 -408      PARTY2   COLLECTIVE FEDERAL SAVINGS BANK

AFFECTED PROPERTY FOLLOWS

BLK/LT    BRICK TOWNSHIP   1053    14

---

~~DEROSA~~      ~~**LIS REC**~~   ~~12/10/2007~~   ~~PARTY2~~

**2007 - 157342**      **13859 -471**

F3288407

**2006 -180401**    13411 -1793    PARTY1   BANK OF NEW YORK  TRUSTEE

PARTY1   CWABS INC ASSET BACKED CERTIFICATE SE

PARTY2   DEROSA      RACHEL    F

AFFECTED PROPERTY FOLLOWS

BLK/LT    BARNEGAT TOWNSHIP   114   28   2

---

~~DEROSA~~    A      L   ~~**DED**~~   ~~10/19/1990~~   ~~PARTY1~~

**1990 - 50979**      **DB4867 -126**

$138,000

PARTY1   DEROSA      BERNARD    R

PARTY2   HOUSER      DIANE    M

PARTY2   HOUSER      PAUL    R

AFFECTED PROPERTY FOLLOWS

BLK/LT    ISLAND HEIGHTS BORO   15    13      105 JAYNES AVEN

+ CLEAN TITLE AGENCY LLC, CA4, NJCA
01/11/2021 07:19AM IBK2

Case 14-17561-KCF Doc 289-7 Filed 01/19/21 Entered 01/19/21 18:01:25 Desc
Exhibit E - Title Report Page 15 of 81

OCEAN, NJ
PAGE 3 OF 21

ORDER: 621 BAY                    TOF:                    COMMENT:

ORDER SEARCH RESULTS

**GENERATED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA | ALEJANDRO | | |

NO INSTRUMENTS/CASES FOUND

**GENERATED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA | ALEX | | |

NO INSTRUMENTS/CASES FOUND

**SEARCHED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA | ALEXANDER | | |

| LAST/CO NAME | FIRST | MI | INST | RECORDED | ROLE | COMP |
|---|---|---|---|---|---|---|
| REMARKS | | | YEAR FEE | | BOOK PAGE | |
| | | | | DOLLAR AMOUNT | LOAN | |
| ORIG INST NO. | ORIG BK PAGE | PARTY | LAST | | FIRST | MI |
| ~~DEROSA~~ | ~~ALEXANDER~~ | | ~~DED~~ | ~~12/21/1989~~ | ~~PARTY2~~ | |
| | | 1989 - 68518 | | DB4805 -719 | | |
| | | | | $98,950 | | |
| | | PARTY1 | SHADOW LAWN SAVINGS BANK SLA | | | |
| | | PARTY2 | DEROSA | | AIMEE | |
| | | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT | JACKSON TOWNSHIP 75 1 47 155 | | | | 155 MELI BLVD | |
| ~~DEROSA~~ | ~~ALEXANDER~~ | | ~~DED~~ | ~~07/14/1995~~ | ~~PARTY1~~ | |
| | | 1995 - 39958 | | DB5283 -963 | | |
| | | | | $87,250 | | |
| | | PARTY1 | DEROSA | | AIMEE | |
| | | PARTY2 | MUSTAFA | | HECTOR | A |
| | | PARTY2 | MUSTAFA | | ROSA | E |
| | | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT | JACKSON TOWNSHIP 75 1 47 155 | | | | | |
| ~~DEROSA~~ | ~~ALEXANDER~~ | | ~~DED~~ | ~~06/22/2006~~ | ~~PARTY2~~ | |
| | | 2006 - 105558 | | 13224 -1802 | | |
| | | PARTY1 | DEROSA RUQUET | | DONNA | J |
| | | PARTY1 | RUQUET | | SCOTT | T |
| | | PARTY2 | DEROSA RUQUET | | DONNA | |
| | | PARTY2 | RUQUET | | SCOTT | T |
| | | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT | BERKELEY TOWNSHIP 1342 38 | | | | | |
| DEROSA | ALEXANDER | | DED | 06/22/2006 | PARTY2 | |
| | | 2006 - 105559 | | 13224 -1806 | | |
| | | PARTY1 | DEROSA | | DONNA | |

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA** OCEAN, NJ

01/11/2021  07:19AM IBK2  ORDER SEARCH RESULTS  **PAGE 4 OF 21**

**ORDER: 621 BAY**  TOF:  COMMENT:

| | | | |
|---|---|---|---|
| | PARTY1 | RUQUET | SCOTT |
| | PARTY2 | DEROSA RUQUET | DONNA |
| | PARTY2 | RUQUET | SCOTT |
| | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT  BERKELEY TOWNSHIP  1373  41

---

DEROSA  ALEXANDER  /  **LIS QTL**  03/10/2020  DFNDNT

**2020 - 26242**  **17817 -493**

CASE: C-000020-20

| | | | |
|---|---|---|---|
| | PLNTIF | DEUTSCHE BANK NATIONAL TRUST COMPANY | / |
| | FBO | | |
| **2004 -54389** 11959 -1815 | PLNTIF | GSAA HOME EQUITY TRUST 2004-5 ASSET-BA | / |
| | DFNDNT | DEROSA-RUQUET | DONNA | / |
| | DFNDNT | RUQUET | SCOTT | / |
| | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT  BERKELEY TOWNSHIP  1373  41

---

~~DEROSA~~  ~~ALEXANDER~~  ~~/~~  ~~**LIS DIS**~~  ~~03/17/2020~~  ~~DFNDNT~~

**2020 - 28891**  **17824 -1816**

CASE: C-000020-20

| | | | |
|---|---|---|---|
| **2004 -54389** 11959 -1815 | DFNDNT | DEROSA-RUQUET | DONNA | / |
| **2020 -26242** 17817 -493 | DFNDNT | RUQUET | SCOTT | / |
| | PLNTIF | DEUTSCHE BANK NATIONAL TRUST COMPANY | / |
| | FBO | | |
| | PLNTIF | GSAA HOME EQUITY TRUST | / |
| | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT  BERKELEY TOWNSHIP  1373  41

---

~~DEROSA~~  ~~ALEXANDER~~  ~~G~~  ~~**MTG**~~  ~~12/21/1989~~  ~~PARTY1~~

**1989 - 68519**  **MB3347 -619**

$79,100

| | | | |
|---|---|---|---|
| | PARTY1 | DEROSA | AIMEE | E |
| | PARTY2 | SHADOW LAWN SAVINGS BANK SLA | |
| | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT  JACKSON TOWNSHIP  75  1  47  155  155 MELI BLVD

−  *MTG CAN*  *07/24/1995*

*1989 -68519*  *MB3347 -619*  *1989 -68519*  *MB3347 -619*

---

~~DE ROSA~~  ~~ALEXANDER~~  ~~G~~  ~~**MTG CAN**~~  ~~07/24/1995~~  ~~PARTY1~~

**1989 - 68519**  **MB3347 -619**

1989 -68519  MB3347 -619  PARTY1  DE ROSA  AIMEE  E

AFFECTED PROPERTY FOLLOWS

PLAT  B  BLOCK  LOT

01/11/2021  07:19AM IBK2            ORDER SEARCH RESULTS            **PAGE 5 OF 21**

ORDER: 621 BAY           TOF:           COMMENT:

---

**PARAMETER ENTERED:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA RUQUET | DONNA | | |

| SPOUSE | MI | LST 4 SSN |
|---|---|---|
| | | |

---

**GENERATED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA RUQUET | DONA | | |

**NO INSTRUMENTS/CASES FOUND**

---

**SEARCHED PARAMETER:**

| LAST/CO NAME | FIRST | MI | LST 4 SSN |
|---|---|---|---|
| DEROSA RUQUET | DONNA | | |

---

| LAST/CO NAME | FIRST | MI | INST | RECORDED | ROLE | COMP |
|---|---|---|---|---|---|---|
| REMARKS | | | YEAR FEE | | BOOK PAGE | |
| | | | | DOLLAR AMOUNT | LOAN | |
| ORIG INST NO. | ORIG BK PAGE | | PARTY | LAST | FIRST | MI |
| ~~DEROSA RUQUET~~ | ~~DONNA~~ | | ~~MTG~~ | ~~05/24/2006~~ | ~~PARTY1~~ | |
| | | | 2006 - 88819 | 13182 -1650 | | |
| | | | | $67,000 | | |
| | | | PARTY1 | RUQUET | SCOTT | T |
| | | | PARTY2 | COMMERCE BANK N A | | |
| | | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT | BERKELEY TOWNSHIP 1342 38 | | | | 226 POTTERS DR | |
| *–* | | | *ASN RNT* | *05/31/2006* | | |
| *2006 -88819* | *13182 -1650* | | *2006 -91626* | *13190 -168* | | |
| *–* | | | *MTG PST* | *11/02/2006* | | |
| *2006 -88819* | *13182 -1650* | | *2006 -174195* | *13395 -631* | | |
| *–* | | | *MTG CAN* | *12/29/2006* | | |
| *2006 -88819* | *13182 -1650* | | *2006 -202521* | *13468 -895* | | |
| ~~DEROSA RUQUET~~ | ~~DONNA~~ | | ~~DED~~ | ~~06/22/2006~~ | ~~PARTY2~~ | |
| | | | 2006 - 105558 | 13224 -1802 | | |
| | | | PARTY1 | DEROSA RUQUET | DONNA | J |
| | | | PARTY1 | RUQUET | SCOTT | T |
| | | | PARTY2 | DEROSA | ALEXANDER | |
| | | | PARTY2 | RUQUET | SCOTT | T |
| | | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT | BERKELEY TOWNSHIP 1342 38 | | | | | |
| DEROSA RUQUET | DONNA | | DED | 06/22/2006 | PARTY2 | |
| | | | 2006 - 105559 | 13224 -1806 | | |
| | | | PARTY1 | DEROSA | DONNA | |
| | | | PARTY1 | RUQUET | SCOTT | |

+ CLEAN TITLE AGENCY LLC, CA, NJCA

OCEAN, NJ

01/11/2021 07:19AM IBK2     ORDER SEARCH RESULTS     PAGE 6 OF 21

ORDER: 621 BAY     TOF:     COMMENT:

|  |  |  |  |
|---|---|---|---|
| | PARTY2 | DEROSA | ALEXANDER |
| | PARTY2 | RUQUET | SCOTT |
| | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT    BERKELEY TOWNSHIP 1373   41

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | **~~MTG~~** | ~~07/07/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | **2006 - 112032** | **13241 -304** | |
| AKA DEROSA | DONNA | | $113,000 | |
| | | PARTY1 DEROSA | | DONNA |
| | | AKA DEROSA RUQUET | | DONNA |
| | | PARTY1 RUQUET | | SCOTT |
| | | PARTY2 COMMERCE BANK N A | | |
| | | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT    BERKELEY TOWNSHIP 1373   41        621 BAY BLVD

_–_        ***MTG CAN***   *11/22/2006*
***2006 -112032***    *13241 -304*    *2006 -183711*    *13419 -1635*

---

| DEROSA RUQUET | DONNA | **ASN RNT** | 07/10/2006 | PARTY1 |
|---|---|---|---|---|
| | | **2006 - 112620** | **13242 -769** | |
| AKA DEROSA | DONNA | | | |
| **2004 -54388**    11959 -1812 | | PARTY1 DEROSA | | DONNA |
| | | AKA DEROSA RUQUET | | DONNA |
| | | PARTY1 RUQUET | | SCOTT |
| | | PARTY2 COMMERCE BANK N A | | |
| | | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT    BERKELEY TOWNSHIP 1373   41

---

| ~~DEROSA RUQUET TRUSTEE~~ | ~~DONNA~~ | **~~DED~~** | ~~11/02/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | **2006 - 174193** | **13395 -608** | |
| | | PARTY1 ALEXANDER DEROSA TRUST TRUST | | |
| | | PARTY1 RUQUET | | SCOTT    T |
| | | PARTY2 DEROSA RUQUET | | DONNA    J |
| | | PARTY2 RUQUET | | SCOTT    T |
| | | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT    BERKELEY TOWNSHIP 1342   38

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | **~~MTG CAN~~** | ~~11/22/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | **2006 - 183711** | **13419 -1635** | |
| AKA DEROSA | DONNA | | | |
| **2006 -112032**    13241 -304 | | PARTY1 DEROSA | | DONNA |
| | | AKA DEROSA RUQUET | | DONNA |
| | | PARTY1 RUQUET | | SCOTT |
| | | PARTY2 COMMERCE BANK N A | | |
| | | AFFECTED PROPERTY FOLLOWS | | |

PLAT     B     BLOCK     LOT

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA** **OCEAN, NJ**

01/11/2021 07:19AM IBK2      **ORDER SEARCH RESULTS**      **PAGE 7 OF 21**

**ORDER: 621 BAY**      **TOF:**      **COMMENT:**

---

~~DEROSA RUQUET~~      ~~DONNA~~      ~~**MTG CAN**~~ ~~12/29/2006~~      ~~PARTY1~~

**2006 - 202521**      **13468 -895**

**2006 -88819**      13182 -1650      PARTY1    RUQUET      SCOTT    T

PARTY2    COMMERCE BANK N A

AFFECTED PROPERTY FOLLOWS

PLAT      B      BLOCK      LOT

---

DEROSA-RUQUET      DONNA      /   **LIS QTL**   03/10/2020      DFNDNT

**2020 - 26242**      **17817 -493**

CASE: C-000020-20

PLNTIF    DEUTSCHE BANK NATIONAL TRUST COMPANY      /

FBO

**2004 -54389**      11959 -1815      PLNTIF    GSAA HOME EQUITY TRUST 2004-5 ASSET-BA      /

DFNDNT    DEROSA      ALEXANDER    /

DFNDNT    RUQUET      SCOTT    /

AFFECTED PROPERTY FOLLOWS

BLK/LT      BERKELEY TOWNSHIP 1373    41

---

~~DEROSA-RUQUET~~      ~~DONNA~~      ~~/~~   ~~**LIS DIS**~~   ~~03/17/2020~~      ~~DFNDNT~~

**2020 - 28891**      **17824 -1816**

CASE: C-000020-20

**2004 -54389**      11959 -1815      DFNDNT    DEROSA      ALEXANDER    /

**2020 -26242**      17817 -493      DFNDNT    RUQUET      SCOTT    /

PLNTIF    DEUTSCHE BANK NATIONAL TRUST COMPANY      /

FBO

PLNTIF    GSAA HOME EQUITY TRUST      /

AFFECTED PROPERTY FOLLOWS

BLK/LT      BERKELEY TOWNSHIP 1373    41

---

~~DE ROSA RUQUET~~      ~~DONNA~~      ~~J~~   ~~**DED BRG**~~   ~~12/08/2005~~      ~~PARTY2~~

**2005 - 220391**      **12950 -475**

$332,000

PARTY1    KAISER      JUDITH    A

PARTY1    KAISER      KARL    W

PARTY2    RUQUET      SCOTT    T

AFFECTED PROPERTY FOLLOWS

BLK/LT      BERKELEY TOWNSHIP 1342    38      226 POTTERS DR

---

~~DEROSA RUQUET~~      ~~DONNA~~      ~~J~~   ~~**MTG**~~   ~~12/08/2005~~      ~~PARTY1~~

**2005 - 220392**      **12950 -479**

$265,600

PARTY1    RUQUET      SCOTT    T

PARTY2    MORTGAGE ELECTRONIC REGISTRATION SYSTE

PARTY2    WEICHERT FINANCIAL SERVICES

AFFECTED PROPERTY FOLLOWS

BLK/LT      BERKELEY TOWNSHIP 1342    38      226 POTTER DR

  -      *MTG CAN*    *10/31/2006*

| + CLEAN TITLE AGENCY LLC, CA4, NJCA | | | | | OCEAN, NJ |
|---|---|---|---|---|---|
| 01/11/2021 07:19AM IBK2 | | ORDER SEARCH RESULTS | | | PAGE 8 OF 21 |
| | ORDER: 621 BAY | TOF: | | COMMENT: | |

| | | | | |
|---|---|---|---|---|
| *2005 -220392* | *12950 -479* | *2006 -172696* | *13391 -735* | |

