# Exhibit M

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **RAS Crane, LLC**<br>10700 Abbott's Bridge Road, Suite 170<br>Duluth, GA 30097<br>Telephone:  470-321-7112 (main)<br>Telephone:  973-575-0707 (local)<br>Attorneys for Defendants<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>DONNA DEROSA-RUQUET and<br>SCOTT RUQUET,<br><br>       Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13 |
| DONNA DEROSA-RUQUET and<br>SCOTT RUQUET,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE NOTE HOLDER, AND NATIONSTAR<br>MORTGAGE, LLC ("NSM"), DEUTSCHE<br>BANK, DEUTSCHE BANK NATIONAL<br>TRUST COMPANY AS TRUSTEE FOR<br>GSAA HOME EQUITY TRUST 2004-5<br>ASSET-BACKED CERTIFICATES,<br>SERIES 2004-5, JOHN DOE BANK 1-999<br>JANE DOE BANK 1-999,<br><br>       Defendants. | Adv. Pro. No. 19-ap-02175-KCF |

### NOTICE OF CROSS-MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 FOR SUMMARY JUDGMENT

TO:    All Parties on the Service List Attached to the Certification of Service

PLEASE TAKE NOTICE that on **Tuesday, April 14, 2020** at **11:00 a.m.**, or as soon thereafter as counsel may be heard, RAS Crane, LLC, attorneys for NATIONSTAR

MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 ("Secured Creditor"), the within creditor, shall move before the Honorable Kathryn C. Ferguson, United States Bankruptcy Judge,08608, Courtroom 2, for an Order granting the *Cross-Motion of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for Deutsche Bank National Trust Company, as trustee for GSAA Home Equity Trust 2004-5 Asset-Backed Certificates, Series 2004-5 for Summary Judgment* (the "**Cross MSJ**") and for other related relief;

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9013-1(i) of the *District of New Jersey Local Rules of Bankruptcy* (the "**Local Rules**"), unless the Court authorizes or directs otherwise prior to the return date hereof, no testimony shall be taken at the hearing on the Cross MSJ, except by certification or by affidavit;

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9013-2, a brief in support of the relief requested by the Cross MSJ is attached hereto;

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9013-1(d), opposition to the relief requested by the Cross MSJ, if any, shall be filed with the Clerk of the Bankruptcy Court and served upon RAS Crane, LLC within seven (7) days of the return date set forth above;

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9013-1(a), the Cross MSJ shall be deemed uncontested unless responding papers are timely filed; and

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9013-1(a), a proposed form of Order is submitted herewith.

DATED:  April 7, 2020

**RAS Crane LLC**
Attorneys for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone No.: 973-575-0707 (local)
Telephone No.: 561-241-6901 (main)

By: /s/ Laura Egerman
Laura M. Egerman, Esquire
Bar ID:  LE-8250
Email: legerman@rasnj.com

DEFENDANT'S RESPONSE TO PLAINTIFFS'
FACTS FROM THE RECORD

Plaintiffs did not, as required by Fed. R. Civ. P 56(c)(1), as applicable to this proceeding pursuant to Fed. R. Bankr. P. 7056, file a Statement of Material Facts, but merely restate the allegations of their Complaint. Defendant, in furtherance of its response to the "Facts from the Record", incorporates by reference its Amended Answer and Affirmative Defenses (Docket 11) as if set forth at length herein.

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted.

6. Admitted in part and denied in part. Defendants admits that the Debtor Donna DeRosa-Ruquet (hereinafter "**DeRosa**") added her name to the Quit Claim Deed dated March 5, 2004 and is in title to the Property. Defendant denies that the interest of DeRosa in the Property is superior to its lien.

7. Admitted

8. Admitted

9. Admitted

10. Admitted.

11. Admitted.

12. Denied.

DEFENDANT'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

1.      Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2004-5, Asset-Backed Certificates, Series 2004-5 (hereinafter **"Defendant"** or **"Deutsche"**) holds a mortgage secured by the Plaintiff's real property commonly known as 621 Bay Boulevard, Bayville, New Jersey (the **"Property"**).  See Requests for Admissions (the "**RFA**", attached as **Exhibit A** to the concurrently filed Certification of Laura Egerman (hereinafter the "**Egerman Cert**") at ¶1.

2.      Plaintiff Scott Ruquet (hereinafter "**Ruquet**") executed the Mortgage in favor of Deutsche's predecessor.  See RFA at ¶2.

3.      Ruquet executed the Promissory Note in favor of Deutsche's predecessor.  See RFA at ¶3

4.      Deutsche is in possession of the original promissory note.  See RFA at ¶4.

5.      No other party but the Defendant and/or its loan servicer has demanded payment or instituted a foreclosure action with respect to the subject mortgage loan.  See RFA at ¶5

6.      Plaintiffs have not paid off or otherwise satisfied the Defendant's Mortgage on the subject property.  See RFA at ¶6.

7.      Defendant's Mortgage was duly recorded in the Ocean County Clerk's Office on March 12, 2004, in Book OR-11959, Page 1815.  See RFA at ¶7.

