| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| --- | --- |
| **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>10700 Abbott's Corner Road, Suite 170<br>Duluth, GA 30097<br>Telephone: 470-321-7112 (main)<br>Telephone: 973-575-0707 (local)<br>Attorneys for Secured Creditor<br><br>David Neeren, Esq. (Bar ID: 009662007) | |
| In Re:<br><br>SCOTT RUQUET and<br>DONNA DEROSA-RUQUET,<br><br>       Debtors. | Case No. 14-17571-KCF<br><br>Chapter 13<br><br>Hearing Date: January 26, 2021<br><br>Judge: Kathryn C. Ferguson |

## CERTIFICATION OF NATIONSTAR MORTGAGE LLC DBA MR. COOPER IN SUPPORT OF MOTION FOR RELIEF FROM DECEMBER 22, 2020 ORDER

**KATHY WINCHESTER**, of full age, state as follows:

1.      I am the Manager of Bankruptcy Litigation/Assistant Secretary for Nationstar Mortgage LLC d/b/a Mr. Cooper (hereinafter "NSM"). In this capacity, I have personal knowledge of the facts contained in this Certification. More particularly, I am familiar with the systems that NSM uses to record and create information related to the mortgage loans it services, including the processes by which NSM obtains loan information in those systems. While many of those processes are automated, where NSM employees manually enter data relating to loans on these systems, they have personal knowledge of that information and enter it into the system at or near the time they acquire the

knowledge. Those business records, include computer records/logs, payment statements, loan account and related business records. The records are maintained by NSM as the Servicer of the lender of the subject mortgage in the course of its regularly conducted business activities. It is the regular practice of NSM to keep such records in the ordinary course of a regularly conducted business activity. The within certification is based upon my personal review of those records. I am authorized to make the within Certification.

2.      This Certification is submitted in further support of the Motion for Reconsideration of the Court's Order Holding Nationstar in Contempt entered in the above-captioned matter on or about December 22, 2020 (Docket #282) (the "Order").

3.      Nationstar is a national mortgage loan servicer, servicing a portfolio of more than 3.4 million residential mortgage loans.

4.      Nationstar services the mortgage loan account identified as XXXXX24662 (the "Loan Account") on behalf of the mortgagee, Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2004-5, Asset Backed Certificates, Series 2004-5 (hereinafter "Deutsche"). The Loan Account relates to the Mortgage loan between Debtor Scott T. Ruquet (hereinafter "STR") and Deutsche related to Debtors' real property commonly known as 621 Bay Boulevard, Bayville, NJ (the "Property").

5.      The two (2) most recent monthly statements (November and December 2020) issued on the Loan Account are attached hereto as **Exhibit 1**. As of the date of the execution of this Certification, the January 2021 statement has not been generated.

6.      As a mortgage loan servicer, Nationstar is required to operate under a complex and stringent set of federal regulations, which include regulating the transparency of how payments are applied to an account when the mortgagor/borrower is in active bankruptcy.

7.      To comply with these federal regulations, Nationstar developed and implemented internal accounting procedures to assure proper application of payments received to pre- or post-petition amounts due.

8.      Specifically, Nationstar's procedure requires that when a payment is received, that payment is accounted as a partial payment and then placed in suspense.  Thereafter, the payment is applied as a payment as that specific file dictates, depending on the terms of the bankruptcy plan, etc., and marked as a "Payment." *See* Exhibit 1.

9.      It is critically important to note, however, that a payment is deemed received and applied *with the effective date that the payment is actually received* and noted as a "Partial Payment" on the statements of account.  Thus, the debtor/borrower is credited with the payment as of the date the payment is actually received, and not the date that is marked as "Payment."  A true and correct of a screenshot of the accounting procedure is attached hereto as **Exhibit 2** (the "Screenshot").

10.     The Screenshot reveals, for instance, that the December payment was: (i) received on December 22, 2020 and designated as a suspense payment; (ii) reconciled as a suspense adjustment on January 15, 2021; (iii) applied as a payment on January 15, 2021; (iv) given an effective payment date of December 22, 2020, when the payment was received; and, (v) given an advanced due date from December 1, 2020 to January 1, 2021 upon the application of the payment.  **Exhibit 2.**

11.     It is impossible for Nationstar to circumvent the established accounting controls and procedures in place for its millions of customers to remove this accounting procedure from the payment statement, which is meant to provide transparency to bankruptcy debtors and which cause absolutely no prejudice to the borrowers pursuant to applicable authority. It is further impossible to generate a manual payment statement(s) for this account.

12.     As I already previously certified, this transparent bankruptcy accounting process would be foregone once the account is taken out of active bankruptcy status.

13.     NSM is unable to assign itself the Mortgage from Deutsche since NSM is only the mortgage servicer and not the lender on the subject loan.

14.　NSM was authorized to enter into the Court-approved loan modification on behalf of Deutsche and the aforesaid loan modification is effective.

15.　I would be pleased to be sworn in and to testify relating to any of the Court's questions relating to any of my statements made herein.

NATIONSTAR MORTGAGE LLC
d/b/a MR. COOPER

Dated: January 19, 2021　By: _____ Asst. Sec.

Name:　Kathy Winchester

Title:　Assistant Secretary/Manager of Bankruptcy Litigation