1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:                          : Case No. 14-17571(KCF)
                                :
    SCOTT RUQUET AND            : Trenton, New Jersey
    DONNA DeROSA-RUQUET,        : December 22, 2020
                                : 10:01 A.M.
            Debtor.             :

TRANSCRIPT OF DECISION
BEFORE THE HONORABLE KATHRYN C. FERGUSON
UNITED STATES BANKRUPTCY COURT

Audio Operator:        Christine Kelly

Transcriber:           Isabel E. Cole
                       **COLE TRANSCRIPTION, L.L.C.**
                       **Certified Court Transcribers**
                       **P.O. BOX 34**
                       **WHITING, NEW JERSEY 08759**
                       **848-227-5001**

    Proceedings were digitally recorded, transcript produced
by transcription.

**2**

THE COURT:  The next one on the list is Number 4, Ruquet.  All right.  I'm going to read an opinion into the record.  I think I'm going to read an opinion into the record. All right.

On December 15, 2020, the Court took oral argument in the Chapter 13 case of Scott Ruquet and Donna De-Rosa-Ruquet. David Neeren appeared on behalf of NationStar doing business as Mr. Cooper, and the Debtors appeared as self-represented.  The hearing concerned two separate but related matters.

The first is NationStar's failure to comply with this Court's Order requiring NationStar to file certain documents with the Ocean County Clerk's Office; and, we'll refer to that as the Filing Order.  The second is the Court's continued hearing on the Debtors' Motion to Enforce a Loan Modification Order.

As to the first matter, Mr. Neeren presented a reasonable resolution to the difficulties NationStar is encountering with filing the required documents.  Mr. Neeren proposed that this Court essentially vacate its Filing Order and allow the Order and loan modification agreement to simply be accessible through the Bankruptcy Court docket because the documents are not strictly necessary in the State Court because they impact the note but not the mortgage.

Alternatively, Mr. Neeren suggested that this Court dismiss the bankruptcy case or grant stay relief so that

**3**

NationStar may file an action in Chancery Court to compel the Ocean County Clerk's Office to accept the documents for filing. That's a perfectly reasonable proposal.  However, it assumes that Mr. Neeren is writing on a blank slate.  He is not.

There is a six-year history to this case, and because of that history the Debtors were alarmed by the proposal and felt that it left them unprotected in the future.  Because Mr. Neeren only substituted in to this case in November, that is last month, the Court will provide some much needed context to this matter.

On May 15th of 2020, this Court granted the Debtors' Cross-Motion and entered an Order requiring NationStar to file certain documents including the 2016 loan modification and this Court's Order enforcing the loan modification with the Ocean County Clerk's Office within 30 days.  NationStar did not oppose the relief requested in the Cross-Motion and did not file an appeal of that Order.  Nonetheless, NationStar did not abide by the Order.

At a hearing on September 29, 2020, the Court sanctioned NationStar $2500 for failing to comply with the terms of the Filing Order and granted NationStar until October 14th to file the documents.  In that ruling, the Court noted, and I'll quote here, "If NationStar needs to file an assignment in order to get that done so be it."  NationStar has had since May 15th to do that.

**4**

The Debtors had asked this Court to sanction NationStar for its failure to comply by discharging the entire mortgage.  The Court noted that discharging the mortgage was too extreme a sanction at that juncture, but put NationStar on notice that the Court would consider in the future if NationStar continued to ignore this Court's Order.  NationStar did not file the required documents by October 14th.

Instead, NationStar asked the Court if it would enter revised Orders that referenced Deutsche Bank's mortgage.  The Court declined to do that out of a concern that such Orders might be interpreted in future litigation as establishing that NationStar is entitled to enforce the original note.  This Court has not at any time during the long history of this case made that determination.

At oral argument on the 15th, Mr. Neeren mistakenly said that this Court had previously found that NationStar had the right to enforce the note and mortgage.  That is incorrect. It is also emblematic of the loose manner in which NationStar has referred to itself and Deutsche Bank throughout this case sometimes making clear that NationStar is simply the servicer for Deutsche Bank and at other times conflating the two entities and vaguely referring to both together as the secured creditor.

In an adversary proceeding filed by the Debtors, this Court -- that is 19-2175 -- this Court granted summary judgment

**5**

in favor of Deutsche Bank on the basis of the Debtors' failure to respond to a request for admissions ruling that Deutsche Bank held a valid lien on the property, but it has not made a similar finding as to NationStar.  Until now, in its papers, NationStar has held itself out as the servicer for Deutsche Bank, but in her December 4th certification, Kathy Winchester, after stating that NationStar is the servicer for Deutsche Bank, identifies NationStar as the secured creditor and then goes on to claim that the secured creditor is the owner of the mortgage on the Debtors' real property.

Whether NationStar could prove a claim in a foreclosure action is beyond the scope of what this Court needs to concern itself with at the moment.  At the moment, the Court is concerned with NationStar's blatant and ongoing disregard of this Court's Filing Order.

In her most recent certification, Ms. Egerman states, with no clear support, that the reason that the documents have been rejected for filing is not because of any alleged problems with the assignment.  The facts show otherwise.  In an email dated from August 25, 2020, an employee from the Ocean County Clerk's Office informed the Debtors that, and I'll quote here, "The Mortgage Modification Order is referencing an incorrect lender.  The current record lender is Deutsche Bank National Trust.  The assignment that was sent in for recording to NationStar is marked in error in our system as the wrong

6

assignor.  Therefore, the Mortgage Modification Order must reference Deutsche Bank, or an assignment from Deutsche Bank to NationStar must be recorded."