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | J | ~~MTG~~ | ~~12/08/2005~~ | ~~PARTY1~~ |
|---|---|---|---|---|---|
| | | **2005 - 220393** | | **12950 -495** | |
| | | | $66,400 | | |
| | | PARTY1 | RUQUET | SCOTT | T |
| | | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | |
| | | PARTY2 | WEICHERT FINANCIAL SERVICES | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT  BERKELEY TOWNSHIP 1342  38 | | | | | 226 POTTERS DR |
| – | | *MTG DIS* | *06/15/2006* | | |
| *2005 -220393* | *12950 -495* | *2006 -101153* | *13213 -1705* | |

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | J | **MTG DIS** | ~~06/15/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|---|
| | | **2006 - 101153** | | **13213 -1705** | |
| **2005 -220393** | 12950 -495 | PARTY1 | RUQUET | SCOTT | T |
| | | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | |
| | | PARTY2 | WEICHERT FINL SVCS | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |
| PLAT  B  BLOCK  LOT | | | | | |

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | J | ~~DED~~ | ~~06/22/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|---|
| | | **2006 - 105558** | | **13224 -1802** | |
| | | PARTY1 | RUQUET | SCOTT | T |
| | | PARTY2 | DEROSA | ALEXANDER | |
| | | PARTY2 | DEROSA RUQUET | DONNA | |
| | | PARTY2 | RUQUET | SCOTT | T |
| | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT  BERKELEY TOWNSHIP 1342  38 | | | | | |

---

| ~~DEROSA RUQUET  TRUSTEE~~ | ~~DONNA~~ | J | **NOT SET** | ~~10/04/2006~~ | ~~PARTY2~~ |
|---|---|---|---|---|---|
| | | **2006 - 159202** | | **13357 -1601** | |
| | | PARTY2 | ALEXANDER DEROSA TRUST  TRUST | | |
| | | PARTY2 | RUQUET | SCOTT | T |
| | | PARTY3 | LYDIAN PRIVATE BANK | | |
| | | PARTY3 | VIRTUALBANK | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |
| BLK/LT  BERKELEY TOWNSHIP 1342  38 | | | | | |

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | J | **MTG CAN** | ~~10/31/2006~~ | ~~PARTY1~~ |
|---|---|---|---|---|---|
| | | **2006 - 172696** | | **13391 -735** | |
| **2005 -220392** | 12950 -479 | PARTY1 | RUQUET | SCOTT | T |
| | | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |
| PLAT  B  BLOCK  LOT | | | | | |

---

| ~~DEROSA RUQUET~~ | ~~DONNA~~ | J | ~~DED~~ | ~~11/02/2006~~ | ~~PARTY2~~ |
|---|---|---|---|---|---|
| | | **2006 - 174193** | | **13395 -608** | |

| 01/11/2021  07:19AM IBK2 | ORDER SEARCH RESULTS | PAGE 9 OF 21 |
|---|---|---|
| ORDER: 621 BAY | TOF: | COMMENT: |

|  |  |  |
|---|---|---|
| | PARTY1 | ALEXANDER DEROSA TRUST  TRUST |
| | PARTY1 | DEROSA RUQUET  TRUSTEE       DONNA |
| | PARTY1 | RUQUET                              SCOTT              T |
| | PARTY2 | RUQUET                              SCOTT              T |
| | AFFECTED PROPERTY FOLLOWS | |

BLK/LT        BERKELEY TOWNSHIP  1342    38

---

~~DEROSA RUQUET~~                        ~~DONNA~~                    J   **MTG**          ~~11/02/2006~~          ~~PARTY1~~

**2006 - 174194**                              **13395 -614**

$270,000

| | PARTY1 | REQUET                              SCOTT              T |
|---|---|---|
| | PARTY2 | LYDIAN PRIVATE BANK |
| | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE |
| | PARTY2 | VIRTUALBANK |
| | AFFECTED PROPERTY FOLLOWS | |

BLK/LT        BERKELEY TOWNSHIP  1342    38                                           226 POTTERS DR

–                                                              *MTG ASN*     *07/12/2012*

*2006 -174194*            *13395 -614*        *2012 -70297*            *15253 -837*

---

~~DEROSA RUQUET~~                        ~~DONNA~~                    J   **MTG PST**     ~~11/02/2006~~          ~~PARTY1~~

**2006 - 174195**                              **13395 -631**

$270,000

**2006 -88819**              13182 -1650

| | PARTY1 | RUQUET                              SCOTT              T |
|---|---|---|
| | PARTY2 | LYDIAN PRIVATE BANK |
| | PARTY2 | VIRTUALBANK |
| | AFFECTED PROPERTY FOLLOWS | |

BLK/LT        BERKELEY TOWNSHIP  1342    38

---

~~DEROSA RUQUET~~                        ~~DONNA~~                    J   **MTG ASN**      ~~07/12/2012~~          ~~PARTY1~~

**2012 - 70297**                              **15253 -837**

**2006 -174194**            13395 -614

| | PARTY1 | RUQUET                              SCOTT              T |
|---|---|---|
| | PARTY2 | BANK OF AMERICA NATIONAL ASSOCIATION  TRUSTEE |
| | PARTY2 | LASALLE BANK NATIONAL ASSOCIATION  TRUSTEE |
| | PARTY2 | MORGAN STANLEY MORTGAGE LOAN TRUST 200 |
| | PARTY2 | US BANK NATIONAL ASSOCIATION  TRUSTEE |
| | AFFECTED PROPERTY FOLLOWS | |

PLAT              B            BLOCK            LOT

| **PARAMETER ENTERED:** | | | | |
|---|---|---|---|---|
| **LAST/CO NAME** | **FIRST** | **MI** | **LST 4 SSN** | |
| RUQUET | SCOTT | | | |
| **SPOUSE** | **MI** | **LST 4 SSN** | | |

| **SEARCHED PARAMETER:** | | | | |
|---|---|---|---|---|
| **LAST/CO NAME** | **FIRST** | **MI** | **LST 4 SSN** | |
| RUQUET | SCO* | | | |

| + CLEAN TITLE AGENCY LLC, CA4, NJCA | | OCEAN, NJ |
|---|---|---|
| 01/11/2021 07:19AM IBK2 | ORDER SEARCH RESULTS | PAGE 10 OF 21 |
| ORDER: 621 BAY | TOF: | COMMENT: |

| LAST/CO NAME | | FIRST | MI | INST | RECORDED | ROLE | | COMP |
|---|---|---|---|---|---|---|---|---|
| REMARKS | | | | YEAR FEE | | BOOK PAGE | | |
| | | | | | DOLLAR AMOUNT | LOAN | | |
| ORIG INST NO. | ORIG BK PAGE | | PARTY | LAST | | | FIRST | MI |
| ~~RUQUET~~ | | ~~SCOTT~~ | | ~~NOT SET~~ | ~~02/26/2004~~ | ~~PARTY1~~ | | |
| | | | | 2004 - 41199 | 11932 -1193 | | | |
| | | | | PARTY1 | SCHULD | | ANN | H |
| | | | | PARTY1 | SCHULD JR | | GEORGE | F |
| | | | | PARTY2 | FIRST NATIONAL BANK OF ARIZONA | | | |
| | | | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT | BERKELEY TOWNSHIP 1373 41 | | | | | | | |
| RUQUET | | SCOTT | | DED | 03/12/2004 | PARTY2 | | |
| | | | | 2004 - 54388 | 11959 -1812 | | | |
| | | | | | $176,000 | | | |
| | | | | PARTY1 | SCHULD | | ANN | H |
| | | | | PARTY1 | SCHULD JR | | GEORGE | F |
| | | | | PARTY2 | DEROSA | | DONNA | |
| | | | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT | BERKELEY TOWNSHIP 1373 41 | | | | | | | |
| ~~RUQUET~~ | | ~~SCOTT~~ | | ~~MTG~~ | ~~06/20/2005~~ | ~~PARTY1~~ | | |
| | | | | 2005 - 109841 | 12670 -1424 | | | |
| | | | | | $18,500 | | | |
| | | | | PARTY1 | DEROSA | | DONNA | |
| | | | | PARTY1 | RUQUET | | DONNA | D |
| | | | | PARTY2 | COMMERCE BANK NA | | | |
| | | | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT | BERKELEY TOWNSHIP 1373 41 | | | | | | 621 BAY BLVD | |
| *-* | | | | *MTG CAN* | *12/01/2005* | | | |
| *2005 -109841* | *12670 -1424* | | | *2005 -215299* | *12937 -43* | | | |
| ~~RUQUET~~ | | ~~SCOTT~~ | | ~~MTG CAN~~ | ~~12/01/2005~~ | ~~PARTY1~~ | | |
| | | | | 2005 - 215299 | 12937 -43 | | | |
| 2005 -109841 | 12670 -1424 | | PARTY1 | DEROSA | | | DONNA | |
| | | | PARTY1 | RUQUET | | | DONNA | D |
| | | | PARTY2 | COMMERCE BANK NA | | | | |
| | | | | AFFECTED PROPERTY FOLLOWS | | | | |
| PLAT | B | BLOCK | LOT | | | | | |
| ~~RUQUET~~ | | ~~SCOTT~~ | | ~~MTG~~ | ~~05/30/2006~~ | ~~PARTY1~~ | | |
| | | | | 2006 - 91337 | 13189 -472 | | | |
| | | | | | $103,000 | | | |
| | | | | PARTY1 | DEROSA | | DONNA | |
| | | | | AKA | RUQUET | | DONNA | D |
| | | | | PARTY1 | RUQUET | | DONNA | D |
| | | | | AKA | DEROSA | | DONNA | |

**ORDER: 621 BAY**                          TOF:                    COMMENT:

PARTY2     COMMERCE BANK N A
AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1373    41                                              621 BAY AVE

~~MTG CAN~~     ~~07/07/2006~~
*2006 -91337*              *13189 -472*          *2006 -112544*          *13242 -626*

---

~~RUQUET~~                      ~~SCOTT~~              **ASN RNT**   ~~05/31/2006~~      ~~PARTY1~~
                                                      2006 - 91626              13190 -168
2006 -88819              13182 -1650          PARTY1     DEROSA                    DONNA
                                              AKA        RUQUET                    DONNA         D
                                              PARTY1     RUQUET                    DONNA         D
                                              AKA        DEROSA                    DONNA
                                              PARTY2     COMMERCE BANK N A
                                              AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1373    41

---

RUQUET                       SCOTT              **DED**     06/22/2006      PARTY2
                                                2006 - 105559              13224 -1806
                                              PARTY1     DEROSA                    DONNA
                                              PARTY1     RUQUET                    SCOTT
                                              PARTY2     DEROSA                    ALEXANDER
                                              PARTY2     DEROSA RUQUET             DONNA
                                              AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1373    41

---

RUQUET                       SCOTT              **DED**     06/22/2006      PARTY1
                                                2006 - 105559              13224 -1806
                                              PARTY1     DEROSA                    DONNA
                                              PARTY2     DEROSA                    ALEXANDER
                                              PARTY2     DEROSA RUQUET             DONNA
                                              PARTY2     RUQUET                    SCOTT
                                              AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1373    41

---

~~RUQUET~~                      ~~SCOTT~~              ~~MTG~~     ~~07/07/2006~~      ~~PARTY1~~
                                                2006 - 112032              13241 -304
                                                                $113,000
                                              PARTY1     DEROSA                    DONNA
                                              AKA        DEROSA RUQUET             DONNA
                                              PARTY1     DEROSA RUQUET             DONNA
                                              AKA        DEROSA                    DONNA
                                              PARTY2     COMMERCE BANK N A
                                              AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1373    41                                              621 BAY BLVD

~~MTG CAN~~     ~~11/22/2006~~
*2006 -112032*            *13241 -304*          *2006 -183711*          *13419 -1635*

+ CLEAN TITLE AGENCY LLC, CA4, NJCA

Case 14-1/521-KCF Doc 289-7  Filed 01/19/21  Entered 01/19/21 18:01:25  Desc  OCEAN, NJ
Exhibit E - Title Report  Page 24 of 81

01/11/2021  07:19AM IBK2            **ORDER SEARCH RESULTS**            **PAGE 12 OF 21**

| ORDER: 621 BAY | TOF: | COMMENT: |
|---|---|---|

---

| | | | |
|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | **MTG CAN** ~~07/07/2006~~ | ~~PARTY1~~ |
| | | 2006 - 112544     13242 -626 | |
| **2006 -91337**    13189 -472 | | PARTY1    RUQUET | DONNA    D |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |
| PLAT    B    BLOCK | LOT | | |

---

| | | | |
|---|---|---|---|
| RUQUET | SCOTT | **ASN RNT**   07/10/2006 | PARTY1 |
| | | 2006 - 112620     13242 -769 | |
| **2004 -54388**    11959 -1812 | | PARTY1    DEROSA | DONNA |
| | | AKA    DEROSA RUQUET | DONNA |
| | | PARTY1    DEROSA RUQUET | DONNA |
| | | AKA    DEROSA | DONNA |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |
| BLK/LT    BERKELEY TOWNSHIP   1373    41 | | | |