8.      Defendant's Mortgage remains a valid lien on the subject Property.  See RFA at ¶8

9.      Defendant's Mortgage is a purchase money mortgage. See RFA at ¶9.

10.     Plaintiffs intended for the Mortgage to encumber the Property.  See RFA at ¶10

11.     But for the monies paid by Defendant's predecessor to fund the Note secured by the Mortgage, Plaintiffs could not have purchased the Property.  See RFA at ¶11

12.     Plaintiffs collect rents or otherwise derive income from the Property.  See RFA at ¶12

13. Plaintiffs are unable to substantiate any of the allegations in your Complaint in this matter. See RFA at ¶15.

14. Plaintiffs do not possess any legally cognizable claim, defense or right to challenge the subject loan, or Defendant's standing to foreclose. See RFA at ¶16.

15. Plaintiffs owe sums due on the Note. See RFA at ¶17.

16. Plaintiffs are obligated to repay the subject loan. See RFA at ¶18.

17. DeRosa-Ruquet knew of the Note and Mortgage at the time the documents were executed. See RFA at ¶19.

18. DeRosa-Ruquet knew that the Property was a guarantee for the Note. See RFA at ¶20

19. Prior to the filing of the underlying Bankruptcy Case, Debtors made no effort to repudiate the underlying Mortgage transaction. See RFA at ¶21.

20. DeRosa added her name to the Deed. See Egerman Cert, Exhibit B.

21. DeRosa initialed the HUD-1 Settlement Statement. See Egerman Cert, Exhibit C.

I. **PLAINTIFFS HAVE NOT MET THEIR BURDEN UNDER FED. R. CIV. P. 56, AS APPLICABLE TO THIS MATTER PURSUANT TO FED. R. BANKR. P. 7056, AND THEREFORE THE MSJ SHOULD BE DENIED AND THE CROSS MSJ GRANTED.**

The standards governing summary judgment are set forth in Rule 7056 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), which incorporates Rule 56 of the Federal Rules of Civil Procedure (the "**FRCP**") and makes Rule 56 applicable to adversary proceedings. Pursuant to Rule 56, a party moving for summary judgment has the burden to prove that there are no genuine and material issues of facts in dispute, thereby proving its entitlement to summary judgment. Celotex v. Cartrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Summary Judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and affidavits show that there is no genuine issue as to any material fact." Bankruptcy Rule 7056(c). Conversely, therefore, if the pleadings, discovery and disclosure materials on file, and affidavits show that there is a genuine issue as to any material fact, summary judgment should not be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248 (stating that

"summary judgment will not lie… if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

"In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant." In re. Moran-Hernandez, 544 B.R. 800-801 (Bankr.Court,D.N.J. 2016), citing Anderson v. Liberty Lobby, Inc., supra at 249. "A court considering a motion for summary judgment does not resolve factual disputes but must view all facts and inferences therefrom in the light most favorable to the non-moving party. Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1362 n. 1 (3d Cir.1996)." In re. Buildings by Jamie, Inc., 230 B.R. 36, 40-41 (Bankr.Court.D.N.J. 1998)

Disputed material facts are those "that might affect the outcome of the suit under the governing law." Id. at 248, 106 S.Ct. 2505. A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted)." In re. Moran-Hernandez, 544 B.R. 796, 800-801 (Bankr.Court.D.N.J. 2016).

As set forth in detail below, Plaintiffs have not only failed to create a record sufficient to show that they are entitled to summary judgment as a matter of law, they have also contradicted their entire argument by admitting that Defendant holds a valid lien against the Property, that the lien is a purchase money mortgage, and that DeRosa was aware that the debt was a purchase money loan used for purchase of the Property, and that she benefitted from the mortgage. Based on these admissions, the MSJ should be denied, and the Cross MSJ granted.

II. **THE MSJ MUST BE DENIED AND THE CROSS MSJ GRANTED BECAUSE PLAINTIFFS HAVE ADMITTED THAT DEFENDANT HOLDS A VALID LIEN AGAINST THE PROPERTY.**

Federal Rule of Civil Procedure 36, made applicable to the instant proceedings pursuant to Bankruptcy Rule 7036, governs requests for admissions. "The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. Rule 36 is not a discovery device, but rather 'a procedure for obtaining admission for the record of facts already known." In re. Cunningham, 526 B.R. 578, 587 (Bankr.Court. ED Pennsylvania 2015) (internal citations omitted). Admissions under Rule 36 are "not 'merely another layer of evidence'; rather, it is 'an unassailable statement of fact that narrows the triable issues in the case.'" In re. Frank P.

D'Ambrosio, 452 B.R. 562, 570 (Bankr.Court, ED Pennsylvania 2011) *quoting* Airco Industrial Gases, Inc. v. The Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity, 850 F.2d 1028, 1037 (3d Cir.1988)

Pursuant to FRCP 7036(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." When a party fails to respond to requests for admissions in the time permitted by FRCP 36, "the matters detailed therein are deemed conclusively admitted. *In re D'Ambrosio,* 452 B.R. 562, 570 (Bankr. E.D. Pa. 2011) (citing *Harrison v. Ammons,* 2009 WL 2588834, at *4 (M.D. Pa. Aug. 19, 2009); 10 Collier on Bankruptcy P 7036.03 (16th 2019) ("[A]n admission is of equal force whether affirmatively stated or deemed admitted by default.")." In re. Valez, (Bankr.Court, MD Pennsylvania 2019).