Even if the lack of a proper assignment were not the primary problem, this Court had instructed NationStar's Counsel not to come back to this Court complaining of documents being rejected unless and until a proper assignment had been filed. Then and only then would this Court consider adding a reference to the original mortgage to the Orders.  That instruction came in the form of an email from chambers explaining to NationStar's Counsel why its request for a "corrective order" was being denied.

The reason for the denial is simple.  If documents are being rejected today because NationStar is not the lender of record, then, there is no way for this Court to have any confidence that NationStar would be able to comply with this Court's directive that NationStar file a discharge of mortgagee when the final loan payment is made in June of 2034. Nonetheless, despite this Court's explicit instructions to Ms. Egerman that she needed to file an assignment before this Court would take further action she did not do that.

NationStar did not file an assignment and came back to this Court complaining that their documents had been rejected again.  So to borrow the Debtors' word, this Court is petrified about what NationStar would try to do to these

**7**

Debtors if this Court closes the bankruptcy case without the assignment issue being fully resolved since NationStar has demonstrated that it feels free to interpret this Court's Orders any way it suites them.  At oral argument, Mr. Neeren said that the assignment of mortgage is a non-issue and that it is simply a housekeeping matter.  Well, this Court wants this housekeeping matter taken care of once and for all.

So, the Court will grant NationStar's request to be relieved of the duty to comply with the May 15, 2020 Filing Order on the condition that NationStar provide a copy of the assignment to this Court so that the Debtors can be assured that they are making their mortgage payments to the proper party.  To be clear, in order to purge itself from finding of contempt, NationStar may either file the documents with the County Clerk, as directed by the Order, or file a copy of a valid assignment with this Court.

The second issue is NationStar's failure to abide by the Court's instruction regarding how payments should appear on the Debtors' monthly statements.  The Court notes for the record that although David Neeren substituted in to the case on behalf of NationStar after the September 29th hearing, he did not request a transcript of that hearing.  Had he done so perhaps he would not have filed the certification of Kathy Winchester which directly disregards this Court's instructions.

The Court hereby incorporates the full record from

**8**

that hearing into this opinion.  At that hearing, the Court said, and I'm going to quote extensively here from the record, "After the extensive litigation before the Court in this case, at this point, the Court does not care what has to be done in terms of NationStar's internal accounting procedures.  The next statement and every subsequent statement must stop showing an unsecured cram-down balance of $63,954.23, and it must stop showing the payments of $542.61 plus escrow as partial payments, period.  No payment of the full amount allowed by this Court's Order may be shown as in suspense, period.  The Court is indifferent to how that is accomplished, but it must be accomplished, period.  Make no mistake, this Court will grant the further sanction of discharging the entire mortgage if NationStar continues to disregard this Court's Orders."  And all of that is a direct quote from this Court's prior opinion.

Despite that dire warning, NationStar chose to flaunt this Court's instructions and only partially fix the mortgage statements.  I said that no payments that comply with this Court's prior Orders maybe shown as partial payments; and yet, the Debtor's full payments for October and November are both shown as partial payments and those payments are then shown as going into suspense before being marked as paid some days later.

In her certification, Ms. Winchester states that NationStar's internal automated process cannot be altered for

9

one account and it's utterly acceptable when bypassing NationStar's internal automated process is exactly what this Court ordered NationStar to do.

Ordering NationStar to apply individual treatment to this account was not without foundation.  If compliance were truly impossible, again, it was incumbent upon NationStar to come back to this Court for a modification of the Order, support it with evidence or take an appeal.  Simply throwing up hands and continuing to act as if the Order had not been entered was not an option.

The long history of this case shows that how NationStar has treated these Debtors with regard to this mortgage is tantamount to intentional infliction of emotional distress, and the Court wants to put a stop to it.  These Debtors, and more importantly, this Court has no reason to trust that when this bankruptcy case is closed that NationStar will accurately report the Debtors' mortgage payments as full payments when it refuses to do so even when ordered by a court.

In my 27 years on the bench, I've seen a lot of bad behavior, some of it egregious; but, I have never observed the kind of blatant disregard for court orders that NationStar has exhibited in this case.  The Court is sorely tempted to declare this mortgage discharged in its entirety, but such a draconian result seems unwise when there is a facially reasonable option on the table.

**10**

Accordingly, the Court will enter one last interim sanction for the continued violation of this Court's May 15, 2020 Filing Order and this Court's September 29, 2020 Enforcement Order.  NationStar is to pay $2500 into the Court within 21 days.  That's in addition to the $2500 sanction it already paid.  It is also within 21 days ordered to file with this Court a valid assignment from Deutsche Bank to NationStar that can then be filed in Ocean County when the case is closed.

Finally, the January mortgage statement must be fully compliant with this Court's Enforcement Order.  That means, among other things, that the statement may not list any payments of $542.61 plus escrow made within the grace period as partial payments.  If any of these three aspects of this ruling are not possible within the 21-day time frame provided, then the burden is on NationStar to come back to this Court seeking a modification of the Order and support that request with convincing evidence.

The matter will be continued until January 26th. NationStar will file a copy of the most recent mortgage statement prior to the hearing.  If everything is in order on that date the Court will close the case.  Thank you.

(Adjourned 10:14 a.m.)

11

CERTIFICATION:

I, ISABEL E. COLE, court approved transcriber, certify that

the foregoing is a correct transcript from the official

digital audio recording of the proceedings in the above-

entitled matter.


/s/Isabel E. Cole          Dated:  January 15, 2021

Isabel E. Cole

COLE TRANSCRIPTION, L.L.C.