---

| | | | |
|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | **MTG**    ~~11/03/2006~~ | ~~PARTY1~~ |
| | | 2006 - 174770     13396 -1097 | |
| | | $123,000 | |
| | | PARTY1    RUQUET | DONNA    D |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |
| BLK/LT    BERKELEY TOWNSHIP   1373    41 | | | 621 BAY BLVD |

| | | |
|---|---|---|
| – | *ASN RNT*    *11/03/2006* | |
| *2006 -174770*    *13396 -1097* | *2006 -174771*    *13396 -1104* | |
| – | *MTG DIS*    *07/24/2019* | |
| *2006 -174770*    *13396 -1097* | *2019 -70407*    *17545 -1797* | |

---

| | | | |
|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | **ASN RNT**    ~~11/03/2006~~ | ~~PARTY1~~ |
| | | 2006 - 174771     13396 -1104 | |
| **2006 -174770**    13396 -1097 | | PARTY1    RUQUET | DONNA    D |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |
| BLK/LT    BERKELEY TOWNSHIP   1373    41 | | | |

---

| | | | |
|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | **MTG CAN**   ~~11/22/2006~~ | ~~PARTY1~~ |
| | | 2006 - 183711     13419 -1635 | |
| **2006 -112032**    13241 -304 | | PARTY1    DEROSA | DONNA |
| | | AKA    DEROSA RUQUET | DONNA |
| | | PARTY1    DEROSA RUQUET | DONNA |
| | | AKA    DEROSA | DONNA |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |
| PLAT    B    BLOCK | LOT | | |

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA**  **OCEAN, NJ**
01/11/2021 07:19AM IBK2                    ORDER SEARCH RESULTS                **PAGE 13 OF 21**

| ORDER: 621 BAY | TOF: | COMMENT: |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| RUQUET | SCOTT | / **TSC** | 12/12/2012 | PARTY1 |
| | | **2012 - 127409** | **15387 -1471** | |
| 120491 | | | | |
| | | PARTY1 RUQUET | DONNA | D/ |
| | | PARTY2 SOHEHA | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT BERKELEY TOWNSHIP 1373 41 | | | | |

| | | | | |
|---|---|---|---|---|
| RUQUET | SCOTT | / **TSC** | 12/12/2013 | PARTY1 |
| | | **2013 - 130835** | **15707 -62** | |
| 130680 | | | | |
| | | PARTY1 RUQUET | DONNA | D/ |
| | | PARTY2 SOHEHA | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT BERKELEY TOWNSHIP 1373 41 | | | | |
| BLK/LT BERKELEY TOWNSHIP 1373 43 | | | | |
| BLK/LT BERKELEY TOWNSHIP 1373 45 | | | | |
| BLK/LT BERKELEY TOWNSHIP 1373 47 | | | | |

| | | | | |
|---|---|---|---|---|
| RUQUET | SCOTT | **ASN REL** | 07/24/2019 | PARTY1 |
| | | **2019 - 70387** | **17545 -1717** | |
| **2006 -174771** 13396 -1104 | | PARTY1 RUQUET | DONNA | D |
| | | PARTY2 TD BANK | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT BERKELEY TOWNSHIP 1373 41 | | | | |

| | | | | |
|---|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | ~~**MTG DIS**~~ | ~~07/24/2019~~ | ~~PARTY1~~ |
| | | **2019 - 70407** | **17545 -1797** | |
| **2006 -174770** 13396 -1097 | | PARTY1 RUQUET | DONNA | D |
| | | PARTY2 TD BANK | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| PLAT B BLOCK | | LOT | | |

| | | | | |
|---|---|---|---|---|
| RUQUET | SCOTT | / **LIS QTL** | 03/10/2020 | DFNDNT |
| | | **2020 - 26242** | **17817 -493** | |
| CASE: C-000020-20 | | | | |
| | | PLNTIF DEUTSCHE BANK NATIONAL TRUST COMPANY | | / |
| | | FBO | | |
| **2004 -54389** 11959 -1815 | | PLNTIF GSAA HOME EQUITY TRUST 2004-5 ASSET-BA | | / |
| | | DFNDNT DEROSA | ALEXANDER | / |
| | | DFNDNT DEROSA-RUQUET | DONNA | / |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT BERKELEY TOWNSHIP 1373 41 | | | | |

| | | | | |
|---|---|---|---|---|
| ~~RUQUET~~ | ~~SCOTT~~ | ~~/~~ ~~**LIS DIS**~~ | ~~03/17/2020~~ | ~~DFNDNT~~ |
| | | **2020 - 28891** | **17824 -1816** | |
| CASE: C-000020-20 | | | | |
| **2004 -54389** 11959 -1815 | | DFNDNT DEROSA | ALEXANDER | / |

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA**                                                                         **OCEAN, NJ**

01/11/2021 07:19AM IBK2                                                                                          **PAGE 14 OF 21**

| | ORDER: 621 BAY | TOF: | COMMENT: |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **2020 -26242** | 17817 -493 | DFNDNT | DEROSA-RUQUET | DONNA | / |
| | | PLNTIF | DEUTSCHE BANK NATIONAL TRUST COMPANY | | / |
| | | FBO | | |
| | | PLNTIF | GSAA HOME EQUITY TRUST | | / |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT | BERKELEY TOWNSHIP 1373 41 | | | |

| ~~RUQUET~~ | ~~SCOTT~~ | R ~~MTG ASN~~ | ~~04/10/1990~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | 1990 - 17189 | AS335 -231 | |
| **1990 -17188** | MB3379 -973 | PARTY1 RUQUET | | KATHLEEN | F |
| | | PARTY2 NATIONAL STATE BANK | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| PLAT B | BLOCK | LOT | | |

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~DED~~ | ~~04/10/1990~~ | ~~PARTY2~~ |
|---|---|---|---|---|
| | | 1990 - 17187 | DB4826 -845 | |
| | | $89,000 | | |
| | | PARTY1 INVESTORS AND LENDERS REALTY CORP | | |
| | | PARTY2 RUQUET | KATHLEEN | F |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT | BERKELEY TOWNSHIP 1040 2 | | | |

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG~~ | ~~04/10/1990~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | 1990 - 17188 | MB3379 -973 | |
| | | $79,000 | | |
| | | PARTY1 RUQUET | KATHLEEN | F |
| | | PARTY2 INVESTORS AND LENDERS REALTY CORP | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT | BERKELEY TOWNSHIP 1040 2 | | ?63 MILL CREEK R | |
| - | | *MTG ASN* | *04/10/1990* | |
| *1990 -17188* | *MB3379 -973* | *1990 -17189* | *AS335 -231* | |
| - | | *MTG CAN* | *02/25/1991* | |
| *1990 -17188* | *MB3379 -973* | *1990 -17188* | *MB3379 -973* | |

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG~~ | ~~01/30/1991~~ | ~~PARTY1~~ |
|---|---|---|---|---|
| | | 1991 - 70578 | MB3456 -250 | |
| | | $85,000 | | |
| | | PARTY1 RUQUET | KATHLEEN | F |
| | | PARTY2 JERSEY SHORE SAVINGS AND LOAN ASSOCIA | | |
| | | AFFECTED PROPERTY FOLLOWS | | |
| BLK/LT | BERKELEY TOWNSHIP 1040 2 | | 63 MILLCREEK RO | |
| - | | *MTG ASN* | *09/19/1995* | |
| *1991 -70578* | *MB3456 -250* | *1995 -55732* | *AS441 -936* | |
| - | | *MTG ASN* | *09/26/1995* | |
| *1991 -70578* | *MB3456 -250* | *1995 -57824* | *AS442 -536* | |

| 01/11/2021  07:19AM IBK2 | ORDER SEARCH RESULTS | PAGE 15 OF 21 |
|---|---|---|

**ORDER: 621 BAY**  TOF:  COMMENT:

---

|  |  | *MTG ASN* | *01/19/1996* |  |
|---|---|---|---|---|
| *1991 -70578* | *MB3456 -250* | *1996 -3725* | *AS449 -787* |  |

|  |  | *MTG ASN* | *01/29/1996* |  |
|---|---|---|---|---|
| *1991 -70578* | *MB3456 -250* | *1996 -5878* | *AS450 -283* |  |

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG CAN~~ | ~~02/25/1991~~ | ~~PARTY1~~ |
|---|---|---|---|---|
|  |  | **1990 - 17188** | **MB3379 -973** |  |

**1990 -17188**    MB3379 -973

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG ASN~~ | ~~09/19/1995~~ | ~~PARTY1~~ |
|---|---|---|---|---|
|  |  | **1995 - 55732** | **AS441 -936** |  |

**1991 -70578**    MB3456 -250

PARTY1    RUQUET    KATHLEEN    F
PARTY2    ITT BOWEST CORP

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG ASN~~ | ~~09/26/1995~~ | ~~PARTY1~~ |
|---|---|---|---|---|
|  |  | **1995 - 57824** | **AS442 -536** |  |

**1991 -70578**    MB3456 -250

PARTY1    RUQUET    KATHLEEN    F
PARTY2    GMAC MORTGAGE CORPORATION OF PA

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG ASN~~ | ~~01/29/1996~~ | ~~PARTY1~~ |
|---|---|---|---|---|
|  |  | **1996 - 5878** | **AS450 -283** |  |

**1991 -70578**    MB3456 -250

PARTY1    RUQUET    KATHLEEN    F
PARTY2    FEDERAL NATIONAL MORTGAGE ASSOCIATION

AFFECTED PROPERTY FOLLOWS

PLAT    B    BLOCK    LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~LIS REC~~ | ~~03/05/1996~~ | ~~PARTY2~~ |
|---|---|---|---|---|
|  |  | **1996 - 13790** | **LP44 -406** |  |

F 1361 96

PARTY1    FEDERAL NATIONAL MORTGAGE ASSOCIATION

AFFECTED PROPERTY FOLLOWS

BLK/LT    BERKELEY TOWNSHIP  1040    2

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~TSC~~ | ~~06/17/1996~~ | ~~PARTY1~~ |
|---|---|---|---|---|
|  |  | **1996 - 40753** | **MB4253 -510** |  |

96-0215

PARTY1    RUQUET    KATHLEEN    F
PARTY2    MEDVIN    MARTIN
PARTY2    MEDVIN    VICKY

AFFECTED PROPERTY FOLLOWS

BLK/LT    BERKELEY TOWNSHIP  1040    2    63 MILL CREEK R

Case 14-17561-KCF   Doc 289-7   Filed 01/19/21   Entered 01/19/21 18:01:25   Desc Exhibit E - Title Report   Page 28 of 81

| | ORDER: 621 BAY | | TOF: | | COMMENT: |

---

| ?RUQUET | SCOTT | T | TSC | 06/23/1997 | PARTY1 |
|---|---|---|---|---|---|
| | | 1997 - 41480 | | MB4424 -937 | |
| 97-0210 | | | | | |

| | | PARTY1 | RUQUET | KATHLEEN | F |
| | | PARTY2 | MEDVIN | MARTIN | |
| | | PARTY2 | MEDVIN | VICKY | |
| | | AFFECTED PROPERTY FOLLOWS | | | |

BLK/LT    BERKELEY TOWNSHIP   1040   2       63 MILL CREEK R

---

| RUQUET | SCOTT | T | DED SHF | 10/05/1998 | PARTY1 |
|---|---|---|---|---|---|
| | | 1998 - 81332 | | DB5622 -118 | |
| F-1361-93 | | | | | |

| | | PARTY1 | RUQUET | KATHLEEN | F |
| | | PARTY2 | FEDERAL NATIONAL MORTGAGE ASSOCIATION | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |

BLK/LT    BERKELEY TOWNSHIP   1040   2       63 MILLCREEK RD

---

| RUQUET | SCOTT | T | MTG | 03/12/2004 | PARTY1 |
|---|---|---|---|---|---|
| | | 2004 - 54389 | | 11959 -1815 | |
| | | | $140,800 | | |
| | | PARTY2 | FIRST NATIONAL BANK OF ARIZONA | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |

BLK/LT    BERKELEY TOWNSHIP   1373   41       621 BAY BLVD

| | | *MTG ASN* | *05/31/2012* | |
|---|---|---|---|---|
| *2004 -54389* | *11959 -1815* | *2012 -54321* | *15213 -1203* | |

| | | *MTG ASN* | *10/07/2013* | |
|---|---|---|---|---|
| *2004 -54389* | *11959 -1815* | *2013 -108361* | *15656 -1342* | |

| - | | *LIS DIS* | *03/17/2020* | |
|---|---|---|---|---|
| *2004 -54389* | *11959 -1815* | *2020 -28891* | *17824 -1816* | |

---

| RUQUET | SCOTT | T | MTG | 01/14/2005 | PARTY1 |
|---|---|---|---|---|---|
| | | 2005 - 9521 | | 12427 -239 | |
| | | | $18,500 | | |
| | | PARTY1 | RUQUET | DONNA | D |
| | | PARTY2 | COUNTRYWIDE HOME LOANS INC | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |

BLK/LT    BERKELEY TOWNSHIP   1373   41       621 BAY BLVD

| - | | *MTG DIS* | *06/16/2005* | |
|---|---|---|---|---|
| *2005 -9521* | *12427 -239* | *2005 -107861* | *12665 -1560* | |

---

| RUQUET | SCOTT | T | MTG DIS | 06/16/2005 | PARTY1 |
|---|---|---|---|---|---|
| | | 2005 - 107861 | | 12665 -1560 | |
| **2005 -9521** | 12427 -239 | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | |
| | | AFFECTED PROPERTY FOLLOWS | | | |

PLAT      B      BLOCK      LOT

Case 14-17571-KCF    Doc 289-7    Filed 01/19/21    Entered 01/19/21 18:01:25    Desc
Exhibit E - Title Report    Page 29 of 81

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ | ~~DED BRG~~ | ~~12/08/2005~~ | ~~PARTY2~~ | | |
|---|---|---|---|---|---|---|---|
| | | **2005 - 220391** | | **12950 -475** | | | |
| | | | $332,000 | | | | |
| | | PARTY1 | KAISER | | | JUDITH | A |
| | | PARTY1 | KAISER | | | KARL | W |
| | | PARTY2 | DE ROSA RUQUET | | | DONNA | J |
| | | AFFECTED PROPERTY FOLLOWS | | | | | |
| BLK/LT   BERKELEY TOWNSHIP  1342   38 | | | | | 226 POTTERS DR | | |