Defendant served its Requests for Admissions (the "**RFA**", attached as **Exhibit A** to the concurrently filed Certification of Laura Egerman (hereinafter the "**Egerman Cert**") and other discovery requests on Plaintiffs on January 17, 2020 by both email and regular mail. The requests are proper and in compliance with Rule 36(a). The RFA ask Plaintiffs to admit facts regarding the validity of Deutsche's Mortgage on the Property, including that the mortgage is valid and that the lien is superior to the interest of DeRosa. Plaintiffs did not request additional time to respond to the RFA as set forth in FRCP 29, as applicable to these proceedings by Bankruptcy Rule 7029, and accordingly Plaintiffs had only 30 days to respond. More than 30 days have passed and Plaintiffs have never responded to the RFA. Accordingly, each and every allegation in the RFA are deemed admitted under FRCP 36 and Plaintiffs, for all intents and purposes, have contradicted each and every allegation they allege in support of the MSJ. Defendant asserts that the MSJ should be denied and its Cross MSJ should be granted as there are no remaining issues of material fact, and all facts have been admitted in favor of the Defendant.

III. **DEFENDANT IS ENTITLED TO ENFORCE THE NOTE**.

N.J.S.A. §12A:3-301 provides that a "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant

to 12A:3-309 or subsection d. of 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

In its opinion in <u>Wells Fargo Bank, NA v. Ford</u>, 15 A.3d 327 (App.Div. 2011), the Appellate Division examined the issue of indorsements in the context of Defendant's challenge to the standing of Wells Fargo to foreclose the mortgage on her home. The Court reviewed the standing issue in the context of N.J.S.A. 12A:3-301, stating:

> If a debt is evidenced by a negotiable instrument, such as the note executed by defendant, the answer to this question is governed by Article III of the Uniform Commercial Code (UCC), *N.J.S.A.* 12A:3-101 to -605, in particular *N.J.S.A.* 12A:3-301. *See generally Raftogianis, supra,* 418 *N.J.Super.* at 327-32, 13 *A.*3d 435. *N.J.S.A.* 12A:3-301 states in pertinent part:
>
> "Person entitled to enforce" an instrument means [1] the holder of the instrument, [2] a nonholder in possession of the instrument who has the rights of the holder, or [3] a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [*N.J.S.A.*] 12A:3-309 or subsection d. of [*N.J.S.A.*] 12A:3-418.

Breaking down 12A:3-101 into three distinct categories of holders (as evidenced by the brackets inserted into the text), the Court analyzed the status of Wells Fargo in connection with the note. It concluded that Wells Fargo did not fall within the third category, which applies to holders of lost, destroyed or stolen instruments. Likewise, Deutsche does not fall within class 3. The question, as here, becomes whether Wells Fargo was a holder of the instrument or non-holder in possession with the rights of the holder.

For the purpose of this argument[1], Deutsche Bank should be considered a non-holder in possession of the instrument who has the rights of the holder. The note was originally owned and controlled by First National Bank of Arizona, however there is an attached Allonge in blank attached thereto. Repayment of the Note was secured by the Mortgage in favor of MERS as Nominee for First National Bank of Arizona. On May 25, 2012, MERS assigned the Mortgage to

---

[1] Upon information and belief, Deutsche is in possession of the original Note. As a result of COVID-19, however, communication with the client has been hampered and a certification could not be timely obtained. The undersigned did not want to violate Rule 9011 and assert this as fact. The undersigned continues to follow up on a daily basis with the hope possession can be confirmed, at which time a Supplemental Certification will be filed and the original Note presented to the Court at oral argument on the MSJ and the Cross MSJ.

Deutsche; the assignment, a copy of which is attached to the filed Proof of Claim 8-1, was recorded on May 31, 2012 in Book OR 15213, Page 1203. With that assignment, Deutsche became entitled to enforce the debt. Plaintiffs have admitted that Deutsche has the right to enforce the debt (RFA at ¶¶4, 5) No other lender has come forward seeking to enforce the debt.

IV.    **DEFENDANT IS ENTITLED TO AN EQUITABLE MORTGAGE ON THE PROPERTY WITH THE ALLEGED INTEREST OF DEROSA-RUQUET SUBORDINATED TO IT.**

"The whole doctrine of equitable liens or mortgages is founded upon that cardinal maxim of equity which regards as done that which has been agreed to be, and ought to have been, done. To dedicate property, or to agree to do so, to a particular purpose or debt is regarded in equity as creating an equitable lien thereon in favor of him for whom such dedication is made. This wholesome equitable principle is one of wide, if not universal, recognition and application. _Dean v. Anderson,_ 34 _N.J. Eq._ 496; _Cummings v. Jackson,_ 55 _N.J. Eq._ 805; _Clark v. Van Cleef,_ 75 _N.J. Eq._ 152; _Payne      v.      Wilson,_ 74 _N.Y._ 348; _Chase      v.      Peck,_ 21 _N.Y._ ; _Ketchum      v.      St. Louis,_ 101 _U.S._ 306, 25 _L.Ed._ 999; _Walker v. Brown,_ 165 _U.S._ 654, 17 _S.Ct._ 453, 45 _L.Ed._ 865" Gutermuth v. Ropiecki, 159 N.J. Super 139, 146, 387 A. 2d 385 (Ch. Div. 1977)