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ | ~~MTG~~ | ~~12/08/2005~~ | ~~PARTY1~~ | |
|---|---|---|---|---|---|---|
| | | **2005 - 220392** | | **12950 -479** | | |
| | | | $265,600 | | | |
| | | PARTY1 | DEROSA RUQUET | | DONNA | J |
| | | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | | |
| | | PARTY2 | WEICHERT FINANCIAL SERVICES | | | |
| | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT   BERKELEY TOWNSHIP  1342   38 | | | | | 226 POTTER DR | |
| – | | *MTG CAN* | *10/31/2006* | | | |
| **2005 -220392** | **12950 -479** | **2006 -172696** | | **13391 -735** | | |

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ | ~~MTG~~ | ~~12/08/2005~~ | ~~PARTY1~~ | |
|---|---|---|---|---|---|---|
| | | **2005 - 220393** | | **12950 -495** | | |
| | | | $66,400 | | | |
| | | PARTY1 | DEROSA RUQUET | | DONNA | J |
| | | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE | | | |
| | | PARTY2 | WEICHERT FINANCIAL SERVICES | | | |
| | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT   BERKELEY TOWNSHIP  1342   38 | | | | | 226 POTTERS DR | |
| – | | *MTG DIS* | *06/15/2006* | | | |
| **2005 -220393** | **12950 -495** | **2006 -101153** | | **13213 -1705** | | |

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ | ~~MTG~~ | ~~12/12/2005~~ | ~~PARTY1~~ | |
|---|---|---|---|---|---|---|
| | | **2005 - 222311** | | **12955 -1234** | | |
| | | | $38,785 | | | |
| | | PARTY1 | DEROSA | | DONNA | |
| | | PARTY1 | RUQUET | | DEROSA | D |
| | | PARTY2 | COMMERCE BANK NA | | | |
| | | AFFECTED PROPERTY FOLLOWS | | | | |
| BLK/LT   BERKELEY TOWNSHIP  1373   41 | | | | | 621 BAY BLVD | |
| – | | *MTG CAN* | *05/15/2006* | | | |
| **2005 -222311** | **12955 -1234** | **2006 -82835** | | **13168 -1458** | | |

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ | ~~MTG CAN~~ | ~~05/15/2006~~ | ~~PARTY1~~ | |
|---|---|---|---|---|---|---|
| | | **2006 - 82835** | | **13168 -1458** | | |
| 2005 -222311 | 12955 -1234 | PARTY1 | DEROSA | | DONNA | |
| | | AKA | RUQUET | | DONNA | D |

Case 14-17571-KCF Doc 289-7 Filed 01/19/21 Entered 01/19/21 18:01:25 Desc Exhibit E - Title Report Page 30 of 81

|  |  |  | PARTY1 | RUQUET | DONNA | D |
|--|--|--|--------|--------|-------|---|
|  |  |  | AKA | DEROSA | DONNA |  |
|  |  |  | PARTY2 | COMMERCE BANK N A |  |  |
|  |  |  |  | AFFECTED PROPERTY FOLLOWS |  |  |

PLAT      B      BLOCK      LOT

---

| ~~RUQUET~~ |  | ~~SCOTT~~ | T | ~~MTG~~ | ~~05/24/2006~~ | ~~PARTY1~~ |
|------------|--|-----------|---|---------|----------------|-----------|
|  |  |  | 2006 - 88819 |  | 13182 -1650 |  |
|  |  |  |  | $67,000 |  |  |
|  |  |  | PARTY1 | DEROSA RUQUET | DONNA |  |
|  |  |  | PARTY2 | COMMERCE BANK N A |  |  |
|  |  |  |  | AFFECTED PROPERTY FOLLOWS |  |  |

BLK/LT    BERKELEY TOWNSHIP 1342   38           226 POTTERS DR

| - |  |  | *ASN RNT* | *05/31/2006* |
|---|--|--|-----------|--------------|
| *2006 -88819* | *13182 -1650* | | *2006 -91626* | *13190 -168* |
| - | | | *MTG PST* | *11/02/2006* |
| *2006 -88819* | *13182 -1650* | | *2006 -174195* | *13395 -631* |
| - | | | *MTG CAN* | *12/29/2006* |
| *2006 -88819* | *13182 -1650* | | *2006 -202521* | *13468 -895* |

---

| ~~RUQUET~~ |  | ~~SCOTT~~ | T | ~~MTG DIS~~ | ~~06/15/2006~~ | ~~PARTY1~~ |
|------------|--|-----------|---|-------------|----------------|-----------|
|  |  |  |  |  | 2006 - 101153 | 13213 -1705 |
| **2005 -220393** | **12950 -495** | | PARTY1 | DEROSA RUQUET | DONNA | J |
|  |  |  | PARTY2 | MORTGAGE ELECTRONIC REGISTRATION SYSTE |  |  |
|  |  |  | PARTY2 | WEICHERT FINL SVCS |  |  |
|  |  |  |  | AFFECTED PROPERTY FOLLOWS |  |  |

PLAT      B      BLOCK      LOT

---

| ~~RUQUET~~ |  | ~~SCOTT~~ | T | ~~DED~~ | ~~06/22/2006~~ | ~~PARTY2~~ |
|------------|--|-----------|---|---------|----------------|-----------|
|  |  |  | 2006 - 105558 |  | 13224 -1802 |  |
|  |  |  | PARTY1 | DEROSA RUQUET | DONNA | J |
|  |  |  | PARTY1 | RUQUET | SCOTT | T |
|  |  |  | PARTY2 | DEROSA | ALEXANDER |  |
|  |  |  | PARTY2 | DEROSA RUQUET | DONNA |  |
|  |  |  |  | AFFECTED PROPERTY FOLLOWS |  |  |

BLK/LT    BERKELEY TOWNSHIP 1342   38

---

| ~~RUQUET~~ |  | ~~SCOTT~~ | T | ~~DED~~ | ~~06/22/2006~~ | ~~PARTY1~~ |
|------------|--|-----------|---|---------|----------------|-----------|
|  |  |  | 2006 - 105558 |  | 13224 -1802 |  |
|  |  |  | PARTY1 | DEROSA RUQUET | DONNA | J |
|  |  |  | PARTY2 | DEROSA | ALEXANDER |  |
|  |  |  | PARTY2 | DEROSA RUQUET | DONNA |  |
|  |  |  | PARTY2 | RUQUET | SCOTT | T |
|  |  |  |  | AFFECTED PROPERTY FOLLOWS |  |  |

BLK/LT    BERKELEY TOWNSHIP 1342   38

| ORDER: 621 BAY | TOF: | COMMENT: |
|---|---|---|

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~NOT SET~~ ~~10/04/2006~~ ~~PARTY2~~ |
|---|---|---|

2006 - 159202     13357 -1601

PARTY2    ALEXANDER DEROSA TRUST  TRUST

PARTY2    DEROSA RUQUET  TRUSTEE     DONNA     J

PARTY3    LYDIAN PRIVATE BANK

PARTY3    VIRTUALBANK

      AFFECTED PROPERTY FOLLOWS

BLK/LT     BERKELEY TOWNSHIP  1342    38

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG CAN~~ ~~10/31/2006~~ ~~PARTY1~~ |
|---|---|---|

2006 - 172696     13391 -735

2005 -220392     12950 -479

PARTY1    DEROSA RUQUET     DONNA     J

PARTY2    MORTGAGE ELECTRONIC REGISTRATION SYSTE

      AFFECTED PROPERTY FOLLOWS

PLAT      B     BLOCK     LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~DED~~ ~~11/02/2006~~ ~~PARTY2~~ |
|---|---|---|

2006 - 174193     13395 -608

PARTY1    ALEXANDER DEROSA TRUST  TRUST

PARTY1    DEROSA RUQUET  TRUSTEE     DONNA

PARTY1    RUQUET     SCOTT     T

PARTY2    DEROSA RUQUET     DONNA     J

      AFFECTED PROPERTY FOLLOWS

BLK/LT     BERKELEY TOWNSHIP  1342    38

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~DED~~ ~~11/02/2006~~ ~~PARTY1~~ |
|---|---|---|

2006 - 174193     13395 -608

PARTY1    ALEXANDER DEROSA TRUST  TRUST

PARTY1    DEROSA RUQUET  TRUSTEE     DONNA

PARTY2    DEROSA RUQUET     DONNA     J

PARTY2    RUQUET     SCOTT     T

      AFFECTED PROPERTY FOLLOWS

BLK/LT     BERKELEY TOWNSHIP  1342    38

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG PST~~ ~~11/02/2006~~ ~~PARTY1~~ |
|---|---|---|

2006 - 174195     13395 -631

            $270,000

2006 -88819     13182 -1650

PARTY1    DEROSA RUQUET     DONNA     J

PARTY2    LYDIAN PRIVATE BANK

PARTY2    VIRTUALBANK

      AFFECTED PROPERTY FOLLOWS

BLK/LT     BERKELEY TOWNSHIP  1342    38

---

| ~~RUQUET~~ | ~~SCOTT~~ | T ~~MTG~~ ~~12/19/2006~~ ~~PARTY1~~ |
|---|---|---|

2006 - 197326     13455 -270

            $72,000

PARTY1    RUQUET     DONNA     J

PARTY2    COMMERCE BANK N A

| | | | | |
|---|---|---|---|---|
| **ORDER: 621 BAY** | | **TOF:** | **COMMENT:** | |

AFFECTED PROPERTY FOLLOWS

BLK/LT        BERKELEY TOWNSHIP  1342    38                                                      226 POTTERS DR

---

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ **MTG CAN** ~~12/29/2006~~ | ~~PARTY1~~ |
|---|---|---|---|
| | | 2006 - 202521        13468 -895 | |
| **2006 -88819** | 13182 -1650 | PARTY1    DEROSA RUQUET | DONNA |
| | | PARTY2    COMMERCE BANK N A | |
| | | AFFECTED PROPERTY FOLLOWS | |

PLAT          B          BLOCK          LOT

---

| RUQUET | SCOTT | T **MTG ASN** 05/31/2012 | PARTY1 |
|---|---|---|---|
| | | 2012 - 54321        15213 -1203 | |
| **2004 -54389** | 11959 -1815 | PARTY2    DEUTSCHE BANK NATIONAL TRUST | |
| | | COMPANY  TRUSTEE | |
| | | PARTY2    GSAA HOME EQUITY TRUST 2004 5 ASSET BA | |
| | | AFFECTED PROPERTY FOLLOWS | |

PLAT          B          BLOCK          LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ **MTG ASN** ~~07/12/2012~~ | ~~PARTY1~~ | |
|---|---|---|---|---|
| | | 2012 - 70297        15253 -837 | | |
| **2006 -174194** | 13395 -614 | PARTY1    DEROSA RUQUET | DONNA | J |
| | | PARTY2    BANK OF AMERICA NATIONAL ASSOCIATION  TRUSTEE | | |
| | | PARTY2    LASALLE BANK NATIONAL ASSOCIATION  TRUSTEE | | |
| | | PARTY2    MORGAN STANLEY MORTGAGE LOAN TRUST 200 | | |
| | | PARTY2    US BANK NATIONAL ASSOCIATION  TRUSTEE | | |
| | | AFFECTED PROPERTY FOLLOWS | | |

PLAT          B          BLOCK          LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ **TSC** ~~12/07/2012~~ | ~~PARTY1~~ | |
|---|---|---|---|---|
| | | 2012 - 125339        15382 -1975 | | |
| | 120476 | | | |
| | | PARTY1    RUQUET | DONNA | J |
| | | PARTY2    PRO CAPITAL I LLC | | |
| | | PARTY2    US BANK | | |
| | | AFFECTED PROPERTY FOLLOWS | | |

BLK/LT        BERKELEY TOWNSHIP  1342    38

---

| RUQUET | SCOTT | T **MTG ASN** 10/07/2013 | PARTY1 |
|---|---|---|---|
| | | 2013 - 108361        15656 -1342 | |
| **2004 -54389** | 11959 -1815 | PARTY2    NATIONSTAR MORTGAGE LLC | |
| | | AFFECTED PROPERTY FOLLOWS | |

PLAT          B          BLOCK          LOT

---

| ~~RUQUET~~ | ~~SCOTT~~ | ~~T~~ **TSC** ~~02/05/2014~~ | ~~PARTY1~~ | |
|---|---|---|---|---|
| | | 2014 - 8853        15739 -903 | | |
| | 130670 | | | |
| | | PARTY1    DONNA | J | D |
| | | PARTY2    PRO CAP III LLC | | |
| | | PARTY2    US BANK | | |

**+ CLEAN TITLE AGENCY LLC, CA4, NJCA**          **OCEAN, NJ**

01/11/2021  07:19AM IBK2      **ORDER SEARCH RESULTS**      **PAGE 21 OF 21**

**ORDER: 621 BAY**      **TOF:**      **COMMENT:**

AFFECTED PROPERTY FOLLOWS

BLK/LT      BERKELEY TOWNSHIP   1342    38

**END SEARCH**

SR1A Search Result Details | Ocean County Board of Taxation    Page 1 of 2
Case 14-17571-KCF   Doc 289-7   Filed 01/19/21   Entered 01/19/21 18:01:25   Desc
Exhibit E - Title Report   Page 34 of 81

# View Important Coronavirus Updates

**TAX BOARD**

### Tax List Details - Current Year

| | | | |
|---|---|---|---|
| Municipality: | Brkly | Deed date: | 6/13/2006 |
| Owner: | RUQUET, SCOTT & DONNA D ETAL | Block: | 1373 |
| Mailing address: | 226 POTTERS DR | Lot: | 41 |
| City/State: | BAYVILLE NJ 08721 | Qual: | |
| Location: | 621 BAY BLVD | | |
| Prop class: | 2 | Land val: | 100,000 |
| Bldg desc: | 1SF2G 0858 | Improvement val: | 94,900 |
| Land desc: | 100X125 | Exemption 1: | |
| Addtl lots: | 43,45,47 | Exemption 2: | |
| Zone: | R100 | Exemption 3: | |
| Map: | 114 | Exemption 4: | |
| Year blt: | 1930 | Net value: | 194,900 |
| Book/page: | 13224/1806 | Last yr taxes: | 4344.32 |
| Sale price: | 1 | Prev block: | 01373 30 |
| Nonusable code: | 25 (List) | Prev lot: | 00041 |
| Spcl tax codes: | | Prev qual: | |
| Exmt Prop Code | 000 | Init/Fur file date | NA / NA |
| Statue: | | Facility: | |