When a " 'written instrument fails to express the real agreement or transaction'", either through a mistake common to both parties, or through the mistake of one party accompanied by the fraudulent knowledge and procurement of the other, there may be reformation". Brodzinsky v. Pulek, 75 N.J. Super. 40, 48 (App. Div. 1962) citing Downs v. Jersey Central Power & Light Co., 117 N.J. Eq. 138, 141 (E. & A. 1934).    "If an intent to give, charge, or pledge property, real or personal as security for an obligation, appears, and the property or thing intended to be given, charged, or pledged is sufficiently described or identified, then the equitable lien or mortgage will follow as of course." Gutermuth v. Ropiecki, 159 N.J. Super. 139, 146-147 (App. Div. 1977).   A party seeking to reform a written instrument must establish the right to relief by proof that is clear and convincing. Scult v. Bergen Valley Builders, Inc., 76 N.J. Super. 124, 130 (Ch. Div. 1962). See also J.W. Pierson Co. v. Freeman, 113 N.J. Eq 268, 271 (E. & A. 1933). Reibman v. Myers, 164 A.3d 1080, 1089, 451 N.J.Super. 32 (App.Div. 2017)

"An equitable mortgage is created by agreement of the parties.  If a deed or contract… is used for the purpose of pledging real property,.. or as security for a debt or obligation, and with the intention that it shall have effect as a mortgage, equity will give effect to the intention of the parties."   (internal citations omitted)  "Express words are not necessary to create an equitable mortgage; however, it must be clearly apparent from the instrument or surrounding circumstances, that the maker of the instrument intended the property to be security for the obligation. *James Talcott, Inc., supra,* 123 *N.J.Super.* at 203, 302 *A.*2d 147. The character of the instrument is determined by the intention of the parties at the time of its execution." *Id.*

In O'Brien v. Cleveland, 423 B.R. 477 (Bankr.D.N.J. 2010), Judge Lyons identified eight (8) factors to be considered to determine whether an equitable mortgage exists.  The so-called "O'Brien Factors" were adopted by the New Jersey Supreme Court.  See Zaman v. Felton, 219 N.J. 199, 98 A.3d 503 (2014).  The "O'Brien Factors" are:  statements by the homeowner or representations by the purchaser indicating that the homeowner continue ownership of the property; disparity between the value received by the homeowner and the value of the property; an option to repurchase; the homeowners' continued possession of the property; the homeowners' continued duty to pay real estate taxes; a disparity of bargaining power; an irregular purchase process; and financial distress of the homeowner." O'Brien v. Cleveland, 423 B.R. at 491.  The O'Brien Factors are guidance for a Court, and all 8 factors need not be found in order for an equitable mortgage to be found.

Applying the O'Brien Factors to the present case, it appears that an equitable mortgage is not only appropriate but that a manifest injustice will result of one is not imposed.  Addressed in order:

    (a) Plaintiffs used the funds from the subject loan to purchase the Property. That ownership continues to the present day.

    (b) There was no disparity between the value of the property and the purchase price.  Pursuant to the HUD, the purchase price for the Property was $176,000.00 while the subject loan was for $140,800.00.  There is nothing to suggest that Plaintiffs intended to incur debt secured by only fifty percent (50%) of the Property, or that Defendant's predecessor intended for its lien to be secured by only half of the Property.  Plaintiffs do not assert that the interest of Ruquet in the Property is not subject to the lien. Accordingly, the only disparity that may exist is to the detriment of the Defendant whose predecessor intended to hold a lien against the entirety of the Property.

(c) The underlying loan is a purchase money debt obligation which Plaintiffs have never sought to repudiate.

(d) Plaintiffs have continued to own the property and continue to use it to generate income.

(e) Plaintiffs remain obligated to pay the taxes and insurance on the Property. In fact, escrow is included in the monthly mortgage payment and Defendant continues to remit taxes and insurance when due.

(f) There was no disparity in bargaining power with this transaction. Presumably, Plaintiffs negotiated their best deal before selecting a lender from whom to borrow money to purchase the Property.

(g) Upon information and belief, there was nothing irregular about the purchase price of the Property.

(h) Upon information and belief, Plaintiffs were not in financial distress at the time they purchased the Property as an investment.

The present facts are clear that the Plaintiffs intended to use the funds advanced by Defendant's predecessor to purchase the Property. DeRosa-Ruquet added her name to the QCD at the closing on March 5, 2004; as well, she initialed the HUD, thereby indicating clearly her understanding that the debt was being incurred for the purpose of purchasing the Property. She has benefitted from the Mortgage in that the loan allowed for the purchase of the Property, and she continues to benefit because she and her husband collect rental income from the Property that allowed them, in part, to fund their Chapter 13 Plan. Although DeRosa-Ruquet did not sign the mortgage instrument itself, it is clear that she knew of knew of and approved of the mortgage loan. It would be inequitable and unjust for DeRosa-Ruquet to receive the benefits of the mortgage loan without being subject to the lien of Defendant's mortgage.