### Assessment History

| Year | Prop cls | Land Value | Imprv Val | Net Val |
|---|---|---|---|---|
| 2020 | 2 | 100,000 | 94,900 | 194,900 |
| 2019 | 2 | 100,000 | 94,900 | 194,900 |
| 2018 | 2 | 100,000 | 94,900 | 194,900 |
| 2017 | 2 | 100,000 | 94,900 | 194,900 |

### Cama Details

| | | | |
|---|---|---|---|
| Type/use: | One Family | Story hgt: | 1 Story |
| Design: | Ranch | Roof type: | Gable |
| Roof mtrl: | Asphalt Shingle | Ext Finish: | Asbestos |
| Foundation: | Block/Concrete | Basement: | 714 |
| Heating src: | Gas | Heat system: | Forced Air |
| Electric: | Adequate | A/C: | None |
| Plumbing: | | | |
| Fireplace: | None(0) | SFLA: | 858 |
| Attic area: | 0 | Unf area: | 0 |
| # bedrooms: | 2 | # bathrooms: | 1 |
| Attchd items: | | Total # rooms: | 4 |
| Detchd items: | | | |
| Type/use: | One Family | Story hgt: | 1 Story |
| Design: | Ranch | Roof type: | Gable |
| Roof mtrl: | Asphalt Shingle | Ext Finish: | Asbestos |
| Foundation: | Concrete Slab | Basement: | 0 |
| Heating src: | Oil | Heat system: | HotWtr BB |
| Electric: | Adequate | A/C: | None |
| Plumbing: | | | |
| Fireplace: | None(0) | SFLA: | 494 |
| Attic area: | 0 | Unf area: | 0 |
| # bedrooms: | 1 | # bathrooms: | 1 |
| Attchd items: | Att Gar | Total # rooms: | 3 |
| Detchd items: | | | |

### Sr1a Details

114

NOTE: THIS MAP HAS BEEN RE-DRAWN USING COMPUTER AIDED DRAFTING (CAD) FROM ORIGINAL TAX MAPS PREPARED BY JOHN C. FELLOWS & SON – CIVIL ENGINEERS, ON DECEMBER 1958

**BERKELEY TOWNSHIP TAX MAP**
OCEAN COUNTY            NEW JERSEY
SCALE: 1"=200'        DECEMBER 1958
JOHN C. FELLOWS & SON – CIVIL ENGINEERS
310 MAIN STREET            TOMS RIVER, N.J.

| REVISIONS | | |
|---|---|---|
| DATE | NAME | NUMBER |
| 02-65 | JOSEPH M. ANDERSON | |
| 01-72 | ALFRED L. MESSANO | |
| 02-72 | ALFRED L. MESSANO | |
| 10-73 | ALFRED L. MESSANO | |
| 04-74 | ALFRED L. MESSANO | |
| 12-86 | MCSWEENEY & DREWES | |
| 12-87 | SHEPHERD, WEINERT & SMELDZINS C.P.C. | |
| 08-30-88 | EDWARD M. WEINERT | LS 31284 |
| 03-15-89 | EDWARD M. WEINERT | LS 31284 |
| 04-12-89 | EDWARD M. WEINERT | LS 31284 |
| 06-16-89 | EDWARD M. WEINERT | LS 31284 |
| 06-07-90 | EDWARD M. WEINERT | LS 31284 |
| 10-01-91 | EDWIN J. HALE | LS 35842 |
| 10-01-91 | MCSWEENEY & DREWES | |
| 07-26-94 | KENNETH P. FRANK | LS 36727 |
| 03-17-06 | THOMAS CRADER | LS 21782 |
| 05-17-06 | THOMAS CRADER | LS 21782 |

114

# DEED

INSTR # 2004054388
OR BK 11959 PG 1812
RECORDED 03/12/2004 12:14:32 PM
CARL W. BLOCK, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY
RTF:STAN 774.20

PREPARED BY:

R. DOUGLAS SHEARER, ESQ.

COUNTY OF OCEAN
CONSIDERATION 176,000.00
REALTY TRANSFER FEE 774.20
DATE 3-10-04 BY PJM

This Deed is made on MARCH  5  , 2004

BETWEEN GEORGE F. SCHULD, JR. AND ANN H. SCHULD, HUSBAND AND WIFE,

whose address is c/o ANN SCHULD REALTY, 231 ROUTE 9, BAYVILLE, NEW JERSEY 08721, referred to as the Grantor.

AND SCOTT RUQUET, AND DONNA DEROSA, HIS WIFE, AS TENANTS BY THE ENTIRETY

whose post office address is about to be 621 BAY BOULEVARD, BAYVILLE, NEW JERSEY 08721, referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

TRANSFER OF OWNERSHIP.  The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee.  This transfer is made for the sum of     ONE HUNDRED SEVENTY-SIX  THOUSAND  ($176,000.00)  Dollars.    The  Grantor acknowledges receipt of this money.

TAX MAP REFERENCE.   (N.J.S.A. 46:15-2.1) Township of Berkeley,  Block No. 1373-30, Lot No. 41, 43, 45, AND 47, Account No.

(   )  No property tax identification number is available on the date of this deed.  (check box if applicable).

PROPERTY.  The property consists of the land and all the buildings and structures on the land in the Township of Berkeley, County of Ocean and State of New Jersey.  The legal description is:

See attached Revised Schedule "A" attached hereto and made a part hereof.

BEING the same premises conveyed unto GEORGE F. SCHULD, JR. AND ANN H. SCHULD, HIS WIFE,  by Deed dated JUNE 22, 1990, from DREW H. DALVA AND THERESA DALVA, HIS WIFE, which Deed was recorded in the Ocean County Clerk's Office on JUNE 28, 1990, in Deed Book 4844 at Page 27.

Subject to zoning ordinances, easements and restrictions of record, if any.

(3) 60-00 Cash              3-10

PJM

Book11959/Page1812

*Schedule A*

THE LANDS TO BE AFFECTED AND DESCRIBED AS FOLLOWS:

COMMONLY KNOWN AS 621 BAY BOULEVARD, BAYVILLE          NJ 08721

MORE PARTICULARLY DESCRIBED AS FOLLOWS:

ALL that tract or parcel of land and premises, situate, lying and being in the Township of Berkeley, County of Ocean and State of New Jersey, more particularly described as follows:

TRACT 1

BEING known and designated as Lot Nos. 45, 47 Block 30 on Map of Holly Park on Barnegat Bay, Berkeley Township, A-305, Ocean County, New Jersey, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, being a Plot of Ground 50 feet by 125 feet.

TRACT 2

BEING known and designated as Lot Nos. 41 and 43 Block 30, as shown on Map of Holly Park on Barnegat Bay, Berkeley Township, A-305, Ocean County, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey.

THE above described premises are more particularly described in accordance with a survey prepared by Horn, Tyson and Yoder, Inc., dated September 7, 1985.

BEING known and designated as Lot Nos. 41, 43, 45 and 47 Block 30 as shown on a map of Holly Park on Barnegat Bay Berkeley Township, A-305, Ocean County, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, Map #A305.

BEGINNING at a point in the intersection of the Northerly line of Bay Boulevard with the Westerly line of North Bayview Avenue (Formerly 7th Avenue); thence

1. North 88 degrees 45 minutes West, along 50 Bay Boulevard 100.00 feet to a point; thence

2. North 10 degrees 15 minutes East, 125.00 feet to a point; thence

3. South 88 degrees 45 minutes East, 100.00 feet to South Westerly line of North Bayview Avenue; thence

4. Along same South 10 degrees 15 minutes West, 125.00 feet to place of BEGINNING.

Book11959/Page1813

PROMISES BY GRANTOR.    The Grantor promises that the Grantor has done no act to encumber the property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

SIGNATURES.  The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

_____ (Seal)
GEORGE F. SCHULD, JR., GRANTOR

_____ (Seal)
ANN H. SCHULD, GRANTOR

STATE OF NEW JERSEY )
                    ) SS.:
COUNTY OF OCEAN     )

I CERTIFY that on *March 5* , 2004, GEORGE F. SCHULD, JR. AND ANN H. SCHULD, personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)  is named in and personally signed this Deed;
(b)  signed, sealed and delivered this Deed as his or her act and deed; and
(c)  made this Deed for $176,000.00, as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
NOTARY PUBLIC STATE OF NEW JERSEY
MY COMMISSION EXPIRES:
AFFIX SEAL

RECORD AND RETURN TO:
LAURENCE A. HECKER, ESQ.
109 DIVISION STREET
TOMS RIVER. NJ 08753

[SCHULD/RUQUET - DEED; Drive C]

Book11959/Page1814

Return To:
FIRST NATIONAL BANK OF ARIZONA
P.O. BOX 66604
PHOENIX, AZ 85082

INSTR # 2004054389
OR BK 11959 PG 1815
RECORDED 03/12/2004 12:14:32 PM
CARL W. BLOCK, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

Prepared By:
MARCI LYTLE
1760 OLD MEADOW RD. 3RD FLOOR
MCLEAN, VA 22102

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE

MIN ██████████████

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated    MARCH 5, 2004    ,
together with all Riders to this document.
**(B) "Borrower"** is SCOTT T. RUQUET

Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

██████████████         ██████████████

**NEW JERSEY** - Single Family - **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**         Form 3031 1/01

(VMP) -6A(NJ) (0005)
Page 1 of 15        MW 05/00        Initials:
    VMP MORTGAGE FORMS - (800)521-7291

(16) 180.00 cash

PJM
3-11

Book11959/Page1815

LEGAL DESCRIPTION



Commitment Number: B-40554

SCHEDULE C

PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

ALL that tract or parcel of land and premises, situate, lying and being in the Township of Berkeley, County of Ocean and State of New Jersey, more particularly described as follows:

TRACT 1

BEING known and designated as Lot Nos. 45, 47 Block 30 on Map of Holly Park on Barnegat Bay, Berkeley Township, A-305, Ocean County, New Jersey, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, being a Plot of Ground 50 feet by 125 feet.

TRACT 2

BEING known and designated as Lot Nos. 41 and 43 Block 30, as shown on Map of Holly Park on Barnegat Bay, Berkeley Township, A-305, Ocean County, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey.

THE above described premises are more particularly described in accordance with a survey prepared by Horn, Tyson and Yoder, Inc., dated September 7, 1985.

BEING known and designated as Lot Nos. 41, 43, 45 and 47 Block 30 as shown on a map of Holly Park on Barnegat Bay Berkeley Township, A-305, Ocean County, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of Ocean County, New Jersey, Map #A305.

BEGINNING at a point in the intersection of the Northerly line of Bay Boulevard with the Westerly line of North Bayview Avenue (Formerly 7th Avenue); thence

1. North 88 degrees 45 minutes West, along Bay Boulevard 100.00 feet to a point; thence

2. North 10 degrees 15 minutes East, 125.00 feet to a point; thence

3. South 88 degrees 45 minutes East, 100.00 feet to South Westerly line of North Bayview Avenue; thence

4. Along same South 10 degrees 15 minutes West, 125.00 feet to place of BEGINNING.

ALSO known as Lots 41, 43, 45 and 47 Block 1373.30 on the Township of Berkeley Tax Map.

ALTA Commitment
Schedule C

(B-40554.PFD/B-40554/7)

Book11959/Page1816

**(D) "Lender"** is FIRST NATIONAL BANK OF ARIZONA

Lender is a CORPORATION
organized and existing under the laws of          UNITED STATES OF AMERICA
Lender's address is 1760 OLD MEADOW ROAD, 3RD FLR, MCLEAN, VA 22102

**(E) "Note"** means the promissory note signed by Borrower and dated          MARCH 5, 2004
The Note states that Borrower owes Lender ONE HUNDRED FORTY THOUSAND EIGHT HUNDRED
AND NO/100
                                                                                                 Dollars
(U.S. $140,800.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than          MARCH 1, 2034

**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider          ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider               ☐ Biweekly Payment Rider  ☐ Other(s) [specify]

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

-6A(NJ) (0005)                    Page 2 of 15          Initials: ___          Form 3031 1/01

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the COUNTY of OCEAN :

[Type of Recording Jurisdiction]      [Name of Recording Jurisdiction]

SEE ATTACHED LEGAL DESCRIPTION

Property Account Number: B:1373 L:410
621 BAY BLVD
BAYVILLE
("Property Address"):

which currently has the address of
[Street]
[City], New Jersey    08721   [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

-6A(NJ) (0005)         Page 3 of 15       Initials:       Form 3031 1/01

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future. If Lender accepts such payments, it shall apply such payments at the time such payments are accepted. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts

-6A(NJ) (0005)                    Page 4 of 15                 Initials:               Form 3031 1/01

due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

 

-6A(NJ) (0005)                 Page 5 of 15           Initials:            Form 3031 1/01

Book11959/Page1820

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

  

-6A(NJ) (0005)                    Page 6 of 15              Initials:                 Form 3031 1/01

Book11959/Page1821

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable



-6A(NJ) (0005)                     Page 7 of 15          Initials:                  Form 3031 1/01

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**



-6A(NJ) (0005)                              Page 8 of 15                    Initials: _____               Form 3031 1/01

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.



-6A(NJ) (0005)                          Page 9 of 15              Initials                    Form 3031 1/01

Book11959/Page1824

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

-6A(NJ) (0005)                    Page 10 of 15          Initials:          Form 3031 1/01

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the

-6A(NJ) (0005)                          Page 11 of 15                Initials: _____                Form 3031 1/01

new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.



-6A(NJ) (0005)                          Page 12 of 15            Initials:                    Form 3031 1/01

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at Section 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.



-6A(NJ) (0005)          Page 13 of 15          Initials:          Form 3031 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____ (Seal)
SCOTT T. RUQUET                        -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)        _____ (Seal)
              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
              -Borrower                                -Borrower

-6A(NJ) (0005)                    Page 14 of 15                    Form 3031 1/01

Book11959/Page1829

**STATE OF NEW JERSEY,**    *Ocean*                    **County ss:**

On this      5th      day of      March, 2004                    , before me, the subscriber,
personally appeared    SCOTT T. RUQUET

who, I am satisfied,
is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that
he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein
expressed.

Notary Public  *Laurence A. Hecker*
*An attorney at law of N.J.*

-6A(NJ) (0005)                    Page 15 of 15          Initials:            Form 3031 1/01

Book11959/Page1830



**Ocean County**
**Document Summary Sheet**

OCEAN COUNTY

PO BOX 2191.