*{Remainder of Page Intentionally Blank}*

V.  CONCLUSION.

Plaintiffs are not entitled to judgment in their favor.  To the contrary, they have admitted that their position is without merit and that the lien of the Defendant against the Property is not valid and enforceable.  Plaintiffs, by their admissions, have conceded all facts in favor of the Defendant and confirm that the MSJ should be denied and the Cross MSJ granted.  Accordingly, Defendant respectfully requests that this Honorable Court deny summary judgment in favor of Plaintiffs, and grant its cross-motion for summary judgment in its favor.

Respectfully submitted,

**RAS Crane LLC**
Attorneys for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone No.: 973-575-0707 (local)
Telephone No.: 561-241-6901 (main)

By: /s/ Laura Egerman
Laura M. Egerman, Esquire
Bar ID:  LE-8250
Email: legerman@rasnj.com

Dated:  April 7, 2020

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **RAS Crane, LLC**<br>10700 Abbott's Bridge Road, Suite 170<br>Duluth, GA 30097<br>Telephone: 470-321-7112 (main)<br>Telephone: 973-575-0707 (local)<br>Attorneys for Defendants<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>DONNA DEROSA-RUQUET and<br>SCOTT RUQUET,<br><br>       Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13 |
| DONNA DEROSA-RUQUET and<br>SCOTT RUQUET,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE NOTE HOLDER, AND NATIONSTAR MORTGAGE, LLC ("NSM"), DEUTSCHE BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5, JOHN DOE BANK 1-999 JANE DOE BANK 1-999,<br><br>       Defendants. | Adv. Pro. No. 19-ap-02175-KCF |

**CERTIFICATION OF LAURA M. EGERMAN IN SUPPORT OF DEFEDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

LAURA M. EGERMAN, of full age, hereby certifies as follows:

1.    I am an associate with the firm of RAS Crane, LLC (hereinafter "RAS"), attorneys for Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National

Trust Company, as Trustee for GSAA Home Equity Trust 2004-5 Asset Backed Certificates, Series 2004-5 (hereinafter "**Defendant**"). I submit this Certification in support of Defendant's cross-motion seeking entry of an Order granting Summary Judgment in favor of Defendants.

2. Attached hereto as Exhibit "A" is a true and correct copy of the Request for Admissions served on Plaintiffs on or about January 17, 2020, to which no response was received

3. Attached hereto as Exhibit "B" is a true and correct copy of the Deed between George F. Schuld, Jr. and Ann H. Schuld and Scott Ruquet dated March 5, 2004 and recorded March 12, 2004 in the Office of the Clerk/Recorder of Deeds for Ocean County, New Jersey in Book OR11959, Page 1812.

4. Attached hereto as Exhibit "C" is a true and correct copy of the HUD-1 Settlement Statement dated March 5, 2004.

I certify that the foregoing statements made by me are true. I am aware that if any statements made by me are willfully false, I am subject to punishment.

/s/ Laura Egerman
Laura Egerman

Dated:  April 7, 2020

**TABLE OF CONTENTS**

TABLE OF CONTENTS

TABLE OF AUTHORITIES

PRELIMINARY STATEMENT

ARGUMENT

I.  PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE
     ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE

II.  DEBTOR DONNA RUQUET IS NOT ENTITLED TO ANY RELIEF AGAINST
      DEFENDANT

III. DEFENDANT IS ENTITLED TO AN EQUITABLE MORTGAGE ON THE
      PROPERTY

RESERVATION OF RIGHTS

CONCLUSION

## TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby Inc, 477 U.S. 242 (1986)

Celotex Corp. . Caterett, 477 U.S. 317 (1986)


Rules

Fed.R.Bankr.P. 7056

Fed.R.Civ.P. 56


Statutes

## PRELIMINARY STATEMENT

Debtors, Scott Ruquet and Donna DeRosa-Ruquet (the **"Debtors"**) filed a *Complaint for Declaratory Relief, Injunctive Relief, and Damages by Way of Recoupment Against Each Defendant for:   Lien Avoidance* (the "**Complaint**"), seeking to void the lien of defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "**Deutsche**") claiming that it's interest in a certain mortgage is not perfected.

In furtherance of the relief requested in their Complaint, Debtors filed a *Motion for Summary Judgment* (Docket 15) (the "**MSJ**"), requesting summary judgment in their favor by finding that the (a) mortgage held by Deutsche is void; and (b) that the mortgage held by Deutsche is unenforceable. Contemporaneously herewith Deutsche is filing a *Cross Motion of Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2004-5, Asset-Backed Certificates, Series 2004-5 for Summary Judgment* (the "**Cross MSJ**"), seeking summary judgment in its favor.

The Debtors' MSJ must fail because there are genuine issues of material fact in dispute that preclude the granting of summary judgment at this stage of the proceedings.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR (hereinafter "Defendant"), hereby opposes Plaintiff's Motion for Summary Judgement files its Amended Answer and Separate Defenses to the Plaintiffs' Complaint for Declaratory Relief, Injunctive Relief, and Damages by way of Recoupment Against Each Defendant for:   Lien Avoidance (the "Complaint"), and states as follows:

## PARTIES

1.      Defendant admits the allegations in Paragraph 1.

2.      Defendant states that the documents referenced in paragraph 2 speak for themselves, and no response is required.   Further, Defendant states that the allegations of Paragraph 2 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 2 and leaves Plaintiffs to their proof.