COURTHOUSE

TOMS RIVER NJ 08754

INSTR # 2012054321
OR BK 15213 PG 1203
RECORDED 05/31/2012 09:20:01 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

**Official Use Only**

| Transaction Identification Number | 1739441 | 927489 |
|---|---|---|

| | | Return Address *(for recorded documents)* |
|---|---|---|
| **Submission Date***(mm/dd/yyyy)* | 05/30/2012 | BANK OF AMERICA |
| **No. of Pages** *(excluding Summary Sheet)* | 1 | 1800 TAPO CANYON ROAD |
| **Recording Fee** *(excluding transfer tax)* | $40.00 | SIMI VALLEY, CA 93063 |
| **Realty Transfer Tax** | $0.00 | |
| **Total Amount** | $40.00 | |

| **Document Type** | ASSIGNMENT/MORTGAGE |
|---|---|

**Municipal Codes**

BERKELEY TOWNSHIP                6

**Batch Type**

L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**

134602

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

1780022_5M30D(17H43M30S936)/1739441 927489                                      Page 1 of 2

## Ocean County
## Document Summary Sheet

| | Type | ASSIGNMENT/MORTGAGE | | | | |
|---|---|---|---|---|---|---|
| | Consideration | | | | | |
| | Submitted By | BANK OF AMERICA  (INGEO SYSTEMS INC) | | | | |
| | Document Date | 05/30/2012 | | | | |
| | Reference Info | | | | | |
| ASSIGNMENT/MORTGAGE | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** | |
| | OR | 11959 | 1815 | 2004054389 | | |
| | MORTGAGOR | **Name** | | **Address** | | |
| | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | | | |
| | ASSIGNEE | **Name** | | **Address** | | |
| | | DEUTSCHE BANK NATL TRUST CO | | | | |
| | Parcel Info | | | | | |
| | **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | | |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN 2012054321 O  DOC_TYPE ASSN MTG BK 15213 PG 1204 PAGE 2 OF 3

This space for Recorder's use

DocID# ██████████

Property Address:
**621 Bay Blvd**
**Bayville, NJ 08721-2203**
Property Location:
**Township of BERKELEY**
NJ0v2-AM 18454067          5/22/2012

Recording Requested By:
**Bank of America**
Prepared By:
**Bank of America**
**800-444-4302**
**1800 Tapo Canyon Road**
**Simi Valley, CA 93063**

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #: ██████████          MERS Phone #:  888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR  THE CERTIFICATEHOLDERS OF THE GSAA HOME EQUITY TRUST 2004-5, ASSET-BACKED      CERTIFICATES, SERIES 2004-5** whose address is **1761 E ST ANDREW PL, SANTA ANA, CA 92705** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

| | |
|---|---|
| Original Lender: | **FIRST NATIONAL BANK OF ARIZONA** |
| Borrower(s): | **SCOTT T. RUQUET** |
| Date of Mortgage: | **3/5/2004** |
| Original Loan Amount: | **$140,800.00** |

Recorded in **Ocean County, NJ** on: **3/12/2004**, book **11959**, page **1815** and instrument number **2004054389**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**MAY 25 2012**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Raymond Marquez
Assistant Secretary

State of **California**
County of **Ventura**

On **MAY 25 2012** before me, _____ **Kim Williams** _____, Notary Public, personally appeared _____ **Raymond Marquez** _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ **Kim Williams** _____          (Seal)
My Commission Expires: _____ **October 23, 2014**

KIM WILLIAMS
COMM. #1910043
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires OCT. 23, 2014

CFN 2012054321 O  DOC_TYPE ASSN MTG BK 15213 PG 1205 PAGE 3 OF 3

INSTR # 2013108361
OR BK 15656 PG 1342
RECORDED 10/07/2013 08:52:47 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

This space for Recorder's use

| | Recording Requested By:<br>**Bank of America, N.A.**<br>Prepared By:<br>**Anne-Marie Calderon**<br>**800-444-4302**<br>**101 S. Marengo Ave.**<br>**Pasadena, CA 91101** | When recorded mail to:<br>**CoreLogic**<br>**Mail Stop: ASGN**<br>**1 CoreLogic Drive**<br>**Westlake, TX 76262-9823** |
|---|---|---|

DocID#  1

Property Address:
**621 Bay Blvd**
**Bayville, NJ 08721-2203**
Property Location:
**Township of BERKELEY**
NJ0v2-AM 25997494  8/21/2013  NS0630D

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **NATIONSTAR MORTGAGE, LLC** whose address is **350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

| | |
|---|---|
| Original Lender: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST NATIONAL BANK OF ARIZONA** |
| Borrower(s): | **SCOTT T. RUQUET** |
| Date of Mortgage: | **3/5/2004** |
| Original Loan Amount: | **$140,800.00** |

Recorded in **Ocean County, NJ** on: **3/12/2004**, book **OR 11959**, page **1815** and instrument number **2004054389**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**SEP 23 2013**

**Bank of America, N.A.**

By: _____

Rebecca Canales ,
Assistant Vice President

State of **California**
County of **Los Angeles**

On **SEP 23 2013** before me, _____ Ani Badalian _____, Notary Public, personally appeared _____ Rebecca Canales _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ Ani Badalian _____  (Seal)
My Commission Expires: _____ Sept. 4 2017 _____

ANI BADALIAN
Commission # 2036114
Notary Public - California
Los Angeles County
My Comm. Expires Sep 4, 2017

Book15656/Page1342

COUNTY OF OCEAN
CONSIDERATION
REALTY TRANSFER FEE
DATE _____ BY _____

# Deed

Prepared by: (Print signer's name below signature)

_____
NOLA TRUSTAN, ESQ.

This Deed is made on June 13, 2006

**BETWEEN**

**SCOTT RUQUET AND DONNA DEROSA,** husband and wife,
**TENANTS BY THE ENTIRETY,**

whose address is 226 Potters Drive, Bayville, New Jersey, 08721

referred to as the Grantor,

**AND**

**SCOTT RUQUET AND DONNA DEROSA-RUQUET,** husband and wife,
**TENANTS BY THE ENTIRETY,** and **ALEXANDER DEROSA,** a minor, in Trust as Joint
Tenant with Right of Survivorship,

whose post office address is 226 Potters Drive, Bayville, New Jersey, 08721

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of One Dollar ($1.00 )--------------
----------------------------------------------

The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Township of Berkeley
Block No. 1373-30   Lot No.   41, 43, 45 and 47,           Account No.
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

**Property.** The property consists of the land and all the buildings and structures on the land in the Township Berkeley, County of Ocean and State of New Jersey. The legal description is:

*All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Berkeley, County of Ocean, State of New Jersey:*

*See Attached Schedule A*

*BEING the same premises conveyed to the Grantor herein, by Deed from George F. Schuld, Jr., and Ann H. Schuld, husband and wife, dated March 5, 2004, recorded March 12, 2004, in the Ocean County Clerk/Register's Office in Deed Book 11959, Page 1812.*

The street address of the property is: 621 Bay Boulevard, Bayville, New Jersey, 08721.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (*N.J.S.A.* 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

INSTR # 2006105559
OR BK 13224 PG 1806
RECORDED 04/22/2006 03:39:02 PM
CARL W. BLOCK, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

Book13224/Page1806



GIT/REP-3
(5-05)

**State of New Jersey**
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)
Scott Ruquet and Donna DeRosa-Ruquet    H/w

Current Resident Address:

Street:    226 Potters Drive    Bayville, New Jersey    08721

| City, Town, Post Office | State | Zip Code |
|---|---|---|

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 1373-30 | 41,43,45 and 47 | |

Street Address:
621 Bay Blvd.    Bayville, New Jersey    08721

| City, Town, Post Office | State | Zip Code |
|---|---|---|

| 100% | $1.00 | June 13, 2006 |
|---|---|---|
| Seller's Percentage of Ownership | Consideration | Closing Date |

## SELLER ASSURANCES (Check the Appropriate Box)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☒ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the interstate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

| June 13, 2006 | |
|---|---|
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

| June 13, 2006 | |
|---|---|
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

Book13224/Page1807

NC1645 - Affidavit of Consideration
RTF-1 (Rev. 8/2004) P8/04

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION**
(c. 49, P.L. 1968; as amended by through c. 66, P.L. 2004)
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968 as amended by c. 308, P.L. 1991 (N.J.S.A. 46:15-5 et seq.)

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com 800.222.0510 Page 1

STATE OF NEW JERSEY
} SS.
COUNTY OF      OCEAN

**FOR RECORDER'S USE ONLY**
Consideration $ _____
RTF paid by seller $ ___exempt___ *
Date __6/21/06__ By _____

\* Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** *(See Instructions #3, 4 and 5 attached)*
Deponent, __Donna DeRosa-Ruquet__ , being duly sworn according to law upon his/her oath deposes and says
     (Name)
that he/she is the __Grantor__ in a deed dated __June 13, 2006__
     (State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)
transferring real property identified as Block No. __1373-30__ Lot No. __41, 43, 45 and 47__
located at __621 Bay Blvd. Bayville NJ 08721__ and annexed hereto.
     (Street Address, Municipality, County)

**(2) CONSIDERATION** *(See Instruction #6)*
     Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ __1.00__

**(3) FULL EXEMPTION FROM FEE**
     Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c. 49, **P.L.** 1968, as amended through c. 66, P.L. 2004 for the following reason(s). Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient. __Transfer between parent and child and the consideration i less than $100.00__

**(4) PARTIAL EXEMPTION FROM FEE**      NOTE: *All boxes below apply to grantor(s) only.* **ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED.** *Failure to do so will void claim for partial exemption.* *(See Instructions #8 and #9.)*

Deponent claims that this deed transaction is exempt from the State portion of the Basic fee imposed by c. 176, **P.L.** 1975; c. 113, P.L. 2004; and c. 66, P.L. 2004 for the following reason(s): _____

**A. SENIOR CITIZEN** *(See Instruction #8)*
☐ Grantor(s) 62 years of age or over.\*
☐ One- or two-family residential premises.
☐ Resident of the State of New Jersey.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.

**B. BLIND** *(See Instruction #8)*
☐ Grantor(s) legally blind.\*
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.
☐ Resident of the State of New Jersey.

**DISABLED** *(See Instruction #8)*
☐ Grantor(s) permanently and totally disabled.\*
☐ Receiving disability payments.\*
☐ Not gainfully employed.\*
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Owners as joint tenants must all qualify.
☐ Resident of the State of New Jersey.

**\* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY IF OWNED AS TENANTS BY THE ENTIRETY**

**C. LOW AND MODERATE INCOME HOUSING** *(See Instruction #8)*
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

**(5) NEW CONSTRUCTION** *(See Instruction #9)* – *Affidavit must be executed by Grantor*
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.
☐ "NEW CONSTRUCTION" printed clearly at the top of the first page of the deed.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of **c. 49, P.L.** 1968, as amended through **c. 66, P.L.** 2004.

Subscribed and sworn to before me
this __13th__
day of __Jun__

__Nola Trustan__
Attorney at Law State of New Jersey

_____
Signature of Deponent
226 Potters Drive
_____
Address of Deponent

__Donna DeRosa-Ruquet__
Name of Grantor
226 Potters Drive Bayville, NJ
_____
Address of Grantor at Time of Sale
08721
_____
Name/Company of Settlement Officer

**FOR OFFICIAL USE ONLY**
Instrument Number _____ County __Ocean__
Deed Number _____ Book _____ Page _____
Deed Dated __6/13/06__ Date Recorded __6/21/06__

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ATTACHED.**
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.

Book13224/Page1808

_____   _____(Seal)
NOLA TRUSTAN, ESQ.            SCOTT RUQUET

                             _____(Seal
                             DONNA DEROSA n/k/a
                             DONNA DEROSA-RUQUET

State of New Jersey, County of Ocean  SS:

I Certify that on June 13, 2006
        SCOTT RUQUET and DONNA DEROSA-RUQUET
                                        personally came before me and
acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):
1.   is names in and personally signed this Deed;
2.   signed, sealed and delivered this Deed as his or her act and deed; and
3.   made this Deed for $1.00 as full and actual consideration paid or to be paid for the
     transfer of title. (Such consideration is defined in *N.J.S.A.* 46:15-5.)

                             _____
                             (Print name and title below signature)
                             Nola Trustan
                             *An Attorney at Law of New Jersey*

| DEED | Dated:   June 13, 2006 |
|---|---|
| **SCOTT RUQUET AND DONNA DEROSA**, husband and wife, **TENANTS BY THE ENTIRETY**,<br><br>Grantors,<br><br>TO<br><br>**SCOTT RUQUET AND DONNA DEROSA-RUQUET**, husband and wife, **TENANTS BY THE ENTIRETY**, and **ALEXANDER DEROSA**, a minor, in Trust as Joint Tenants with Right of Survivorship,<br><br>Grantee. | *Record and return to:*<br><br>*Nola Trustan, Esq.*<br>*506 Hooper Avenue*<br>*Toms River, New Jersey 08753* |

Book13224/Page1809

INSTR # 2006112620
OR BK 13242 PG 0769
RECORDED 07/10/2006 08:11:47 AM
CARL W. BLOCK, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

RECORD AND RETURN TO:   70

UCC Direct Services
187 WOLF RD. SUITE 101
ALBANY, NY 12205
CMF 877132-8

ent 02-259-01-58

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

This ASSIGNMENT OF LEASES AND RENTS prepared by: X _____
Name of Signer: ___ Commerce Bank, N.A.

## ASSIGNMENT OF LEASES AND RENTS

THIS ABSOLUTE ASSIGNMENT OF LEASES AND RENTS dated June 10, 2006, is made and executed between Donna Derosa aka Donna Derosa-Ruquet and Scott Ruquet, whose address is 226 Potters Dr, Bayville, NJ 08721 (referred to below as "Grantor") and Commerce Bank, N.A., whose address is 1101 Hooper Avenue, CN - 2050, Toms River, NJ 08754 (referred to below as "Lender").