**JURISDICTION AND VENUE**

3.  Defendant states that the allegations of Paragraph 3 are conclusions of law to which no response is required.  By way of further response, Defendant does not contest the jurisdiction of this Honorable Court.

4.  Defendant states that the allegations of Paragraph 4 are conclusions of law to which no response is required.

5.  Defendant admits the allegations of Paragraph 5.

6.  Defendant states that the document referenced in paragraph 2 speak for themselves, and no response is required.  By way of further response, Defendant NSM denies the allegations of Paragraph 6 and leaves Plaintiffs to their Proof.  The subject Proof of Claim #8-1, filed June 23, 2014, states clearly that the "Name of Creditor" is Deutsche.

**FACTUAL ALLEGATIONS**
**Procedural Facts Relating to Avoidance of the Lien**

7.  Defendants admit the allegations of Paragraph 7.

8.  The allegations in Paragraph 8 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 and leave Plaintiffs to their proofs.

9.  The allegations in Paragraph 9 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 and leave Plaintiffs to their proofs.

10.  Defendant denies the allegations of paragraph 10 as stated, as Plaintiffs do not define the time period they reference "at the time of this filing".  To the extent that "at the time of this filing" references the petition date of April 17, 2014, the allegations of Paragraph 10 are denied, and Defendant leaves Plaintiffs to their proofs.  To the extent that "at the time of this filing" is defined as October 7, 2019, the date the Complaint was filed, Defendant admits the allegations of Paragraph 10 insofar as Plaintiffs acknowledge that the underlying mortgage account was brought current pursuant to the terms of a loan modification agreement approved by this Honorable Court by order entered on September 23, 2019.

11.     The allegations in Paragraph 11 are conclusions of law to which no response is required.

12.     The allegations in Paragraph 12 are conclusions of law to which no response is required.

13.     Defendant states that the document referenced in paragraph 13 speaks for itself, and no response is required.  By way of further response, Defendant states that NSM filed the subject proof of claim in its capacity as servicer for Deutsche.

14.     Defendant states that the document referenced in paragraph 14, subsections (a) through (h), speaks for itself, and no response is required.

15.     Defendant states that the document referenced in paragraph 15 speaks for itself, and no response is required.

16.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 and leave Plaintiffs to their proofs.

17.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 and leave Plaintiffs to their proofs.

18.     Defendant states that the document referenced in paragraph 18 speaks for itself, and no response is required.

19.     Defendant states that the document referenced in paragraph 19 speaks for itself, and no response is required.

20.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 20 and leave Plaintiffs to their proofs.

21.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 and leave Plaintiffs to their proofs.

22.     The allegations in Paragraph 22 are conclusions of law to which no response is required.

23.     The allegations in Paragraph 23 are conclusions of law to which no response is required.

24.     Defendant denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are conclusions of law to which no response is required.

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required.

27.     The allegations in Paragraph 27 are conclusions of law to which no response is required.

28.     The allegations in Paragraph 28 are conclusions of law to which no response is required.

29.     The allegations in Paragraph 29 are conclusions of law to which no response is required.

30.     The allegations in Paragraph 30 are conclusions of law to which no response is required.

31.     The allegations in Paragraph 31 are conclusions of law to which no response is required.

32.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 and leaves Plaintiffs to their proof.

33.     The allegations in Paragraph 33 are conclusions of law to which no response is required.

34.     Defendant states that the document referenced in paragraph 34 speaks for itself, and no response is required.

35.     The allegations in Paragraph 34 are conclusions of law to which no response is required.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 and leaves Plaintiffs to their proof.

37.     Defendant states that the document referenced in paragraph 37 speaks for itself, and no response is required.  With respect to the remainder of the allegations, Defendant denies the allegations in paragraph 37 and leaves Plaintiffs to their proof.

38.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 38 and leaves Plaintiffs to their proof.

39.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 and leaves Plaintiffs to their proof.

40.     Defendant states that the document referenced in paragraph 40 speaks for itself, and no response is required.  With respect to the remainder of the allegations, Defendant denies the allegations in paragraph 40 and leaves Plaintiffs to their proof.

41.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 41 and leaves Plaintiffs to their proof.

42.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 42 and leaves Plaintiffs to their proof.

*{Remainder of Page Intentionally Blank}*

**COUNT 1 AGAINST NATIONSTAR MORTGAGE LLC, DEUTSCHE BANK, DESUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-2005 ASSET BACKED SECURITIES 2004-5, JOHN DOE BANK 1-999, JANE DOE BANK 1-999; THE SECURITY INTEREST IN DEBTOR'S REAL PROPERTY KNOWN AS 621 BAY BOULEVARD HAS NOT BEEN PERFECTED AND THE LIEN SHOULD BE AVOIDED**

43. The allegations in Paragraph 43 are conclusions of law to which no response is required.

44. Defendant incorporates by reference its responses to Paragraphs 1 through 43, inclusive, as if same were set forth at length herein

45. Defendant is without sufficient information to admit or deny the allegations in Paragraph 45 and leaves Plaintiffs to their proof.