**Assignment.** For valuable consideration, Grantor hereby assigns and conveys to Lender all of Grantor's right, title, and interest in and to the Leases and Rents from the following described Property located in Ocean County, State of New Jersey:

Deed Book 11959   Deed Page 1812   Lot 41   Block 1373   Assessed Address:  621 Bay Blvd, Berkeley Twp, Ocean County NJ

The Property or its address is commonly known as 621 Bay Ave, Bayville, NJ 08721.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Assignment secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

THIS ASSIGNMENT IS GIVEN IN CONNECTION WITH GRANTOR'S AGREEMENTS REGARDING  (1) PAYMENT OF THE INDEBTEDNESS AND (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE, LICENSE TO COLLECT.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall strictly perform all of Grantor's obligations under this Assignment. So long as there shall exist no Event of Default hereunder or under the Note or any Related Documents, there is reserved to the Grantor a license to collect as they become due, but not prior to accrual, all rents, income, issues and profits from the Property and the proceeds of rent and other insurance and to retain, use and enjoy the same and to apply such rents, issues, income and profits, to the payment of (A) the cost of all such alterations, renovations, repairs, replacements and maintenance and expenses incident to taking an retaining possession of the Property and the management and operation thereof, and keeping the same insured,  (B) all taxes, charges, claims, assessments, water rents, sewer rents and any other liens on the Property, and premiums for said insurance, with interest on all such items and  (C) the repayment of the indebtedness herein described when due and payable, together with all costs and reasonable attorneys' fees, before using any part of the same for any other purpose. Upon the occurrence of an Event of Default under this Assignment, the Note or any Related Documents, such license granted to the Grantor shall be immediately revoked without further demand or notice from the Lender.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE LEASES AND RENTS.** With respect to the Leases and Rents, Grantor represents and warrants to Lender that:

**Ownership.** Grantor is entitled to receive the Leases and Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Leases and Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Leases and Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor shall not alter, modify or change the terms of said Leases without Lender's prior written consent.  At Lender's request, Grantor shall assign and transfer to Lender any and all subsequent Leases upon all or any part of the premises described in said Leases or said Related Documents and shall execute and deliver all such further assurances and assignments in the Property as Lender shall from time to time require.

**No Default.** The leases are in full force and effect and have not been amended, modified or terminated. No Event of Default (or event which with the giving of notice or passage of time would be an Event of Default) has occurred.

**LENDER'S RIGHT TO COLLECT LEASES AND RENTS.** Notwithstanding the provisions hereof under the heading "Payment and Performance; License to Collect," Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Leases and Rents to be paid directly to Lender or Lender's agent.

**Enter the Property; Collect Leases and Rents.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Leases and Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Leases and Rents and remove any tenant or tenants or other persons from the Property.  Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse any instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds.  Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed.  Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

_(signature)_ 70 Cash

Book13242/Page769

**ASSIGNMENT OF LEASES AND RENTS**
**(Continued)**

Loan No: [REDACTED]                                                                                    Page 2

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of New Jersey and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Leases and Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**Collection Of Rents By Lender.** Grantor hereby agrees not to pursue any action or conduct designed to discourage any tenant from paying rent to Lender and further agrees not to assert "adequacy of value" of the mortgaged premises and/or other collateral as a defense to any action or claim by Lender to collect rents from tenant(s) of Grantor.

**APPLICATION OF LEASES AND RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Leases and Rents. Lender, in its sole discretion, shall determine the application of any and all Leases and Rents received by it; however, any such Leases and Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Leases and Rents shall become a part of the Indebtedness, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, this Assignment shall become void with no further force and effect and Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**DEFAULT.** At Lender's option, Grantor will be in default under this Assignment if any of the following happen:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Break Other Promises.** Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Assignment or in any agreement related to this Assignment.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any Related Documents to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Grantor's accounts with Lender. However, if Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding six (6) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within thirty (30) days; or (2) if the cure requires more than thirty (30) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option, subject to any notice or right to cure requirements that may be applicable, to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**Collect Leases and Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Leases and Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Leases and Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment, the Note, the other Related Documents or by law.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Assignment, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the

Book13242/Page770



Loan No: ▮▮▮▮▮▮

**ASSIGNMENT OF LEASES AND RENTS**
**(Continued)**

Page 3

---

Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**ADDITIONAL COLLATERAL.** This Assignment is intended to be absolute and represent further collateral for the obligation of Borrower under the Note and shall be independent of all other collateral pledged by Borrower or Grantor for repayment of the Note secured hereby.

**ASSIGNMENT OF RENTS NOTICE.** This Assignment of Rents and Leases is hereby considered as an absolute assignment.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** What is written in this Assignment and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Assignment. To be effective, any change or amendment to this Assignment must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law. This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New Jersey without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of New Jersey.**

**Joint and Several Liability.** All obligations of Grantor under this Assignment shall be joint and several, and all references to Grantor shall mean each and every Grantor. This means that each Grantor signing below is responsible for all obligations in this Assignment.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1) In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require. (2) If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Assignment unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Assignment. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests.

**Non-Liability of Lender.** The relationship between Grantor and Lender created by this Assignment is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Grantor.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any person may change his or her address for notices under this Assignment by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**Severability.** If a court finds that any provision of this Assignment is not valid or should not be enforced, that fact by itself will not mean that the rest of this Assignment will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Assignment even if a provision of this Assignment may be found to be invalid or unenforceable.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment. This means that all deadlines for performance provided under this Assignment must be strictly complied with and that failure to do so will result in a default.

**DEFINITIONS.** The following words shall have the following meanings when used in this Assignment:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF LEASES AND RENTS, as this ASSIGNMENT OF LEASES AND RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF LEASES AND RENTS from time to time.

**Borrower.** The word "Borrower" means Donna Derosa-Ruquet and Scott Ruquet.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means Donna Derosa-Ruquet and Scott Ruquet.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Assignment.

**Leases and Rents.** The words "Leases and Rents" mean all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, insurance proceeds, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

**Lender.** The word "Lender" means Commerce Bank, N.A., its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the promissory note dated June 10, 2006, **in the original principal amount of $113,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

ASSIGNMENT OF LEASES AND RENTS
(Continued)

| Loan No: ████████ | | Page 4 |
| --- | --- | --- |

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT. THIS DOCUMENT IS EXECUTED ON JUNE 10, 2006.

THIS ASSIGNMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS ASSIGNMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

GRANTOR:

X_____(Seal)          X_____(Seal)
  Donna Derosa aka Donna Derosa-Ruquet          Scott Ruquet

Signed, acknowledged and delivered in the presence of:

X_____
  Witness

X_____
  Witness

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF ___NEW JERSEY___          )
                                   ) SS
COUNTY OF ___OCEAN___              )

BE IT REMEMBERED that on this ___10th___ day of ___JUNE___, 20 __06__, before me, the undersigned authority, personally appeared **Donna Derosa aka Donna Derosa-Ruquet and Scott Ruquet** who, I am satisfied, are the persons named in the foregoing instrument, and I having first made known to them the contents thereof, they acknowledged that they signed, sealed and delivered the same as their voluntary act and deed. All of which is hereby certified.

THOMAS H. McCAULEY
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES MAY 04, 2009

_____
[Notary Public]

LASER PRO Lending, Ver. 5.26.00.206  Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - NJ  p:\LPWIN\CFI\LPL\G14.FC  TR-379519  PR-364

Book13242/Page772

# CERTIFICATE OF SALE

## FOR UNPAID MUNICIPAL LIENS

| CERTIFICATE |
| --- |
| No. 12-0491 |

I, GERALDINE DORSO TAX COLLECTOR , COLLECTOR OF TAXES of the taxing district of the TOWNSHIP of BERKELEY in the COUNTY of OCEAN and State of New Jersey, do hereby certify that on the 3RD day of OCTOBER ,2012 at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to SOHEHA PUK

whose address is P O BOX 9416 TRENTON, NJ 08650

for SIX HUNDRED EIGHTY TWO dollars and 81 cents, the land in said taxing district described as Block No. 1373 Lot No. 41 , and known as 621 BAY BLVD BAYVILLE N J 08721-0287 , on the tax duplicate thereof and assessed thereon to RUQUET, SCOTT & DONNA D ETAL +LOTS 43,45,47 226 POTTERS DR BAYVILLE NJ 08721

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

| | AMOUNT | INTEREST | TOTAL |
| --- | --- | --- | --- |
| Taxes For: 2011 | | | |
| WATER SERVICE CHARGES | 604.35 | | |
| Assessments For Improvements | | | |
| COST OF SALE | | | 15.00 |
| | | | 682.81 |

INSTR # 2012127409
OR BK 15387 PG 1471
RECORDED 12/12/2012 09:51:15 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of 18.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after 31ST DAY OF DECEMBER , 2011 ; municipal authority charges accruing after 31ST DAY OF DECEMBER , 2011 and assessment installments not yet due, amounting to dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 10TH day of OCTOBER ,2012

STATE OF NEW JERSEY
COUNTY OF: OCEAN

*Geraldine Dorso Ctc*
GERALDINE DORSO TAX COLLECTOR , COLLECTOR OF TAXES

[SEAL]

BE IT REMEMBERED, that on this 10TH day of OCTOBER 2012 before me a NOTARY PUBLIC of New Jersey, personally appeared GERALDINE DORSO TAX COLLECTOR , the Collector of Taxes of the taxing district of TOWNSHIP OF BERKELEY in the County of OCEAN , who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By: *Geraldine Dorso, Ctc* *Marion E. Heintjes*
GERALDINE DORSO TAX COLLECTOR , PREPARER MARION E HEINTJES , NOTARY PUBLIC
Marion E. Heintjes
Notary Public of New Jersey
My Commission Expires
September 25, 2016

NOTE: NJSA 46:15-3 requires that all signatures appearing on the Certificate, those of the Collector, the Notary Public who takes this acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 10/99

$30 cash

# CERTIFICATE OF SALE
## FOR UNPAID MUNICIPAL LIENS

**CERTIFICATE**
**No.** 13-0680

I, GERALDINE DORSO TAX COLLECTOR , COLLECTOR OF TAXES of the taxing district of the TOWNSHIP of BERKELEY · in the COUNTY of OCEAN and State of New Jersey, do hereby certify that on the 2ND day of OCTOBER , 2013 at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to SOHEHA

whose address is PO BOX 9416 TRENTON, NJ 08650

for ONE THOUSAND THREE HUNDRED EIGHTY THREE dollars and 91 cents, the land in said taxing district described as Block No. 1373 Lot No. 41 , and known as 621 BAY BLVD BAYVILLE N J 08721-0287 , on the tax duplicate thereof and assessed thereon to RUQUET, SCOTT & DONNA D ETAL +LOTS 43,45,47 226 POTTERS DR BAYVILLE NJ 08721 .

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

| | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|
| **Taxes For:** 2012 | | | |
| SEWER SERVICE CHARGES | 672.96 | 112.59 | 785.55 |
| WATER SERVICE CHARGES | 516.94 | 54.28 | 571.22 |
| **Assessments For Improvements** | | | |
| COST OF SALE | | | 27.14 |
| | | | 1383.91 |

INSTR # 2013130835 OR BK 15707 PG 62 12/12/2013 09:16:50 AM
SCOTT M. COLABELLA COUNTY CLERK, OCEAN COUNTY NEW JERSEY

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of 18.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after 31ST DAY OF DECEMBER , 2012 ; municipal authority charges accruing after 31ST DAY OF DECEMBER , 2012 and assessment installments not yet due, amounting to dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 11TH day of OCTOBER , 2013 .

STATE OF NEW JERSEY
COUNTY OF: OCEAN

GERALDINE DORSO TAX COLLECTOR , COLLECTOR OF TAXES

**SEAL**

BE IT REMEMBERED, that on this 11TH day of OCTOBER 2013 before me a NOTARY PUBLIC of New Jersey, personally appeared GERALDINE DORSO TAX COLLECTOR , the Collector of Taxes of the taxing district of TOWNSHIP OF BERKELEY in the County of OCEAN , who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By: _____
GERALDINE DORSO TAX COLLECTOR , PREPARER

MARION E. Heintjes , NOTARY PUBLIC
Notary Public of New Jersey
My Commission Expires
September 25, 2016

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the collector, the Notary Public who takes this acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 10/99

Book15707/Page62

|  | OCEAN COUNTY CLERK'S OFFICE<br>RECORDING DOCUMENT<br>COVER SHEET<br><br>SCOTT M. COLABELLA<br>OCEAN COUNTY CLERK<br>P.O. BOX 2191<br>TOMS RIVER, NJ 08754-2191<br>(732) 929-2110<br>www.oceancountyclerk.com | <br>INSTR # 2019070387<br>OR BK 17545 PG 1717<br>RECORDED 07/24/2019 08:50:13 AM<br>SCOTT M. COLABELLA, COUNTY CLERK<br>OCEAN COUNTY, NEW JERSEY<br><br>OFFICIAL USE ONLY |

**DATE OF DOCUMENT:** *( Enter Date as follows:00/00/0000)*
07/19/2019

**TYPE OF DOCUMENT:** *(Select Doc Type from Drop-Down Box)*

SATISFACTION OF ASSIGNMENT OF LEASES AND RENTS

OFFICIAL USE ONLY - REALTY TRANSFER FEE

| FIRST PARTY NAME: *(Enter Last Name, First Name)*<br>DONNA DEROSA RUQUET AND SCOTT RUQUET | SECOND PARTY NAME: *(Enter Last Name, First Name)*<br>TD Bank, N.A. successor to Commerce Bank, N.A. |

**ALL ADDITIONAL PARTIES:** *(Enter Last Name, First Name)*
Commerce Bank, N.A.

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
| --- | --- |
| BLOCK: | LOT: |

**MUNICIPALITY:** *(Select Municipality from Drop-Down Box)*

**CONSIDERATION:**

**MAILING ADDRESS OF GRANTEE:** *(Enter Street Address, Town, State, Zip Code)*

| Street Address | Town | State | Zip |

THE FOLLOWING SECTION IS FOR
ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES,
SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY

| ORIGINAL BOOK:<br>Original Book: 13396 | ORIGINAL PAGE:<br>Original Page: 1104 |

**OCEAN COUNTY CLERK'S OFFICE RECORDING DOCUMENT COVER SHEET**

Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

70871914 RPY Ref# 2379131 14328 NJ029 Ocean County 1361236164 ME 6164

Book17545/Page1717

Return To:
**LIEN SOLUTIONS**
**PO BOX 29071**
**GLENDALE , CA 91209-9071**
**Phone #: 800-833-5778**

Prepared By:
**CT LIEN SOLUTIONS**
**Kim Sewall**
**PO BOX 29071**
**GLENDALE , CA 91209-9071**

---

## SATISFACTION OF ASSIGNMENT OF LEASES AND RENTS



**TD Bank, N.A. successor to Commerce Bank, N.A.**, with a business address of **140 Mill St, Lewiston, ME, 04240**, certifies that it is the present owner of a mortgage executed by **DONNA DEROSA RUQUET AND SCOTT RUQUET** to **Commerce Bank, N.A.** in the amount of **Loan Amount: $123,000.00** dated **10/22/2006** and recorded in **Ocean County** County, on **11/03/2006** with **Original Book: 13396, Original Page: 1104**, .

**Property Address: 621 BAY BLVD, BAYVILLE, NJ, 08721**
**Township: BERKELEY**
**Description/Additional information: BLOCK 1373 LOT 41, 43, 45, & 47**

The above described mortgage is satisfied and discharged. The recorder for said county is authorized to enter this satisfaction of record.