## FIRST AFFIRMATIVE DEFENSE

Without shifting the burden of proof, which at all times remains with Plaintiffs, Defendant hereby alleges that because the Causes of Action set forth in the Complaint are completely without merit, Plaintiff brings this Complaint in bad faith and for no other purpose than to harass creditors.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of waiver because Plaintiffs, through their own conduct, omissions, and statements, has waived any and all claims they might otherwise have had against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred by the Statute of Frauds.

## FIFTH AFFIRMATIVE DEFENSE

11 U.S.C. §546(b) precludes Plaintiffs from avoiding the subject mortgage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot avoid the subject mortgage as a result of constructive, implied and/or actual notice thereof.

## SEVENTH AFFIRMATIVE DEFENSE

The subject mortgage secures a note, the proceeds of which were used to satisfy a prior debt encumbering the property and, accordingly, Defendant is entitled to the protections and benefits of 11 U.S.C. §550(e).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add any additional defenses, which may be discovered during the discovery process.

WHEREFORE, Defendants, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (incorrectly pled as Nationstar Mortgage LLC) and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5, respectfully requests that the Court:

A. Dismiss the Complaint with prejudice.

B. Grant Defendant their counsel fees and costs associated with the defense of this action; and

C. Grant such other relief as the Court deems just and proper.

Dated: November 22, 2019

RAS CRANE, LLC
Attorneys for Defendants
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone:  470-321-7112 (main)
Telephone:  973-575-0707 (local)

By: /s/ _____
Harold Kaplan, Esq.
Bar ID:  HK-0226
Email:  legerman@rasnj.com



| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **RAS Crane, LLC**<br>10700 Abbott's Bridge Road, Suite 170<br>Duluth, GA 30097<br>Telephone: 470-321-7112 (main)<br>Telephone: 973-575-0707 (local)<br>Attorneys for Defendants<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>DONNA DEROSA-RUQUET and SCOTT RUQUET,<br><br>       Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13 |
| DONNA DEROSA-RUQUET and SCOTT RUQUET,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE NOTE HOLDER, AND NATIONSTAR MORTGAGE, LLC ("NSM"), DEUTSCHE BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5, JOHN DOE BANK 1-999 JANE DOE BANK 1-999,<br><br>       Defendants. | Adv. Pro. No. 19-ap-02175-KCF |

To:    Scott Ruquet               Donna DeRosa-Ruquet
        226 Potters Drive          226 Potters Drive
        Bayville, NJ 08721       Bayville, NJ 08721
        *Plaintiff/Self-Represented Debtor*    *Plaintiff/Self-Represented Debtor*

PLEASE TAKE NOTICE that the undersigned attorneys for Defendants NATIONSTAR

MORTGAGE LLC D/B/A MR. COOPER (incorrectly pled as Nationstar Mortgage LLC)

(hereinafter "NSM") and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

18-199898

FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "Deutsche") (collectively, NSM and Deutsche are referred to as "Defendant"), hereby demand that Defendants, Scott Ruquet and Donna DeRosa-Ruquet, provide answers to Plaintiff's Requests for Admissions requested herein in the time and manner prescribed by the Rules of Court and as may be further prescribed by Court Order.

Dated: January 16, 2020                                RAS Crane, LLC

                                                       /s/ Laura Egerman
                                                       Laura Egerman, Esq.

## **INSTRUCTIONS**

1. You must either admit or deny the statements asserted in each paragraph of the Requests for Admissions herein.

2. Each paragraph of the Requests for Admissions will be deemed admitted if you fail to respond to these Requests for Admissions within thirty (30) days after service of these Requests for Admissions.

3. If an objection is made to any one of the paragraphs in the Requests for Admissions, you must state the reasons.

4. If you deny the truth of the matter asserted in a paragraph of the Requests for Admissions, you must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

5. A denial shall fairly meet the substance of the Requests for Admissions, and when good faith requires that you qualify the answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as it is true and qualify or deny the remainder.

6. You may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial.

18-199898

## DEFINITIONS

The following terms as used in these Requests for Admissions have the following meanings and are defined as follows:

1.  "Plaintiffs" or "Debtors", as used in these Requests for Admissions, means Debtors Scott Ruquet and Donna DeRosa-Ruquet, whether individually or collectively, and/or any of their representatives, agents, or attorneys.

2.  "Defendant" or "Secured Creditor", as used in these Requests for Admissions, means the Defendants NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (incorrectly pled as Nationstar Mortgage LLC) (hereinafter "NSM") and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2004-5 ASSET-BACKED CERTIFICATES, SERIES 2004-5 (hereinafter "Deutsche"), and/or any of its representatives, agents or attorneys.

3.  "This litigation" or "subject of this litigation" as used in these Requests for Admissions shall refer to the allegations of the Plaintiff as set forth in the above-captioned Complaint and any Amended Answer and defenses asserted thereto by any of the Defendants and any allegation including all pleadings which have been filed with the Clerk of the Court or will be filed with the Clerk of the Court in the future which in any way relate to this litigation.

4.  "Agreement" as used in these Requests for Admissions means a promise or a set of promises constituting a commitment between two or more persons and/or entities which creates an obligation to do or not to do a particular thing. It may be oral, written, or partially oral and partially written. An "agreement" as used herein includes any amendments and modifications thereto. Plaintiff's use of the word "agreement" in this Requests for Admissions shall not be construed in any way as an admission that Plaintiff acknowledges the formation, existence, or enforceability of any legal or equitable obligation owed by Plaintiff to Defendants.