Dated this **07/19/2019**.

**TD Bank, N.A. successor to Commerce Bank, N.A.**

By: **Ileana Gutierrez**
Its: **Authorized Signer**
STATE OF **CALIFORNIA, LOS ANGELES COUNTY**

On **July 19, 2019** before me, the undersigned, a notary public in and for said state, personally appeared **Ileana Gutierrez**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

> CAROLINA SHORES
> Notary Public - California
> Los Angeles County
> Commission # 2167614
> My Comm. Expires Oct 13, 2020

Notary Public **Carolina Shores**

**Commission Expires 10/13/2020**

Page # 1                              Ocean County 1361236164 ME 6164

Book17545/Page1718

**Ocean County
Document Summary Sheet**

OCEAN COUNTY CLERK

PO BOX 2191.

COURTHOUSE

TOMS RIVER NJ 08754

INSTR # 2020026242
OR BK 17817 PG 493
RECORDED 03/10/2020 01:22:15 PM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY
RECORDING FEES 40.00

**Official Use Only**

| Transaction Identification Number | 4255578 | 3944970 |
|---|---|---|

| | | |
|---|---|---|
| **Submission Date***(mm/dd/yyyy)* | 03/10/2020 | **Return Address**   *(for recorded documents)* |
| **No. of Pages** *(excluding Summary Sheet)* | 2 | RAS CITRON |
| **Recording Fee** *(excluding transfer tax)* | $40.00 | 130 CLINTON RD STE 202 |
| | | FAIRFIELD, NJ 07004 |
| **Realty Transfer Tax** | $0.00 | |
| **Total Amount** | $40.00 | |

| **Document Type** | LIS PENDENS |
|---|---|

**Municipal Codes**

BERKELEY TOWNSHIP                                6

**Batch Type**      L2 - LEVEL 2 (WITH IMAGES)

604368

**Additional Information (Official Use Only)**

.

*** DO NOT REMOVE THIS PAGE.
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.
RETAIN THIS PAGE FOR FUTURE REFERENCE.**

**Ocean County**
**Document Summary Sheet**

| LIS PENDENS | Type | LIS PENDENS | | | | |
|---|---|---|---|---|---|---|
| | Consideration | | | | | |
| | Submitted By | RAS CITRON (CSC/INGEO SYSTEMS INC) | | | | |
| | Document Date | 02/25/2020 | | | | |
| | Reference Info | | | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** | |
| | | | | | | |

| DEFENDANT | Name | Address |
|---|---|---|
| | SCOTT RUQUET | |
| | DONNA DEROSA-RUQUET | |
| | ALEXANDER DEROSA | |

| PLAINTIFF | Name | Address |
|---|---|---|
| | DEUTSCHE BANK NATIONAL TRUST CO | |
| | GSAA HOME EQUITY TRUST 2004-5 | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN 2020026242 O DOC_TYPE NTCELIS BK 17817 PG 494 PAGE 2 OF 4

RAS Citron, LLC
130 Clinton Road, Suite 202
FAIRFIELD, NJ 07004
973-575-0707
ATTORNEYS FOR PLAINTIFF
Jennifer Stead, Esq.
STATE BAR NUMBER: 059532014

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE GSAA HOME EQUITY TRUST 2004-5, ASSET-BACKED CERTIFICATES, SERIES 2004-5,<br>Plaintiff<br><br>vs.<br><br>SCOTT RUQUET; DONNA DEROSA-RUQUET; ALEXANDER DEROSA,<br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br><br>OCEAN COUNTY<br><br>DOCKET NO. C-000020-20<br><br>LIS PENDENS |

TO WHOM IT MAY CONCERN:

Notice is hereby given of the commencement and pendency of the above entitled Civil Action, the general object of which is:

1. To Quiet Title to the following mortgage covering the premises hereinafter described, to wit:

Mortgage made by **SCOTT RUQUET** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST NATIONAL BANK OF ARIZONA** recorded **March 12, 2004** and recorded in the County of OCEAN in Mortgage Book 11959 at Page 1815 .

2. The lands and premises to be affected by said suit are described in SCHEDULE A attached hereto and made a part hereof.

3. The Complaint in the above entitled action was filed in the Office of the Clerk of the Superior Court of New Jersey, Chancery Division on February 12, 2020.

RAS Citron, LLC
ATTORNEYS FOR THE PLAINTIFF

DATED: February 25 2020

By: _____
Jennifer Stead, Esquire
New Jersey Bar No. 059532014

Communication Email: jstead@rasnj.com

19-407505 - JeC

CFN 2020026242 O DOC_TYPE NTCELIS BK 17817 PG 495 PAGE 3 OF 4

**PROPERTY DESCRIPTION**

The land referred to in this Commitment is described as follows:

ALL that tract or parcel of land and premises, situate, lying and being in the Township of Berkeley, County of
Ocean and State of New Jersey, more particularly described as follows:

TRACT 1

BEING known and designated as Lot Nos. 45, 47 Block 30 on Map of Holly Park on Barnegat Bay, Berkeley
Township, A-305, Ocean County, New Jersey, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of
Ocean County, New Jersey being a Plot of Ground 50 feet by 125 feet.

TRACT 2

BEING known and designated as Lot Nos. 41 and 43 Block 30, as shown on Map of Holly Park on Barnegat
Bay, Berkeley Township, A-305, Ocean County, Arthur C. King, C.E., filed April 3, 1926 in the Clerk's Office of
Ocean County, New Jersey.

THE above described premises are more particularly described in accordance with a survey prepared by Horn,
Tyson and Yoder, Inc., dated September 7, 1985.

BEING known and designated as Lot Nos. 41, 43, 45 and 47 Block 30 as shown on a map of Holly Park on
Barnegat Bay Berkeley Township, A-305, Ocean County, Arthur C King, C.E., filed April 3, 1926 in the Clerk's
Office of Ocean County, New Jersey, Map #A305.

BEGINNING at a point in the intersection of the Northerly line of Bay Boulevard with the Westerly line of North
Bayview Avenue (Formerly 7th Avenue); thence

1.  North 88 degrees 45 minutes West, along Bay Boulevard 100.00 feet to a point; thence

2.  North 10 degrees 15 minutes East, 125.00 feet to a point; thence

3.  South 88 degrees 45 minutes East, 100.00 feet to South Westerly line of North Bayview Avenue, thence

4.  Along same South 10 degrees 15 minutes West, 125.00 feet to place of BEGINNING.

ALSO known as Lots 41, 43, 45 and 47 Block 1373.30 on the Township of Berkeley Tax Map

19-407505 - JeC

CFN 2020026242 O DOC_TYPE NTCELIS BK 17817 PG 496 PAGE 4 OF 4

## Ocean County
## Document Summary Sheet

OCEAN COUNTY CLERK

PO BOX 2191

COURTHOUSE

TOMS RIVER NJ 08754

INSTR # 2020028891
OR BK 17824 PG 1816
RECORDED 03/17/2020 10:48:09 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY
RECORDING FEES 40.00

**Official Use Only**

| Transaction Identification Number | | 4265229 | 3957075 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 03/16/2020 | **Return Address** *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | 1 | RAS CITRON | |
| **Recording Fee** *(excluding transfer tax)* | $40.00 | 130 CLINTON RD STE 202 | |
| | | FAIRFIELD, NJ 07004 | |
| **Realty Transfer Tax** | $0.00 | | |
| **Total Amount** | $40.00 | | |
| **Document Type** | DISCHARGE/LISPENS | | |

**Municipal Codes**

BERKELEY TOWNSHIP                6

**Batch Type**    L2 - LEVEL 2 (WITH IMAGES)

606293

**Additional Information (Official Use Only)**

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**Ocean County**
**Document Summary Sheet**

| | Type | DISCHARGE/LISPENS |
|---|---|---|
| | Consideration | |
| | Submitted By | RAS CITRON (CSC/INGEO SYSTEMS INC) |
| | Document Date | 03/16/2020 |
| | Reference Info | |

| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | OR | 17817 | 493 | | |

**DISCHARGE/LISPENS**

| DEFENDANT | Name | Address |
|---|---|---|
| | SCOTT RUQUET | |
| | DONNA DEROSA-RUQUET | |
| | ALEXANDER DEROSA | |

| PLAINTIFF | Name | Address |
|---|---|---|
| | DEUTSCHE BANK NATIONAL TRUST CO | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF OCEAN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN 2020028891 O DOC_TYPE DISCHLIS BK 17824 PG 1817 PAGE 2 OF 3

RAS Citron, LLC
130 Clinton Road, Suite 202
FAIRFIELD, NJ 07004
973-575-0707
ATTORNEYS FOR PLAINTIFF
Jennifer Stead, Esq.
STATE BAR NUMBER: 059532014

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE GSAA HOME EQUITY TRUST 2004-5, ASSET-BACKED CERTIFICATES, SERIES 2004-5, Plaintiff/Mortgagee <br><br> vs. <br><br> SCOTT RUQUET; DONNA DEROSA-RUQUET; ALEXANDER DEROSA, Defendant(s)/Mortgagor(s) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION <br><br> OCEAN COUNTY <br><br> DOCKET NO. C-000020-20 <br><br> DISCHARGE OF LIS PENDENS |

**TO THE CLERK OF OCEAN COUNTY:**

This is to certify that, whereas a certain Lis Pendens was filed on March 10, 2020 in Book 17817 and Page 493 in the office of the Clerk of OCEAN County, by the undersigned attorneys for the Plaintiff above captioned and relating to the Mortgage recorded on March 12, 2004 in Mortgage Book 11959 at Page 1815; and

**WHEREAS**, the matters and things in dispute have been adjusted between the parties, and therefore, the Lis Pendens should be discharged of record;

**NOW, THEREFORE**, the Clerk of OCEAN County is hereby authorized, empowered and directed to discharge, cancel and make null and void the aforesaid Lis Pendens, and for so doing, this shall be sufficient warrant.

WITNESS hand and seal __3|16__, 20__20__          RAS Citron, LLC

Signed, sealed, and delivered in the presence of:

_____          _____
                                          Jennifer Stead, Esq.

State of: __NEW JERSEY__
County of: __ESSEX__

Be it Remembered, that on __03/16__, 20__20__ before me __PAWEL RYBAK__, the subscriber Jennifer Stead, Esq., personally appeared who, I am satisfied, is the person named in and who executed the within Instrument, and thereupon he acknowledged that he signed, sealed and delivered the same as their act and deed, for the uses and purposes therein expressed.

OFFICIAL SEAL
PAWEL RYBAK
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires Dec. 11, 2023

_____
Notary Public of the State of New Jersey

19-407505 - NaH

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

575-1919-11                          RE: 621 BAY

**CERTIFIED TO:**


              CLEAN TITLE AGENCY LLC
              130 CLINTON RD STE 202
              FAIRFIELD NJ 07004


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF THE
CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY, THE
INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD IN ANY OF
THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY THE
RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY IN
NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:

|  | FROM | TO |
|---|---|---|
| SCOTT RUQUET<br>*** With Judgments *** | 01-01-2001 | 01-01-2021 |
| ALEXANDER RUQUET<br>*** Name is CLEAR *** | 01-01-2001 | 01-01-2021 |
| DONNA DEROSA-RUQUET<br>*** With Judgments *** | 01-01-2001 | 01-01-2021 |
| DONNA DEROSA<br>*** With Judgments *** | 01-01-2001 | 01-01-2021 |
| DONNA RUQUET<br>*** With Judgments *** | 01-01-2001 | 01-01-2021 |

(SEE ATTACHED  2  PAGES)




  DATED      01-01-2021
  TIME       08:45 AM

  FEES: $ 60.00
  TAX:  $  0.00
  TOTAL:$ 60.00                         CHARLES JONES LLC
                                        P.O. BOX 8488
RN21-011-02301  011    0680011 25       TRENTON, NJ 08650

RN21-011-02301
575-1919-11

SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-202094-2008                    CASE NUMBER: CS  524580  17A
DATE ENTERED: 09/03/08                     DATE OF BIRTH: 05/1960
ACTION: CHILD SUPPORT
VENUE: MIDDLESEX
 CREDITOR(S):
         KATHLEEN DANGELO ,ORIGINAL DOCKET - FM-12-002325-95
 ATTY FOR CR.: PRO SE
 DEBTOR(S):
         SCOTT RUQUET ,PRO SE
           P O BOX 173
           BAYVILLE, NJ 08721                              j-1
   CONSOLIDATION OF ALL CHILD SUPPORT DEBTS
                      ---------------
 The debt amount varies from date to date. If you wish to know
 the current details, please contact: 1-877-NJ-KIDS1 (1-877-655-4371)
 or www.njchildsupport.org
                    *** End of Abstract ***


                   UNITED STATES BANKRUPTCY COURT
 BANKRUPTCY NUMBER: BK-049218-2010
 PETITION FILED: 12/21/10                         VOLUNTARY
                                                  CHAPTER: 07
 VENUE: TRENTON
  IN THE MATTER OF:
      SCOTT THOMAS RUQUET ,  SSN#:XXX-XX-8070
      DONNA JEAN DEROSA-RUQUET , SSN#:XXX-XX-0594
           226 POTTER'S DR, BAYVILLE, NJ 08721
      ATTORNEY: PHILLIP L. LUCAS-LAW OFFICE OF PHILLIP L. LUCAS
               515 STATE HIGHWAY 70, SUITE 204
               PO BOX 575
               BRICK NJ 08723
               (732) 920-9000
                      ---------------
 TRUSTEE: ANDREA DOBIN
                             DISCHARGE OF BANKRUPT: 04/15/11
 FINAL DECREE: 07/26/11
           DONNA JEAN DEROSA ADDED TO OUR INDEX.
           DONNA JEAN RUQUET ADDED TO OUR INDEX.
                    *** End of Abstract ***

RN21-011-02301                                                                      2
575-1919-11

UNITED STATES BANKRUPTCY COURT
BANKRUPTCY NUMBER: BK-017571-2014
PETITION FILED: 04/17/14                              VOLUNTARY
                                                     CHAPTER: 13
VENUE: TRENTON
 IN THE MATTER OF:
      DONNA DEROSA-RUQUET , SSN#:XXX-XX-0594
      SCOTT RUQUET , SSN#:XXX-XX-8070
              226 POTTERS DR, BAYVILLE, NJ 08721
         ATTORNEY: PRO SE-

                       ---------------
TRUSTEE: ALBERT RUSSO
              DONNA DEROSA ADDED TO OUR INDEX.
              DONNA RUQUET ADDED TO OUR INDEX.
                   *** End of Abstract ***