5.  "Persons" and/or "Anyone" as used in these Requests for Admissions shall be defined as any natural person, or any corporation, firm, partnership, proprietorship, association, business, governmental entity, board, authority, commission, agency, business organization and/or other legal entity.

6.  "Employee" as used in these Requests for Admissions means a person in the service of a corporate employer under any contract of hire, express or implied, oral or written, where the corporate employer has the power or right to control and direct the employee in the material details of how the work is to be performed. "Employee" as used in this these interrogatories shall also include any owner, principal, president and other executives of the corporate employer.

7.  "Document" as used in these Requests for Admissions shall mean any written, printed, typed, filmed, taped, or other graphic matter of any kind or nature, however produced or

18-199898

reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

Draft Only

> (a) all letters or other forms of correspondence or communication, including envelopes, notes, telegrams, cables, telex messages, facsimile messages, e-mail, as well as reports, notes, notations and memoranda of or relating to telephone conversations or conferences:
>
> (b) all memoranda, reports, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations;
>
> (c) all desk calendars, appointment books, diaries;
>
> (d) all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals;
>
> (e) all minutes, transcripts and memoranda of all meetings;
>
> (f) all photographs, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, in-outs and other draft compilations from which information can be obtained (translated, if necessary, by plaintiff through detection devises into useable form).

8.  "Financial Document" as used in these Requests for Admissions shall mean all financial statements, all accounts receivable, all accounts payable, all audits and reviews of financial statements, separate federal and state tax returns, any and all schedules or financial balance sheets reflecting the company's position and any and all source documents supporting all of the documents referenced herein.

9.  "Communication", "Communicate", "Communicates", or "Communicated" as used in these Requests for Admissions shall refer to every manner or means of disclosure, transfer, or exchange of information whether person-to-person, in a group, by telephone, by fax, by electronic mail, by letters, or by any other process, electric, electronic, or otherwise. All communications in writing shall include, without limitations, printed, typed, handwritten or other readable documents as defined herein, including oral or written notices.

10. "Statement(s)"as used in these Requests for Admissions means any oral communication, whether or not made in the presence of another person, in a telephone conversation, or in any

other context, and regardless of whether it has been reduced to writing or otherwise recorded or referred to in any document.

11. "Financial interest" as used in these Requests for Admissions means any form of personal and/or monetary interest either in the form of salary, bonuses, stocks, options or any other type of interest received.

12. "And" and "Or", as used in these Requests for Admissions, are to be used both conjunctively and disjunctively to make each response inclusive rather than exclusive.

**Each Request for Admission listed below incorporates a request for any supplemental information, knowledge or data responsive to the Request which is later generated, obtained, or discovered by the responding party, even if such request is not explicitly stated in the particular Request.**

## REQUESTS FOR ADMISSIONS

1. Admit the Defendant's Mortgage is secured by the real property that is the subject of this litigation, commonly known as 216 BAY BOULEVARD, BAYVILLE, NEW JERSEY 08721 (the Property).

2. Admit that you executed the Mortgage, attached as Exhibit "A" (hereinafter referred to as "Mortgage").

3. Admit that you executed the subject promissory Note, attached as Exhibit "B" (hereinafter referred to as "subject promissory Note" and/or "Note") dated October 21, 2005, in the amount of $246,400.00.

18-199898

4. Admit Defendant has and remains in possession of the subject promissory Note, attached as Exhibit "B", at all relevant times herein.

5. Admit that no other party but the Defendant and/or its loan servicer has demanded payment or instituted a foreclosure action with respect to the subject mortgage loan.

6. Admit that you did not pay off or satisfy the Defendant's Mortgage on the subject property.

7. Admit that Defendant's Mortgage, attached as Exhibit "A", was duly recorded in the Ocean County Clerk's Office on March 12, 2004, in Book OR-11959, Page 1815.

8. Admit that Defendant's Mortgage remains a valid lien on the subject Property.

9. Admit that Defendant's Mortgage, attached as Exhibit "A", is a purchase money mortgage.

10. Admit that you intended for the Mortgage to encumber the Property.

18-199898

11. Admit that, but for the monies paid by Defendant's predecessor to fund the Note secured by the Mortgage, you could not have purchased the Property.

12. Admit that you collect rents or otherwise derive income from the Property.

13. Admit that on or about October 23, 2014, you executed the Loan Modification Agreement attached as Exhibit C.

14. Admit that on or about November 7, 2016, you executed the Loan Modification attached as Exhibit D.

15. Admit you are unable to substantiate any of the allegations in your Complaint in this matter.

16. Admit that you do not possess any legally cognizable claim, defense or right to challenge the subject loan, or Defendant's standing to foreclose.

18-199898

17. Admit that you owe sums due on the Note.

18. Admit that you are obligated to repay the subject loan.

19. Admit that Donna DeRosa-Ruquet knew of the Note and Mortgage at the time the documents were executed.

20. Admit that Donna DeRosa-Ruquet knew that the Property was a guarantee for the Note.

21. Admit that prior to the filing of the underlying Bankruptcy Case, Debtors made no effort to repudiate the underlying Mortgage transaction.

18-199898

# **CERTIFICATION**

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

DATED: _____